Name: Bobby White #76983
Larned Correctional Mental Health Facility (LCMHF)
1318 KS., Highway 264
Larned, Kansas 67550
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Bobby Bruce White, Plaintiff
(Full Name)

V.

Andrew Parks, UTM (LCF), Defendant(s)
Evan Meredith, UTS (LCF)
Bruce Chapman COS1 (LCF)
Charles Perez CSII (LCMHF)

CASE NO. 24-3023-JWL
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Bobby Bruce White (Plaintiff), is a citizen of Kansas (State) who presently resides at Larned Correctional Mental Health Facility, 1318 KS., Highway 264, Larned, Kansas 67550 (Mailing address or place of confinement).

2) Defendant Andrew Parks (Name of first defendant) is a citizen of Lansing/Leavenworth ?, Kansas (City, State), and is employed as Unit Team Manager, Lansing Correctional Facility (Position and title, if any). At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

As manager of the restrictive housing unit of A2 (Seg.) and later A4, Mr. Parks is responsible for the prisoner housing assignment of cell placement appropriate for their individual housing need, security relative to their punishment, or safety need. Mr. Parks personally told White he also held a Captains rank and was responsible and the only Captain that I was ever going to see when I asked to see the Captain. Mr. Parks was repeatedly putting me in danger by putting the very people I was suppose to be in protective custody from in the same cell with me.

XE-2 8/82    CIVIL RIGHTS COMPLAINT §1983    1.

3) Defendant <u>Evan Meredith</u> is a citizen of
(Name of second defendant)

<u>Lansing/Leavenworth, Kansas</u>, and is employed as
(City, state)

<u>Unit Team Supervisor, Lansing Correctional Facility</u> At the time the
(Position and title, if any)

claim(s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

Mr. Meredith CC was the correctional Counselor (KDOC) who was personally assigned to my (protective custody) restrictive housing case. Mr. Meredith personally refused to help me, when I was being strangled/assaulted by Jeremy Garcia, until I was forced (under duress) to sign a PC waiver.

(Use the back of this page to furnish the above information for additional defendants.)

See: back of this page for the 3rd Defendant: Bruce Chapman COSI
4) Defendant.
4th Defendant: Lt. Charles Perez (LCMHF)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

ADA Housing and Elder abuse, State of Kansas and Federal requirement that KDOC must provide a drug, tobacco and alcohol free environment for prisoners. (cruel and unusual punishment) and K.S.A. Supp. 21-5417 mistreatment of an elder person.

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

After White repeatedly complaints about the unchecked blantant drug, alcohol, tobacco use (ETS smoke) use at LCF (see: LVCO 2020 CV 243, and 2022 CV 323-Habeas Corpus pursuant to K.S.A. 60-1501); White was physically assaulted and battered, and retaliated against by KDOC/LCF officers and other prisoners (drug dealers and users). White was repeatedly physically threatened and expelled from KDOC rehabilitation/RDR program, because of White's religious belief. White could/would not condone the legalization of the use, manufacturing and giving/selling drugs to children. White had false, wrongfully (DR's) disciplinary reports written against White in retaliation and reprisal, for invoking the grievance procedure and good faith attempt to exhaust all "available" administrative process. White was denied actual protective custody and was extorted by the cited LCF officers, in this action, to sign (under duress) a PC waiver (see Exhibits "C"), after White was repeatedly coerced and terrorized by the LCF officers cited, who kept putting the very people/other prisoners in the same cell with White. These prisoners (were mostly all disciplinary placements) and were the very people who White was requesting protection from. After, one

{over bottom of page}

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983

2

3.

4) Defendant - <u>Bruce Chapman</u>, is a citizen of <u>Lansing/Leavenworth,</u> <u>Kansas</u>, and is employed as <u>Corrections Supervisor I.</u> At the time the claims alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒. If your answer is "Yes", briefly explain: Officer Chapman as the chief unit correctional officer along with Mr. Meredith CC refused me help until I gave Mr. Meredith his signed (under duress) PC Waiver. But then also, refused to make a trouble call for the strangulation/assault, and call medical immediately, and then flatly refused to allow me to immediately go to the medical clinic for my neck and throat injuries.

5) Defendant - <u>Charles Perez</u>, is a citizen of <u>Larned/Pawnee Co.,</u> <u>Kansas</u>, and is employed as <u>Segregation/Lt. at Larned Correctional</u> <u>Facility.</u> At the time the claims alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒. If your answer is "Yes", briefly explain: Lt. Perez was acting in his official duty as superior officer of the restrictive housing unit at LCMHF at Larned, where White was transferred from Lansing on 10-23-2023 for White's protection, after White was strangled and hospitized at/from (LCF) Lansing Correctional Facility.

1) Background-Continued: such prisoner Jeremey Garza attempted to murder White by strangulation those cited officers refused to help White or even seperate Garza from White, until White signed a PC Waiver (under duress), then attempted to cover-up the incident by denying White immediate medical care, and attempted to move White out of restrictive custody, back to B/o general population. Then hours, later, when White was finally able to get other LCF officers to allow White to go to medical White had to be rushed by ambulance to KU Hospital on 8-12-2023. Yet, when White was returned back to LCF from the KU Hospital, White was once again placed, not in general population, but, back in seg./restrictive custody/Protective Custody, told in a cell by myself, by EAI officers. But, White was once again placed under the very same LCF officials, Mr. Parks UTM, Mr. Meredith CC and O/C Chapman, who were responsible for my being injured in the first place. But, even after all this Mr. Parks still continued to deny White protection and continued to put other prisoners (violent) in the cell with me. Mr. Parks even ordered other officers to continue to write me up on false, wrongful DR's (see: Exhibit "H" Case No: 1138- Not guilty Findings). White was then transferred to LCMHF for White's protection. But, at LCMHF, white was once again denied Protective Custody and any actual protection. White had to submit a PREA grievance/ against one prisoner, put in with White. And Lt. Charles Perez continued on with the harassments and caused White physical injury and pain, by slamming White head against the cell wall, then leaving White stunned, cuffed and belt bound, lying on the cell floor, the same mistreatment and abuse of an elder disabled person as Mr. Parks UTM.

(continued on page 2B)
page 2A

4.

LCMHF LT Charles Perez continued to write White up on wrongful DR's to cover up his bully/abusive tactics of elder abuse, instead of treating White as a victim/whistle blower of illegal acts at LCF and giving White protection and treating White with all the rights and amenities, the same as other general population prisoners of the same custody level, as pursuant to the KDOC/S.O.C. directive/order pursuant to IMPP 20-108D "Protective Custody".

White should never have been put in the position of a whistle-blower of the illegal acts regarding the blantant drug, alcohol, tobacco and ETS (smoky environment) at LCF, had the KDOC and LCF officials been following the law and their legal requirement of providing a drug, alcohol, tobacco and smoke free environment to prisoners. The KDOC and State officials have blantantly and with deliberate indifference, put White's health in danger and has caused actual, physical and mental injury and abuse of an elder person, dependent adult of the State of Kansas.

Because White chose to invoke the grievance process and had to take these complaints to the Kansas District Court. The KDOC/S.O.C has failed/refused to timely investigate and answer or address or return most of my many appeals to the S.O.C. Jeff Zmudu, (see; Exhibits "B" "E", "I" and "J") and denied White the right to file attempted murder/assault and battery of an elder person charges against Jeremey Garza.

Thus denying White his Constitutional Rights to protection of an elder person, age discrimination, medical and humane treatment, free of cruel and unusual punishment. Taking of property and money (excessive fines) without due process of law, denial of due process in the courts and to redress grievances. Violating through discrimination White religious beliefs and freedom of speech against drugs in a prisoner rehabilitation drug prevention group, All which have culminated and resulting in the failure to protect an elder person and disabled dependent adult, actual physical and mental injuries sufficiently serious to cause the need for transporting by ambulance and KU Hospital care. Further, the KDOC/LCF officials cited have allowed and failed to provide Kansas State prisoners with drug, tobacco, alcohol and smoke free environment as required by State and Federal law.

White was held in "Atypical" inhumane conditions for 7 months at LCF without day room, yard, clothes, hygiene, denied access to walk and exercise when my disability pain would allow, medical care, and was tortured by the constant loud bombardment of radio noise into my cell.
~End~

SunCatcherStudio.com

page 2 B.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Mr. Parks UTM, Mr. Meredith CC, and OIC Chapman denied White actual protective custody and tortured, terrorized and coerced White putting White in danger by putting the very people/prisoners in the same cell as White (BIBR members/drug users/dealers), causing White serious and potentially deadly physical injury and mental anguish sufficiently serious to for need for White to be transported by ambulance to KU Hospital on/around 8-12-2023.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.): Jeremy Garza was a convicted drug dealer/user, member of BIBR and Native American call-out, friend of Mike Wilkins, leader of Native American Call-out and also Mr. Wilkins lead the BIBR/Enough Already, drug-10 step-abuse program. It was because of Mr. Wilkins complaint to Gary Spillman causing Mr. Spillman to wrongfully expell me from the BIBR program and thus denying White his program credits, which White needs for parole eligibility showing to the parole board. Mr. Parks, Mr. Meredith and OIC Chapman kept such people including Joshua Weeks (also BIBR/drug user) in the same cell with White in an attempt to victim and terrorize White. On 8-12-2023 Mr. Garza attempted to murder/White by strangulation/assaulted and battered causing neck, throat physical injury. Mr. Garza was in seg. for checking out his previous cell-mate. White is a 71 year old elder person with physical disabilities from degenerative disc disease and arthritis.

B) (1) Count II: Mr. Parks UTM, Mr. Meredith CC and OIC Chapman terrorized, coerced and attempted to extort White of his signature, to force White to sign a PC waiver, and deny my White immediate medical care after White was strangled by Jeremey Garza and refused to seperate White and Garza, until White signed a PC waiver. A denial to medical care and cruel and unusual punishment of an elder person-whistle-blower of illegal felonious acts.

(2) Supporting Facts: After White was strangled by Jeremey Garza, OIC Chapman and Mr. Meredith CC refused to help White and seperate White from Garza, until White White (under duress) signed a PC waiver. Then both along with Mr. Parks UTM refused White immediate medical care and then attempted to cover-up the incident by moving White to pod B6, where White was finally able to plea to the B6 unit officer, that White needed medical care. White was X-rayed at the LCF clinic and then rushed by ambulance to KU Hospital for throat and neck injury.

XE-2 8/82                  CIVIL RIGHTS COMPLAINT §1983                          3

C) (1) Count III: LCMHF Lt. Charles Perez continued to harass and deny White protective custody pursuant to the LCF-EMF placement (for Whites protection in a single man cell) (after Whites' return from the KU Hospital), denying White the treatment and amenities of a victim/elder person/whistle-blower and pursuant to S.O.C directive of IMPP 20-108 D "Protective Custody" and K.S.A. Supp 21-5417 mistreatment of an elder person, causing White physical injury, after having White's head slammed into the cell wall and left stunned, belt bound and cuffed up, laying on the cell floor.

(2) Supporting Facts: Lt. Perez wrongfully wrote White, because White refused to be cuffed up, while White was setting on his bunk and not leaving the cell. No other officer during 10 months if restrictive housing required it. Then Lt. Perez, Lt. East, Co. Madewell and Co. Grensheer denied White the necessary forms to appeal the DR to the S.O.C. Then instead chose with unnecessary excessive force to carry White belt-bound and cuffed, back to the cell (after the DR hearing) slamming White's head against the concrete cell wall, then leaving White, still belt bound, and cuffed, laying on the cell floor stunned. 8th Amendment cruel and unusual punishment.

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

※ 1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☒ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit:

    Plaintiffs: <u>Bobby Bruce White #76983</u>

    Defendants: <u>Shannon Meyer, Warden (LCF) Lansing Correctional Facility</u>

    b) Name of court and docket number <u>District Court of Leavenworth Co., Kansas case No: 2020 CV 243   Habeas Corpus (K.S.A. 60-1501) Appellate Court No: #22-125650-A</u>

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) <u>Dismissed by Leavenworth Co. District Court, affirmed on appeal to Appellate Court by Court-appointed attorney, without any evidentiary hearing.</u>

    d) Issues raised (1) Failure of the KDOC to answer grievances and appeals needed for White to show exhaustion of administrative process. (continued on top of page 4(A))

XE-2 8/82      CIVIL RIGHTS COMPLAINT §1983      4

d) continued: (2) LCF Unit Team violated White's medical restrictions of "No" stairs and Bottom Bunk only; denied job, because of age and disability. (3) LCF Unit Team - Ms. McCown CC issued White a wrongful disciplinary report violating White's medical restriction and beyond White's physical control to obey the order. (4) Unit Officer Gardner assaulted and battered White, because White complained about the (ETS) environmental smoke and unchecked blatant drug activity at (LCF) Lansing Correctional Facility. (5) White was being denied medical care and pain relief from a swollen (hydro-cell) right testicle. (6) The KDOC was taking money and property from White without due process.

[(see: page 5 for e), f)]

D. (Previous)/Current Law suits and Administrative Relief (Continued)

2) a) Parties to current lawsuit:
Plaintiffs: Bobby Bruce White #76983
Defendants: KDOC/S.O.C. Jeff Zmudu; BIBR/Gary Spillman et al.

b) Name of Court and docket number: District Court of Leavenworth County, Kansas; Case No: 2022 CV 323    Habeas Corpus (K.S.A. 60-1501)

c) Disposition: This case is currently still pending in the Leavenworth County District Court. Although, there has been a number of scheduled "Zoom" hearings made, most have been summarily; at the last minute, just canceled; with none of my submitted/filed motions addressed.

I have been unable to get procedural due process and updates from the court clerk, many times not even being notified of a scheduled hearing date. I have included a copy of the only Case Summary, I've received, from the Court Administrator: Steven Crossland. (See: Exhibit "CC")

White has had trouble, this past year in getting the KDOC-Central Bank to send a $15.00 check, made payable to the Shawnee County Sheriffs, sent to the Leavenworth Court, so that the Sheriff can serve the Writ on the S.O.C. Jeff Zmudu. The Leavenworth Court refused to "Order" the KDOC-Central Bank to follow the simple instructions.

As a prisoner, the KDOC Central Bank, has all the money I have available. I do not have a personal checking account to comply with the courts order. This is a blatantly unfair practice and a Constitutional violation of the denial to my own personal property (money) use. Further, the Leavenworth County District Court has denied White an "Order" of protection, even after being physically injured by strangulation, (attempted murder/assault and battery, which was sufficiently serious for the need, for me to be rushed by ambulance to the KU Hospital.

Page 4(A)

d) Issues raised: (1) The BIBA/KDOC has discriminated me and failed to protect White by denying him access to program and credits needed for parole eligibility because of age, disability, religion and freedom of speech in prisoner group sessions, because White could not because of religious belief condone the manufacturing, selling/providing drugs to children and making it legal. This and because of the unchecked blantant drug use, gang activity and ETS excessive smoky environment, the LCF officials and officers have failed to protect White from threats and physical intimidation from other prisoners and officers. (2) Mr. Parks UTM, Mr. Meredith CC and OIC Chapman attempted to extort White of his signature to sign a PC waiver through intimidation and terroristic act of putting the very people White was requesting protection from in the same cell with White. (3) Mr. Parks UTM, Mr. Meredith CC and OIC Chapman, allowed one such other prisoner - Mr. Jeremey Garcia, placing him in with White attempted to murder White through strangulation, then refused White immediate medical care and attempted to cover-up the incident by moving White out of Seg. (Protective Custody) to general population in R6. Mr. Parks then continued to harass White by the making a false disciplinary report. (3) Yes, even after being transferred from Lansing Correctional Facility for White's protection Officer Perez (LCMHF) continued to harass White, filing wrongful disciplinary reports and Lt. Perez, Lt. East, Co. Crewsheer and Co. Made well all refused to provide White with the required forms need to appeal the disciplinary reports. Deciding to use unnecessary excessive force, while White was cuffed and belt bound carried White roughly into the cell, slaming White's head against the cell wall and left White cuffed and stunned on the cell floor. All this while White was suppose to be held in Protective Custody IMPP 20-108D with the treatment and amenities as those prisoners of the same custody level as general population. (5) White has lost money and property in excess of $20.00 and denied White his 7th amendment right to jury trial and due process of law.

e) Approximate date of filing lawsuit: 12-12-2022

f.) Approximate date of disposition: This Habeas Corpus action pursuant to K.S.A.60-1501 is still pending in the Leavenworth County District Court Case No: 2022 CV 323, with the next scheduled "Zoom" hearing set for 2-15-2024.

(continued from pages 4-4A)

e) Approximate date of filing lawsuit __11-6-2020__

f) Approximate date of disposition __LVCO 2020 CV 243  10-11-2022__
__COURT OF Appeals - 4-7-2023__
__K.S. Ct. denied review 9-1-2023__

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought. Personal injury claim for Counts 1 and 2 on 10-10-23 and on 1-14-2024 for Count 3 (see exhibit "O" page A). I sought relief through informal requests, grievances and appeals as well as requested assistance from and through the state of Kansas District Court and Court of Appeals, because the KDOC were loosing, throwing away our grievances and appeals, without answering or returning them back, so that prisoners can show exhaustion, and court appointed attorneys refuse/fail to provide requested evidentiary hearing so I could prove my good faith attempts to show/prove exhaustion.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

1.) All court cost related to this civil rights lawsuite and LVCO 20CV243 and LVCO 22CV323

2.) All lost money value related to lost state pay, money sanctions of DR's, lost property value etc.

3.) Removal of all DR sanctions on Whites KDOC/Kasper record and a full one program credit of the BIBA/KDOC program recorded as successfully completed by White.

4.) $50,000 each separately or combined (up to and within the maximum allowed by law) against Mr. Parks UTM, Mr. Meredith CC and OFC Chapman, for White's pain and suffering of physical injury and mental anguish, denial to protection of an elder person.

5.) $10,000 against Mr. Perez for White's pain and suffering of head injury and mental anguish of denial of protection of an elder person.

6.) Any attorney fee, if applicable, and any other award the court/jury may find to be right and reasonable.

_____  __Bobby White #76983__
Signature of Attorney (if any)  Signature of Plaintiff Pro Se.

Bobby White #76983
LCMHF
1318 Ks., Highway 264
Larned, Kansas
67550

(Attorney's full address and telephone number)

XE-2 8/82                     CIVIL RIGHTS COMPLAINT §1983                     5