IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

Bobby White #76983

vs

Jeff Zmuda, et al.

Case No: 2022 CV 323

Pursuant to K.S.A. 60-1501

## MOTION TO AMEND TO ADD ISSUES

COMES NOW, the plaintiff, Bobby B. White #76983, requests to add the issues and counts applicable to his change of conditions of incarceration that has developed, because of and after White's filing of this "Petition for Writ of Habeas Corpus." This is made necessary because of discrimination, harassment, reprisal, extortion and attempted murder/failure to protect White, by the KDOC staff/officers of LCF, which includes Ms. Opliger UTM; Mr. Parks UTM; Mr. Meredith CC; OIC Chapman; coII Prentzler; LSI Coy; Lt. Jawraski; EAI officers: (a) Gill, (b) West, (c) Gift, (d) Tomlinson and inmate Jeremey Garza. These KDOC/LCF officers have denied White "actual", protective custody and protection. Rather illegally and unconstitutionally chosing to hold White under a disciplinary segregation status, under deprived of property and "Atypical" condition of confinement for now over 6 months and allowed White to be seriously physically injured by strangulation by Jeremey Garza; attempted to cover-up the assault and denied White immediate medical care for the resulting neck/throat injuries, which were sufficiently serious, that when White was finally allowed to go to medical; White had to be sent by ambulance to KU Hospital for medical care.

White has done nothing wrong to deserve this mistreatment and life threatening condition of abuse, confinement and punishment of an elder person in violation of K.S.A. Supp. 21-5417. White merely chose to invoke the grievance process and his (State and Federal) constitutional right to redress these grievances in the court.

These additional issues are for the applicable time after White submitted this "Petition for Writ of Habeas Corpus" on 12-12-2022 and the present and caused because of the inordinate delay of the Shawnee County Sheriff to make legal service of the petition to the defendant; s.o.c Jeff Zmuda; the failure of the LCF/KDOC Central Bank to timely submit/issue the $15.00 service fee check as instructed by White and the court's, instruction order; and the KDOC/LCF attempt to avoid and eliminate the prosecution of this case, through attempted denial to White to access the court. This all will show a continuing pattern of un-Constitutional abuse of White by the KDOC and State of Kansas. White is being denied medical care and tortureous constant daily, intermitten, loud radio noise being blasted into my cell. Mr. Meredith CC failure to send Whites previously sent Exhibits to this court that was given to him in a 9"x 11" manila envelope. See Exhibit "C" page 11

These issues are in violation of:

1) K.S.A. 21-5402 "Murder in the first degree": (c) As, used in this section; an "inherently dangerous felony" means . . ., (1)(xv) mistreatment of a dependent adult or mistreatment of an elder person; as defined in [K.S.A. 2017 Supp. 21-5417].

1.

①

2) K.S.A. Supp 21-5417(a) mistreatment of a dependent adult or an elder person is knowingly committing one or more of the following acts.

1) Infliction of physical injury, unreasonable confinement, or unreasonable punishment upon a dependent adult or an elder person.

(A) Undue influence, coercion, harassment, duress, deception, false representation, false pretense or without adequate consideration to such dependent adult or elder person.

3) Omission or deprivation of treatment, goods, services, that are necessary to maintain physical or mental health of such dependent adult or elder person.

(e)(3) "Elder person" means a person 60 years of age or older.

[ Note: Assertion: White is a 71 year old elder person with physical disabilities applicable to the ADA and a dependent adult as a prisoner under the care and protection of the State of Kansas, under the care and custody of the Kansas secretary of corrections Jeff Zmudu. Yet, White is being held under disciplinary seg. when having done nothing in violation, being denied due process making the implimentation of IMPP 20-108D Protective Custody as disciplinary status illegal and Unconstitutional. Further, White has been told he will not be taken off, this disciplinary seg. status and "Atypical" conditions of deprived confinement unless I sign a PC waiver. That is extortion by Mr. Parks and the LCF Unit Team and Warden. ]

3) K.S.A. 22-2607(1), also see; KAR 44-12-1001 (violation of statutes, other regulation or order) KAR 44-12-1101 (Attempt, conspiracy, assessory, solicitation, liability for offenses of another.) [what does Protective Custody have to do with disciplinary seg. status and conditions denying a Constitutional right to property, my coffee, tea, salt, TV, clothes, hygiene, shower shoes, medical care, legal papers and research materials needed for access to the court, for a Pro Se prisoner. ]

4) KAR 44-12-1308 Disciplinary segregation limits; "... shall not exceed 60 days". [White has been held for over 6 months, without any form of due process or review. ]

5) KAR 44-12-209 Entering into contracts, incurring finacial obligation. [ White asserts this rule, disqualifies, White (unless forced under duress) from being required, coerced, forced to sign a PC waiver, to get out of a "Atypical" condition of unreasonable confinement and punishment (torture) of an unreasonable disciplinary segregation status when you are suppose to be only under and protected by the custody of the S.O.C Jeff Zmudu, by the courts sentencing. Denial to "Protection" makes for an illegal sentence.

6) KAR 44-12-306 Threatening or intimidating any person

7) KAR 44-12-323 Assault and KAR 44-12-324 Battery

8) KAR 44-12-325 Security threat group; inmate activity; limitation.

9) KAR 44-12-505 Restriction and KAR 44-12-505b Medical restriction

10) KAR 44-15-104 Reprisal prohibited

11) KAR 44-15-106 Emergency procedures

12) Any and all "Attempted Murder" statutes and charges I've asked to be filed against Jeremey Garza. and Central Monitor, Impp 12-125D. I've asked to be set against Mr. Garza and Mr. Parks UTM, Mr. Meredith CC, OIC Chapman and Mr. Gary Spillman, which has been denied White. [Note: after Mr. Garza attacked me, he was awarded by Mr. Parks UTM with day room privileges and access to my cell door to continue to harass me. ]

13) U.S and State of Kansas Constitutional Amendments and Bill of Rights applicable as stated in the original petition on page 4, to include 1st, 5th, 6th,

2.

②

due process; 8th medical care, cruel and unusual punishment and 14th.
[Note Assertion - No one in the KDOC are enforcing or seeing that all statutes and rules are strictly obeyed and followed; there Kansas prisoners must rely on the courts to assure that the KDOC staff/officers follow and obey the laws themselves. They have no right or authority to pick or chose what they want to enforce, nor can they be trusted to police themselves, when they themselves chose to violate the law and the human rights. As members of law enforcement their motto is "To protect and serve"; not "To torture and abuse".]

White has also written letters for help, regarding these issues and charges, I wish for the district prosecutor to press, for White's protection on 9-21-2023 to: a) Kansas Governor Laura Kelley; b) Shawnee County Sheriff; c) Leavenworth County District Attorney; and d) General Manager / KANE-TV/ ("ABC" News); and sent form 9's to LCF/EAI Officers, Gill, West, Gifft and Tomilson on (7-15 a copy of an "Emergency Grievance"/ Incident Report) 7-21, 7-28, 9-21, 9-27, 9-29 and on 9-30- yet, another "Emergency Grievance", but I've received no response or investigation on any of my requests or grievances.

White has been denied the ability to do legal research or access to the law library and my own personal research books, court rules and procedures and other legal papers used for reference, because of this illegal unwarranted and unreasonable disciplinary confinement and punishment, when I've done nothing wrong. (finally met with EAI Tomilson on 10-1-2023 while waiting to get this motion copied for service.) D.W.

14) White has submitted (12) twelve grievances to the KDOC/LCF Unit Team, LCF Warden and KDOC S.O.C. Jeff Zmuda; applicable to this Writ and during the time of the filing and legal service on the KDOC/S.O.C. Jeff Zmuda from 10-5-2022 to 10-1-2023, which include (3) three "Emergency Grievances", which include (the court Exhibit copy filed and served on the S.O.C. on 6-22-2023); 7-14-2023 and on 9-30-2023, all gone unanswered and unreturned.

The only grievances returned back to White as exhausted are the originally petition grievance #AA 2023056, which White submitted on 10-5-2022 and (i) one other submitted on 4-25-2023, which is in reference in White's "Affidavit for Support of Motion for Summary Judgement", filed on 6-9-2023. This was regarding, witness HO Leibliter telling me, when he spoke to Gary Spillman (BIBR), that Mr. Spillman told him he kicked me out of BIBR and Pod B5, because I filed this legal action against him and BIBR. See: Exhibits "E", proof by grievance receipts of administrative process.

This returned grievance, has failed to address the issues of the grievance, failed to assign a unique serial number, and failed to send White extra copies as required. The response was simply; "... It appears you are or have addressed this matter with the court, if you have, you will need to address this with our legal office." Exhibit B"

Therefore, we must assume the KDOC has no intentions to answer or return any of my submitted grievance, so it is futile to, and unfair to expect me to provide proof of exhaustion that the KDOC/State of Kansas must provide. Therefore, I request a ruling by the court, that all administrative processes have been exhausted by White and any further attempts would be futile.

### IN CONCLUSION:

White prays the court gives him his requested Summary Judgement and immediate release from incarceration and custody of the KDOC/S.O.C and orders Whites release for his safety, protection and so that he can get the medical help need. This and/or allows White to Add all the cited issues and violations to this "Petition for Writ of Habeas Corpus" to show a continuing pattern of Constitutional abuses.

Respectfully Submitted; Bobby White #76983
                                          Pro Se

Date: 10-3-2023

## CERTIFICATE OF SERVICE

I, Bobby White #76983 certifies that he sent a copy of this "Motion to Amend to add Issues" 4 pages; plus copy of grievance #AA 2023056 / S.O.C Appeal exhaustion, 11 pages, EXHIBIT "A"; plus copy of grievance N/A / S.O.C Appeal exhaustion, 9 pages. EXHIBIT "B"; plus copy of 12 pages of misc. answered form 9's showing repeated demands to sign PC waiver etc. EXHIBIT "C"; plus copy of 6 pages of Health Services Requests requesting pain relief etc. EXHIBIT "D"; plus 3 pages of 11 grievance receipts, to show good faith attempt of Exhaustion of Administrative process, EXHIBIT "E", for a total of 43 pages; by U.S. mail, 1st class, postage prepaid on this ___9th___ day of ___October___, 2023 to:

1) Kansas Department of Corrections; % Secretary of Corrections, Jeff Zmuda; 714 S.W. Jackson; Suite 300, Topeka, Kansas 66603.

2) Julie Clemens, Clerk of the District Court; Leavenworth Justice Center; 601 South Third Street; Suite 3051; Leavenworth, Kansas 66048-2868

Date: 10-9-2023          by s/ Bobby White #76983
                                          Pro Se

                          Bobby White #76983
                          Lansing Correctional Facility
                          P.O. Box 2
                          Lansing, Kansas 66043

Addendum: At White's meeting with EAI Tomlison on 10-2-2023, he asked for my permission to record the meeting. I readily agreed and pray the Court to "Order" the KDOC/LCF Warden/S.O.C. Jeff Zmuda to make the recording available to the court as evidence of White's many attempts to get medical help, protection and other relevant issues for my futile attempts at exhaustion of Administrative Remedy. Bobby White #76983 Pro Se.
                                          4.

INMATE REQUEST TO STAFF MEMBER

To: _B5 Unit Team CC / S.O.C_   Date: _11-21-2022_
(Name and Title of Officer or Department)

_COURT EXHIBIT A_
To be retained by inmate

Unit Team, Detail, or Cellhouse Officer's Signature

B5-103

**Form 9**
For Cellhouse Transfer                           _White_
Work Assignment _____      **Last Name Only**
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**

_76983_
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _B5 Unit Team CC / S.O.C._   Date: _11-21-2022_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

_On 10-22-2022, I (White 76983) mailed out grievance #PA20230 56 Appeal) to the Secretary of Corrections, but it has not been answered and returned back in the 20 working days required by KAR 44-15-102(e)(3), also, I submitted (2) two form 9's on 11-2 and 11-3 to Unit Team /Mr. Adkins CC regarding EDCF officials harassments and reprisal threats in violation of KAR 44-15-104, which has not been answered and returned. I will be needing these documents to show proof of exhaustion of Administrative Remedy to the Courts. Please get these documents answered and returned back to me as-soon-as possible.
Thank you,_

Work Assignment: _IPF / EDCF_      Living Unit Assignment: _B5-103_

Comment: _____      Detail or C.H. Officer: _____

---

Disposition: _Received from IPF/CC_
_12-13-2022_
_2:50 PM._
_Bobby White_

To: _____      Date: _12/9/22_
(Name & Number)

Disposition: _Attached is a copy of the response from the SOC. You will be receiving the original once it arrives at the facility. R  (Never received B.W.)_

_Cotche, UTM_
Employee's Signature      **To be returned to inmate.**

P-0009

# Grievance-Response on Appeal

**FACILITY:**          Lansing Correctional Facility

**INMATE:**           0076983 White, Bobby

**GRIEVANCE NO.:**  AA2023056

**DATE:**              November 3, 2022

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate. Take the time to discuss your concerns with the program leads when you attend the new session; discuss what you are hoping to get out of the program and how you view what they say they are there to accomplish. You may find in the conversation that it truly is, or isn't, a fit.

## ACTION TAKEN

None further.

_____

**Darcie Holthaus**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:    Warden Cheeks
       Image: SOCRESP w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.



### APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: *Bobby White*                     Facility: *LCF*

Inmate Number: *76.983*          Grievance Serial No.: *AA 2023056*

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections          Date Mailed: *10-24-* RECEIVED
            714 SW Jackson
            Suite 300                                          OCT 27 '022
            Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) *See: Attached 4 page Appeal to Secretary of Corrections with 1 page (Form 9) + this page. 6 pages attached to original 3 pages 9 pages total*

                                                *Bobby White*
                                                Signature of Inmate

---

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

                                                _____
                                                Signature of Secretary of Corrections

---

For D.O.C. Staff Use Only

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 21, 2014

*Appeal to Secretary of Corrections      - LCF -      10-21-2022*
*Grievance #AA 2023056        Bobby White #76983*

I Bobby White #76983; am not satisfied with the LCF Unit Team, Ms. Potter UTM, and Deputy Warden James Skidmore response; because it did not/nor has not addressed the issues and no reasonable investigation could not have been possibly been conducted. The LCF authority staff Deputy Warden Skidmore has either back dated his written response or lied about any investigation having been made.

The LCF Deputy Warden response does not contain any written response by Gary Spillman or any other party under contracted, authorized, BIBA representative for a LCF inmate program for reabilitation and reform.

### Facts.

1. White has requested personal meetings and interview with the LCF Chaplain and have been denied. (See: copy of Form 9's)

2. I've requested a meeting with BIBA staff, Dave Johnson and CJ Hughes and was assured, they would meet with me, two different times, which were post poned and never happened.

3. Gary Spillman is obviously not only a BIBA staff member, but also a LCF Officer (because he has at times operated the Unit Officers cell door computer at the Officers station. Nor is he a "Restorative Council", or "Local Team" required by BIBA/LCF/KDOC Rule 3.2 and 3.5.

4. White was given the Unit Team response for this grievance in the after noon at approximately 2:30 P.M on Monday 10-10-2022. Yet, the response by Deputy Warden James Skidmore is also dated 10-10-2022; stating he received, investigated and answered this grievance on the very same day; but, did not return it back to White until 10-21-2022.

### ARGUEMENTS.

1. Deputy Warden Skidmore states, "BIBA makes the determination if you -- meet the requiresments for the program.

   a.) Who is BIBA?? Gary Spillman is not BIBA, nor is he a "Restorative Council" or "Local Team". He has no right to make arbitrary and capricious decisions regarding BIBA members on his own accord. I've not seen anything in writing by any required BIBA "Restorative Council" that I've done anything wrong, to require a disciplinary action against me.

   b.) White has already been determined to have met the requirements for the program. White was moved from an applicant to a member back in May of 2022. White has concluded and received his certificate for the 1st Quarter and was half way through the 2nd Quarter completion. White completed all his assignments and praised for my essays and homework.

   c.) As a legitimate BIBA member, following all rules, White has a Constitutional, legal, human and religious rights as all the other members to be free from discrimination BIBA/LCF/KDOC 2.3 Non-Harassment/Non Discrimination

⑥                                    j.

White has done nothing wrong to be punished for, or denied access to a KDOC inmate program, equal to other inmates in the group. This punishment and group program denial is nothing other than religious discrimination of doctrine belief by Gary Spillman, forcing his own personal opinion and condoning group discussion promoting legalization of drug use and manufacturing during the drug addiction group class; "Enough Already", a group that was being lead by another inmate. This was not part of the curriculum nor was it proper.

(d) This is a security issue as drug use, is rampant here at LCF. Now all the members who were protesting, my protesting of drug use, have failed UA's and they themselves dismissed from the program. In the LCF/BIBR/Gary Spillman determination, if you do drugs, it's OK, but don't get caught, if you do you're out, or if you don't do or condone drug use you're also out. So, who's left in the program. Only those who can pretend and act like are doing what their leaders want. In other words gang members, who cover for each other.

If you are a member of the BIBR and follow scripture you have a duty to not conform to the evils of this world and as a member, must correct wrongs when possible. To just be told "if you don't like it, just quit, is like saying "America love it or leave it". That didn't make any sense back in the day and doesn't make any sense now. The KDOC is statutorily required to provide inmates for their reabilitation and reform, and in a drug and tobacco free environment, and returned back into society better than he went into prison. This can not be done if the programs are hypocritical or promote and justify drug use and it's manufacturing.

The KDOC is responsible to see that, contracted program providers curriculum and discussion relevant to it's intended goal, and if it is not it's in violation of KAR 44-12-325(c) "... "Security threat group" shall mean any ongoing formal or informal organization, association, or group of three or more persons with a common name or identifying sign or symbol, but without specific approval by the Warden."

Therefore, it must be assumed Unit Team Manager Ms. Patter, Deputy Warden James Skidmore, BIBR/Gary Spillman, Dave Johnson and CJ Hughes, as well as the Chaplain's Office must approve of group discussions of legalization and manufacturing of drug use, and petitioning during group sessions to get rid of unliked Unit Officers, and they have the right to proselytizing their religious faith and belief on White by discriminating against him, by the denial to participation to group sessions and its program privileges and benefits, by not seriously investigating and determining the BIBR as a "Security threat group."

(e) White was not only removed from his current/original group, arbitrarily and capriciously, without provacation, but his membership was taken from him, without any form of written allegations, due process, and was re-assigned back as an applicant. That is the very same as being removed from BIBR. Because I must now start over and repeat already completed courses and have lost

⑨

all his earned membership benefit rights. The Unit Team response is not accurate and does not reflect the facts, address the issues or provide any written BIBR staff authority response.

<u>Issues:</u>

I. BIBR member inmates are running/leading/managing group sessions, without any qualifications, and in violation of state law that no inmate shall be made in charge of, or manage another inmate. These inmates often go off curriculum to promote their own agenda, and proselytising their own determination of Biblical doctrine and beliefs, in violation of KAR 44-12-325 (a),(b), and promote drug use and manufacturing in violation of KAR 44-12-325(c).

II BIBR members have rights to due process, written claims of alleged disciplinary and enforcement of Constitutional, legal, human and religious rights being denied to inmates:
   (2.1 KDOC Authority)
   "Brothers in Blue Reentry falls under the direct authority of the Kansas Department of Corrections and readily acknowledges all of KDOC's rules, regulations, and procedures as fully authoritative."
   (2.3 Non-Harassment/Non-Discriminatory)
   "Brothers in Blue Reentry's Civil Rights Policy prohibits discrimination in all of its programs and activities based on race, color, sex, gender identity, age, religion, national origin, disability, reprisal, protected genetic information, sexual orientation, marital and familial or parental status, political affiliation, and/or receipt of public assistance. It is the policy of Brother in Blue that there will be zero tolerance for any form of discrimination. This standard is applicable to every Brothers in Blue Reentry employee and program participant."

   (3.2 Disciplinary Procedures for Offenses Not Resulting in Immediate Termination)
   This type of alleged offense must be addressed by a Restorative Council not by Gary Spillman alone. Not until the third rule violation will it be addressed by a BIBR staff member. There again these alleged offenses must be in writing, stating the alleged offense and who makes the claim.
   (3.5 Appeal Process)
   White has been denied meeting with BIBR staff, Dave Johnson and CJ Hughes as well as the LCF Chaplains Office. The Local Team and BIBR staff who an inmate may appeal too, is not clearly made known or made available, nor are there any proper form or process been made available to its members.
   (3.6 Etiquette Policies ("Community Rules"))
   "1. Members are expected to exhibit respect and manners at all times to all people." "(a) This includes all KDOC Personnel, BIBR staff, fellow BIBR members, volunteers, mentors, and general population."

   Yet, White was disrespected and had fellow BIBR members walk out

3.

10

of group discussions, because of my disbelief in the legalization of the many factoring and drug use. They walked out, but I was expelled from the group. This type of discussion of drug use promotion is and was inappropriate in a drug addiction group class.

As currently being operated; BIBR is nothing other than a gang mentality group following a gang logic of you either think and do as told as the group dictates, regardless of what's being preached, or you should just quit or you'll be expelled from the group, because you don't fit into the group.

They're missing the point, that we all fit in, if we have a common goal, because we are all the children of GOD. If they don't or won't respect my boundaries and belief, these BIBR staff and members aren't going to respect anyone else's, especially the public's, when they are released, because of the examples set by the current BIBR staff.

## White requests the Secretary of Corrections?

1. Shut down the BIBR program as a "Drug Security Threat Group" until such time as proper management of the program can be put into place and White's Issues are corrected.

2. Stop "All" Inmate (only) taught/managed group classes, unless accompanied by an outside mentor or volunteer, to superviser all sessions.

3. Provide a published process for all alleged disciplinary offenses; made in writing, with adequate hearing by and address any disciplinary action taken by a "Local Team" of volunteers and outside mentors associated with BIBR as required by 2.3, 3.2, 3.5, and 3.6, from "Member's Policy and Procedure Handbook page 512 through 18.

4. Advise all BIBR members their right to appeal from #3 above and provide the proper forms for the appeal, with the procedure for and to whom to appeal.

5. Give White back his full membership rights, full credit and previleges as a BIBR member; to the completion of the completed 2nd quarter session and every other following group sessions Following, that he continues to be denied participation, recorded as satifactorily completed.

Respectfully Submitted;     Bobby White # 76983

   GOD Bless.

(11) Dated: 10-22-2022     Bobby White #76983
                           Lansing Correctional Facility
                           P.O. Box 2
                           Lansing, Kansas 66043

4.

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

$B5103$          <u>White</u>
                    **Last Name Only**

## KANSAS DEPARTMENT OF CORRECTIONS

76983
Number

## INMATE REQUEST TO STAFF MEMBER

To: <u>LCF Chaplain</u>          Date: <u>10-12-2022</u>
      (Name and Title of Officer or Department)
          State completely but briefly the problem on which you desire assistance. (Be specific.)

2nd Request~ I need to see you about MBA problems. Specificly See: KAR-44-12-325
have you approved the debate and promotion of drug use and legalization during class group
sessions and the proselytizing of this belief. If you don't agree you can be expelled
from the program. Also see: Romans 7:1~ ; Matthew 5:17 — and 18:5-7

Work Assignment: <u>1F1 /B1RR</u>          Living Unit Assignment: <u>85-103</u>

Comment: _____          Detail or C.H. Officer: <u>COI Myers</u>

Disposition: I you would like to be
removed from MBRR I'll you LLt.

To: _____          Date: _____
      (Name & Number)

Disposition: _____

_____

_____

_____

_____
      Employee's Signature          **To be returned to inmate.**

P-0009

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name _Bobby White_     Number _76983_

Facility _LCF_     Housing Unit _B5-103_     Work Detail _IFI/BIBR_

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc:; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). On 10-5-2022, I was notified by BIBR Staff member Gary Spillman that he was taking me out of the BIBR Program Group 65, because I was unteachable. That was and is a hypocritical and prejudicial comment that could potentially prejudice a future appeal, because it was based on an incident and from cause of what Mr. Spillman asked me to do. In a past one on one session with Mr. Spillman he praised my work, but said I did not participate or speak up in groups. He said he wanted me to give witness to why I was in prison, and hoped that I might say something that some of the other group members might take to heart, causing them to change their actions and thinking. Yet, now that I did what I was asked/told to do he hypocritically chooses to punish me, because some of the other Group 65 members, took it to heart, became upset and stopped out of group

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _10-5-2022 (over)_

_(see back)_

## UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.).

You were not removed from BIBR however you were taken out of the current group and will be placed into the next group pending one on ones with Gary Spillman. Per the program provider your participation did not meet expectations of BIBR at this time.

_UTM ____ 10/6/22_
Unit Team Signature                Date

_Per whos criteria and why was not given in writing - This is discrimination and for religious belief. Gary Spillman is not BIBR_

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_Bobby White_     _10-10-2022_
Inmate Signature                Date

## WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received _OCT 10 2022_ Date of Final Answer _OCT 10 2022_ Date Returned to Inmate _10-21-2022_

_Bobby White_     _10-21-2022_     _____
Inmate's Signature        Date        Unit Team Signature        Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number _AA2023056_

Type of Complaint (Item 4: Code 01-75) _54_

Cause of Complaint (Item 5: Code 01-30) _07_

Type of Response (Item 6a: Code 01,02,08 or 09)  _1._  _01_

session. Instead of supporting me and what they (Mr. Spillman) asked me to do, as well my right to speak, to support my faith and values (boundaries). Mr. Spillman choses to support mob walk-out mentality. This can not be in any way conducive to any form of positive change to be disrespect to my right to speak, especially after I was told to. I was perfectly happy minding my own business and my opinions to my self.

The BIBR program is a good worthwhile program when competently and faithly ran sticking to the curriculum, but, too often other inmates are set to run the group sessions and they go off on a tangent into areas that have nothing to do with positive change. Such as:
To petition to have officer Goodman taken from the pod, because he's doing his job. Or, advocating and preaching changing drug laws to legalize them.

No inmate should been placed in charge of, or supervising another inmate. Nor should any inmate be proselytizing of religious faiths or beliefs. KAR 44-12-325.

I contend the BIBR program, as being ran is nothing other than a gang, if condone and support, (or not hold these responsible) for violating KDOC, State or their own rules. No where can I find any reference where a person should be penalized for following instructions and rules, or deemed unteachable.

I request the Warden for institutional security, shut down the BIBR program, until such time as adequate supervision of the program can be put into place. I again repeat the BIBR program is a very good and worthwhile program and I believe it valuable for possibility of parole, but, it should not be managed arbitrarily or capriciously as it is now.

Thank You for any consideration. Bobby White

2.

**DO NOT WRITE BELOW THIS LINE**

# MEMO



**Kansas**
Department of Corrections
*Lansing Correctional Facility*

**DATE:** 10/10/2022

**TO:** White, Bobby # 76983

**FROM:** James Skidmore / Deputy Warden of Operations

**SUBJECT:** Grievance # AA20230356_

---

**Finding of the Facts:** Your grievance was received and an investigation into your allegations has been completed.

**Conclusions Made:** After a thorough review of all applicable documentation, it was determined that the response provided by UTM Potter was appropriate.

**Additionally:** BIBR makes the determination if you meet the requirements for their program. This is a volunteer-based program and if you do not like how it is run, and you are not being forced to participate, therefore you can withdraw at any time.

**Actions Taken:** No further action is deemed necessary.

15

3.

A1-119

B



Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

**Kansas**
Department of Corrections

Jeff Zmuda, Secretary                                    Laura Kelly, Governor

COURT EXHIBIT B
9 pages

## MEMORANDUM

DATE:       June 22, 2023

TO:         Interim Warden Geither
            Lansing Correctional Facility

FROM:       Darcie Holthaus CMII
            Facility Management

SUBJ:       #0076983 White, Bobby
            Attached grievance: N/A


We received the attached informal letter from the above noted inmate. There is no evidence this issue has been sent to staff at the facility. Start at the lowest level possible for addressing this issue.

It appears you are or have addressed this matter with the courts, if you have you will need to address this with our legal office.

Thank you for your assistance with this matter.

Enclosure-original Informal Complaint letter

Image:  SOCRESP
        w/attachments

*Received 7-28-2023 10:00 AM, Friday*

*U.S. District Court
Please see that the proof that this grievance was properly submitted an numerous times submitted by Grievance receipts signed by KDOC/LCF staff/officers as: CO Ellis hand delivered to the Unit Team on 4-25-2023 because all of them refused to come by and pick-up at cell. and then had to resubmitted/recopy, but this time had CO1 Fry on 5-7-2023 sign receipt watch me place it into a U.S. Mail prepaid envelope and put it in the mail to be sent to the LCF Warden. When the LCF Warden failed to answer and return the grievance, I then had to again recopy and resubmit direct to the Secretary of Corrections as per KAR instructions. B.W, 9-27-2023 This is a constant problem with submitting grievances at LCF also see included Form 9 dated 5-22-2023 to LCF Warden, B.W,*

16

RECEIVED

JUN 09 2023

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: _Bobby White_          Facility: _LCF_

~~DOC Facility Management Area~~

Inmate Number: _76983_          Grievance Serial No.: _has not been assigned, nor answered by LCF Warden._

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections          Date Mailed: _5-25-2023_
714 SW Jackson
Suite 300
Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) _Please see pages 3, 4, and 5 for the reason why this grievance has been submitted to the Secretary of Corrections without a Warden or Unit Team Response - Sent pursuant to KAR 44-15-102 (3)(G) and KAR 44-15-101b then see: grievance form page 2, continued on pages 5, 6, 7 and 8 (originally submitted to the Unit Team on 4-25-2023)_

_Bobby White_
Signature of Inmate

---

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____          Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

---

**For D.O.C. Staff Use Only**

Type of Response (Item 6b:  Code 01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988          _page 1 of 8_

*Handwritten Copy*

**B**

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name **Bobby White**

Number **76983**

Facility **LCF**

Housing Unit **LCF**

Work Detail **Disciplinary Seg.**

---

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMEN-TATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member.) During DR hearing on 4-24-2023, the DR Hearing Officer Leibiter said he spoke to BIBR staff Mr. Gary Spillman about why I (Bobby White) had now been removed/expelled from the BIBR program and Pod B5. This is in direct opposition to the resolutional response by the KDOC Unit Team CC., Assistant Warden James Skidmore and s.o.C. Designee Darcie Holthaus of grievance #AA 2023056, which I received on 12-13-2022. In that response the S.o.C. Designee Ms. Holthaus states: "...discuss your concerns with the program leads when you attend the new sessions..." (continued on page 3 of Appeal of Grievance to Secretary of Corrections)

Date this report was given to Unit Team for informal resolution (to be completed by inmate). **4-25-2023**

---

**UNIT TEAM RESPONSE** (Complete and return to inmate within (10 calendar days.)

No Response - Not returned back.
Forwarded on to Warden on 5-7-2023 by U.S. Mail, postage prepaid, pursuant to KAR 44-15-102(a)(2)

*Not returned*
Unit Team Signature                                    Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

*Bobby White*                                    **5-7-2023**
Inmate Signature                                    Date

---

**WARDEN RESPONSE** (Complete, attach response and return within (10 Working days.)

Date Received No Response Date of Final Answer Not Returned Date Returned to Inmate within

Forwarded to S.o.C pursuant to KAR 44-15-101b, 44-15-102(c)(1),j(4) and (3)(G)

*Bobby White*        5-25-2023    Not Response - No return of
Inmate's Signature        Date    Unit Team Signature    originals.    Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

---

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number                                    _____

Type of Complaint (Item 4: Code 01-75)                    _____

Cause of Complaint (Item 5: Code 01-30)                   _____

Type of Response (Item 6a: Code 01,02,08 or 09) *page 2*  _____

**18**

**3**

APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS
Date: 5-25-2023
COVER PAGE AND REASON WHY:
PURSUANT TO: KAR44-15-102(3)(G) "The warden has not
responsed and given any answer or returned the submitted grievance
in the 10 working days as required by KAR-15-102(3)(i,) that was
placed in the U.S. Mail, postage prepaid on 5-7-2023.

1. (a) On 11-2-2022, I was threatened with reprisal in violation of KAR44-15-104 by
MrC.J.Hughes, Mr.Dave Johnson and Mr.Gary Spillman (BIBR officials/KDOC staff) in
a meeting with them, pursuant to the BIBR 3.5 Appeal Process, because I had also
invoked the KAR grievance process and submitted grievance #AA2023056 on
10-5-2022. These KDOC/BIBR officials threatened to kick me permanently
out of the BIBR program and out of Unit Pod B5.
(b.) I documented this incident by form 9's on 11-2, and 11-3-2022, to the Unit
Team/Ms. Millins CC. I had done nothing in violation of the BIBR rules, nor had I
received any disciplinary reports. Both of these submitted attempts of informal
resolutions, were answered by Ms. Latzke UTM on 12-6-2022 with; "Allegations
of staff misconduct are investigated and if corrective action is deemed necessary,
it will not be discussed with you."
This has also been documented in LVCD Case No: 22-CV-323 "Affidavit For
Support of Motion for Summary Judgement", and a copy of each of these two form 9's
were included with this current grievance as proof of attempt at an informal
resolution.
(c.) I am currently being held unjustly in disciplinary segregation in violation
of K.S.A. Supp. 21-5417 (see LVCD 22-CV-323 "Motion for Summary Judgement") and as
of 5-29-2023, it will be for 62 days in violation of KAR 44-12-1308, "shall not
exceed 60 days". (ADA and Elder abuse of a dependent adult)
I tried to get the Unit Team/Mr. Meredith CC to come to my holding cell
and pick up this original grievance through two different Unit Officers, Officer
Baxter personally came back and told me he personally told Mr. Meredith CC, but
he never came. So, I had Officer Ellis, sign the receiving grievance receipt
and deliver it along with the two included form 9's dated 11-2 and 11-3 (see 1(b)
above), to Mr. Meredith CC.

2. (Also see: above mentioned "Affidavit" submitted for filing LVCD 22-CV-323)
On Thursday 5-4-2023, White submitted a form 9 to the Unit Team/Mr. Meredith CC
that the Unit Team response for the grievance was due on 5-5-2023. That night
after the 12:00 midnite cell mail delivery on 5-5-2023 the two form 9's, I had in-
cluded with the grievance to show attempt of informal resolution were returned,
but, with no grievance.
Mr. Meredith CC was not available on 5-5-2023, so I was allowed by Unit
Officer Ellis to personally go see Mr. Parks UTM, to return the form 9's back
with the grievance. But, Mr. Parks UTM said he didn't have any grievances
from me, when he should have had three, which I had submitted and I have
the signed receipts, to prove it. This is a constant and re-occurring problem
page 3-

(19)

with our submitted documents, to go missing, and the Unit Team claiming we failed to seek an informal resolution. Now, I can't get any help or answers from the Unit Team. Mr. Merdith CC can not possibly claim he knows nothing about my claims and grievance regarding Mr. Spillman saying to the DR hearing officer that Mr. Spillman kicked me out of Pod 135 and the BIBR program because I filed legal action against him and the BIBR, because Mr. Meredith was also suppose to be representing me in the DR hearing, because I was denied participation by the hearing officer because I wanted this fact recorded in the DR hearing record.

3. So, on 5-7-2023 pursuant to KAR 44-15-102(a)(2) [After receiving no response from the Unit Team] I rewrote and resubmitted the grievance direct to the LCF Warden (along with the two returned form 9's dated 11-2, 11-3-2022) and mailed it, postage prepaid by U.S. Mail. Unit Officer Fry signed the grievance receipt, watched me place it in the sealed, stamped envelope, and then I gave it to him to mail out for me.

4. On 5-22-2023, I submitted a form 9 to the LCF Warden giving notice that:
(a.) White will be held in disciplinary seg. for 60 days on 5-27-2023, which is the maximum time limit pursuant to KAR 44-12-305
(b.) That DR #2872 Admin. review from the Warden was due on 5-22-2023 pursuant to KAR 44-13-701.
(c.) That the Wardens response to this grievance mailed to the Warden on 5-7-2023 pursuant to KAR 44-15-102(a)(2), was due back to White by 5-23-2023.

5. Therefore now, on 5-25-2023 the LCF Warden has also failed to response, give answer and return the submitted grievance pursuant to: KAR 44-15-102(b)(3), (ii) "within 10 working days.
Therefore, pursuant to KAR 44-15-102(c)(i) and (4), I, Bobby White #76983 now makes his 4th Attempt to get this issue resolved by the administrative process set out by due process of KAR for the exhaustion requirement required by the court, through this
"Appeal to the Kansas Department of Corrections
Secretary of Corrections Jeff Zmudy.

(Seer included 3rd hand written copy of original grievance)
(The two (2) copies of the form 9's dated 11/2 and 11/3, 2022, attempts of an informal resolution has not been included with this appeal. Because the only copy I had was attached to the Unit Team and then the Warden's grievance, which has not been returned. I do have the original, but I do not trust the Unit Team to make a copy, because when they have them they seem to disappear. I will though gladly personally deliver the original to the court and/or when I am given the freedom to visit the library yet copies and mail them for the record.)

(20)                                    page 4.

6) To prove my point in not trusting the Unit Team/Correctional Counselors: on 5-17-2023, I received back the form 9, I submitted to the Mr. Meredith CC on 5-4-2023 (see #2 above) answered with, "Grievances are answered by the Unit Team manager, however an informal resolution must be saught out before hand otherwise the grievance is not valid."

Yet Mr. Parks UTM told me had no grievances from me, and if Mr. Meredith CC is saying, I did not provide the proof, why were returned back to me ?? with his 'noted' ??

There is no KDOC Administrative remedy for prisoners held by the KDOC and State of Kansas at LCF.


## Appeal of Grievance to Secretary of Corrections

Originally submitted on 4-25-2023 to Unit Team — No Response re-submitted to Warden on 5-7-2023 through U.S. Mail pursuant to KAR 44-15-102 (a)(2)

(grievance continued from Grievance Form p. 157) page 2
This was never allowed to happen by the BIBR and Mr. Spillman.
From that same grievance the Unit Team Response: supported by Assistant Warden James Skidmore, which originated from Ms. Potter UTM, dated 10-6-2022 was: "You were not removed from BIBR, however you were taken out of the current group and will be placed into the next group, pending one-on-one with Gary Spillman. Per the program provider your participation did not meet expectations of BIBR at this time."

It is not clearly indicated why?? "I" was/has not met expectations? What were the expectations or what I had done, in any form of violation. Or who exactly is the program provider is other than the KDOC?? Unless it is Mr. Gary Spillman personally and individually. Mr. Spillman is obviously only a KDOC/BIBR staff member and BIBR lead counselor only? So, then this program of re-entry is also a KDOC prisoner re-entry program, because Mr. Spillman is presented as KDOC staff, and the program is under the authority and rules of the KDOC and the KDOC records prisoners completion program credits for the Parole Board's consideration.

My grievance has consistantly and repeatedly claimed the BIBR program as currently operated, is a security threat group as defined by KAR 44-12-325 and Mr. Gary Spillman is proselytizing his own false religious beliefs on prisoners who wish and work hard to earn these program credits for parole consideration, in violation of KAR 44-12-325.

White as a prisoner of the State of Kansas under the custody of the Kansas Department of Correction has a legal and Constitutional right to invoke the grievance process and to penal program rehab-illitation without discrimination and a civil and Constitutional right to access the court, to redress grievances for these civil rights violations, without having to be a member of any discriminatory elitest

page 5.

groups, which violates these rights.

I, Bobby White #76983 do swear under penalty of perjury, that DR Hearing Officer Leibliter told me during the DR hearing on 4-24-2023, that he spoke to Mr. Spillman and Mr. Spillman told him that Mr. Spillman kicked me out (took me out) of the BIBR program and fod B5, because I threatened to take legal action against him and the BIBR. I asked Officer Leibliter to make sure to remember that.

This is and has been previously, also been brought to the KDOC's attention through Leavenworth County District Court Case No. 2022-CV-323 White v KDOC SD.L Jeff Zmuda / BIBR Gary Spillman, Filed 12-8-2022 and grievance #AA 20230S6, through Form 9's, grievances to the UnitTeam, Warden and S.O.L regarding threats that were made to me by the BIBR staff to kick me out of the BIBR program because I filed a grievance. Now they have acted on these threats and in violation of:

A.) KAR 44-15-104 Reprisals prohibited. (Clearly states)(a.)No adverse action shall be taken against any inmate for use of the grievance procedure.

B.) KAR 44-12-306 Threatening or intimidating any person. (b.)A civilized warning by the inmate that the inmate may properly use legal process to enforce rights or redress wrongs; including use of the inmate grievance procedure, shall not be considered a violation of this regulation.

C.) KAR 44-15-101b Time limit for filing grievance "... An inmate may move to the next stage of the grievance procedure if a timely response is not received at any step in the grievance process..."

D.) KAR 44-15-101(c) At each stage, all grievances shall be answered in as short a time as possible to insure that delay will not impose additional hardship upon the inmate, or unnecessarily prolong a mis-understanding..."

E.) KAR 44-12-325 Security threat groups; inmate activity; limitations. (a) No "proselytizing" of religious faiths or beliefs shall be allowed in the facilities. "Proselytizing" shall be defined as an active effort to persuade a person to convert to a religious belief without the person's prior consent..." (e) Inmates shall not develop; organize, promote, or assist any security threat group..." "Security threat group" shall mean any ongoing formal or informal organization, association, or group of three or more persons with a common name or identifying sign or symbol, but without specific approval by the warden.

(It must be assumed that since the warden failed to response to this grievance, the Warden must not approve of this complaint issue.) Plus the BIBR's own rules:

F.) # 2.01 KDOC Authority: "Brothers in Blue Re-entry falls under the direct authority of the Kansas Department of Corrections and readily

page 6



acknowledges all the KDOC rules, regulations, and procedures as fully authoritative.

(Gr.) # 2.3 Non-Harassment/Non-Discrimatory policy states: "... that there will be zero tolerance for any form of discrimination. This standard is applicable to every Brother in Blue Reentry employee and program participant ..."

## White requests of the S.O.C's

The Unit Team and Warden response/lack of response is wrong, because there is NO timely response. They have arbitrarily and capriciously caused White to be denied due process, timely justice, his constitutional and civil rights in violation of the procedures set-out by the Kansas legislature through the KARs; and caused White to be arbitrarily and inhumanely held in disciplinary segregation (see: page 3(1)(c) and page 4, (#4) over the legal limit. Thus then too violating: K.S.A. Supp. 21-5417 (a) Mistreatment of a dependent adult or an elder person is knowingly committing one or more of the following acts:

1) Infliction of physical injury, unreasonable confinement or unreasonable punishment upon a dependent adult or elder person.

(A.) Undue influence, coercion, harassment, duress, deception, false representation, false pretense or without adequate consideration to such dependent adult or elder person.

3.) Omission or deprivation of treatment, goods, services, that are necessary to maintain physical or mental health of such dependent adult or elder person.

(e)(3) "Elder person" means a person 60 years of age or older. This for an 8th Amendment, cruel and unusual punishment violation. Because White is a 70 year old prisoner/elder person with medical and disability chronic care issues; and dependent adult on the KDOC and State of Kansas for humane care and treatment.

White requests the Kansas Secretary of Corrections; Jeff Zmudy and the State of Kansas:
(1) Gives support and recommendation to the Court, for White's request for an early immediate release from incarceration, through habeas corpus relief of Cases: LVCO 20-cv-143/COA Case No: 125650 and/or LVCO 2022-cv-323. K.S.A. 60-1501/1507.
(2) Return of White's cost for these legal actions.
(3) The recording in the KDOC records, the satisfactory completion of the (1) one year BIBR program credits on White's Kasper and other such KDOC records and with a central monitor of the BIBR staff.
(4) And/or the elimination of the BIBR program and/or application of zero tolerance for discrimination by the assigning/replacement of the current program staff to new staff to run the program.
(5) Any and all other support and services and aid given to White, that is currently being given to other prisoners at release, to aid in White's smooth re-entry back to citizenship.

(23)

page 7

B

May God Bless you for any and all consideration.
"Respectfully Submitted; _Bobby White #76983_
Date: _5-25-2023_

## CERTIFICATE OF SERVICE.

I, Bobby White #76983, certifices that he sent a copy of this Exhibit for LVCO Case No. 22-cv-323 (hand written, true and correct copy) "Appeal of Grievance to Secretary of Corrections" (originally submitted grievance to the KDOC/LCF Unit Team on 4-25-2023) by U.S. mail, 1st class, postage prepaid on this _25th_ day of _May_, 2023 to:

1.) Kansas Department of Corrections, %o Secretary of Corrections. Jeff Zmuda, 714 SW Jackson, Suite 300, Topeka, Kansas 66603

2.) Julie Clemens, Clerk of the District Court, Leavenworth Justice Center, 601 South Third Street, Suite 3051, Leavenworth, Kansas 66048-2868.

Date: _5-25-2023_        by s/ _Bobby White #76983_
                                    Pro Se.

Bobby White #76983
Lansing Correctional Facility
P.O. Box 2,
Lansing, Kansas 66043

24

9

*Returned to him 11/8/2022 Ray*

INMATE REQUEST TO STAFF MEMBER

To: _B5 Unit Team / Ms. Millins CC_    Date: _11-3-2022_
(Name and Title of Officer or Department)

_____
Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_White_
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST TO STAFF MEMBER**

_76983_
**Number**

To: _B5 Unit Team / Ms. Millins CC_    Date: _11-3-2022_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

_Along with my form 9 request to stop the discrimination, harassments and threats by the BiBR officials (submitted 11-2-2022), White requests to avoid misunderstanding and any future harassment that all contact with the BIBR officials be related only to the specific issues of White's return to group membership in regards to the program curriculum of the classes and be put in writing for White's understanding, record and information. This request simply reflexs the same procedure, he'll receive from his KDOC/SOC grievance appeal when it is returned. Thank you._

Work Assignment: _IF1 / BiBR / UAA_    Living Unit Assignment: _B5-103_

Comment: _____    Detail or C.H. Officer: _CO1 ___(illegible)___

Disposition: _____
_____
_____
_____

To: _____    Date: _12/6/22_
(Name & Number)

Disposition: _Allegations of staff misconduct are investigated and if corrective action is deemed necessary, it will not be discussed with you._

(25) _(signature)_ UM
Employee's Signature    7    **To be returned to inmate.**

P-0009

*Returned back on 12/8/2022 (BW)*

*Received 12/8/20* INMATE REQUEST TO STAFF MEMBER

To: Unit Team /Ms. Millins CC                    Date: 11-2-2022
　　(Name and Title of Officer or Department)

_____
Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

White.
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

76983
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: Unit Team/Ms. Millins CC                Date: 11-2-202
　　(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

On 11-2-2022, I had a meeting with Mr. C.J. Hughes, Mr. Dave Johnson and Mr. Gary Spillman regarding my BIBR Member Rule 3.5 Appeal and recently sent grievance appeal to Secretary of Corrections at the end of this meeting Mr. Hughes state he was going to see me in court and have me removed from pod B5. I assert this constitutes retaliation and a threat in violation of BIBR Rule 3.3 and KAR 44-15-104 reprisals prohibited (b) and in their attempt to proselytizing their false doctrine religious belief on me in violation of KAR 44-12-325. I am requesting this discriminating and harassment and threats be stopped by the BIBR officials. Thank You.

Work Assignment: IFI / BIBR / UAA        Living Unit Assignment: B5-103

Comment: _____ Detail or C.H. Officer: _____
and that no retaliation be taken against me for my right to the grievance and appeal process. *BIBR*

Disposition: _____
_____
_____
_____

To: _____        Date: 10/26/22
　　(Name & Number)

Disposition: Allegations of staff misconduct is investigated and if corrective action is deemed necessary, it will not be discussed with you.

_____

㉖  _____
　　Employee's Signature

**To be returned to inmate.**

P-0009

*Unit Officer please sign and return this receipt, Thank You.*

## INMATE REQUEST TO STAFF MEMBER

To: *Mr. Merdith CC / Unit Team*                    Date: *5-4-2023*
(Name and Title of Officer or Department)

*Col Ella*
Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

*Grievance submitted 4-25 due back answered by Unit Team by 5-6-2023*

---

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

*White*
**Last Name Only**

### KANSAS DEPARTMENT OF CORRECTIONS

*76983*
**Number**

### INMATE REQUEST TO STAFF MEMBER

To: *Mr. Merdith CC / Unit Team*      Date: *5-4-2023*
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

*Just a reminder the grievance [and (attached two form 9's)] regarding Mr. Gary Spillman [re: the DA Hearing Officer he kicked me out of BHA and BS because I filed legal action in the court, will be due back answered by the Unit Team (which I submitted on 4-25-2023) by Saturday 5-6-2023 and returned to me, so that if necessary, I can forward on to the Warden, pursuant to: KAR 44-15-102(2) and (b) / violation of KAR 44-15-104 and KAR 44-12-306(h). Thank You.*

Work Assignment: *Retired*          Living Unit Assignment: *A-117*

Comment: _____          Detail or C.H. Officer: *Col Ella*

---

Disposition: *The Grievances are answered by the Unit Team manager, however an informal resolution must be sought out beforehand otherwise the grievance is not valid.*

To: _____ (Name & Number)          Date: _____

Disposition: *Received back this form 9 5-17-2023 7:00 PM B.W.*

*Informal resolution where included but returned back without grievance so it was re-copied and as sent direct to Warden pursuant to: KAR 44-15-102(a)(3)*

Employee's Signature                    **To be returned to inmate.**

P-0009

*All Unit Officer please sign and return receipt. Thank you*

## INMATE REQUEST TO STAFF MEMBER

To: _LCF Warden_    Date: _5-22-2023_
(Name and Title of Officer or Department)

_Coll D May_
Unit Team, Detail, or Cellhouse Officer's Signature    **To be retained by inmate.** 44-15-122(a)(b)

_Need Warden response in mailed to Warden grievance on 5-7-2023 due as of 5-23 KAR 44-15-102(a)(d)_
_+ Admin Review for DR # 2872 due on 5-22-2023 KAR 44-13-701_
_Will be in seg for 60day on 5-27-2023 maximum allowed pursuant to KAR 44-12-308_

Form 9    _I X O'_
For Cellhouse Transfer    _White_
Work Assignment    Last Name Only
Interview Requests    _(To accompany 7-5-2023 Grievance-Informal Resolution)_
### KANSAS DEPARTMENT OF CORRECTIONS    _76983_
Number

## INMATE REQUEST TO STAFF MEMBER

To: _LCF Warden_    Date: _5-22-2023_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

① _Pursuant to KAR 44-12-308 Disciplinary Seg. Limit (a) shall not exceed 60 days. As of_
_5-27-2023, I will have been in Disciplinary seg 60days ② Also, pursuant to KAR 44-13-701_
_(a) the Admin review for DR # 2872 was due as of 5-22-2023 and past the "within seven working_
_days." ③ Also the grievance regarding the DR hearing officer and Mr. Gary Spillman interaction, I_ KAR 44-15-104 prohibited
_mailed to you pursuant to KAR 44-15-102(2) on 5-7-2023 will be due back with a Wardens_
_Response on 5-23-2023. May I please get these res. processed so that I am timely appeal them to the_
_S.O.C. if necessary and also, get off seg status moved to PC status with the return of my TV_
Work Assignment: _Retired_    Living Unit Assignment: _A1-117_ and other property
Thank you

Comment: _____    Detail or C.H. Officer: _____

Disposition: _We offered you a waver to be_
_released from Pending Investigation status however_
_you refused. You were told you need to_
_write a statement to EAI explaining why you_
_cannot return to general population. We have yet_
To: _do recieve that statement._    Date: _____
(Name & Number)    _who did ??_

Disposition: _____
_Recieved back_    _They did not_
_to 117 B.W._    _B.W._

⑳    _10'_

_(All three of these form 9's were answered by the_
_same person, but not signed, except one._
Employee's Signature    _(Not recieved by person too) B.W.    **To be returned to inmate.**_
_or answered    7-5-2023_

P-0009

INMATE REQUEST TO STAFF MEMBER

To: _Captain Howlett_                                          Date: _5-25-2023_
_____(Name and Title of Officer or Department)_____

_(Signature)_
_____Unit Team, Detail, or Cellhouse Officer's Signature_____     **To be retained by inmate**

Why am I still on seg. status and can't get the rest of my property?

Form 9
For Cellhouse Transfer
Work Assignment _____     _White_
Interview Requests (To accompany 7-5-2023 Grievance Informal Resolution)     _Last Name Only_

KANSAS DEPARTMENT OF CORRECTIONS     _76983_
                                         _Number_

INMATE REQUEST TO STAFF MEMBER

To: _Captain Howlett_                          Date: _5-25-2023_
_____(Name and Title of Officer or Department)_____
State completely but briefly the problem on which you desire assistance. (Be specific.)

I was wondering if you had any idea why? I'm still on disciplinary
segregation status. I've been held now going on over 60
days this weekend, which is the max allowed pursuant to
KAR 44-12-1308. I was wondering if I could get my
TV and rest of my property.

                                         Thank You,

Work Assignment: _Retired_          Living Unit Assignment: _A1-117_

Comment: _____          Detail or C.H. Officer: _(Signature)_

Disposition: You were offered a waiver
to return to general population however you
refused.

To: _____          Date: _____
_____(Name & Number)_____

_Received_
_back #3_
_5-26 Bixler_

Disposition: _____

_(Employee's Signature)_ UJS
_____Employee's Signature_____          **To be returned to inmate.**

P-0009

*Unit Officer please signature on number 1-4*

INMATE REQUEST TO STAFF MEMBER

To: Unit Team / Mr. Parks UTM

_(Name and Title of Officer or Department)_

Date: 5-27-2023

_Unit Team, Detail, or Cellhouse Officer's Signature_

To be retained by inmate

*Informal Resolution Attempt #4*
*Can't be cuffed from behind and handi-cap shower denied use.*

---

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

White
**Last Name Only**

## KANSAS DEPARTMENT OF CORRECTIONS

76983
**Number**

## INMATE REQUEST TO STAFF MEMBER

To: Unit Team / Mr. Parks UTM          Date: 5-27-2023

_(Name and Title of Officer or Department)_

State completely but briefly the problem on which you desire assistance. (Be specific.)

*Informal Resolution Attempt*
4th Attempt. On Friday 5-26-2023, I was asked to shower, but the Unit Officers demanded I be cuffed from behind, when they should know I can't walk, and then they didn't even have the handi-cap shower available in violation of the ADA. This is all because of illegal disciplinary segregation hold status. This was all included in a prior grievance submitted on 5-1-2023, but has never been answered or returned in violation of KAR and access to court constitutional right to Water got to shower Friday. I demand this harassment & estopped. Thank You.

Work Assignment: _____    Living Unit Assignment: A1-117

Comment: _____    Detail or C.H. Officer: _____

---

Disposition:    I will look into this. However since you are seg status, you are required to be cuffed everytime you exit your cell. Since the walk to the shower is short, being cuffed from behind is the quick and efficient way to escort you.

To: _____    Date: _____
_(Name & Number)_

Disposition: _Received 6/17_

(30)

Employee's Signature _____    To be returned to inmate.

P-0009

*Please sign and return receipt. Thank You*

INMATE REQUEST TO STAFF MEMBER

To: *A1 - Unit Team - Mr. Parks UTM / Mr. Meredith CC*        Date: *7-15-2023*
(Name and Title of Officer or Department)

*OIC Chapman*        *shower/rec*
Unit Team, Detail, or Cellhouse Officer's Signature        **To be retained by inmate**

*Need hygiene sign-ups, clothes, soap towel etc, and day room,*

---

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

*White*
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

*76983*
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: *A1 - Unit Team - Mr. Parks UTM / Mr. Meredith C*  Date: *7-15-2023*
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

*Need indigent hygiene sign-up.*
*I wish to have day room priveleges, and need to know what*
*I must do. I also need indigent hygiene pack. I*
*currently have no hygiene, clothes, towel etc. (no basic items*
*such as toothpaste, tooth brush, soap.) I've been in disciplinary*
*seg. status now for over 20 day with no*    *Thank You*
*DR write-ups.*

Work Assignment: *Retired*        Living Unit Assignment: *A1-119*

Comment: _____        Detail or C.H. Officer: _____

---

Disposition: *You are not indigent this month.*
*You will need to sign a PC waiver*
*to the have dayroom priveleges.*

To: _____        Date: _____
(Name & Number)

Disposition: _____

_____

**(31)**

_____

Employee's Signature        **To be returned to inmate.**

P-0009

*Unit Officer please sign and return this receipt,*
*Thank You.*

INMATE REQUEST TO STAFF MEMBER

To: *A1-Unit Team /Mr. Meredith CC /Mr. Parks UTM*    Date: *7-18-2023*
(Name and Title of Officer or Department)

*Officer Reyes*

*collgrp*

Unit Team, Detail, or Cellhouse Officer's Signature    To be retained by inmate    *Central Monitor*

*I'm requesting a restrictive housing waiver, back to general population and a Monitor*

---

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

*White*
Last Name Only

KANSAS DEPARTMENT OF CORRECTIONS

*76983*
Number

INMATE REQUEST TO STAFF MEMBER

To: *A1-Unit Team/Mr. Meredith CC/Mr. Parks, UTM* Date: *7-18-2023*
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

*I would request a AC Restrictive Housing Waiver for a release*
*back to general population.*
*Thank You*

*I also request that a Central Monitor be placed on me from*
*Jeremey Garza.*

Work Assignment: *Retired*    Living Unit Assignment: *A1-119*

Comment: _____    Detail or C.H. Officer: _____

Disposition: *This would be a PC waiver.*
*You were released to GP last week*
*and came back to A1. I can create*
*another waiver*

To: _____    Date: _____
(Name & Number)

Disposition: _____

_____

㉜_____

Employee's Signature    **To be returned to inmate.**

P-0009

*Please sign and return receipt, Thank You*

INMATE REQUEST TO STAFF MEMBER

To: *Mr. Parks UTM*                                    Date: *7-20-2023*
_____
(Name and Title of Officer or Department)

*CO4*
_____
Unit Team, Detail, or Cellhouse Officer's Signature

*Job request and move to 82 or out of LCF*

**To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

*White*
_____
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

*76983*
_____
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: *Mr. Parks UTM*                      Date: *7-20-2023*
_____
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

*(I have never agreed with anyone to have another person put in the cell with me)*
*Every day since being returned back to A1-119 after being transported by ambulance to KDI*
*Hospital. I've been asked to accept another cellie. It was my understanding you had me placed*
*back in A1, with the condition I be the only person in this cell. If this is not the case, I would*
*like to know what the facility's plans for my future housing. I believe my only safe recourse*
*is to be transferred out of LCF, but if that is not possible, I request to be given a job and*
*transferred to B7 worker pod. I have friends in that pod and there is less likely to be drug and*
*tobacco problems. I'd prefer to take my chances in the open rather than hidden in a locked Thank You,*
*cell. (No camera protection.)*

Work Assignment: *Retired*                    Living Unit Assignment: *A1-119*

Comment: _____          Detail or C.H. Officer: _____

*Plus, I could use some money.*

Disposition:

*You have been given opportunities to*
*return to GP but continue to refuse. As*
*of now you are remaining seg status for*
*your safety until you are transferred.*

To: _____          Date: _____
(Name & Number)

Disposition: _____

○33

_____
Employee's Signature                                    **To be returned to inmate.**

*Please sign and return this receipt. Thank you.*

INMATE REQUEST TO STAFF MEMBER

To: _Law Library_ Date: _9-25-2023_
(Name and Title of Officer or Department)

_CSI Hill_

Unit Team, Detail, or Cellhouse Officer's Signature

_Please send me_ 1. Indigent legal pack of paper, envelopes etc.    **To be retained by inmate**
2. 1983 civil Rights forms.
3. Application to proceed in Informa Paupers in the U.S. District Court.

.Form 9
For Cellhouse Transfer
Work Assignment _A-4_ _White_
Interview Requests                                              Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**

_76983_
Number

**INMATE REQUEST TO STAFF MEMBER**

To: _Law Library_ Date: _9-25-2023_ SEP 2 7 2023
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

1. Please send me an indigent legal pack of paper & envelopes. Also

2. Please send me a 42 U.S.C. §1983 civil rights complaint forms, also
the form the United States District Court - Application to Proceed without
prepayment of fees and Affidavit by a prisoner. I am currently (past 10 months)
being held in A4 seg. and my copy tickets are in my property and unable to get them
and have no access to the law library. Please send them to me. Thank you.

Work Assignment: _None_ Living Unit Assignment: _A4-116_

Comment: _____ Detail or C.H. Officer: _CSI Hill_

Disposition: _Application to Proceed without prepayment - Form_
_not sent as requested. Sent another form 9 request_
_to Unit Team Ms. Hall, Parks and Witter's for help getting_
_official form. BW 9-27-2023_

SEP 2 7 2023

To: _____ Date: _____
(Name & Number)

Disposition: _____

(34)

Employee's Signature                                **To be returned to inmate.**

P-0009

INMATE REQUEST TO STAFF MEMBER

To: _A1 Unit Team / Mr. Meredith CC_     Date: _6-30-2023_
(Name and Title of Officer or Department)

_UTS_     To be retained by inmate
Unit Team, Detail, or Cellhouse Officer's Signature

_15 page correspondance to LVCO 22-CV-323 meter for postage and mail out._

---

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_White_
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

_76983_
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _A1 Unit Team / Mr Meredith CC_     Date: _6-30-2023_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

_Please see that this 9"x11" manila envelope with 15 pages of correspondence to the Leavenworth Co. District Court gets metered for postage cost and mailed out to the Court. See the include AOR to cover the cost of postage. LVCO-22-CV-323  Thank You_

Work Assignment: _Retired_     Living Unit Assignment: _A1-119_
Comment: _____     Detail or C.H. Officer: _____

Disposition:     _Sent   7/7/23_     _No record LVCO Court has ever receive this Nor have I been Charged for postage - Where did it go ?? B.W. 9-27-2023_

To: _____     Date: _____
(Name & Number)

Disposition: _____

Employee's Signature     **To be returned to inmate.**

P-0009

INMATE REQUEST TO STAFF MEMBER

To: _LCF Unit Team, Ms. Florido CC._          Date: _3-2-2023_
(Name and Title of Officer or Department)

_____
Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

**Form 9**
For Cellhouse Transfer                    _White_
Work Assignment _____      **Last Name Only**
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**      _76983_
                                              **Number**
**INMATE REQUEST TO STAFF MEMBER**

To: _LCF Unit Team, Ms. Florido cc._   Date: _3-2-2023_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

LCF violation of KAR 15-101(d)(1); 44-15-102(a)(1);
On 2-3-2023 (almost a month ago) I submitted a grievance; regarding having to wait
almost a year to receive a new pair of medical issued shoes, which had supposedly been
ordered; and (2) regarding the need for a "Re-Surgery" operation (previously first done at
KU medical back in September of 2022); but, for which did not correct the re-occurring
problem. This grievance is well past the required 10 calendar days, to be answered and returned
back to me. Please attach this form 9, to the grievance and forward it on to the warden pursuant to:

Work Assignment: _1F1/B1BK/Unassigned_     Living Unit Assignment: _B5-103 KAR44-15-102(a)(3)._
                                                                     Thank you
Comment: _____     Detail or C.H. Officer: _Col Prall_

Disposition: _____
_____
_____
_____

To: _____     Date: _____
       (Name & Number)

Disposition: _____
_____
_____
_____

_____            _12_
Employee's Signature                          **To be returned to inmate.**

**P-0009**

# Health Services Request Form

Court Exhibit "D" 6 pages

| | For Medical Use Only<br>Sólo para uso médico |
|---|---|
| Date Received: | |
| Time Received: | |

Print Name (Imprimir nombre): *Bobby White*

Date of Request: *10-1-2023*

ID #: *76983*    Date of Birth (Fecha de nacimiento): *8-1-1952*

Housing Location (Ubicación de la vivienda): *A4-116*

Nature of problem or request (Naturaleza del problema o solicitud): *Because of my pain in my back left hip and ankle at times I can barely walk and even when I can it's quite painful. I'm requesting for a doctors order for the Unit Team to move me to a handi-cap cell, provide me a wheel chair and require I be provided the use of the handi-cap shower. Thank You.*

I consent to be treated by health staff for the condition described. ✓
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de urgencia, si no se trata de una visita de seguimiento o por una derivación.)

*Bobby White*
Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

(The area below is not to be used for education, counseling or documenting a clinical encounter)

Triaged by: *Daniel Rupp, RN*    ☑ Routine  ☐ Urgent  ☐ Emergent

Date: *10/1/23*    Time: *0915*

Date of Face-to-Face Visit: *10/1/23*

Other: _____

### Response Recommendation (to be completed by Medical Staff only)

| Initial Appointment | ☑ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
|---|---|---|---|---|---|---|
| | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |

Fee Charge  ☐ $2.00

Comments: *Discuss c unit team + captain's office*

*D Rupp RN*    *10/1/23*
Staff Signature    Date



Centurion: REC-013KS
07/01/2020



# Health Services Request Form

*Court Exhibit D*    *6 pages*

<table>
<tr><td colspan="2">For Medical Use Only<br>Sólo para uso médico</td></tr>
<tr><td>Date Received:</td><td></td></tr>
<tr><td>Time Received:</td><td></td></tr>
</table>

Print Name (Imprimir nombre): Bobby White

Date of Request: 9-29-2023

ID #: 76983    Date of Birth (Fecha de nacimiento): 8-1-1952

Housing Location (Ubicación de la vivienda): A4-116

Nature of problem or request (Naturaleza del problema o solicitud): I was told last week (see sick call submitted on 9-21-2023) at the sick call visit that I was due for my chronic care visit the doctor, that I was suppose to be on last Thursday 9-28-2023, But I was not seen or called out. What happened? When will I be seen by the doctor for sure? I no longer have any tylenol that were given to me for the pain. Taken as was prescribed. Do I need to submit a grievance

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

Bobby White

Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

---

(The area below is not to be used for education, counseling or documenting a clinical encounter)

Triaged by: _____ LPN    ☑ Routine    ☐ Urgent    ☐ Emergent

Date: 10/1/23    Time: 0900

Date of Face-to-Face Visit: 10/1/23

Other: _____

Response Recommendation (to be completed by Medical Staff only)

Initial    ☑ Nurse    ☐ Doctor    ☐ Dentist    ☐ Eye Doctor    ☐ Mental Health    ☐ ARNP
Appointment    ☐ Nurse    ☐ Doctor    ☐ Dentist    ☐ Eye Doctor    ☐ Mental Health    ☑ ARNP
Fee Charge    ☐ $2.00    *missed provider 7/5 + 9/28*

Comments: *Tylenol 650mg twice daily*

_____ RN    10/1/23

Staff Signature    Date



Centurion: REC-013KS
07/01/2020



# Health Services Request Form

#1?2    Court Exhibit B

124/6?  90.1

70?

97

20

| For Medical Use Only |
| Sólo para uso médico |
| Date Received: |
| Time Received: |

Print Name (Imprimir nombre): *Bobby White*

Date of Request: 9-21-2023

ID #: 76983          Date of Birth (Fecha de nacimiento): 8-1-1952

Housing Location (Ubicación de la vivienda): A4-116

Nature of problem or request (Naturaleza del problema o solicitud): My left leg right above my outside ankle and left hip, keeps giving me terrible pain thats getting where I can't tolerate it any more. It's getting hard to stand or walk at times (for a long time) I would rate it at most time painful 8 to 9 out of 10 painful and crippling. Thank You.

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

*Bobby White*
Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

(The area below is not to be used for education, counseling or documenting a clinical encounter)
Triaged by: _____          ☐ Routine   ☐ Urgent   ☐ Emergent
Date: 9/22/23          Time: 0800
Date of Face-to-Face Visit: 9/22/23
Other: _____

Response Recommendation (to be completed by Medical Staff only)

| Initial | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Appointment | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |

Fee Charge  ☐ $2.00
Comments: visit on 9/28   Tylenol 650mg Twice daily X 3 days

_____          9/22/23
Staff Signature          Date

Marcel Noequali-Caya Cell 27 shirt
handi-cap shower
wheel chair
Tylenol Ibuprofen ?

Ask at chronic care    what about QC Connectics ??
Can I get an extra
1. mattress and shower shoes
2. a hild pine tar/dandruff shampoo
3. bump on left S. haar (Pain)

Centurion: REC-013KS
07/01/2020

centurion

39

# Health Services Request Form

| For Medical Use Only |
| Sólo para uso médico |
| Date Received: |
| Time Received: |

Print Name (Imprimir nombre): Bobby White

Date of Request: 8-18-2023

ID #: 76983    Date of Birth (Fecha de nacimiento): 8-1-1952

Housing Location (Ubicación de la vivienda): A1-119

Nature of problem or request (Naturaleza del problema o solicitud): I need my shower shoes out of my property, for which Ms. Hall UTS says I'm not allowed to have. They have been previously allowed and purchased off the canteen. Because of my disability leg-walking problem, the flip-flops wont stay on my feet and have caused me to fall. Can you please get me my shower shoes from my property for health and safety reasons. Thank you.

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.

Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

| (The area below is not to be used for education, counseling or documenting a clinical encounter) |
| Triaged by: _____ ☐ Routine  ☐ Urgent  ☐ Emergent |
| Date: _____  Time: _____ |
| Date of Face-to-Face Visit: _____ |
| Other: _____ |

### Response Recommendation (to be completed by Medical Staff only)

| | | | | | |
|---|---|---|---|---|---|
| Initial | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Appointment | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Fee Charge | ☐ $2.00 | | | | |
| Comments: | | | | | |

Staff Signature                    Date

Centurion: REC-013KS
07/01/2020

centurion.

# Health Services Request Form

JUL 12 '23 PM 3:17

| For Medical Use Only<br>Sólo para uso médico | |
|---|---|
| Date Received: | |
| Time Received: | |

Print Name (Imprimir nombre): _Bobby White_

Date of Request: _7-10-2023_

ID #: _76983_        Date of Birth (Fecha de nacimiento): _8-1-1952_

Housing Location (Ubicación de la vivienda): _A1-119_

Nature of problem or request (Naturaleza del problema o solicitud): _I was wondering why I keep getting a run-around and being denied relief and medical care for the constant pain from the testicular cyst and why it's taking so long for me to see a compet urologist. I was suppos to see a surgine about this issue and get an ultra sound several months ago. I'm suffering now with constant sharp reoccurring pain spasms. Please get me some relief. Thank you._

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuerdo en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuerdo con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

_Bobby White_
Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

(The area below is not to be used for education, counseling or documenting a clinical encounter)

Triaged by: _____    ☒ Routine    ☐ Urgent    ☐ Emergent

Date: _7/12/23_        Time: _0200_

Date of Face-to-Face Visit: _written response_

Other: _____

### Response Recommendation (to be completed by Medical Staff only)

| Initial | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
|---|---|---|---|---|---|---|
| Appointment | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |

Fee Charge    ☐ $2.00

Comments: _your provider is aware and referring to urologist we will advise you free establish care._

_____ ARNP        07/12/23
Staff Signature        Date

_Received back 7-18-2023 Monday 13.00_

Centurion: REC-013KS
07/01/2020

centurion

5

*Received 2-4-2023 B.W.*

# Health Services Request Form

D

| For Medical Use Only<br>Sólo para uso médico | |
|---|---|
| Date Received: | |
| Time Received: | |

Print Name (Imprimir nombre): *Bobby White*

Date of Request: *2-1-2023*

ID #: *76983*      Date of Birth (Fecha de nacimiento): *8-1-1952*

Housing Location (Ubicación de la vivienda): *B5-103    (For the record)*

Nature of problem or request (Naturaleza del problema o solicitud): *Back on September 20, 2023 I went out to KU Medical for surgery for a Hydro-cell (swollen right testicle), for the record it did not (has not corrected the problem as the testicle has now become re-swollen. I have spoken to Dr. Wilson at my last chronic care visit on 1-23-2023, I once again need to see a specialist about this problem. I have also been (still) waiting on new shoes now for over 8 months. Thank you.*

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

*Bobby White*

Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

(The area below is not to be used for education, counseling or documenting a clinical encounter)

Triaged by: _____    ☐ Routine   ☐ Urgent   ☐ Emergent

Date: *1.26.23*    Time: *3:05am*

Date of Face-to-Face Visit: *written per Dr Wilson ultrasound is pending needed*

Other: *for offsite at this time, follow with PCP after ultrasound*

Response Recommendation (to be completed by Medical Staff only)

| Initial<br>Appointment | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
|---|---|---|---|---|---|---|
| | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |

Fee Charge   ☐ $2.00

Comments:

Staff Signature        *2-01-23*        Date

6



Centurion: REC-013KS
07/01/2020



COURT EXHIBIT "E" 3 pages

Proof by grievance Receipts and attempt of exhaustion of Administrative process

---

Written Response/Reason Regarding not complying with EAI-DC Ice II by myself not Demanded when to Cuff up for Sig-Status Swindlah property-Yard-day-room etc. Breach by Mrs. Garcia-harassment and retaliatory

Tear off and give to inmate when submitted to Warden through Unit Team.

Inmate Name _Bobby White_      Number _76983_

Unit Team Staff Signature _____      Date _8-30-2023_

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Inmate Name _Bobby White_      Number _76983_

Receiving Staff Signature _Col L. Miller_      Date _8-30-2023_

---

Violation of KS A.21 Supp 5417 unreasonable cruel and unusual punishment/abuse
Attack by Mrs Garcia - harassment and retaliatory for cell we while being held in S.C. m. w IC
Violation of S-51 - I was tell argreement/No clothes and No care abuse/deprivation/harassment
property-deprivation/answer and retaliatory forms based grievances included re-emergency grievances
Jeffzmuda staff retaliatory submitted 19 forms 10-13 with "No" respond submitted 90 forms 8-10 no resp.

"EMERGENCY GRIEVANCE" Direct to Warden    Attention: EAI violent statements-abuse

Effective Date (3-18-96) P-157 Put in LS Met (cardlogic) as Official Met7 directed To
KAR 44-15-101a(5) Warden Griffen to be forwarded to the Appropriate Unit Team C.C.

---

"EMERGENCY GRIEVANCE" Direct to Warden    Attention: EAI "Violent statements abuse
retaliatory and 2nd time Warden Responsible"

Tear off and give to inmate when submitted to, Warden through Unit Team.

Inmate Name _Bobby White_      Number _76983_

Unit Team Staff Signature _____      Date _8-30-2023_

Tear off and give to inmate when submitted to Unit Team through receiving staff.

_Attend 3 extra pages of ProofS_   Co Chamber      Date _8-30-2023_

---

"EMERGENCY GRIEVANCE"    Attention: EAI "Every Statement"

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Receiving Staff Signature _Bobby White_      Number _76983_

_J61_  Officer/Warden picked up      Date _7-14-2023_
Effective Date (3-18-96) P-157 Assault and Battery by Jeremey Granza and Failure to protect
and denial to medical aid by Mr Parks, Mr. meredith, and DLC chapman
#1. No 14 days of wrongful disability Sig-Status - Mr Parks, Mr. meredith, and DLC chapman
#1. No response by KCF Warden, Jmor-S.O.C. Jeff Zmuda
#1. No response by KCF Warden, Jmor S.O.C. Jeff Zmuda

(48)    (2)    (1)

Proof by grievance deposits/saved attempts of exhaustion/proof of administrative process...

**(3)**

No response or help from Unit Team of Mr. Banks W/in

Will not change door/cell dict label to Regular/No peanut butter

Receiving Staff Signature _____ Number _____

Inmate Name _____ Date 4-27-2023

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Effective Date (3-18-96) P.157

Receiving Staff Signature: Bobby White   C.I all ___
Number 76983
Date 4-27-2023

---

**(4)**

grievance receipt for AA 2023056 see Exhibit A

Receiving Staff Signature _____ Number _____

Inmate Name  Bobby White _____ Date _____

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Effective Date (3-18-96) P.157

Receiving Staff Signature: A. Miller   Number 76983

BIBA - Gary Gillman/DR gives consecutive witness-IR Hearing Officer

---

**(5)**

see Exhibit B had to make multiple #2 & #3 to get it into the response in from Unit Team Mr. Banks on LCF Warden

Harassment/Discrimination by BIBA Gary Gillman & DR Officer said I was "improper from BIBA" because I filed legal R&R 23-cv-323

Receiving Staff Signature  Col Albers _____ Number 76983

Inmate Name  Bobby White #76983 _____ Date 5-7-2023

Tear off and give to inmate when submitted to Warden through Unit Team.

2nd attempt U.S. Mail letter direct to Warden pursuant to KAR 44-15-102(a)(2)

Inmate Name  Bobby White #76983   Number 76983
Date 5-7-2023  3rd

---

**(6)**

This is my proof of submission #1 as explained in the grievance gave to officer Ellis for delivery to Unit Team Tuesday

Receiving Staff Signature  Col White _____ Number _____

Inmate Name  Bobby White _____ Date 4-25-2023

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Effective Date (3-18-96) P.157

Receiving Staff Signature: Col White   Number 76983
Date 4-25-2023

Gave to Officer Ellis for delivery to Unit Team Tuesday

---

**(7)**

No submission on Unit Team Mr. Parks UTM still pushing life threat while on AA attempted murder by Jeremy Cairns

to this Team LCA Staff putting my life in danger-putting a mentally challenged inmate with me while in protective custody.

Receiving Staff Signature  Col Halverg _____ Number 76983

Inmate Name _____ Date 6-30-2023

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Effective Date (3-18-96) P.157 CSI Coy and Lt Tewroski - Tra inmate Adams.

Endangerment/homicide/KAR 44-15-106



Proof by    Grievance Receipts and attempt of
                exhaustion of Administrative process

Unit Team Response
Torture by loud radio noise blasted into cell (No control of situation) 24 hours throughout night

> Tear off and give to inmate when submitted to Unit Team through receiving staff.
> Inmate Name __Bobby White__          Number __76983__
> Receiving Staff Signature __Col Keyes__       Date __9-1-2023__

**Effective Date (3-18-96) P-157** KAR 44-12-318 and 44-12-202   ⑦

To Unit Team  2nd grievance prior submitted on 9-1-2023 gone unanswered

> Tear off and give to inmate when submitted to Unit Team through receiving staff.
> Inmate Name __Bobby White__          Number __76983__
> Receiving Staff Signature __Col Colston__  10/1/23   Date __10-1-2023__

**Effective Date (3-18-96) P-157** Radio Noise torture and polution blasting into cell.   ⑧

To Unit Team  Library Books not being returned back to the Library when given
to Unit Officer for return and/or library denying book because of this ??

> Tear off and give to inmate when submitted to Unit Team through receiving staff.
> Inmate Name __Bobby White__          Number __76983__
> Receiving Staff Signature __HCF__  9-27-23    Date __9-27-2023__

**Effective Date (3-18-96) P-157** Constant problem with being denied Novels to read and legal forms
and documents needed for the court.  Ms Hall refused to come by and pick-up rec 6 9-9-27   ⑨

Unit Team Response receipt.
$15.00 check to Shawnee County Sheriff, 9"x11" envelope of "Exhibits" from 6-30-2023 missing

> Tear off and give to inmate when submitted to Unit Team through receiving staff.
> Inmate Name __Bobby White__          Number __76983__
> Receiving Staff Signature __CO1 Thorpe__      Date __8-1-2023__

**Effective Date (3-18-96) P-157** Property Missing, discrimination - Refused to make a promised phone call
A1 Unit Team - Mr. Parks UTM refused to accept and sign for so gave to hall officer Thorpe.   ⑩

KDOC/LCF refused use of ADA approved handicap shower.

> Tear off and give to inmate when submitted to Unit Team through receiving staff.
> Inmate Name __Bobby White__          Number __76983__
> Receiving Staff Signature __CM Nu__       Date __5-1-2023__

**Effective Date (3-18-96) P-157** Form 9 attached - answered by Mr Meredith CC   ⑪

#7 No response from Unit Team Mr. Parks UTM
#8 New resent submission requiring #7
#9 New resent submission - regarding past form 9 complaint
#10 No response from Unit Team/wont explain about what happened to
    9"x11 Exhibits sent to the court on 6-30-2023
#11 No response from Unit Team Mr. Parks UTM.

45
45 total pages

3

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

Bobby White #76983

    VS.

Jeff Zmudu, S.O.C. et. al.

Case No: 2022 CV 323

12-13-2023

AFFIDAVIT and EXHIBITS with Arguments.

## AFFIDAVIT

COMES NOW, the plaintiff, Bobby White #76983, and presents to the court his Exhibits F, G, H, I, J, K; for his proof of attempts of Exhaustion of Administrative Process. These Exhibits have just recently been received, by White, on or around 12-1 thru 12-4-2023. White submits these Exhibits for Filing with the court; for the record. To show the State/KDOC Failure to follow required KAR procedural due process (5th and 14th U.S. Const. Amend. voilation), denial to Justice Without Delay (Kan. Bill of Rights R §18), and liberty interest right to be Free of cruel and unusual punishment (8th U.S. Const. Amend. (R §3) Right to White has a 1st U.S. Const. Amend. right and Kan. Bill of Rights (R §3) Right to access the courts, invoke the grievance process and to habeas corpus relief thru Kan. Bill of Rights (R §8) as a liberty interest right, as a prisoner of the State of Kansas and U.S. Citizen.

    White also Swears and Affirms the Facts he has presented in the following Exhibits as true and correct as to his knowledge, records, experiences and beliefs, under penalty of perjury.

## EXHIBITS

I. <u>Exhibit F</u> :  Response of White's letter to Mr. Jensen Case Mgmt. Admin. dated 10-12-2023, answered by Meghan Davis; Classif, and Case Mgmt. Admin. dated 10-18-2023; but, not received until 12-4-2023

    A.) Refused to process as an "Emergency Grievance" even though I had just been physically injured; sufficiently serious to be sent to the KU Hospital by ambulance and been given a phoney DR. (see: Exhibit H) for which I had been found "not guilty" by the Hearing Officer. Yet, while still being harassed and held wrongfully under a disciplinary seg. status, instead of protective custody condition of confinement

1.

as required by IMPP 20-108D and under the same KDOC/LCF personell, Mr. Parks wrms, Mr. Meredith CC and Officer Chapman, who were responsibile for the injuries requiring hospitalization. Then:

B.) Merely advising me to "communicate with your corrections counselor", the very same individuals mentioned above. And:

C.) Stating my claims were merely classification matters, which cannot be grieved.

### Arguments.

The assertion of Federal rights, when plainly and reasonably made was not to be defeated under the guise of local rules of practice. James vs. Kentucky, 647 sw. 2d, 794. Justice Holmes wrote over 60 years ago: "Whatever springs the State may set for those who are endeavoring to assert rights that the State confers, The assertion of Federal rights, when plainly and reasonably made is not to be defeated under the name of local practice. Davis v. Wechsler, 263 U.S, 22, 24

Yet Ms. Davis's (local practice) does not even cite what classification matters or issues, she uses to make her determination, which is prejudical and a deliberate indifference to White's health and safety. In fact she implies my health, safety, legal and constitutional rights, as well as the security needs of the prison facility, and rehabilitation of prisoners are defeated by her second hand, hear-say decision, which are unreasonable, capricious and bias. Her decision had to have been made from information given to her, by her superiors, or Mr. Parks, Meredith or Officer Chapman and not from an independant investigation of the facts. I personally do not know Ms. Davis, nor have I ever spoken to her, as far as I am aware.

Ms. Davis has not addressed any of my safety and health concerns, the matter of the blautent drug problem at LCF; my right to Protective Custody under Administrative Seg. conditions pursuant IMPP 20-108D (which are not secret classification issues), and why I had not had a status review within 72 hours by the classification Administrator, which was required. Nor has she addressed the violation of K.S.A. Supp. 21-5417 "Mistreatment of an elder person" and the coercion and extortion by Mr. Parks, Meredith and Officer Chapman by the attempt to force me to sign a PC waiver, when it was the KDOC/EAI, who put White in Protective custody.

Ms. Davis's response is only a boiler-plate, run-around by the KDOC to evade their illegal and unconstitutional torture of State prisoners, inhumane condition of confinement, and failure to hold their responsible personell accountable for these shocking and intolerable conducts.

-2-

II. Exhibit Er: Response to White's letter to Governor Laura Kelly dated 9-21-2023
   for which the letter was evidently ignored by the Governor's Office on 9-27-
   2023 and sent to and answered by Libby T. Keogh dated 9-28-2023
   A.) Suggests the appropriate way to have your concerns investigated is to
   follow the grievance procedure. And.
   B.) As previously suggested, consider a conversation with your Unit Team.

## Argument

This again does not address any of the concerns, nor does it give any real
evidence of any investigation. Nor does it address White's request for
information regarding his request for Clemency, for which was applied for
back in 2020, and would expedite this habeas corpus matter.

This is a common practice with the KDOC, and State of Kansas, to evade it's
illegal and unconstitutional acts, by merely giving a boiler-plate response,
by someone uninvolved, using hear-say and no real knowledge, or evidence
of a problem, for their bias conclusions.   Example's

What few conversations I've had ever had with the Unit Team members at
LCF were all evasions (I'm busy etc.) and recently threats, harassments and
attempts of coercion and extortion, to sign a PC waiver. You can have no
conversations with anyone who doesn't have the time to speak or listen.

Even now here at LCMHF, the Unit Officers still continue to put disciplinary
seg. prisoners in with me. Now I was put in the position to have to submit
a PREA complaint against another prisoner put, in the cell with me.

I sent a form 9 request to the Unit Team/Mr. Vanderacek cc, to have these
documents copied for me, so that I could send them to the court. But, he
just ignored my form 9 request and made no effort to come by and pick-up
the originals at my cell, to copy for me. [I am locked down 24 hours a day
-7 days a week] I can not just go speak to anyone. They must come to me. Mr.
Vanderacek did come to my cell twice during this past week to have me
sign for/or/deliver legal mail, and at those times, asked him personally to
take the papers for copying. But he was always too busy and refused.
I had to then send a form 9 request, through the U.S. Mail, to LCMHF Warden
Easley on 12-6-2023, before Mr. Vanderacek finally on 12-12-2023 came to
my cell and made me the copies.

Ms. Keogh CMII suggests that I should trust, that a thorough and
appropriate investigation of my grievances, I filed will be done. But I
still do not trust the KDOC or Unit Team correctional counselors, when

3.

these Unit Team Managers, just throw away our submitted grievances. Don't answer them and no one is holding them responsible for these illegal unconstitutional acts. Also, I find it strange my letter to the Governor's Office is stamped as received on Sept. 27, and Ms. Keogh CMII letter is dated Sept. 28. Yet, I didn't receive the copies until 12-4-2023. I don't believe White's complaint can go from one Governor's office, back to the KDOC office, who did a thorough review in one day. When then it has taken 38 days to get back to me. The time line is not reasonable without back dating and Failure to properly check the issues.

I've submitted many grievances and appeals as the record shows in my Exhibits A, B, C, E, F, G, H, I, J, K which still have not been answered or investigated. So, Ms. Keogh's suggestion that I submit separate grievances on each complaint has no merit. Especially if they aren't going to be any resolution, investigation or relief given to the grievances and appeals already submitted. Further, I have no record of any answer from the Secretary of Corrections on June 26, 2023. The closest paperwork I've received to that date was my Exhibit B received on 7-28-2023 @ 10:00 A.m (Friday). But, this was a grievance, not the "Emergency" letter/grievance, I sent direct to the Secretary of Corrections. Then that 7-28-2023 grievance response again did not address the issues. It merely stated since, I had filed this action in the court, I would need to consult with their legal department.

Therefore there is not a matter of trust, but merely no available Administrative process to exhaust. Block v Rutherford, 468 U.S. 576, 587-88; Bell v Wolfish, 441 U.S. 520, 545; U.S. v Felipe, 148 F. 3d 101, 108, the court must uphold prisoner's due process rights, while also according deference to legislative and executive branch policies ... involved in administering modern-day prisons. In Booth v Churner, 532 U.S. 731 (2001) the Supreme Court has held that the PLRA requires a prisoner to exhaust "such administrative remedies as are available". The KDOC make no administrative remedies available if it denies a prisoner due process and refuses to answer and address the issues of a grievance. R.183(J) "The court shall make Findings of Fact and conclusions of law on all issues presented."

III Exhibit H: Copy of a DR (disciplinary report) White was issued on 9-26-2023 for Disobeying Order, by CoII R. Prentzler #1138
   A.) This alleged order was that White refused to allow another prisoner to be put in the same cell as I.

4.

## Results / Arguments

This DR was issued after White, returned back from the KU Hospital, after being strangled by the previous prisoner, that was put in the cell with White by Mr. Park's UTM. EAI had again put White in Restrictive Housing / Protective Custody. Where White was suppose to be housed in a cell by himself for White's protection. (Thus a classification issue? because of a health and safety issue.)

It was testified too; at the hearing that Mr. Park's UTM told Officer Preutzler to put another prisoner in the cell with White and if I protested to write White up.

I claimed Mr. Park's UTM; Meredith CC and Officer Chapman were again trying to have me killed or again seriously injured by their deliberate indifference to White's health and safety. Mr. Park's had no authority to make such decisions, but up to EAI and this DR was yet, just another attempt of retaliation and reprisal in violation of my Constitutional right and KAR 44-15-104 (see: testimony Exhibit H, pages 2 and 4)

Result: The Hearing Officer found me "Not Guilty" of disobeying orders

IV Exhibit I: Copy of a Principal Administrators response / notice of and receipt of submitting grievance #1A-003352 of a PREA complaint dated 11-27-2023. Which I have had to submit since being transferred to Larned Correctional Mental Health Facility, received on 12-1-2023.

My conditions of incarceration is a little better now, but, I'm still being held in seg, locked down, 24 hours a day, 7 days a week and not in PC pursuant to IMPP 20-108A. And, not in a cell by myself as per EAI who put me in this hold. If the KDOC can not be consistent, I demand to be released back to general population, if I continue to be denied protection. On 12-11-2023, I was finally able to submit a property loss claim for $213.61, for unaccounted property, since being taken and stored by LCF officers on March 27, 2023.

Side-Note: I also, have not been given a response from the LCF/KDOC for the personal injury claim, I submitted on ~~March 27~~ 10-9-2023 from the attempted murder / Assault and Battery injuries I suffered.

5.

V. **Exhibit J** : (a) Copy of an "Emergency" Grievance receipt dated 10-10-2023 because of a copy of an "Admin. Seg. Review" given to me to sign, which had been back dated and contained numerous false statements, that I refused to sign. One such statement was that I had been present at the review, for which, I had not. This was the falsification of a State document and record, which is a common practice by the KVr. Unit Team/personell. I have previously protested this issue in a prior suite LYCO 2008 243, which was never addressed. Also ; (b) three (3) other grievances appeal receipt to the warden (LCF) on 10-11-2023. And ;

(c) Yet, another Form 9 request for the Central Bank, for the third re-issue time of the $15.00 check, made payable to the Shawnee County Sheriff, to serve the Writ for this legal action. The $15.00 has once again been returned back to my account on 10-6-2023, without any explanation as to why. So, the check has once again been re-issued on 12-8-2023, per the KDOC/Central Bank records.

VI **Exhibit K** : Copy of disciplinary report No: 2872 dated 3-28-2023 for which I did not receive the results, nor a copy of, until 10-9-2023. I appealed on 10-9-2023, but didn't get the final results until 12-6-2023. This DR was also, written for Disobeying Order, and was very similiar to Exhibit H and was also based on the same important issue, regarding retaliation, reprisal and failure to protect.

### Results.

The Hearing Officer found me guilty. I do not understand the sanctions against me, because I was never informed. But I did notice $5.00 was taken from my personal money account on 4-25-2023.

### Arguments.

My appeal clearly shows the violation of the hearing, by the time-line and paper work narrative, that this DR was not served in a timely manner per KAR and its procedure violated due process. I was denied a witness form and appeal form by both the Unit Team and Hearing Officer. But, still the Hearing Officer violated his duty of impartiality, and KAR, by speaking to my declared witnesses, which I made by Form 9, as was this original appeal. There was no warden's review, nor was the record produced per KAR. I was denied participation and to be a part of the Hearing process.

6.

This DR was the same as #1138 (Exhibit H), because it was based on the same issues, because the KDOC/RBBR had failed to initiate the protection; but, rather chose to discriminate and threaten me, resulting in reprisals because White filed this legal action in the court and I chose to invoke the grievance procedure.

I should have rightly, also, been found "Not guilty" immediately after the Hearing Officer wrongly took it upon himself to speak/question Mr. Gary Spillman (my requested witness) outside the hearing and he told him the reason Mr. Spillman, kicked White out of Pod B5 and B1BR, was because I filed this legal action in the court and submitted a grievance. Then the hearing officer chose to retaliate, again me, by denying me the right to be present and represent myself, at the hearing because I asked for all this information be a part of the official record as is required per KAR.

Hines v Gomez, 108 F 3d, 265, 268 explains that a prison guard is not entitled to deferential "some evidence" standard where an inmate claimed the guard made a false accusation. (The Hearing Officer was the guard). Further, in Burnsworth v Gunderson, 179, F 3d 771, 755 held that the "some evidence" standard applies only to prison disciplinary actions." Yet, Constitutionality of property (money fines) are another matter as in Wolff v McDonnell, 487 U.S., 539, 554-58, a matter of the disciplinary proceeding is unconstitutional, unless requiring an impartial hearing board. A member of the disciplinary board hearing the case may not participate in the case as an investigative or reviewing officer. 418 U.S. at 539, 57 n 20. This is similar to what is required in KAR 44-13-201 (a)(i) and KAR 44-13-409, which requires "an appropriate investigation" "upon certain facts" "within 24 hours."

White disciplinary hearing of Case No. 2872 as done, was unconstitutional, lose of property and protection, because it inordinate delay, with no appropriate investigation upon certain facts, by an impartial hearing board, and from 3-28-2023 to final receipt by White on 12-6-2023 was not within 24 hours properly investigated.

Therefore, this disciplinary action is/was unconstitutional and has resulted in personal physical and mental injury, requiring hospital care, lose of property and cruel and unusual punishment and confinement for now over 9 months. This a violation of shocking and intolerable conduct of the magnitude of an 8th Amendment

7.

violation of cruel and unusual punishment.

White prays the court gives due consideration for the good faith attempts and effort White has made to exhaust all available exhaustion of administrative process, that the KDOC and State of Kansas has allowed him and made available.

Respectfully Submitted,    Bobby White #76983
Date: 12-13-2023                        Pro Se

## CERTIFICATE OF SERVICE

I, Bobby White #76983 certifies that he has sent a copy of this "AFFIDAVIT and Exhibits with Arguments" a copies of Exhibit F, G, H, I, J and K by U.S. Mail, postage prepaid, 1st class, on this 19th day of December, 2023 to:

1) Kansas Department of Corrections, % Secretary of Corrections, Jeff Zmuda, 714 S.W. Jackson, Suite 300, Topeka, Kansas 66603.

2) Julie Clemons, Clerk of the District Court, Leavenworth Justice Center, 601 South Third, Suite 3051, Leavenworth, Kansas 66048-2868

Date: 12-14-2023    by S/ Bobby White #76983
                                    Pro Se

Bobby White #76983
LCMHF
1318 Ks. Highway 264
Larned, Kansas 67550-9304

8.

Thank you for sending me a letter expressing your concerns. Please feel free to write again, but the best advise I can give you is to work openly with your corrections counselor in making a plan for a better future for yourself.

Respectfully,

Meghan Davis, CMII,
Classification & Case Mgmt Administrator
Central Office – Facility Mgmt Team



Bobby White #76983
LCF

To: Mr. Lloyd Jensen III /or To Whom It May Concern
   Classification and Case Management Administrator
   Kansas Department of Corrections
   714 S.W. Jackson St., Suite 300
   Topeka, Kansas 66603

RECEIVED
10-12-2023
OCT 16 2023
DOC Facility Management Area

"EMERGENCY"
KAR 44-15-106 and/or 44-15-201

Dear Mr. Jensen / Case Management Administrator / Classification

   I'm currently being held under a phoney/unwarranted disciplinary segregation status and being denied almost all my property and privleges, now for well over 6 months. Simply, because I had asked for Protective Custody, from the drug/tobacco /alcohol users and dealers, here at LCF. All, because I could get no help from the LCF officers and staff.

   I have been locked down, 24 hours a day, 7 days a week (no day room and no yard), since March 28, 2023. As of today 10-12-2023, it will be for 198 consecutive days. This is all because drug/tobacco (smoke)/alcohol use and availability is rampant here at LCF. I a 71 year old elder person with physical disabilities was/are being abused harassed, threatened and physically injured because of it. Pursuant to State and Federal Law the KDOC and State of Kansas are required to provide a safe drug/tobacco/alcohol free invironment and facility to all prisoners. The KDOC and the State of Kansas are therefore violating the law, by not addressing the problem and stopping these illegal acts.

   According to Mr. Park's UTM, I'm (put myself in seg. and abused, injured, denied property etc) held in disciplinary segregation hold, all this time; because I'm in restrictive housing, there is no protective custody, and/but also, have refused to sign a PC waiver??? This is no-thing but extortion (of my signature), through deprivation, threats, reprisal, coercion and intimidation and a violation of K.S.A. Supp. 21-5417 mistreatment of an elder person, an inherently dangerous criminal act. According to Mr. Parks UTM this is a classification matter; that he has no control over.
   I have repeatedly asked for Protective Custody, which should not be a punishment con-dition, nor a classification issue. It is in fact a security, safety and control issue for prisoners safety and facility security and control and for enforcement of State and Federal drug/tobacco/alcohol prevention laws. The S.O.C. and facility Wardens are all personally and professionally responsible for the health and safety of every prisoner in their custody and the enforcement of the laws related to the opperation of the prison facilities of the State of Kansas. Mr. Parks UTM in his mismanagement and treatment of White is personally and professionally violating K.S.A. Supp 21-5417, mistreatment of an elder person as well as IMPP 20-108A "Protective Custody". No where in this IMPP does it say that Protective Custody determination is a classification decision issue. It merely states (after a prisoner is placed in PC)... (by the Warden or shift supervisor)..."The status is to be reviewed within 72 hours by the Classifi-cation Administrator. So, I claim I was placed in Protective Custody by either the LCF Warden or shift supervisor, at least when I was returned back to LCF from the KU Hospital, after being stangled by Jeremy Garza (attempted murder), But I'm not aware of any review being done by the Classification Administrator

1.

F-2

within 72 hours, or any other time during my now 198 days plus hold under a disciplinary segregation status. That is nothing but cruel and unusual and unreasonable confinement and punishment. When I've done nothing wrong, but was a victim of a felony crime in a State prison facility.

Further, IMPP 20-108Δ clearly states how I should be treated and what should have been done to protect a prisoner by: 1. "... each facility *must operate* a protective custody program as an adjunct to the facility's administrative restrictive housing unit." (Not disciplinary, as I've been held)

"The KDC provides those in protective custody, to the extent possible, the same access to education, treatment, recreation, and amenities as those of the same custody levels." (As far as I am aware, I am/was low-medium custody with only (3) custody points, well below minimum custody level)

I'm being wrongly denied all amenities, medical treatment and care, privileges, property, hygiene, shower shoes, state pay, hot pot, TV, legal papers, stamps, copy tickets, books, day room, etc. All this time I've been locked down, I've not had any personal reviews, can't get form 9 request's answered and submitted. Grievances come up missing, not answered or returned.

Part of the reason, I'm being locked down, harassed and deprived, is from an attempted cover-up, because Mr. Parks UTM was placing the very prisoners, I was requesting protection from in the same cell with me. That is not protecting, that is criminally irresponsible, because it was being done to intimidate me into signing a PC waiver. Even though Mr. Parks claims I'm not being held in Protective Custody. That does not make any sense. Even, if as Mr. Parks UTM claims, I'm disciplinary segregation status, he has violated "KAR 44-12-1308 Disciplinary Segregation, limits (a)... shall not exceed 60 days."

One of these violent prisoners, that Mr. Parks UTM put in the cell with me was Mr. Jeremy Garza, who had just checked, until he passed out, Garza prior cellmate. Mr. Garza also attempted to murder White by strangulation, then Mr. Meredith CC and OIC Chapman refused to help me until, I agreed to sign a PC waiver. Then all three Mr. Parks UTM, Mr. Meredith CC and OIC Chapman refused to allow me to immediate go for medical care. When I did finally make it to the LCF clinic they found my throat and neck injuries sufficiently serious enough that I had to be rushed, by ambulance to KU Hospital.

Yes, when I was returned back to LCF, from the Hospital, I was once again (I was told, to be housed in a cell by myself in PC) placed under Mr. Parks UTM, who continued to allow Mr. Garza to have access to my cell door to harass me, because Mr. Garza was awarded day room privileges.

So, I am writing you to see if you can help me as the Classification and Case Management Administrator, since Mr. Parks UTM claims my "Atypical "hold is a/ and because of an classification issue? You previous wrote me on 10-31-2022, about my request to be transferred to Winfield. Around that same time, before I received your letter on 11-4-2022; I had also, sent a form 9 to classification Waldock regarding the transfer. Waldocks response to my form 9 on 10-14-2022 was: "Your transfer request has already

2.



been submitted." I was lead to believe by the LCF Unit Team through (4) four different LCF Unit Team counselors, that I was going to be transferred to Winfield in January of 2023. Yet, I'm still here at LCF and being physically and mentally injured.

I know through the Unit Team counselors that last January, I only had 3 security points, so I don't understand, why I'm being abused and why I can't or won't be transferred, as I was lead to believe. There is nothing for me here at LCF except, further, abuse, torture, pain and suffering. I can't even get medical help for surgery that I've needed now for almost a year. Actually re-surgery, to correct the surgery, that didn't correct the originally problem, that I waited to have for over (3) three years.

If none of this has nothing to do with classification; I would appreciate you letting the LCF Warden and Mr. Parks UTM to stop using you as a excuse, for their attempt to justify their abuses. But, if there is anything you can do to help me, I would greatly appreciate it. I should be illegibile for parole, in a little over (3) three years. I would like to be in the position at that time to have done whatever I need to do to satisfy the parole board, to be released on the very first day of availability, if not before. I'd like to try to get a humanitarian compassionate elder person release. I'm only getting older and more physically disabled every day. I'm no threat to anyone, nor am I a criminal or convict. I'm only a once good citizen, who made a mistake and now a prisoner of the State of Kansas, I merely pray to once again to be a valid, free, good citizen of the United States.

Please let me know if there is anything you can do to help me, classification wise. Even if it's only to get me all my property back. I don't understand why my asking for and needing help and protection, should deny me, my coffee, tea, salt, shower shoes, clothes, legal papers, books, stamps, copy tickets, TV, hot pots, razors, haircuts, hygiene, state pay etc., and why it would warrant allowing violent, out of control disciplinary charged with DR's, should be placed in the same cell with me, especially when they are the very people, I've requested protection from.

Thank you for your time and any consideration you can give me.
Respectfully Submitted,    Bobby White #76983

Date: 10-12-2023                    Bobby White #76983
                                    Lansing Correctional Facility
                                    P.O. Box 2
                                    Lansing, Kansas 66043

3.



*LCMHF*

*LUF*



**Kansas**
Department of Corrections

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

*COURT EXHIBIT "G" 6 pages*

Laura Kelly, Governor

September 28, 2023

*Received 12-4-2023 B.W*

Bobby White 76983
Lansing Correctional Facility
PO Box 2
Lansing, Kansas 117322

Dear Mr. White,

This correspondence is being sent in response to a letter dated September 21, 2023 that was sent to the Governor's office and forwarded to KDOC for a response.

In your letter, you make numerous complaints with regards to your treatment and the conditions at Lansing Correctional Facility. I also see that you send a similar letter to the Secretary of Corrections and received a response on June 26, 2023. *Fals c did not receive. The only one I received was on 1-28-2023*

Mr. White, I understand that you want these matters addressed but the appropriate way to have your concerns investigated is to follow the grievance procedure. I hope you can now trust, since your letters reached both the Secretary and the Governor, that if you file a grievance, it will be thoroughly and appropriately investigated. I would encourage you to file separate grievances on each complaint for which you are seeking resolution and, as previously suggested, consider a conversation with your Unit Team about a possible transfer. Thank you.

*I've filed/submitted numerous grievance which have gone unanswered and/or not returned. I do follow the procedure but the Unit Team cc/Manager/KDOC do not. Copies of grievance receipts submitted B.W. 12-4-2023 to the court as proof + 14 receipts provided/others to be forwarded*

Sincerely,

*Libby T. Keogh*

Libby T. Keogh
Corrections Manager II

cc:     Warden Howes w/attachments
Image:  SOCRESP w/attachments

(G)

**RECEIVED**

SEP 27 2023

GOVERNOR'S OFFICE

Bobby White #76983
Lansing Correctional Facility
P.O. Box 2
Lansing, Kansas 66043
9-21-2023

To: Governor Laura Kelley
2725 State Capital
300 S.W. ~~SE~~ 10th Avenue
Topeka, Kansas 66612-1590

Dear Governor Kelley
       Back on 12/12/2022, I have been attempting to file and proceed on a K.S.A. 60-1501 habeas corpus in the Leavenworth County District Court Case No: LV2022CV323; Bobby Bruce White #76983 vs Jeff Zmudu et.al.

   Lansing Correctional Facility officials have done everything they can to cause inordinate delay and avoid the proceccation of this petition, by first refusing to pay (issue the check from my money account) the $15.00 Shawnee County Sheriff service fee. Then I had to believe it was finally paid back in February, when it had not. I now been told by the court it has been paid (finally??) and the writ issued and waiting on the Sheriff to service the papers. This is a ridiculous and unfair court requirement as I do not, nor are allowed to even have a checking account. How can I realisticly be required to submit a check made out payable to the Shawnee County Sheriff? The court threatened to dismiss if I didn't.
   Along with this problem they have failed to answer my grievances, that I must submit to prove exhaustion of administrative process. How can I do that when the KDOC must answer and produce the answered/exhausted documents, yet, the KDOC officials just throw our grievances away or just don't answer them. The courts won't enforce or order the KDOC officials to faithfully follow the K.A.R's which set down the proceedures. Yet, the KDOC only enforce the K.A.R's which are to their advantage. Who is enforcing the procedural time lines when a grievance must be answered and returned, or as stated under KAR 44-15-104 Reprisals prohibited (for submitting a grievance) or answering KAR 44-15-106 Emergency procedure (when an inmate is in danger) or K.S.A. 44-12-1308 Disciplinary segregation limits (shall not exceed 60 days) and many other that presently apply to my issues, but no-one enforces; not even the courts.

   I was put in disciplinary segregation on March 27, 2023; to hamper my access to the court and because I requested protective custody against violent gang members and drug users and dealers. Drugs, tobacco and alcohol use is rampant here at LCF and these officials are allowing it and looking the other way. Now, because I'm complaining and requesting that they enforce State and Federal law to provide a drug, alcohol and tobacco free environment I have become a marked man. It's not my fault they're not doing their job.
   As of 9-21-2023, I've been held under disciplinary seg. status for 177 days. That quite a bit more than the 60 days max. and going on more than 6 months. I've been locked down 24 hours a day, 7 days a week, no property, shower shoes, legal papers need for the court, access to the library and law library, no yards, no day room, always cuffed up, many times denied use of the handi-cap shower, often getting only 2 shower and no more than 3 showers a week, but, then I don't have clothes any way, ability to shave (until a month ago) and not been

1.

(G)₂

given a hair cut in over 7 months. I've had to cut my own hair with a boot-leg razor (used) given to me by another prisoner. I've done nothing wrong but try to protect myself and my physical and mental health while being tortured by Mr. Parks UTM, Ms. Hall UTS, Ms. Oplinger UTM, Mr. Meredith CC and OIC Chapman.

The above named officials have decided, instead of providing me protection they have chosen to coerce and intimidate me by putting dangerous drug users and dealers in the same cell with me. The very people I've asked for protection. They've taunted me numerous times tell me they will only release me if I sign a PC waiver, back to general population (back with-out protection). How can they have or expect me to sign a PC waiver, when they aren't even providing me protection and they say there is no protective custody only disciplinary segregation status? Yet, the Unit I'm being held are a mix of every thing, seg, (admin and disciplinary) and even general population. Federal case law states that punishment must be only for legitimate penological interest. I shouldn't be punished when I've done nothing wrong, therefore there is no legitimate penological interest or reason to punish me.

This rampant drug, tobacco (ETS-smoke) and alcohol use at LCF, threats and physical violent criminal activity by gang members, drug users and dealers are at the very heart of my conditions of encarceration complaint, has now caused me to be a marked man. The KADC/LCF are in violation of State and Federal law to provide an environment free of ETS (smoke, drugs etc) and physical violence. I should never have had to be a whistle blower and complain in the first place. But, because of my age and health, I can not physically tolerate the drugs and smoke. It has been so bad at times, it stung my eyes and I could not breath.

I (Bobby White) am a 71 year old dependent senior citizen/elder person of the State of Kansas, with physical disabilities and can not adequately defend myself, I must use a cane to walk. I shouldn't even be held here at LCF, because I only have 3 security points and should be in minimum custody, with adequate medical facility care.

On 6-22-2023 I submitted an Emergency Grievance to S.D.C. Jeff Zmudy and several other State officials as proof, as well submitting a copy to the Leavenworth County District Court as an Exhibit about the LCF named officials above terrorizing and harassing me by putting these dangerous drug dealers and users in the same cell as I. In that grievance I mentioned it was only a matter of time before I was seriously hurt.
    Sure enough on 7-12-2023, I was strangled /attempted murder/and assault and battery by Jeremey Garza, who they put in the same cell with me. He was being put in seg. for choking out his then current cell mate. After the attack Mr. Meredith CC and OIC Chapman denied

1.

(G) 3

help, away from Mr. Garza, until, I agreed to sign a PC waiver, I relented to get help, but after my signature, I added "under duress because of being attacked by cell prisoner." I was then denied to go to medical for my injuries by OIC Chapman, Mr. Parks.UTM, and Mr. Meredith CC.

I was then finally sent to medical by another Unit Officer, who didn't know of the attack until I told her. I was examined and X-rayed at the LCF Clinic, but then sent by ambulance to KU hospital, who treated me and took pictures of my neck injuries. When I returned back to LCF, I was once again placed back in the same seg. cell, under even worse conditions.

I was and have been denied a central monitor and protection from these officials and Jeremey Garza, who was put into another cell, but allowed day room and continued access to my cell door.

I need help, protection and a proper investigation of these issues, and away from these LCF officials who continue to torture me, by continuing to put other prisoners in the cell with me, after EAI told be after arriving back from Hospital. Told me I was going to be placed in a cell by myself.

I wish to file charges against Jeremey Garza for at the maximum Attempted Murder or at least Assault and Battery of and Elder person and to include all the named LCF officials through K.S.A. 21-5402 (c)(i)(a); K.S.A. Supp 21-5417 (a)(1)(A)(e)(3); and with aiding and abetting of a felony crime and failure to protect an elder person through K.S.A. 22-2601(i) and/or any other applicable statute.

I have sent similiar letters to the Leavenworth County District Attorney, and the Shawnee County Sheriff. I've had a clemency request submitted now for over two years and if you feel my complaint has merit please consider me relief and freedom. But anything you can do would be greatly appreciated.

Please help me to get some relief and justice and would welcome telling you my story. I do not deserve this unreasonable confinement, unwarranted punishment and cruel and unusual treatment. I can not get any help from the court until the Shawnee County Sheriff serves the writ and my next Leavenworth Court Zoom Hearing isn't until November. Please I'm begging you to please put me in contact with who ever can treat me humanely and give me justice and help.

Thank You for any consideration and help.

God Bless — Bobby White #76983

Bobby White
Lansing Correctional Facility
P.O. Box 2
Lansing, Kansas.
66043

3.

G-4

Applicable Statutes and Rule Violations by KDOC/LCF Officials

1. K.S.A. 21-5402 "Murder in the First degree"
   (c) As used in this section, an "inherently danger felony" means,
   (1)(Y) mistreatment of a dependent adult or mistreatment of an elder person,
   as defined in [K.S.A. 2017 Supp. 21-5417]

2. K.S.A. Supp. 21-5417 (a) mistreatment of a dependent adult or an elder person
   is knowingly committing one or more of the following acts.
   1) Infliction of physical injury, unreasonable confinement or unreasonable
   punishment upon a dependent adult or an elder person.
   (A) Undue influence, coercion, harassment, duress, deception, false representation,
   false pretense or without adequate consideration to such dependent
   adult or elder person.
   3) Omission or deprivation of treatment, goods, services that are necessary to
   maintain physical or mental health of such dependent adult or elder person.
   (e)(3) "Elder person" means a person 60 years of age or older.

3. [K.S.A. 2017 Supp. 21-5412 (b) Assault, and K.S.A. Supp. 21-5413 (b)(i)]

4. K.S.A. 22-2607 (i) A person who intentionally aids, abets, advices,
   counsels, or procures another to commit a crime, may be prosecuted in
   any county where any such act's were performed or in the county
   where the principal crime was committed.

5. K.A.A. 44-12-903 Tobacco Contraband (c) No inmate shall possess, hold,
   sell, transfer, receive, or control tobacco products, tobacco substitutes,
   or smoking paraphernalia that is intended to be introduced or distributed
   upon the grounds of a correctional facility.

6. K.A.R. 44-12-312 Use of stimulants, sedatives, unauthorized drugs, or
   narcotics ... (a) No inmate shall take into the bodily system any kind
   of substance that is capable of producing intoxication, hallucination,
   stimulation, depression, dizziness, or other alteration of the inmates state
   of consciousness or feeling, ---.

7. K.A.A. 44-12-311 Being in a condition of drunkenness, intoxication, state
   of altered consciousness. No inmate shall at any time be drunk,
   intoxicated, or be in a chemically induced state of altered consciousness.

8. K.A.R 44-12-323 Assault and K.A.R. 44-12-324 Battery.

9. KAR. 44-12-1001 Violation of statutes, other regulations, or orders.
   (a) Unless otherwise designated in this rule book, violations of state
   or federal statutes shall be a class 1 offense if the statute is a felony
   crime. ...

10. KAR 44-12-1101 Attempt, conspiracy, accessory, solicitation, liability
    for offenses of another.

(Copy of ALL the letter not returned?)

G-5

*LCMHF*
*E-37*



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

## Kansas
### Department of Corrections

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

*COURT EXHIBIT "F"* *5 pages*

Laura Kelly, Governor

October 18, 2023

*Received*
*12-4-2023 B.W.*

Bobby White, KDOC No. 76983
Lansing Correctional Facility, A4
PO Box 2
Lansing, KS 66043

Re:  Restrictive housing assignment and transfer from LCF

Dear Mr. White,

I am responding to your letter addressed to Lloyd Jensen III or the Classification & Case Management Administrator dated 10/12/2023. Please be advised Mr. Jensen is no longer employed in that position; I am now assigned to that position.

At the top of your letter, you indicated "EMERGENCY" and sited the KARs relative to an emergency grievance. Your letter will not be processed as an emergency grievance for two (2) reasons: 1) Pursuant to KAR 44-15-106, it is the conclusion of this office the concerns in your letter do not constitute an emergency, because reviewing your concerns within normal timeframes will not place you at substantial risk of injury or irreparable harm; and 2) the concerns you have raised are classification matters, and pursuant to KAR 44-15-101 (a)(d)(2), classification matters cannot be grieved. Custody classification and housing assignments, including restrictive housing assignments, fall under the classification decision making process.

Your current restrictive housing status is appropriate. In review of your file, LCF staff have tried to assist you with integrating back into general population, but you have indicated not being comfortable with being in general population at LCF. Thus, you have remained in restrictive housing. LCF staff have considered and continue to consider a transfer for you. Transfers are not usually a quick process, as there are many residents across KDOC seeking transfers, and bed space is often limited at the facilities most often requested for transfer.

You have asked for help from me in being allowed to have more property. Please be advised IMPP 12-120A, Attachment J, lists allowable property for restrictive housing. I cannot assist you with obtaining property not authorized by policy.

I would also like to remind you transfer requests are to be initiated through your corrections counselor. Communicating openly with your corrections counselor regarding your concerns, needs, and where you feel you can be housed in general population safely is the most effective way to get a transfer accomplished. I have communicated with CA Dani Wagner, and she has advised LCF is working on a transfer to another facility for you. Please communicate with your corrections counselor if you have questions related to a transfer.

*F*
*1*

Bobby White #76983
Lansing Correctional Facility
P.O. Box 2
La

Send to
KDOC

US POSTAGE PITNEY BOWES

ZIP 66043
02 4W
0000390783

$ 000.63⁰
SEP 22 2023

KANSAS CITY 640
22 SEP 2023 PM 2

Governor Laura Kelley
2725 State Capital
300 S.W. 10th Avenue
Topeka, Kansas
66612-1590

66612-159059

"Le
EVA

(G)6

# DISCIPLINARY REPORT

<u>Lansing Correctional Facility</u> Central


COURT EXHIBIT "H" 4 pages

| Case No. 1138 | Date of Alleged Violation: 9/25/2023 | Time: 1530  A.M. / P.M. |
|---|---|---|
| Date This Report Written:  9/26/2023 | | Time: 0900  A.M. / P.M. |

Name of Inmate: White          Bobby                    No.76983     Cell No: A4 116
              LAST          FIRST              MI

Duty Assignment: no work available max

*Alleged Violation of Law or Rule (Identify by Code No., Short Title, and Class)*                                    *44-*
*12-304A DISOBEYING ORDERS CLASS I*     Choose an item.     Choose an item.     *Choose an item.*
*Choose an item.*     *Choose an item.*

FACTS: On the above date and approximate time I and COI Reyes went to cell 116 to take a resident to the cell
White #76983 refused to take a cellmate
This puts White #76983 in violation of *44-12-304A DISOBEYING ORDERS CLASS I*

                    (Attach Additional Sheet(s) if necessary)
                          (Signature)
Staff Witnesses: Co2 Durfee_____
                                   COII R.Prentzler Wed/Thru/Fri off

_____
                          Printed Name and Title of Employee Writing
Report
_____     Approved by: _____
                          (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct.*

Executed on  8/26/23 _____          Signature _____

I received a copy of this report on 9/26/23 , 2053 , Inmate refused to sign
                    (Date)     (Time)          (Inmate Signature/& No)
I served a copy of this report 9/26/23  2053 , COI Chll
                    (Date)     (Time)          (Signature of Officer or Unit Team Manager &
Title)

*Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is*
*substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuant to K.A.R. 44-13-707. Harmless error; Plain error.*

(H)i

Page | 2

White 76983
Case # 1138
R/O: COI Prentzler
H/O: CSI Snodgrass
Witness: COI Reyes
Date: September 29, 2023
Time: 0910

R/O to H/O: I told him we were putting him in there and he started talking about Parks trying to put inmates in with him to kill him. When you wanted a grievance because you were refusing a cellmate.

I/M to Witness: They have asked me to put people in my cell with me?
    Witness to I/M: Yes

I/M to Witness: Did she say we need to put this inmate in this cell, or did she give me an order?
    Witness to I/M: I don't remember.

I/M to Witness: Do you see if I could take that as asking me for permission?
    Witness to I/M: Yes

H/O to R/O: Nothing further.

H/O to I/M: Nothing further.

I/M closing statements: UTM Parks is trying to kill me or seriously or physically harm me again and I need a central monitor against UTM Parks, UTS Meredith, and CSI Chapman. UTM Parks is trying to extort me to sign a P.C. waiver.

R/O closing statements: No

Findings: Based on the provided testimony, report, and evidence concerning the violation of KAR 44-12-304A Disobeying Orders Class I, it is more likely true than not that inmate is not guilty.

Sanctions: 304A-NG





*COURT EXHIBIT "I" 2pages*

# LARNED STATE CORRECTIONAL FACILITY

### PRINCIPAL ADMINISTRATOR'S RESPONSE TO GRIEVANCE

Grievance #:      **IA-003352**

Inmate Name:    **White, Bobby**                    *Received 12-1-2023*

KDOC #:          **76983**

Date Received by Principal Administrator:        **November 28, 2023**


A grievance was received on November 28, 2023, alleging your cellmate rubbed your leg and made sexual advances toward you. You state you reported this to the officers. Due to the nature of your allegation, this information has been turned over to Enforcement, Apprehensions, and Investigations (EAI) as a PREA investigation. This grievance will not be answered and returned to you until the investigation has been completed by EAI.

_____
*Signature of Principal Administrator*

*✓ PREA - Emergencey Grievance ♦ KAR 44-15-106 and KAR 44-15-204*

*UNIT Team Response*

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Inmate Name  *Bobby White*                          Number  *76983*

Receiving Staff Signature _____          Date  *11-27-2023*

**Effective Date (3-18-96) P-157**

*PREA Grievance receipt and Facility notification of receipt, after being moved to LCMHF. Plus Form 9 copy made while waiting for grievance Form. B.W. 12-4-2023*

Ⓘ

*17*  *Vo*

LCMHF                    White, Bobby  76983  1138

A4116
Page 2 of 3, Attachment L2, IMPP 11-119
Effective: 12-11-2013

☐ Witness(es) Sworn In/Affirmed _____

Witness(es) Testimony / Cross Examination  (Attach Testimony)

Closing Statement(s):  (Attach Arguments)

If applicable include inmate's testimony/ arguments on restitution

*ORIGINAL
(RESIDENT) LCF
RETURN TO LCF
DISCIPLINARY OFFICE*

Sanction(s): __304A - N6__

Reason for Sanctions: __SEE HEARING NOTES__

Disposition of Evidence: __NA__

☑ Inmate advised of right to Appeal,  Have Inmate Initial __B.W.__   *But, always been denied an appeal form or pro se papers to file.*

HEARING OFFICER SIGNATURE_____        DATE __9-29-23__

FINAL ACTION BY FACILITY WARDEN:
☑ APPROVED                                          ☐ REDUCE TO SUMMARY JUDGMENT
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING     - restriction from privileges up to 10 days
☐ AMEND THE CHARGE                                  - fine not exceed $10.00
☐ DISAPPROVE/DISMISS                                - extra work w/o incentive pay for no more
☐ REDUCE THE PENALTY                                  than 2 hrs/day no more than 5 days
☐ SUSPEND ALL OR PART OF SENTENCE                   - work w/o incentive pay not to exceed 5 days
☐ REMAND NEW HEARING                                - restitution not less than $3.00
☐ CLARIFICATION OF RECORD                             or more than $20.00

Comments: _____

_____        OCT 0 9 2023
WARDEN/DESIGNEE SIGNATURE              DATE

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.   ②
__Bobby White__                       __11-14-2023__ *LCMHF*
INMATE SIGNATURE                      DATE
I served a copy of the Hearing Record

*RESIDENT COPY*

_____        _____
STAFF SIGNATURE                       DATE

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.



*COURT EXHIBIT "K" 15 pages*

*RESIDENT COPY*

Attachment E, IMPP 11-119
Effective: 12-11-13

## KANSAS DEPARTMENT OF CORRECTIONS

### DISCIPLINARY APPEAL TO THE SECRETARY
### CLASS I & II

| | No: *76983* | Case No: |
|---|---|---|

Inmate Name: *Bobby White*    No: *76983*    Case No: *2872*

| Date of Filing Appeal: *10-9-2023* | Facility Hearing DR: *Unknown I was not allowed to participate* |
|---|---|

| Date Received Copy of Disposition *10-9-2023* | Returned Appeal to Facility: *with this form* PM: *10-31-2023* |
|---|---|

I Am Appealing the Decision of the Hearing Officer Because:
*I "Bobby Brace White" Re-submit this appeal because the LCF Unit Team and disciplinary Administrator refused to provide me the (this) form when I asked for it numerous times as the record clearly shows. Also see this appeal pages 5 paragraph #15, and page (2) of Attachment E2 ImPP H-119)*
*I obviously did submit it to the Unit Team and disciplinary administrator that is why you have received it the first time. The LCF Unit Team and disciplinary administrator at LCF have failed to properly serve and Failure KAR 44-13-703 in a timely manner and failed to sign and do their duty to follow procedures ... The Unit Team shall ensure ... properly log and forward ... See included 15 pages of Attachment ... ✗ rest not*       *returned to B.W. 12-6-2023*
(Attach Additional Sheet(s) if Necessary)

Inmate Signature: *Bobby White*       Date: *10-31-2023*

| Received By: Date *10/8/23* Time *0500* Initials *MVT* | Date *11/8/03* Time *0837* Initials *JR* |
|---|---|

Unit Team *Michael Vandvorst*       Disciplinary Officer *Officer R.*

Facility Legal Counsel Responsive Argument:

Signature:_____    Date:_____

| Your Appeal Has Been Reviewed and It is found that: | Secretary's/Designee's Final Decision: |
|---|---|
| ☒ Substantial compliance with Departmental and Facility Standards and Procedures | ☒ Approve the decision |
| | ☐ Reinstate dismissed charges; remand new hearing |
| ☒ Hearing Officer's decision was based on some evidence | ☐ Amend charges (44-13-202) |
| ☐ The Penalty imposed was appropriate and proportionate to the offense. | ☐ Disapprove/Dismiss |
| | ☐ Reduce the penalty _____ |
| ☐ Guilty plea or no contest, no showing 44-13-703(d)(1)(2)(3) | ☐ Suspend sentence |
| | ☐ Remand new hearing |
| | ☐ Remand for clarification of record |
| | ☐ Reduce to summary judgment |

**RECEIVED**

**NOV 0 8 2023**

DOC Facility Management Area

- restriction from privileges up to 10 days
- fine not exceed $10
- extra work w/o incentive pay not more than 2 hrs/day no more than 5 days
- work w/o incentive pay not to exceed 5 days
- restitution not less than $3.00 nor more than $20.00

☐ Remand with instructions

Comments:_____

Secretary's/ Designee's Signature: *Jodi T. Keogh*       Date: *11.16.23*

Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error. Plain error.

*Received 12-6-2023 B.W. only this page rest was not returned. The following 14 pages were from me records B.W. 12-6-2023*

*Front & Back*

White 76983
Case # 1138
R/O: COI Prentzler
H/O: CSI Snodgrass
Witness: COI Reyes
Date: September 29, 2023
Time: 0910

## TESTIMONY

The offender hasn't made any requests for dismissal or witness requests at the time of the hearing.

I/M advised of and understands the charges against him.

No witness forms submitted within 48 hours of the receipt of the disciplinary report.

I/M entered a plea of not guilty.

DR read into records.

R/O and I/M sworn in.

H/O to R/O: Do you have anything to add to your case or clarify at this time?
          R/O: No

R/O to I/M: Nothing further.

I/M to R/O: What was the order that was given?
          R/O to I/M: I told you to take a cellmate.

I/M to R/O: You asked my permission to put the prisoner in with me is that true?
          R/O to I/M: I came to your cell, and I told you Mr. Parks.

I/M to R/O: Did I say if you put him in here then I will file a grievance?
          R/O to I/M: Yes

I/M to R/O:  Who told you to put that prisoner in the cell with me?
          R/O to I/M: Mr. Parks.

I/M to R/O: Nothing further.


H/O to R/O: Did you give him an order, or did you ask if you could put the inmate in the cell with him?

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_White_
**Last Name Only**

### KANSAS DEPARTMENT OF CORRECTIONS

_76983_
**Number**

### INMATE REQUEST TO STAFF MEMBER

To: _Kent Schmidt, LCMHF PREA Comp'L. Manager_ Date: _11-27-2023_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I was moved here from LCF, under protective custody because I was assaulted/battered and A victim of (Attempted Murder) from / by drug dealer/user because the KDOC has allowed drug use to become rampant. Now on 11/21/2023 I was sexually harassed/abused by an individual that the LCMHF offices put in with me, while EAI had me under one man cell status. Now the LCMHF offices are telling me it does no good to submit a PREA Complaint because no one witnessed the harassment /abuse. I have contacted the court about this hypocrisy, which is different than your own PREA literature. I don't stand for the drug

Work Assignment: _None_                Living Unit Assignment: _E-378_

Comment: _____
harassment so I'm absolutely not going to stand for sexual harassment. Please correct

Disposition: this problem the LCMHF/KDOC has put me in.  Thank You
I am a 91 year old elder person with disabilities. — Unit Team refused to be available to
PREA Grievance, but from submitted.  sign for, made numerous attempts
                           tried to get                   since Tuesday 11-21-2023
Tried to get trouble call "Button" officer to call you, but he refused.

To: _White #76983_                Date: _11-24-23_
(Name & Number)

Disposition: _We have initiated an investigation in this situation. We do take PREA allegations seriously at LSCF and should you have any ____ situation that makes you uncomfortable, get it reported and we will investigate it._

_____
Employee's Signature

**To be returned to inmate.**

Ⓘ₂

P-0009

COURT EXHIBIT "J" for proof of attempts of Exhaustion of
1 page
Administrative Process LVCO-22-CV-323

Submitted at Lansing Correctional Facility

"Emergency Grievance" ~~~~~~~~~~~~~~~ falsified "Admin Seg. Review" dated
9-26-2023

Tear off and give to inmate when submitted to Unit Team through receiving staff.
Inmate Name  Bobby White                    CO Hopkins        Number #76983
Receiving Staff Signature /s/ 10-10  evenings.                Date 10-10-2023

Effective Date (3-18-96) P-157  No personal copies included - False Facts of Review. I wasn't included
nor did I appear before the board.

To Unit Team                    New Grievance

To: Warden Appeal

Tear off and give to inmate when submitted to Warden through Unit Team.
Inmate Name  Bobby White                     Number 76983
Unit Team Staff Signature  VB RHall          Date 10-11-2023

To Warden: Appeal

Tear off and give to inmate when submitted to Warden through Unit Team.
Inmate Name  Bobby White                     Number 76983
Unit Team Staff Signature  VB RHall          Date 10-11-2023

To Warden Appeal

Tear off and give to inmate when submitted to Warden through Unit Team.
Inmate Name  Bobby White                     Number 76983
Unit Team Staff Signature  VB RHall          Date 10-11-2023

3 grievances "Past Due for Response, Forwarded on to the LCF Warden @ Lansing

Yet another attempt to get Writ served for LVCO Case No: 22-CV-323
This one submitted at LCMHF
                    please Sign and return this receipt. Thank you
                    INMATE REQUEST TO STAFF MEMBER

To:  Central Bank                            Date: 11-16-2023
     (Name and Title of Officer or Department)
          /s/                                7th Attempt →
     Unit Team, Detail, or Cellhouse Officer's Signature   To be retained by inmate

7th Attempt to get a $15.00 check issued ~~~ to the Shawnee County Sheriff.

1.                                               Ⓙ₁

P-1528g

Attachment E1, IMPP 11-119
Effective: 07/2007

KANSAS DEPARTMENT OF CORRECTIONS
DISCIPLINARY OFFICE

## DISPOSITION OF DISCIPLINARY APPEAL ACKNOWLEDGEMENT

TO: White _____ 76983 _____ DATE: 11/16/23

INMATE NAME _____ NUMBER

CASE NO: 2872

ATTACHED IS THE DISPOSITION OF YOUR APPEAL OF YOUR DISCIPLINARY CASE
REFERENCED ABOVE

### SIGNATURE ACKNOWLEDGES RECEIPT OF APPEAL RESPONSE ONLY

*Received*

12-6-2023 _____

DATE _____ INMATE SIGNATURE

_____ _____

DATE _____ STAFF SIGNATURE

### RETURN TO DISCIPLINARY OFFICE

RESIDENT COPY                    INMATE COPY

INMATE REQUEST TO STAFF MEMBER

Appeal DR Case # 2872

To: ~~RCF Warden~~ / S.O.C Jeff Zmuda                    Date: 10-9-2023

(Name and Title of Officer or Department)

_____
Unit Team, Detail, or Cellhouse Officer's Signature          To be retained by inmate

plus. 12 pages Exhibits

Appeal DR. Case # 2872 to S.O.C. 6 pages plus. 12 pages

---

**Form 9**
For Cellhouse Transfer
Work Assignment
Interview Requests

official "Appeal" FORM not given and been
denied by LCF/Disc. Staff

Appeal DR Case # 2872

KANSAS DEPARTMENT OF CORRECTIONS

White
**Last Name Only**

76983
**Number**

INMATE ~~REQUEST~~ **APPEAL** TO ~~STAFF MEMBER~~ **S.O.C**

To: S.O.C. Jeff Zmuda                    Date: 10-9-2023

(Name and Title of Officer or Department)

State completely but briefly the problem on which you desire assistance. (Be specific.)

APPEAL OF DR CASE # 2872 to S.O.C

I Bobby Bruce White #76983 Appeal for the S.O.C. Jeff Zmuda to dismiss this disciplinary case as not legally or properly served, due process denied, per KAR and White was denied the factual resolution given through grievance number AA 2023056, by Secretary of Corrections Designee Darcie Holthaus; LCF Deputy Warden James Skidmore (on S.O.C 11-3-2022, DW 10-10-2022) and Unit Team Manager Potter on 10-6-2022. Also see: Follow-up grievance #N/A submitted on 4-25-2023

Work Assignment: None                    Living Unit Assignment: A4-116

Comment: _____        Detail or C.H. Officer: _____

(Continued page 2)

Disposition: _____
_____
_____
_____

To: _____        Date: _____
        (Name & Number)

Disposition: _____
_____
_____
_____

Employee's Signature                    To be returned to inmate.

P-0009                                        Page 1

APPEAL 2872

which was also sent to the Leavenworth District Court Case No. 2022CY 323 and mailed to the S.O.C as legal service, because it went unanswered by both the LCF Unit Team and LCF Warden. (Also see: resently legal service of the "Motion to Amend to Add Issues" and Exhibits A, B, C, D, E. This shows that grievance N/A was properly submitted to the Unit Team and LCF Warden by the property signed receipts (grievance receipt Exhibit E) and pursuant to KAR 44-15-101, 44-15-101a and 44-15-102.

## FACTS:

1.) Pursuant to grievance #AA 2023056 the final response, was that White had not been removed from BIBR participation and Pod 85 the BIBR participation pod.

2.) White was suppose to be re-assigned to the next group 66.

3.) White was removed/kicked out of group 65, by BIBR/Gary Spillman, when White went to him for help, because White could not approve of drug use and the manufacturing, because of White's religious belief. (see: Exhibit C pages 1 # 2).

4.) White requested protective custody because of the threats by Mr. Gary Spillman and drug users and dealers.

5.) The KDOC/LCF officials have allowed Mr. Spillman, Mr. Dave Johnson, and Mr. C.J. Hughes (BIBR/KDOC staff) to retaliate against White in violation of KAR 44-15-104, Reprisals prohibited. This when they allowed Mr. Spillman to kick White out of the BIBR program and Pod 85, in opposion to grievance #AA 2023056 resolution made by the S.O.C.; because White had submitted the aforementioned grievance and the R.S.A. 60-1501 habeas corpus (conditions of incarceration) in the Leavenworth County District Court Case No. 2022CY 323, violating the terms of the S.O.C. grievance response.

6.) White was then put in danger by the attempted forced move into a (4) four man cell with drug and tobacco users, which because of White's age and physical health, he can not tolerate. The State of Kansas and Federal Law requires that the KDOC provide a drug, tobacco/smoke and alcohol free environment and facility to prisoners.

7.) Drugs, tobacco and alcohol use is rampant here at LCF and the KDOC/LCF officials and officers are doing nothing to protect non-users from being threatened, physically assaulted and prayed upon by gang members, drug users and dealers. Because of my being placed in the position, to protect myself, I have become a marked man by these drug users and dealers, because of my complaints. (See: Exhibit C pages 1 and 2, also Administrative Restrictive Housing Report No. 01-23-1875 dated 3-28-2023)

8.) At the 1st DR Hearing White requested a witness form, gave the names of individual as witness's, but never received the witness request form. I asked for an investigation of the facts pursuant to KAR 4-13-201[I], which was denied by H/O Lechliter, therefore steps [2], [3], [4] and [5] were not done and denied White for the record.

9.) Since, all the above issues were already before the Leavenworth County

2

13

District Court, they had subject matter jurisdiction, so White requested a postponement of the hearings pursuant to: KAR 44-13-402 [2], "... a delay to await determination of whether the case will go to trial in a court of law or to await the outcome of a trial.", was also, summarily denied by H/O Leichliter, when I asserted, the court had subject matter of these issues, needed to be properly investigated and as a Constitutional right to due process, and protection, whereas the LCF officials/officers were denying me protection IMAP 20-108D Protective Custody (actual/true protection) (not punishment hold under disciplinary segregation conditions/status) But again H/O Leichliter again continued to deny me the delay and right to defend/to be heard and record for the record.

10.) But, then H/O Leichliter, took it upon himself to speak to my requested witnesses outside the hearing setting and White's presence in violation of KAR 44-13-403 [I] (1). This when at the 2nd hearing session; H/O Leichliter informed me he was denying me witnesses; and then proceeded to tell me he had spoken to my witnesses and I was beat. H/O Leichliter said that Mr. Gary Spillman had told H/O Leichliter, that he had kicked me out of BIBR, because I filed the legal action against him and BIBR, in the courts. H/O Leichliter seemed to think this was an OR reason, but, I asked him to please include that in the record. But, he refused.

I then told H/O Leichliter to please remember that statement; because I would want him to testify to what Mr. Spillman told him, in court. (See: Exhibits C, pages 3, 4, and 6.) I assert I have a Constitutional right to access the courts and redress grievance. Pursuant to KAR 44-15-104 reprisals are prohibited for invoking the grievance procedure.

Then, because he refused to make a complete log of the disciplinary process in violation of KAR 44-13-101 (1) and to record Mr. Spillman's statement, H/O Leichliter ejected me from the hearing process and falsely accused me of not participating in the hearing, when he demanded that I sign for statement that were obviously not true and not allowing me the time to read and understand what he was demanding I immediately sign.

11.) From that point H/O Leichliter; refused to allow me to represent myself, in violation of KAR 44-13-101 [2] to be present at the hearing, [3] to present documentary evidence (grievance response from S.O.C.); [4] to testify on the inmates own behalf; [5] to have witnesses called to testify on the inmate's behalf; [6] to confront and cross-examine witnesses against the inmate; KAR 44-13-307 [1], the denial of the request for witnesses was not documented, and [e] there was no summons issued because the request was not documented. Yet, H/O Leichliter wrongly chose to question my requested witnesses outside the hearing and White's presence.

12.) Pursuant to KAR 44-13-403 [d] White asserts he was never disruptive or refuses to be present for the hearing. H/O Leichliter's comment that I refused to participate in his hearing is just not true; as his reason

3.

[14] M

that White stated; "I know my right to appeal..." Unit Teams have previously back dated forms; I want the appeal form now and then I'll sign the forms, clearly shows; I answered H/o Leichliters question and was prepared to sign the places he indicated for me to sign. But, I assert, his implying that I must sign for the right to appeal, before giving me a final ruling of guilt or not guilt and denying me an appeal form, (which I still haven't received after several month) seems my right to read and understand what I'm signing was justified. To demand my signature to untrue, false, misleading is nothing but extortion. I was never disruptive nor did I refuse to participate, as my statement "I'll sign the forms" clearly shows. The fact is that H/o Leichliter had me guilty before the hearing; therefore he was not impartial in violation of KAR 44-13-101[E] "... and a fair hearing by an impartial hearing officer."

I was prejudicially excluded by H/o Leichliter who wrongly excluded me from participation. No where in the record is it recorded that I was disruptive or refused to be present for the hearing as required by KAR 44-13-403[d].

13) When Mr. Meredith UTS was supposely assigned to be my proxy by H/o Leichliter by absentia, I had never met, spoken too, or even knew who Mr. Meredith was. How could he possibly fairly and intelligently represent me? He couldn't possibly know or represent me, my issues and the facts. When I did finally discovered he was assigned to represent me at hearing, I did send a form 9 telling him my concerns, in which he informed me it was too late. (See: Exhibit C page 5) The short nature of the hearing record clearly shows the lack of representation and defense by Mr. Meredith.

14.) White has been wrongly denied to be present at all stages of the disciplinary hearing in violation of KAR 44-13-404 (a); (B) A complete written record has not been made of all the disciplinary hearing by the hearing officer in violation of KAR 44-13-502 a; (c); Further, KAR 44-13-502 a (5) witnesses, (6) and (7); (d) have not been included; (e) Preparation of the record was not done in the required 10 working days and the reason for the delay was not attached in writing and delivered to the inmate pursuant to KAR 44-13-506. The first White was given anything regarding this ΔR hearing decision was on 10-9-2023 by A4, Unit Team Ms. Hall UTS. This was only after my complaint to EAI officer Tomilson on 10-2-2023 and to H/o Snodgrass at another ΔR hearing #1138 issued on 9-26-2023 for the same issues, but where H/o Snodgrass found me not guilty at the ΔR Hearing on Friday 9-29-2023. (Continuing harassment)

Further, KAR 44-13-701 Administrative Review was not done nor delivered within (7) seven working days after preparation of the record; So that White could make a timely Appeal of this DR to the S.o.rC, KAR 44-13-701 clearly states; "(c) The inmate shall be notified by the Warden of the

7.

5/K

results of the review by way of service of a copy of the disciplinary case record, without unnecessary delay, but, in no case later than seven working days after review of the record..." As can be clearly seen, supposedly the Warden approved the sanctions on Apr 28, 2023, but had a 1st issue on 4-28-2023, 2nd issue 7-18-2023, 3rd issue 9-28-2023 but not given to White until the 4th issue on 10-4-2023. I believe that's clearly not within seven working days. This denial to timely due process and Administrative Wardens review was merely so they could (LCF officials / Mr. Parks UTM) keep me in an illegal and unreasonable disciplinary segregation hold status, putting me in further danger by the continuing to put disciplinary seg. (DR issued violent) prisoners.

15) This inordinate delay and denial to due process also violated White through RAR 44-13-703 right to make a timely appeal to the S.O.C.; and White still being denied the appeal forms, to be provided by the Unit Team pursuant to RAR 44-13-703(b)

16) White has no idea what the sanctions were that were placed on him, nor has anyone told him what; ?? Sanctions 304a - 15 PR(?) c/s-imp (P), 5 $ c/s imp is suppose to mean, The only thing, I assume is 5 $ means the 5 dollars the LCF officials have wrongfully taken from White's personal (property) money account on 4-25-2023 DR Fine 2023-03-02822. I cannot read the hearing officers writing, nor do I recognize or know who made the Warden's signature (name).

17.) Since, my being placed in Restrictive housing on 3-28-2023, I have been denied (actual) protective custody, been repeatedly extorted / coerced / attempted force to sign a PC waiver to get out of disciplinary seg. status. I have been assaulted and battered / attempted murder by strangulation by inmate Jeremey Garza on 7-12-2023. This was 106 days of being held in disciplinary segregation and still being held under disciplinary segregation "Atypical" deprived status in violation of RAR 44-12-1308 "... shall not exceed 60 days." (disciplinary seg.) Yet, as of today 10-9-2023 White is still being held under disciplinary seg. status for now 195 days continuously, with no property, clothes, shower shoes, day room, or medical help / care for my skin cancer and need testicular cyst surgery needed. Further, (b) has been violated because (as far as I know) there has been no review of my issues, "Emergency Grievances" answered by the LCF Warden.

18.) I still continue to be denied actual protection, the attempted murder of White by Jeremey Garza and I had to submit, yet another "Emergency Grievance" on 9-30-2023 when they (LCF officials) place another inmate with me in the cell, who had just been written-up on a weapons posses-sion charge. I continue to be harassed and coerced into signing a PC Waiver through extortion, violent tactics by continuing to put violent drug users, smokers and dealers, BIBR members in the cell with me. Jeremey Garza, was one such inmate, who fit all the factors I've asked for protection. White has submitted (3) Emergency Grievances, about

5.

these issues, which have gone unanswered and not returned and there is no valid investigation being done according to EAI officer Tomilson.

19.) White did not disobey a direct order, from Lt. Baxter. But, I was doing my best to protect myself from physical injury/death threats which is my human, legal and constitutional rights, because I was and have not been getting help from the LCF officials, BIBR staffs or the officers, who are required to provide a drug, tobacco, smoke and alcohol free invironment/facility. How could I, or should have been found guilty of disobeying an order that was not given to me, to move out of Pod 135; when grievance #AA 2023056 Appeal from the KDOC S.O.C. Designee and LCF Deputy Warden states I was not removed from BIBR/Pod 135 and would be re-assigned to the next program group. 135 pod is the BIBR Pod (see: Exhibit C page 5)

White will be eligible for parole in a little over 3 years and has the right to program credits for eligibility consideration and a prisoner's right to reabilitation equal to all other State prisoners. White had a right, and vested interest in the program credits he rightfully worked for and earned and these unreasonable, un-warranted DR harassments have no valid penological interest. The LCF officials would be better served to use these DR's to stop the unlawful use of drugs, tobacco and alcohol users, rather than harassing and discriminating against State prisoners, who follow the rules and doing everything they can to stay safe and alive.
(see: Exhibit C page 5)

White Prays and Requests.
The S.O.C. Jeff Zmuda to summarily dismiss DR 2872 for denial to due process, and strike this disciplinary report from White's official record pursuant to: KAR 44-13-704(f) and KAR 44-13-508 and order the LCF officials to transfer White (preferably to Winfield) for White's protection, health, and safety, back to general population, and until such time as LYCO 2022CY 323 habeas corpus ruling can be judged and finalized by the court. Plus the return of the $15.00 fine taken from White's personal money, account plus lost monthly state pay. Respectfully Submitted, Bobby White #76983

Dated: 10-9-2023

DR #2872 Appeal to: S.O.C.

Bobby White #76983
Lansing Correctional Facility
P.O. Box 2
Lansing, Kansas 66043.

6

*Please sign and return this receipt.*
*Thank you*

INMATE REQUEST TO STAFF MEMBER

To: _Ms. Hall UTS/A4 Unit Team_    Date: _10-10-2023_
　(Name and Title of Officer or Department)　CO Hon WLS
　　　　　　　　　　　　　　　　　　　　　evening
_Hall_　_10.10_
　(Unit Team, Detail, or Cellhouse Officer's Signature)　Inadvertent Personal Injury Form (2) DR #2872
　　　　　　　　　　　　　　　　　　　　service form signed by me
　　　　　　　　　　　　　　　　　To be retained by inmate

I need to be signed for and picked up for processing (1) Inadvertent Personal Injury Form (2) DR #2872
(3) My Appeal of 18 pages to be copied and mailed to SOC. (4) 4th Emergency Grievance - falsification of
　　　official state document. Admin Seg. Review for which I did not attend.

---

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_White_
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

_76983_
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _Ms. Hall UTS/A4 Unit Team_    Date: _10-10-2023_
　(Name and Title of Officer or Department)
**State completely but briefly the problem on which you desire assistance. (Be specific.)**

the following
I need to be signed for and pick-up for processing: (1) The returned (for my initial) a
Personal Injury Claim Form; (2) DR #2872 (signed copy) to go back to Discipl. Administrator.
(3) My Appeal to SOC for DR #2872 that needs to have one copy made, copies
mailed to S.O.C and the originals returned back to me, see AW and addressed
envelope included. (4) "Emergency Grievance" regarding falsification of state
document of a Admin seg. review, for which Mr. Parks UTM and barred from participation
by KAR 44-15-101a(f).　　　　　　　　　　　　　　Thank You

Work Assignment: _None_　　Living Unit Assignment: _A4116_

Comment: _____    Detail or C.H. Officer: _____

---

Disposition: _____

_Never answered never returned by Unit Team_
_P.W. 12-10-2023 pw_

To: _____    Date: _____
　　(Name & Number)

Disposition: _____
_____
_____
_____
_____

_____
Employee's Signature　　　　　　　　　　**To be returned to inmate.** _18/K_

P-0009

INMATE REQUEST TO STAFF MEMBER

To: _Ms. Hall UTS /A4 Unit Team_          Date: _10-9-2023_
(Name and Title of Officer or Department)

_HALL_    _10-10_    _Co Hopkins evening_
Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

_Need a 5 one copy of the S.O.C Appeal of DR 2872  18 pages_

**Form 9**
For Cellhouse Transfer          _White_
Work Assignment _____          **Last Name Only**
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**          _76983_
                                                  **Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _Ms. Hall UTS /A4 Unit Team_    Date: _10-9-2023_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

_Please make me one copy of these 18 page "Appeal to S.O.C." of the DR # 2872 and (return back to me the originals) and place the 18 page copies back in the envelope and send to the S.O.C. Jeff Zmuda in this addressed envelope" please see included AWR to cover postage cost if needed.          Thank You_

Work Assignment: _None_          Living Unit Assignment: _A4-116_

Comment: _____          Detail or C.H. Officer: _____

Disposition: _____

_____

_____

To: _____          Date: _____
(Name & Number)

Disposition: _____

_____

_____

_____

_____          **To be returned to inmate.**
Employee's Signature
P-0009

*Unit Officer please sign and return receipt.*

C

### INMATE REQUEST TO STAFF MEMBER

To: _Unit Team / Mr. Merdith CC_          Date: _4-24-2023_
(Name and Title of Officer or Department)

_CSI_
Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

Mr. Merdith list of subjects necessary for my DR Hearing representative

X  K  W

**Form 9**                                        _White_
For Cellhouse Transfer                          **Last Name Only**
Work Assignment _____
Interview Requests

#### KANSAS DEPARTMENT OF CORRECTIONS                  _76983_
                                                          **Number**

#### INMATE REQUEST TO STAFF MEMBER

To: _Unit Team / Mr. Merdith CC_   Date: _4-24-2023_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

For the Record:
I may have misunderstood, but if you said, you were going to represent me in the DR Hearing. You should protest that my witnesses were being denied. I was being forced / attempted to sign papers, I hadn't had time to fully read and understand. I was being ~~delayed~~ denied protection from BIBR staff and ETS (environmental tobacco and drug smoke), and Lt Barten never gave me a direct order to move, He merely asked if, I was moving and gave me a box to pack

Work Assignment: _Retired_          Living Unit Assignment: _A1-117_

Comment: _out my property, which I_   Detail or C.H. Officer: _____
was doing, before the officers, came and brought me to seg. Thank You.

Disposition: I don't think any other information for the DR can be submitted.

To: _____          Date: _____
    (Name & Number)

Disposition: _____

H

Employee's Signature                           **To be returned to inmate.**

P-0009

APPEAL OF DR 2872 TO S.O.C.
10-9-2023

(Never served until)

White, Bobby _____ 76983

CASE NUMBER: **2872**

1ST ISSUE DATE: 4/28/2023 ..... A1119

2ND ISSUE DATE: 7/18/2023 .....

3RD ISSUE DATE: 9/29/2023 ..... A4116

4TH ISSUE DATE: .....

**SIGN IN BLACK INK ONLY**

Page①

**PLEASE RETURN WITHIN**
**24 HOURS OF ISSUE DATE**

**TO LCF**
**DISCIPLINARY**

Bobby White #76983
Page①

White, Bobby  76983   2872

☐ Witness(es) Sworn In/Affirmed _____    _____

_____    _____

Witness(es) Testimony / Cross Examination  (Attach Testimony)

Closing Statement(s):  (Attach Arguments)

If applicable include inmate's testimony/ arguments on restitution

Sanction(s): _30 Yal. 15 P/R C/S Inp, 5 $ F C/S Inp_

Reason for Sanctions: _See Hearing notes_

Disposition of Evidence: _N/A_

☒ Inmate advised of right to Appeal,  Have Inmate Initial _☒_

HEARING OFFICER SIGNATURE _CSL O. Im_                    DATE _4-24-23_

FINAL ACTION BY FACILITY WARDEN:
☑ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING
☐ AMEND THE CHARGE
☐ DISAPPROVE/DISMISS
☐ REDUCE THE PENALTY
☐ SUSPEND ALL OR PART OF SENTENCE
☐ REMAND NEW HEARING
☐ CLARIFICATION OF RECORD

☐ REDUCE TO SUMMARY JUDGMENT
 - restriction from privileges up to 10 days
 - fine not exceed $10.00
 - extra work w/o incentive pay for no more
   than 2 hrs/day no more than 5 days
 - work w/o incentive pay not to exceed 5 days
 - restitution not less than $3.00
   or more than $20.00

Comments: _____

WARDEN/DESIGNEE SIGNATURE                    APR 2 8 2023
                                              DATE

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.

_Bobby White_ #76983                    _10-9-2023_
INMATE SIGNATURE _No Appeal Form's Provided by_     DATE
I served a copy of the Hearing Record _Unit Team pursuant to KAR 44-13-703(b)_
_Not served in the (7) seven working days, pursuant to KAR 44-13-701(c)_

_____                    _____
STAFF SIGNATURE                        DATE

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.

White, Bobby #76983
Case # 2872
R/O: CSI Barter
H/O: CSI Lechliter
Date: April 24, 2023
Time: 15:44

## **TESTIMONY**

Inmate refused to participate in his hearing. Inmate White #76983 was asked if he wanted to perticiapte and he stated "I know my right to appeal, Unit Teams have previously back dated forms. I want the appeal form now and then I'll sign the forms." UTS Meredith was assigned as Proxy and asked Curls if he had any statements, questions or Closing arguments. He is answer was the same as above. Due to Inmate White refusing to sign any of the acknowledgemt forms, H/O found it necessary to hold the hearing inabsentia.

UTS Meredith is assigned as I/M Proxy.

Statement by Proxy ~ "I know my right to appeal, Unit Teams have previously back dated forms. I want the appeal form now and then I'll sign the forms."

H/O holds this hearing in absentia.

H/O enters a plea of not guilty on behalf of I/M.

H/O verifies that the time limits have been met on the DR and summons.

I/M has no witnesses or staff requests for assistance.

H/O reads DR in to record.

R/O Sworn in.

Proxy to R/O: Nothing Further

H/O to R/O: How many orders were given to the Inmate?
        R/O to H/O: only one.

H/O to R/O: Was it a Direct order?
        R/O to H/O: Yes.

H/O to R/O: Nothing further.

R/O closing statement: Nothing Further





White, Bobby #76983
Case # 2872
R/O: CSI Barter
H/O: CSI Lechliter
Date: April 24, 2023
Time: 15:44

Findings: Based on the provided testimony, report, and evidence concerning the violation of KAR 44-12-304a Disobeying Orders Class I, it is more likely true than not that inmate White #76983 is Guilty of the Violation.

Sanctions: 304a- 15 P/R C/S IMP, 5 $ F C/S IMP

NOTE ~ I/M IS ADVISED OF HIS RIGHT TO APPEAL UPON RECEIPT OF THE DISPOSITION AND THIS WRITTEN HEARING NOTE.

Attachment G, IMPP 11-119
Effective: 10-15-07

# DISCIPLINARY REPORT

LCF-Central
( FACILITY)

| Case No. 2872 | Date of Alleged Violation: 3-28-23 | Time: 0630 (A.M.) P.M. |
|---|---|---|
| Date This Report Written: 3-28-23 | | Time: 1400 A.M. (P.M.) |

Name of Inmate: White    Bobby    B    No. 76983    Cell No: A2-206    *No Stress restriction (medical restriction violation)*
     LAST     FIRST     MI

Duty Assignment: Pending Investigation

**Alleged Violation of Law or Rule** (*Identify by Code No., Short Title, and Class*) 44-12-304 Disobeying orders class 1

FACTS: On the above date and approximate time Reporting Officer (CSI Barter) told Offender White that he needed to move to B8. He told me that he would not move and wanted to go to segergation. I informed the Captain's office, and they sent two members of the sort team and took him to A2. Offender White not moving after being given a direct order places him in violation of 44-12-304  Disobeying Orders, a class 1 offense.  End of Report

(Attach Additional Sheet(s) if necessary)

Staff Witnesses: _____    (Signature) *CSI W*
                                         *CSI Barter*
_____                     Printed Name and Title of Employee Writing

Report

                          Approved by: *Lt. Jffrey Barter*
                                  (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct.*

Executed on *3/28/2023* _____    Signature *CSI W* _____

I received a copy of this report on *3/29/23  2335*    *Refused to Sign Copy gvn.*
           (Date)    (Time)              (Inmate Signature & No.)

I served a copy of this report *3/29/23  2335*
           (Date)    (Time)              (Signature of Officer or Unit Team Manager &

Title)

*Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.*

*WRONG
GIVEN on Thursday
morning 3-30-2023
at 12:30 A.M.
or 0050*

⑤

IN THE DISTRICT COURT OF LEAVENWORTH County, KANSAS

Bobby White #76983
vs.
Jeff Zmudu, soc., etal

Case No: 2022 CV 323

EXHIBIT FILING REQUEST

I, Bobby White request that the included "EXHIBIT" "L" and "M" be filed for the court record to show, that White has made a good faith effort of exhaustion of administrative process and to show the court the continuing pattern of abuse.

Respectfully Submitted; Bobby White #76983
Pro se

CERTIFICATE OF SERVICE

I, Bobby White #76983, do certify, because I received returned "Emergency" grievance submitted on 12-28-2023, through prison cell mail delivery on 1-5-2024 (Friday). I could not get copies made for appeal and filing with the court. I was forced to make hand written (facsimile) copies of all documents, to satisfy the three calendar day dead line (KAR 44-15-702 (c)(1)) for mailing out on 1-8-2024. Also, for the same reason included DR appeal case # 23-1785. Therefore I, Bobby White #76983, do certify that I sent by U.S. Mail, 1st Class, postage prepaid on 1-8-2024 a copy of DR appeal # 23-1785, ① Exhibit "L" and "Emergency" appeal grievance to S.O.C (submitted on 12-28-2023) ② Exhibit "M" to:

1.) Kansas Department of Corrections, C/o Secretary of Corrections, Jeff Zmudu, 714 S.W. Jackson, Suite 300, Topeka, Kansas 66603

2.) Julie Clemens, Clerk of the District Court, Leavenworth Justice Center 601 South Third, Suite 3051, Leavenworth, Kansas 66048-2868

Date: 1-8-2024      by s/ Bobby White #76983
Pro se
Bobby White #76983
LCMHF
1318 Ks., Highway 264
Larned, Kansas 67550

SunCatcherStudio.com

My Copy

COURT EXHIBIT "L" — 17 Pages

mailed out 1-8-2024

(L)

Disciplinary Appeal to the Secretary     Case No. 23-1755

Date of Filing Appeal 1-8-2024     Facility HEARING DR LCM LCF

Date received copy of disposition: 1-5-2024     Returned Appeal to facility by U.S. Mail service to S.O.C.

I am appealing the decision of the Hearing Officer because:

I, Bobby White #76983 was placed in restrictive housing at LCF on 3-27-2023 and denied Protective Custody, that I requested because of physical threats, harassment, reprisal and discrimination by BIRR/KDOC/LCF staff and other prisoners, because I complained about the unchecked, blontant drug use and gang support attitude by officers and I chose to be a whistle-blower of these illegal and unconstitutional acts by filing legal action in the Leavenworth County District Court Case Nos. 22 CV 243 and 323.

I continued to be threatened, harassed and attempted extorted to sign a PC waiver, by the LCF seg. Unit Team and Co; who also denied me PC status and humane treatment. They then started putting the very people, I was requesting protection from, in the same cell with/me to attempt to terrorize me. One of these very people, (drug user/dealer, BIRR member) was placed in the cell with me by Mr. Parks UTM. Jeremey Garza attempted to murder me by strangulation. Mr. Garza was reportedly, put in with me, after he also checked out his last cell mate, until he passed out. I was then denied immediate medical care and right to go to medical by Mr. Parks UTM, Mr. Meredith sc and Unit CO Chapman.

When I was finally, some hours later, was able to go to the clinic; I was X-rayed and then rushed by ambulance, to the KU Hospital. Yet, when I returned back to LCF, from the hospital, I was irresponsibly put back in restrictive housing in seg. by LCF EAT; but, I was told, in PC, in a cell by myself. But I was irresponsibly placed under the same Unit Team and CO, who almost caused my death in the First place. Also my many requests for a Central Monitor was ignored.

Yet, there was no change for me. I was still denied humane treatment and

(1.)

(1)

Mr. Parks UTM, still kept attempting (and did) to put other prisoners in with me, even though they were disciplinary placements, even while I was suppose to be administrative-Protective Custody-single man cell. Mr. Parks kept manipulating the records and attempted then to have a wrongful/False DR ~~charge~~ made against me, to be able to justify his putting these violent drug addicts, prisoner in the cell with me. (see: See court case LYCO 23 CR 323 Exhibit A.)

I was ultimately found "not guilty" of that DR by the hearing officer because of the truth of the matter, "preponderance of the evidence" and because I was suppose to be in PC single man cell. This on 9-29-2023

I was then transfered from LCF to LCMHF on 10-23-2023. But, I had been lead to believe I was suppose to be transfered back to general population pursuant to IMPP 20-108D, at Winfield Correctional Facility (minimum custody) at the new geriatric unit, for my medical care, safety and protection. But, now it seem LCMHF is simply following the same pattern of abuses, and inhumane, unreasonable, confinement and punishment as LCF. This even though I've done nothing wrong. I've been continued to be harassed, physically harmed and given unwarranted wrongful, disciplinary reports, which have no logic penological interest toward any form of corrections or rehabilitation. Being still denied Protective Custody and accorded humane treatment equal to general population inmates of the same custody level, pursuant to the ~~secretary~~ secretary of Corrections directive set out under IMPP 20-108D.

Upon arrival at LCMHF, I was once again put back in admin. seg. denied my PC status, or any valid logical reason why, in violation of and as required by IMPP 20-108D. So, LCMHF continues on the same path of mistreatment of an elderperson (whistle blower) as did, /Age LCF.

When I was moved/transferred from LCF, there was also two other prisoners, also transferred, named White. They also have been placed in seg, and the staff keeps mixing us up. I've been accused of doing things, that some other White had done. I've been denied my meals and medicine, and I've submitted numerous Form 9's and grievances, but, no answers. Even today this morning, Saturday 1-6-2024, I was finally able to get a prescribed (2 times a day for 10 days) an anti-biotic, when I asked why it had taken so long? I was told that it was my 3rd day dosage, eventhough it was first time it was given to me.

Other disciplinary prisoners, continued to be put in the same cell with me. The drug users/dealers, being nosy, always want to know my business and then become threatening and loud, called me a rat or snitch. I say I'm a whistle blower; these people aren't my friends. This deliberate indifference to my health and safety, and intentionally putting me in danger by the seg. Reviews Board, Mr. T. Getty UTM and Mr. Vanderacek CC continue to put me in danger. I also had to submit a PREA grievance #IA-003352, on one sex offender put in with me on 11-21-2023. Yet, this grievance still goes unanswered.

I've had to submit numerous grievances about the officers here who continue to harass me for no reason. After, I was issued this DR the officers started refusing to give me my evening meals, started coming by every two hours, at night while I'm sleeping, hammering on the cell door, waking me up, with a startle. I even complained about this too both medical and mental health. One officer, CO Snadon told me, it was Lt. Perez, who told him to do it and to start cuffing me up. This is nothing but harassment and mistreatment of an elder disabled person, and reprisal in violation of KAR 44-15-104 and K.S.A. Supp. 21-5417(a) and ADA.

This DR is a direct result of the continuing harassment (as did occur at LCF) and unnecessary, wrongful punishment, denial to PC status protection and single man cell until returned back to population per IMPP

③



2c-108D "Definitions" "Protective Custody" (effective date 7-1-22) (next review 02/2025)

Nowhere is it posted, nor is there any such law, rule, or prisoner notified, that I, or my cell mate, must be cuffed up, when one of us are coming or going from the cell, that I'm aware of. This was the first time, since I was put in seg. on March 13, 2023, that I have had the need to be cuffed while, sitting on my bunk in my cell. All these 9 plus months, I was in seg., this has never been an issue, even at LCF. The only issue, that I had to overcome / about being cuffed up from hands behind my back. The officers found I couldn't walk because of my disability and needing a cane. They relented and agreed to allow front hands cuffed, when I left the facility. Even most of the good officers at LCF, didn't even cuff me when I went to shower. How is needing me to cuff up protecting me? I've done nothing wrong. I'm the victim of illegal actions. Because I have trouble walking and balance, I must use a cane. I am 71 years of age and disabled by "Degenerative Disc Disease, Arthritis, skin cancer and constant pain in back and left leg sciatic nerve. I'm hardly a threat to anyone.

This was merely the continuing harassment by the KDOC and LCMHF for their attempt to justify their harassment, denial to protection, PC denial, and now failure to protect by Lt. Perez. Even after I was written up on this DR by Lt. Perez, no other officer on the other shifts ever asked me to cuff up when they took the cell mate out of the cell or back in, to shower, yard, medical etc., nor did they ask my cell mate to cuff up, (who was disciplinary) when I left the cell.

I challenge the LCMHF/KDOC staff to show proof by camera view video (cell E-37 has camera in room), even hallway views, showing they ever cuffed both occupants, were cuffed, when I remained in the cell. You'll never find it, since I've been in seg. these 10 months. This DR for Lt. Perez

was merely done in reprisal in violation and legal right to invoke the grievance process, or just for his own bully pleasure.

The KDOC is required by State and Federal law to provide a drug, tobacco, alcohol and smoke free environment to prisoners. I should never have been put in the need to become a whistle-blower, much less be harassed, threatened, unreasonably confined and punished, and almost killed, because of the KDOC mistakes and the officers not doing their seriously need job, rather than abusing and harassing me, for no valid reason.

### Legal Arguments.

1. "When the state takes a person into it's custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being... The affirmative duty to protect arises ... from the limitations which it has imposed on his freedom to act on his own behalf." DeShaney v Winnebago County Dep't of Soc. Servs. 489 U.S. 189, 199, 200 (1989)

2. "Confinement in a prison or an isolation cell is a form of punishment subject to scrutiny under the 8th Amendment cruel and unusual punishment standard." Hutto v Finney. 437 U.S. 678, 685 (1978)

3. "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." 7th Amendment

4. "A matter of the disciplinary proceeding is unconstitutional unless requiring an impartial hearing board. A member of the disciplinary board hearing the case may not participate in the case as an investigative or reviewing officer." Wolff v McDonnell 487 U.S. 539, 554-55

5. KAR 44-13-201(c)(1) "If an alleged violation is based upon uncertain facts an appropriate investigation shall be initiated within 24 hours of the time the allegations is made and shall be completed without unreasonable delay.

6. James v Kentucky, 647 S.W. 2d 794 "The assertion of Federal rights, when plainly and reasonably made, was not to be defeated under the guise of local rules and practices." [This would include the right to protection as a whistle-blower of unchecked illegal drugs in prisons.]

7. "A state procedural ground is not adequate unless it is strictly or regularly followed." Johnson v Mississippi, 486 U.S. 578, 587 (1933)

8. "Deliberate indifference by prison officials to a prisoners serious injury or illness may constitute cruel and unusual punishment in violation of the 8th Amendment." Estelle v Gamble, 429 U.S. 97, 104-05 (1976)

9. "The 8th Amendment is violated by double ceiling when combined with other adverse conditions, such as small cell area, poor ventilation, exposure to environmental tobacco smoke and lack of opportunity for exercise." Nagi v Fauver 82 F. 3d 63, 67 (1996)

10. "Officials may not retaliate by transfering prisoner to different prison for filing grievances that are truthful and not otherwise offensive to penological interests." Toolasprashad v Bureau of Prisons, 286 F. 3d 576, 585 (3C 2002)

11. K.S.A. 44-1001 "Kansas Act against Discrimination" (age & disability)

12. K.S.A. Supp. 21-5417(a) mistreatment of a dependent adult or an older person. White is a 71 year old elder person with physical disabilities and a dependent adult under the care/custody of the S.O.C. Jeff Zmuda and State of Kansas. No KDOC staff member is above the laws and constitutional rights not even Lt. Charles Perez. It is S.O.C. Jeff Zmuda's responsibility to protect and provide for the health, safety, protection and humane treatment for Bobby White #76983.

✱ DR #23-1785. Appeal to S.O.C. Jeff Zmuda and Principal Administrator. White respectfully requests the KDOC S.O.C. Jeff Zmuda dismiss this (DR) Disciplinary Report Case No:23-1785. It be striken from White's record and fully refund White his cost, postage and sanction money value.

Thank You, Respectfully Submitted, Bobby White #76983
Pro Se
Date: 1-7-2024



**DISCIPLINARY REPORT**

Attachment B, IMPP# 11-119 ①
Effective: 12-11-13

**Larned Correctional Mental Health Facility**

| Case No. 23-1735 | Date of Alleged Violation: 12/19/2023 | Time: 1525 | ☐ A.M. ☒ P.M. |
|---|---|---|---|
| Date This Report Written: 12/19/2023 | | Time: 1600 | ☐ A.M. ☒ P.M. |

| Name of Inmate: | **WHITE** | **Bobby** | MI | No.: **76983** |
|---|---|---|---|---|
| | LAST | FIRST | | |
| Duty Assignment: | D/S | | | Cell No.: E37 |

**Alleged Violation of Law or Rule** *(Identify by Code No., Short Title, and Class)* 44-12-304 Disobeying Orders, Class I Offense

**FACTS:** On 12/19/2023 at approx. 1525hrs I CSII Perez, Charles gave inmate White, Bobby #76983 a direct order to come to the security wicket to be hand cuffed so his cell mate could be secured in the cell. Inmate White refused multiple times stating, "you are just harassing me and that he doesn't have to be cuffed for the door to open." I gave inmate White one last final order to come and be cuffed which he refused again. End of Report.

*(Attach Additional Sheet(s) if necessary)*

Staff Witness:

| | Shift | Days Off |
|---|---|---|

*Charles Perez, csII*
(Signature)

K0000218835
Employee ID #

Perez, Charles CSII          Shift / Days Off          Fri / Sat
Printed Name and Title of Employee Writing Report

*Charles Perez* CSII
Approved by (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify, or state) under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct.*

Executed on   12/19/2023          Signature   *Charles Perez*

| I received a copy of this report on | 12/19/2023 | , | | |
|---|---|---|---|---|
| | Date | | Time | (Inmate Signature & No.) |

| I served a copy of this report on | 12/19/2023 | , | | |
|---|---|---|---|---|
| | Date | | Time | (Signature of Officer & Title) |

*Technical and clerical errors in the writing and/or processing of the Disciplinary report shall not be grounds for dismissal, unless there is a substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuant to K.A.R. 44-13-707. Harmless error; Plain error.*

# DISPOSITION AND HEARING RECORD

| INMATE NAME & NO: | White, Bobby | #76983 | 12/19/2023 E Unit |
|---|---|---|---|

| FACILITY: | | CASE NO: | 23-1785 | HEARING: DATE | 12-27-23 |
|---|---|---|---|---|---|
| CHARGING | LCMHF | | | TIME: | 1421 |
| HEARING | LCMHF | | | | |

| Violation | Class | Amended Violation | Amended Class | Plea | | | Finding | | |
|---|---|---|---|---|---|---|---|---|---|
| 304 | I | | | ☐ G ☑ N/G ☐ NC | | | ☑ G ☐ N/G ☐ DISM. | | |
| Reason: _Preponderance of Evidence_ | | | | | | | | | |
| ___ | ___ | ___ | ___ | ☐ G ☑ N/G ☐ NC | | | ☐ G ☐ N/G ☐ DISM. | | |
| Reason: ___ | | | | | | | | | |
| ___ | ___ | ___ | ___ | ☐ G ☐ N/G ☐ NC | | | ☐ G ☐ N/G ☐ DISM. | | |
| Reason: ___ | | | | | | | | | |
| ___ | ___ | ___ | ___ | ☐ G ☐ N/G ☐ NC | | | ☐ G ☐ N/G ☐ DISM. | | |
| Reason: ___ | | | | | | | | | |
| ___ | ___ | ___ | ___ | ☐ G ☐ N/G ☐ NC | | | ☐ G ☐ N/G ☐ DISM. | | |
| Reason: ___ | | | | | | | | | |

☑ Reporting Officer Sworn In / Affirmed          ☑ Testimony Read into the Record

Staff Testimony / Cross Examination (Attach Testimony)

☑ Inmate Sworn In / Affirmed

☐ Hearing held Inabsentia          Reason _____

Staff Assistant Assigned: _____

☐ Inmate Not Sworn In/Affirmed          Explain _____

_____

_____

Inmate Testimony / Cross Examination (Attach Testimony)

| INMATE NAME & NO: | White, Bobby | # 76983 | CASE NO: 23-1785 |

☐ Witness(es) Sworn In / Affirmed _____ _____

_____ Witness(es) Testimony / Cross Examination (Attach Testimony)

Closing Statement(s): (Attach Arguments)

...cable include inmate's testimony / arguments on restitution

Sanction(s): _304 Cl. – $20⁰⁰ fine CLS_

Reason for Sanctions: _Nature of Charges_

Disposition of Evidence: _NA_

☑ Inmate advised of right to Appeal, Inmate Initial _Refuse to Sign._

HEARING OFFICER SIGNATURE _____ DATE 12/27/23

FINAL ACTION BY FACILITY WARDEN:

☑ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING
☐ AMEND THE CHARGE
☐ DISAPPROVE / DISMISS
☐ REDUCE THE PENALTY
☐ SUSPEND ALL OR PART OF SENTENCE
☐ REMAND NEW HEARING
☐ CLARIFICATION OF RECORD

☐ REDUCE TO SUMMARY JUDGMENT
- restriction from privileges up to 10 days
- fine not to exceed $10.00
- extra work w/o incentive pay for no more than 2 hrs/ day no more than 5 days
- work w/o incentive pay not to exceed 5 days
- restitution not less than $3.00 or more than $20.00

Comments: _____

WARDEN/DESIGNEE SIGNATURE                    DATE  12-28-23

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.

_____              _____
INMATE SIGNATURE                    DATE

I served a copy of the Hearing Record

_____              _____
STAFF SIGNATURE                    DATE

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless th... s substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.

# DISPOSITION OF DISCIPLINARY CASE

| OFFENDER NAME & NO: | White, Bobby | 76983 | CASE NO: 23-1785 |
|---|---|---|---|

## Testimony:

Disciplinary hearing conducted on 12/27/2023 for the above offender charged with the following violation(s):

**304**

Explained charge(s), possible sanctions and the read the disciplinary report for the record. The offender then acknowledges he does understand charge(s) and possible sanctions for the offense(s). The offender then entered a plea of:

☐ Guilty

☐ No Contest

Based on the perponderance of evidence within the written report and the offender's plea, I find the offender guilty for the charge(s) of: **304**

Impose:

**304 CLASS I - $20.00 FINE C/S**

Hearing Officer Signature: _____     Date: _____12/27/2023_____

## Disposition of Disciplinary Case

| Offender Name & No. WHITE, BOBBY #76983 | Case No. 23-1785 |
| --- | --- |

### Testimony

*THIS DISPOSITION IS A SUMMARY ONLY OF EVENTS AND NOT A COMPLETE TRANSCRIPT*

12/27/2023 1421 – E UNIT CONFERENCE ROOM

PRESENT: DHA – CSII JOEL EAST - RO – CSII CHARLES PEREZ RES – BOBBY WHITE #76983

RO/RES SWORN IN AND AFFIRMED

CHARGE: 44-12-304 DISOBEYING ORDERS, CLASS I

REPORT READ INTO RECORD – AFFIRMED BY RO

PLEA OF STATED CHARGE – "NOT GUILTY"

WITESS FORMS WERE REVIEWED: NONE WERE SENT BY RES.

IMPP 11-119 ATTACHMENT I REVEIWED, INTIALED AND SIGNED BY RES.

RES AFFORDED OPPORTUNITY TO PRESENT DEFENSE:

RES PRESENTED A DR FROM LCF FOR A SEPARATE 44-12-304 DISCIPLINARY REPORT THAT HE WAS FOUND 'NOT GUILTY' FOR. IN REFERENCING THE REPORT, THE FACT WERE THAT RES WAS A "PC" STATUS WHICH WAS THE GROUNDS FOR HIM BEING FOUND 'NOT GUILTY' IT APPEARED. IT WAS NOTED THAT RES HAD REPLIED IN EFFECT THAT HE WAS UNAWARE OF DIRECTIVES BEING GIVEN TO HIM RESULTING IN THAT REPORT BEING GENERATED.

RO STATED THAT RES IS NOT 'PC' STATUS HERE, HE IS CLASSIFIED – TO HIS KNOWLEDGE AS 'OSR'. IT WAS ATTEMPTED TO EXPLAIN TO RES BY DHA THAT HE IS HOUSED IN A SEGREGATION UNIT WITH AN ADMINISTRATIVE SEGREGATION DESIGNATION AND AS SUCH, ALL RESIDENTS HOUSED ON E UNIT ARE TO BE RESTRAINED ACCORDING TO POLICY. RES CONTINUALLY INTERRUPTED PROCEEDINGS, RAISING HIS VOICE THAT HE SHOULD BE 'PC' STATUS BECAUSE HE WAS IN LANSING. IT WAS EXPLAINED TO HIM THAT HE WAS MORE THAN LIKELY TRANSFERRED HERE DUE TO THAT 'PC' STATUS AS THERE WERE PROBABLY CENTRAL MONITORS WITH STAFF OR RESIDENTS AT THAT FACILITY AND HE WAS SENT HERE TO PRESUMABLY BE REINTEGRATED TO GENERAL POPULATION STATUS AS SOON AS POSSIBLE, BUT WHILE HE WAS ON ANY TYPE OF SEGREGATION

STATUS, HERE AT LSCF, HE WOULD BE RESTRAINED WHEN HE WAS TO ENTER/EXIT HIS CELL OR IF THE DOOR TO HIS CELL WAS OPENED FOR ANY REASON. HE STATED THAT WAS IN VIOLATION OF KSA TO WHICH HE WAS INFORMED THAT AS A RESIDENT INCARCERATED IN THE STATE OF KANSAS, REMANDED TO THE CUSTODY OF THE SECRETARY OF CORRECTIONS AND HOUSED HERE AT LSCF, HE IS EXPECTED TO ABIDE BY THE PREVAILING STATUTES, RULES, REGULATIONS AND PROCEDURES. HE CONTINUED TO ARGUE KSA THAT HE WAS SEEKING PROTECTION VIA AS HE IS 71 YEARS OF AGE AND HE IS MAKING ALLEGATION OF ABUSE AT THIS FACILITY. IT WAS OBSERVED THAT HIS FUNDAMENTAL NEEDS WERE BEING ADEQUATELY MET AND HE WAS NOT DEMONSTRATING ANY NOTICABLE DEFECT OR INJURY AND FROM HERE FORWARD, WE WOULD BE CONCERNING OURSELVES WITH THE DATE AND APPROXIMATE TIME NOTED ON THE DISCIPLINARY REPORT AND IF HE HAD FURTHER COMPLAINTS, HE WAS FREE TO UTILIZE THE FORM 9 AND GRIEVANCE PROCESS AVAILABLE TO HIM AS PER HIS RIGHTS.

DHA ASKED RES IF RO HAD GIVEN DIRECTIVE TO BE RESTRAINED, TO WHICH RES STATED HE WAS UNAWARE. – DHA ASKED RO IF HE DID, IN FACT GIVE DIRECTIVE TO RES TO WHICH HE STATED HE DID. DHA ASKED RO IF THERE WERE ANY RESIDENTS ON ANY TYPE OF SEGREGATION STATUS THAT WERE NOT TO BE RESTRAINED UPON ENTRY/EXIT FROM CELL OR WHEN CELL WAS TO BE OPENED, TO WHICH HE STATED THERE ARE NOT.

RES ARGUED THAT HE WAS UNAWARE OF THE APPROPRIATE POLICIES AND PROCEDURES THAT GOVERN HIM AS THEY ARE NOT 'POSTED' IN HIS CELL. HE WAS INFORMED THAT IGNORANCE OF THE LAW DOES NOT EXEMPT ONE FROM FOLLOWING THE LAW AND CERTAINLY NOT IN A CORRECTIONAL SETTING.

RES ARGUED THAT HE IS PC AND THAT DOES NOT APPLY TO HIM. DHA EXPLAINED TO RES ONCE AGAIN THAT ALL RESIDENTS HOUSED IN E UNIT ARE SEGREGATION STATUS AND THE RULES – IMPPS, GOS, KARS ETC... THAT APPLIED, WERE TO BE FOLLOWED WITH NO EXCEPTIONS. HIM INCLUDED.

RES WAS AFFORDED OPPORTUNITY TO PRESENT FURTHER EVIDENCE RELATED TO THIS CASE OR MAKE CLOSING STATEMENT – HE HAD NONE.

FINDING DUE TO THE PREPONDERANCE OF EVIDENCE/TESTIMONY – RES IS FOUND GUILTY OF 44-12-304 DISOBEYING ORDERS, CLASS I. –RES AGAIN BEGAN TO ARGUE THAT THIS WAS NOT A LAWFUL ORDER AND BECAME BELIGERANT. DHA INFORMED HIM THAT NOW HE WAS GIVING A LAWFUL DIRECTIVE TO CEASE INTERRUPTING PROCEEDINGS – WHICH MOMENTARILY, HE DID. RES' DEFENSE PROVIDED WAS PRIOR 'PC' STATUS AT ANOTHER FACILITY. NO PROTECTIVE ORDERS EXIST FOR THIS RESIDENT AT THIS FACILITY FOR ANY STAFF OR RESIDENT SO THAT DOES NOT APPLY. FURTHER, HIS DEFENSE OF 'BEING UNAWARE' HAS NO MERIT, AS IT IS HIS RESPONSIBILTY TO BECOME ACCLIMATED TO THE RULES THAT APPLY. – HE IS DEEMED COMPETENT AS HE ATTEMPTED TO FIND, ACQUIRE AND CITE KSA AND IMPP – ALBEIT INCORRECTLY AND OUT OF CONTEXT, SO HE CERTAINLY HAS ABILITY TO FOLLOW SIMPLE, LAWFUL DIRECTIVES.

SANCTION IMPOSED – $20.00 FINE – RES STATED THAT WAS GOOD AS NOW IT WAS 'FEDERAL.' TO WHICH HE THEN ASKED FOR DHA'S NAME AND IT WAS PROVIDED FOR AND SPELLED CORRECTLY FOR HIM. RES STATED HE WOULD BE PURSUING THIS MATTER LEGALLY, AND DHA STATED THAT HE WAS WELCOME TO PURSUE ALL AVENUES PROVIDED TO HIM BY LAW AND THAT HE WAS COMFORTABLE WITH THE OUTCOME AS HE WAS VERY AWARE OF THE LAWS/PREVAILING POLICIES GOVERNING HIS ACTIONS.

RES WAS INFORMED OF HIS RIGHT TO APPPEAL AND IMPP 11-119 ATTACHMENT L WAS REFUSED TO BE INITIALED ACCORDINGLY BY RES DEMANDING TO SPEAK WITH UTM GETTY RIGHT NOW. HE THEN REFUSED TO RETURN TO HIS CELL RESULTING IN HIM BEING PHYSICALLY MOVED BACK TO HIS CELL.

PROCEEDINGS CONCLUDED.





DR Appeal-23-1785
Exhibit #"L"
~~COURT EXHIBIT #~~
~~LYco.21cv323~~

# DISCIPLINARY REPORT

<u>Lansing Correctional Facility</u> Central

| Case No.  1138 | Date of Alleged Violation: 9/25/2023 | Time:  1530   A.M. / P.M. |
|---|---|---|
| Date This Report Written:        9/26/2023 | | Time:  0900   A.M. / P.M. |

| Name of Inmate: White        Bobby              No.76983     Cell No: A4 116 |
|---|
|           LAST              FIRST                    MI |
| Duty Assignment: no work available max |

| Alleged Violation of Law or Rule (Identify by Code No., Short Title, and Class)                      44- |
|---|
| 12-304A DISOBEYING ORDERS CLASS I        Choose an item.        Choose an item.        Choose an item. |
| Choose an item.        Choose an item. |

FACTS: <u>On the above date and approximate time I and COI Reyes went to cell 116 to take a resident to the cell</u>
<u>White #76983 refused to take a cellmate</u>
<u>This puts White #76983  in violation of 44-12-304A DISOBEYING ORDERS CLASS I</u>

                (Attach Additional Sheet(s) if necessary)
                      (Signature)

Staff Witnesses: Co2 Durfee_____
                                   COII R.Prentzler Wed/Thru/Fri off

_____
                            Printed Name and Title of Employee Writing

Report

_____
                    Approved by: _____

                     (Shift Supervisor, Unit Team Manager & Title)

| I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct. |
|---|
| Executed on  8/26/23                      Signature _____ |

| I received a copy of this report on 9/26/23  2053  Inmate refused to sign |
|---|
|       (Date)        (Time)              (Inmate Signature & No) |
| I served a copy of this report  9/26/23  2053  COI CHill |
|       (Date)        (Time)              (Signature of Officer or Unit Team Manager & |
| Title) |

| Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error. |
|---|



P a g e | 1

White 76983
Case:# 1138
R/O: COI Prentzler
H/O: CSI Snodgrass
Witness: COI Reyes
Date: September 29, 2023
Time: 0910

## **TESTIMONY**

The offender hasn't made any requests for dismissal or witness requests at the time of the hearing.

I/M advised of and understands the charges against him.

No witness forms submitted within 48 hours of the receipt of the disciplinary report.

I/M entered a plea of not guilty.

DR read into records.

R/O and I/M sworn in.

H/O to R/O: Do you have anything to add to your case or clarify at this time?
    R/O: No

R/O to I/M: Nothing further.

I/M to R/O: What was the order that was given?
    R/O to I/M: I told you to take a cellmate.

I/M to R/O: You asked my permission to put the prisoner in with me is that true?
    R/O to I/M: I came to your cell, and I told you Mr. Parks.

I/M to R/O: Did I say if you put him in here then I will file a grievance?
    R/O to I/M: Yes

I/M to R/O: Who told you to put that prisoner in the cell with me?
    R/O to I/M: Mr. Parks.

I/M to R/O: Nothing further.

H/O to R/O: Did you give him an order, or did you ask if you could put the inmate in the cell with him?



LCMHF

White, Bobby  76983  1138

A4116
Page 2 of 3, Attachment L2, IMPP 11-119
Effective: 12-11-2013

☐ Witness(es) Sworn In/Affirmed _____

Witness(es) Testimony / Cross Examination  (Attach Testimony)

Closing Statement(s):  (Attach Arguments)

If applicable include inmate's testimony/ arguments on restitution

Sanction(s):  _304A- NG_____

Reason for Sanctions:  _SEE HEARING NOTES_____

Disposition of Evidence:  ____NA_____

ORIGINAL
RETURN TO
DISCIPLINARY OFFICE
RESIDENT COPY

☑ Inmate advised of right to Appeal,  Have Inmate Initial  _B.W._   Bobby always been denied or failed to be given appeal form or are xen papers to file.

HEARING OFFICER SIGNATURE _____  DATE _9-29-23_

FINAL ACTION BY FACILITY WARDEN:
☑ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING
☐ AMEND THE CHARGE
☐ DISAPPROVE/DISMISS
☐ REDUCE THE PENALTY
☐ SUSPEND ALL OR PART OF SENTENCE
☐ REMAND NEW HEARING
☐ CLARIFICATION OF RECORD

☐ REDUCE TO SUMMARY JUDGMENT
- restriction from privileges up to 10 days
- fine not exceed $10.00
- extra work w/o incentive pay for no more than 2 hrs/day no more than 5 days
- work w/o incentive pay not to exceed 5 days
- restitution not less than $3.00 or more than $20.00

Comments: _____  OCT 0 9 2023
WARDEN/DESIGNEE SIGNATURE          DATE

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.

_Bobby White_  _11-14-2023_  LCMHF
INMATE SIGNATURE    DATE

I served a copy of the Hearing Record

_____    _____
STAFF SIGNATURE                          DATE

RESIDENT COPY

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.



White 76983
Case # 1138
R/O: COI Prentzler
H/O: CSI Snodgrass
Witness: COI Reyes
Date: September 29, 2023
Time: 0910

R/O to H/O: I told him we were putting him in there and he started talking about Parks trying to put inmates in with him to kill him. When you wanted a grievance because you were refusing a cellmate.

I/M to Witness: They have asked me to put people in my cell with me?
    Witness to I/M: Yes

I/M to Witness: Did she say we need to put this inmate in this cell, or did she give me an order?
    Witness to I/M: I don't remember.

I/M to Witness: Do you see if I could take that as asking me for permission?
    Witness to I/M: Yes


H/O to R/O: Nothing further.

H/O to I/M: Nothing further.

I/M closing statements: UTM Parks is trying to kill me or seriously or physically harm me again and I need a central monitor against UTM Parks, UTS Meredith, and CSI Chapman. UTM Parks is trying to extort me to sign a P.C. waiver.

R/O closing statements: No

Findings: Based on the provided testimony, report, and evidence concerning the violation of KAR 44-12-304A Disobeying Orders Class I, it is more likely true than not that inmate is not guilty.

Sanctions: 304A-NG



*Originals.  "Emergency" Grievance Appeal to S.O.C*

*my copy*

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

*COURT EXHIBIT "M"  7 pages*

Inmate Name: Bobby White          Facility: LCMHF     E-37

Inmate Number: 76983          Grievance Serial No.: None Assigned by LCMHF Warden (whited out?)

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:   Kansas Department of Corrections          Date Mailed: 1-8-2024
714 SW Jackson
Suite 300
Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) I, Bobby White #76983 appeal the LCMHF Warden Easley/Penny Riedel, response because it misstates the facts and issues, wrongly applying policy, which does not apply, to the serious nature of this grievance and Warden gives only the date received, fails to properly assign a unique serial number, that appears to have been whited —     *Bobby White*

Signature of Inmate

See: attached Penny Riedel/Warden response          Page 1 of 7 (continued on attached pages.)

### DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____          Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

**For D.O.C. Staff Use Only**

Type of Response (Item 6b:  Code      01, 02, 08 or 09) _____

DC 090, Effective May 21, 2014

①

Continued Appeal too: S.O.C.
grievance dated 12-28-2023
Wardens response dated 1-3-2024 (received 1-5-2024)

out. (violation KAR 44-15-102(A)(i))

The LCMHF warden and respondent Penny Riedel is wrong, because "no" where in the grievance do I grieve about the KDOC/LCMHF, "inmate disciplinary procedure," "the classification decision-making process," "the property loss or personal injury claim procedure," or "the procedure for censorship of publication." So, per KAR 44-15-102"(3)(g) IF no response is received from the warden... ee, any grievance may be sent by an inmate to the S.O.C."

My grievance is clearly about:
1) The unprovoked, unnecessary, excessive use of force, attack by Lt. Joel East, Lt Charles Perez, Co Brensher and Co Medewell. Pursuant to: KAR 44-15-101a "(e) The remedies available to the inmate may include action by the warden of the facility to correct the problem or action by the secretary of corrections to cause the problem to be corrected. Relief may include an agreement by facility officials to remedy an object-ionable condition within a reasonable, specified time, or to change a facility policy or practice." "(F) A procedure shall be established by the warden for investigating the allegations and establishing the facts of each grievance. An inmate or employee who appears to be involved in the matter shall not participate in any capacity in the resolution of the grievance."

2.) Failure to have needed forms readily available pursuant to K.A.R. 44-15-101a and, KAR 44-15-101 "(e) Inmate grievance report forms and appeal forms shall be made available toall inmates. Grievance forms and appeal forms shall be provided in containers in each inmate living unit and on each segregation wing or tier." "(F) No staff member shall refuse to sign, date, and return an inmate request form, an inmate grievance form, or a grievance receipt slip showing that the inmate came to that person for assistance." "(g.) Each inmate shall be entitled to invoke the grievance procedure..."

Certainly the LCMHF staff denying me requested Protective Custody Status per IMPP 20-108D, assaulting me and putting my life in further danger, because I have acted in the capacity of a whistle blower, because of the blantant, illegal drug problem at LCF, for which has already acquired me personal injury sufficiently serious to require hospitalization would certainly be a serious "emergency" need.

3.) Failure/Refusal of both Lansing Correctional Facility and Larned



Correctional Facility Wardens to obey the Secretary of Corrections directive of IMPP 20-108 b Segregation / Restrictive Housing: Protective Custody (effective date 07-01-22) which policy White has been discriminatorily been denied because of age and acting in the capacity of a whistle-blower of blantant, illegal unchecked drug use at LCF in violation of State and Federal law

(a) "Policy" "The KDOC provides those in protective custody to the extent possible, the same access to education, treatment, recreation and amenities as those of the same custody level." "As such, each facility must operate a protective custody program as an adjunct to the facility's administrative restrictive housing unit."

(b) "Definitions. Protective Custody" Housing in administrative restrictive housing or modified operational units for residents requiring protection from others until reintegration into a general population environment is facilitated."

(c) "(E)" Each denial of protective custody is to be documented showing the reason justifying the denial." "(F)" Each protective custody resident who is involuntarily released is to be informed of the reasons for release."

4.) I've been told by T. Getty UTM (LCMHF) that I am classified as Admin. Seg. only, but I was put in Protective Custody by EAI at LCF, when I was strangled by Jeremey Garza, after I was returned from the KU Hospital. Yet, I have never been informed of the release, nor have I received any documentation to justify the denial. Further, just like LCF, LCMHF keeps putting me in further continuing danger by their putting drug user/dealers (with dirty UA, disciplinary violations) and sex offender, who I had to submit a PREA Grievance # 1A-0013352 (which has never been answered by the LCMHF staff or Warden)), in the cell with me, while I'm doing my best to prosecute and make good for the court my allegations of unchecked drug use. This will continue to be a problem for me, because of nosy cell mates into my business (because of their continued drug use) as long as I have to pursue the issues in the court for LY CO 22-cv-323. This continued deliberate indifference to my health and safety is merely the continuation of LCMHF / From LCF / repeating the same mistreatment of an elder person (drug whistle blower), that almost

③

got me killed at Lansing Correctional Facility.

These were the major relevant issues of this grievance, and its all grievable. Pursuant to: KAR 44-15-101a (dX1) The grievance procedure shall be applicable to a broad range of matters that directly affect the inmate, including the following.

[A] Complaints by inmates regarding policies and conditions within the jurisdiction of the facility or the department of corrections; and [B] actions by employees and inmates and incidents occuring within the facility.

To: Secretary of Corrections ' Jeff Zmuda

I request an immediate habeas corpus release LYCO.22 CV 323 from the custody of the KDOC /S.O.C. recommendation; and an immediate transfer out of L C MHF (Larned), back to general population, minimum custody at Winfield Correctional Facility until my release can be facilitated, and a Central Monitor on LC MHF, Lt. Joel East, Lt. Charles Perez, Co. Modewell, Co. Greusher, Mr. T. Crestly UTM and Mr. Vanderacek cc. for my safety and protection, for the failure to protect (abuse of elder person) K.S.A. Supp. 21-5417(a) and ADA, uscs Article 26, usc 428 1986/1983, 42 U.S.C 1805-292

Respectfully Submitted, Bobby White #76983

Pro Se

Bobby White #76983
LCMHF
1318 Ks. Highway 264
Larned, Kansas 67550

④

(m)

"Emergency" direct to LCMHF Warden Easley

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

### INMATE COMPLAINT

Inmate's Name __Bobby White__     Number __76983__

Facility __LCMHF__     Housing Unit __E-37__     Work Detail __None__

"Emergency Grievance" direct to Warden KAR 44-15-106
                                                      KAR 44-15-101a (f)

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE. (i.e. Form 9s or other correspondence and response from staff member.) On 12-27-2023 approx. 2:30PM I was unprovokedly attacked by Lt. Joel East, Lt. Charles Perez, Co. ~~Richard~~ Co Grensher (this is the second complaint I've submitted ~~that~~ Brooks and Grensher see: PREA grievance #1A-003352- Failure to protect) after they refused to allow me to see Mr. Vanderace KCS-(Unit Team).
     I was requesting a DR appeal forms, which in the past experience I have been denied by the Unit Team (see: DR appeal 2872). H/o Lt. East was also denying me the forms and I also needed Grievance Appeal Forms, (Go thes iOLC), Form 9's and grievance forms. I also needed to know why, I was still being held in seg. and being denied PC status, while in seg, which is required by IMPP 20-108D and why the reason has not been properly documented sufficiently as required to tell me pursuant to IMPP 20-108D. All KDOC facilities are required to have a PC program as an adjunct to Administrative Seg. with the prisoners have all amenities as those in (over)

Date this report was given to Unit Team for informal resolution (to be completed by inmate). __12-28-2023__ (over)

### UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.)

No Response given by Unit Team

_____
Unit Team Signature               Date

### INMATE RESPONSE (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

__Bobby White__                                    __1-5-2024__
Inmate Signature                                      Date

### WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received __1-2-24__     Date of Final Answer __1-5-2024__ Date Returned to Inmate __1-5-2024__

Not applicable response from Warden see: Appeal to Sec.o.C.
(see attached page-response from Penny Riede).

__Bobby White__          __1-5-2024__     _____
Inmate's Signature          Date     Unit Team Signature     Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

### TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number

Type of Complaint (Item 4: Code 01-75)

Cause of Complaint (Item 5: Code 01-30)

(5)
(over)



general population.

The LCMHF Unit Team, Mr. Vanderacekcc and T Getty UTM. both have evaded discussing this issue with me and Mr. Getty UTM has gone as far as not only refusing me protection from Sex offenders (see PREA grievance #1A-003352) submitted 11-27-2023 (which has gone unanswered per KAR 44-15-204 L4). LcT and refused to discuss my concerns, ordering me out of the seg. review (last done on 12-14). Further, the LCMHF Unit Team, Mr. Getty UTM and Mr. Vanderacekcc continues to put drug users/dealers who received DR's, classified as disciplinary seg, in the same cell as I, who they claim under administrative seg. hold. This is unreasonable confinement and wrongful punishment in violation of my legal and constitutional rights, in violation of K.S.A. 21-5402(c)(i)(V), K.S.A. Supp.A. 21-5417(a),(1),(A), (3) and IMPP 20-108D, cruel and unusual punishment and mistreatment of an elder person.

These drug users and dealers are some of the same type of people who have tried to kill me, and caused me to be put in PC in the first place. At LCF Mr. Kirk UTM was also placing these people in the same cell as I, when Jeremey Garcia strangled me/ attempted murder (see: LYCO 22 CV 323). Now Mr. T Getty UTM and Mr. Vanderacekcc are following the same irresponsible deliberate indifference to my safety, by still putting these same people in my cell, denying me PC status, while I'm still attempting to prosecute this illegal Unconstitutional action. Now these LCMHF officers and staff are allowing LCMHF officers to physically attack me and slamming my head into the cell wall outside of camera, merely because I requested answers and the necessary required appeal forms and grievances.

To the LCMHF Warden Easley

I request a transfer (immediately) out of LCMHF back to general population at another facility and that a Central monitor be placed upon me with, Lt. Joel East, Lt. Charles Perez, Co. ~~Maddicell~~, Co. Grensher, T. Getty UTM and Mr. Vanderacekcc because of physical, mental abuse of an elder person and failure to protect and denial to PC status treatment/conditions of confinement.

Thank you for your help and considerations.

Bobby White #76983

⑥





# Kansas
### Department of Corrections
*Larned State Correctional Facility*

Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550

Phone: (620) 285 - 6249
www.doc.ks.gov

Governor Laura Kelly

Secretary Jeff Zmuda
Warden Tim Easley

**MEMO TO:**       White, Bobby  #76983

**MEMO FROM:**   Penny Riedel, Policy and Information

**DATE:**             January 3, 2024

**SUBJECT:**        Grievance return

The attached grievance was received in the Warden's office.   It is being returned to you without a response as this issue is not grievable.   Per KAR 44-15-101a(d)(2): "The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision-making process, or the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure. "

You may appeal on the record to the secretary of corrections any disciplinary process or procedural issues.  Please contact your Unit Team Counselor to try and resolve your issue at the lowest level possible, following the grievance procedure under KAR 44-15-102(a)(1).



Court Exhibit "N" 4 pages

IN THE DISTRICT COURT OF LEAVENWORTH, COUNTY, KANSAS,
OFFICE OF THE COURT CLERK

Bobby White #76983 Vs. KDOC/BIBA/Jeff Zmuda

Case No: LVCO 2022 CV 323

Regaurding: $15.00 Shawnee County Sheriff Service Fee.

Dear Court Clerk. Please File these 5 pages as my Exhibit 4 for the record

        Please find enclosed (I hope), a check made out Guin payable to the
Shawnee County Sheriff, which I've requested for the (7th Attempt)
KDOC/Central Bank to issue and send to you, so that I can
get Case Nos LVCO 22 CV 323 properly served on the defendant
KDOC/Jeff Zmuda. I have been almost a year now and
with supposedly 3 other issued check issued, which have
all come back, and redeposited in my account, without ex-
plaination. This inordinate delay has prejudiced my case
and has not been my Fault, as to why it has not already
been served.
        Please see that this resently issued check along with the
Writ and other proper paperwork gets to the Shawnee
County Sheriff, and that department properly serves the
Writ. Next scheduled "Zoom" hearing on 12-21-2023.
        Thank You for any and all assistance you can give me in this
matter.

P.S.        Respectfully Submitted, Bobby White #76983
Note:                                                        PRO SE
    1-8-2024,                            Bobby White #76983
This 8th attempt was not              LCMHF,
processed as requested by             1318 KS, Highway 264
the LCMHF Unit Team and               Larned, KS,
per my and court instruction. I provided a stamped envelope they didn't even use.
    I can not get any help from anyone in the KDOC/LCF/LCMHF
to Follow simple instructions and KDOC/Central Bank are
being intentionally obtuse by not send the check as instructed
multiple times. This inordinate delay is merely to prejudice
me with the court.    (over)

Page 1 of 4

Ⓝ

This is a serious violation of my 1st Amendment right to access to the courts. due process violation

a. Crawford-El v Britton, 523 U.S, 574, 584 (1998)
b. Bounds v Smith 430 U,S, 817, 821, 828 (1977)
c. Johnson v Avery, 393 U.S. 483, 485 (1969)
d. Bear v Boone, 173 F. 3d 782, 785 (10th Cir 1999)
e. Clayton v Gibson, 199 F. 3d 1162, 1170 (10th Cir 1999)
f. James v Kentucky 647 S.W. 2d 794
g. Haris v Reed 489 U.S, 255, 262 (1989)
h. Wolff v McDonnell, 418 U.S. 539, 558 (1974)
i. State of Kansas v Patrick Clayton. 30 Kans App, 2d 1208, 51 P 3d 21 (2002)
j. Flanigan v Leavenworth, 232 Kans 522, 657 P, 2d 555 (1983 Kans.)
k. In re Long, 244 Kan 719 * 772 P. 2d 814 ** (1989 Kans)
L. Canon 3A (5) and 3B (1)

Bobby White 1-8-2024
Pro Se





**LEAVENWORTH COUNTY SHERIFF'S OFFICE**

Andrew D. Dedeke
Sheriff

21 December 2024

Dear Mr. White,
I received your letter and check on 20 December, 2023. I am returning both to you as the check is payable to the Shawnee County Sheriff's Office. Your correspondence was sent to the Leavenworth County Sheriff's office. I checked in our system and was not able to find any previous paperwork, which may have been served for that case # or under the defendant's name.
The correct address for the Shawnee County Sheriff's office is: 320 S. Kansas Ave, STE 200, Topeka, KS 66603.
Respectfully,

April Pedersen
Interim Civil Process Specialist
Office: 913-758-4066
Fax: 913-758-4097

*Page 3 of 4*

601 S. Third Street, Suite 2007  Leavenworth, Kansas 66048  Phone: (913) 682-5724

<u>White</u>
**Last Name Only**

m 9
or Cellhouse Transfer
Work Assignment _____
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**

<u>76983</u>
**Number**

*7th Attempt.*

**INMATE REQUEST TO STAFF MEMBER**

To: <u>Central Bank</u>          Date: <u>11-16-2023</u>
   **(Name and Title of Officer or Department)**
   State completely but briefly the problem on which you desire assistance. (Be specific.)

Please issue a $15.00 check made out payable to the "Shawnee County Sheriff"
and send it to the Leavenworth County District Court, Leavenworth Justice Center,
601 South Third Str, Suite 305i; Leavenworth, Kansas 66048-2968 for legal
service by the "Shawnee County Sheriff" for Case No: LVCO2022-CV-323.
This will be the 7 attempt for white to get this check issued and sent to the
Court. Please make sure an 8th attempt, to "not" be necessary.
   See; included AWA

Work Assignment: <u>None</u>          Living Unit Assignment: <u>E 017 B</u>

Comment: _____          Detail or C.H. Officer: _____

Stamped, addressed envelope with letter instruction to Court Clerk provided attacked.
I've been trying to get this served toroso almost a year.          Thank you v.a.

Disposition: _____

_____

_____

_____

To: _____          Date: _____
   **(Name & Number)**

Disposition: _____

_____

_____

_____

_____          **To be returned to inmate.**
**Employee's Signature**

P-0009

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS.

OFFICE of the Court Clerk and Court Administrator

Bobby White #76983                    Case No: 2022 CV 323
          vs.
Jeff Zmuda, S.O.C. et al

Dear Court Clerk and C/o Steven Crossland Court Administrator

    Please file this 20 page "Exhibit Filing Request" for Exhibit "O", and 3 page "Motion For Order Protection" in the above titled case.
    Also, Mr. Crossland you previously, several months ago (over 6) sent me a copy of the Courts Case Summary and I would like an updated version as soon as this most recent filings are on the record. Also, I was wondering if you could tell me? When?
1) The judge may address some of my requested motions at hearing. I seriously need "Protection"
2) Why my scheduled "Zoom" Hearings set for both December and now most recently the January 18 hearing, both were just at the last moment canceled, without notice of why. Both times me and the LCMHF correctional counselor waited for over 2½ hours by the computer, waiting to be connected/called by the court. This seem to be a constant problem with these Zoom hearings and among other problems, such as KDOC/prison officials failure to notify the prisoner, violated my due process/Pro Se representation, violation of service, notice and right to be heard.
    Any information you can give me on these hearing cancelations and an updated court case summary, along with the filing of the (2) motions mentioned above would be greatly appreciated. It's difficult to represent myself Pro Se, if I don't know/or/ and not made aware of what's going on.      Thank You
Respectfully Submitted,    Bobby White #76983
          1-19-2024                              Pro Se

                    Bobby White #76983
                    LCMHF
                    1318 Ks., Highway 264
                    Larned, Kansas 67550

SunCatcherStudio.com

IN THE DISTRICT COURT OF LEAVENWORTH, COUNTY, KANSAS

Bobby White #76983

vs.                                    Case No: 2022 CV 323

Jeff Zmudy, S.o.C, et al.

MOTION FOR ORDER PROTECTION

Comes Now, Bobby White #76983, requests the Court "Order" the KDOC Secretary of Corrections, Jeff Zmudy, to provide White with the classification status and housing in a: "modified operational unit for residents requiring protection from others until reintegration into a general population environment is facilitated; pursuit to IMPP 20-108A Segregation/Restrictive Housing; Protective Custody, until such time as White is released from custody of incarceration or while such time as White has this State Habeas Corpus and/or Federal case in the courts, dealing with the mistreatment/abuse/harassment of a dependent adult/elder person and the illegal blantant drug, alcohol, tobacco, and smoke at Lansing Correctional Facility.

White gives the following facts/reasons for this request:

1.) White asked for PC status back before 3-28-2023, because of threats from LCF/BIBR/staff and officers because of denial to help, because of the illegal blantant drug use and dealing at LCF, and the excessive smoke.

2.) White filed this K.S.A, 60-1501 Habeas Corpus on 12-12-2022.

3.) White has been denied due process of hearing, notice and service.

4.) Because White was being denied PC status at LCF, the LCF Unit Team and officers, kept putting the very people, White asked protection from, in the same cell with him.

5.) On 7-12-2023 one of these prisoners strangled White, requiring me to be rushed to the KU Hospital by ambulance. Upon the return back to LCF from the Hospital; EAI's told me they were putting me back in restrective housing under Protective Custody Status, in a cell by myself. (see: Exhibit "A")

6.) Now LCMHF officials are telling me, I've never been classified as Protective Custody, but only administrative seg. under investigation. Further, I, Getty UTM/Seg. Review Board tells me, there is "No" Protective Custody program at LCMHF. So, LCMHF, continues) like LCF, to put disciplinary seg. prisoners in the same cell with me, treating me as a disciplinary seg. prisoner. [This is ridiculous because it is the very reason, I was sent out of LCF, for my protection.]

7.) Administrative and Disciplinary seg. prisoners are not suppose to be housed

1.                                    (over.)

in the same cell, because disciplinary seg. prisoners are supposed to be punished and denied TV, etc., amenities as other general population prisoners (see IMPP 20-108D).

8.) LCMHF officials are continuing to put me in danger, and are continuing the same harassment by officers as did LCF. LCF prisoners were transfered to LCMHF before, during, and after I arrived. I'm known by many of them and they know my situation. The others who don't, soon, because they are nosy, when they're put in the cell with me. Because of these legal papers, I must work acting Pro Se, they find out I don't agree to their drug use, and they soon become threatening, loud, calling me a rat or snitch. These people are not my friends, because I'm a whistle-blower of their illegal actions that directly affect my health and safety.

9.) My last (2) two hearings for December and January (and nothing was really accomplished back in the November hearing), have all just been canceled at the last minute, so I see no relief in sight very soon, and need protection, before I'm seriously hurt again.

10.) Now, here at LCMHF on 1-4-2024, I was attacked by (4) officers who refused me the appeal forms to the S.O.C. for case No. 23-1809. They listed me, carried me to the cell and with unnecessary excessive force, slammed my head into the cell wall and left me cuffed up, laying on the cell floor, stunned. (see: Exhibits E, F, G, H, I, J, K, L, M, and O)

White prays the court immediately grant White this "Order" for protection for his safety, protection and to stop this harassment and unnecessary mistreatment in violation of K.S.A. Supp. 21-5417(a) mistreatment of a dependent adult / elder person and per "KAR 44-13-405 a (8) the need to reduce or prevent security hazards that could be presented in individual cases; 10) the need to prevent the creation of undue risk to personal or facility safety; (11) the need to reduce the chances of seriously inflaming tension, frustration, resentment, and antagonism in the relationship between inmates and facility personnel; (13) the need for the prompt, efficient and effective resolution of the disciplinary case with accurate and complete fact-finding consistent with the level of process required by law for facility disciplinary cases.

And, so, the court can rule on the issues at hand without the frustration of the never-ending line of additional unwarranted issues, that should have been resolved in the classification of housing need for White's protection.

2

Respectfully Submitted, by s/ *Bobby White* #76983
1-18-2024                              Pro Se

## CERTIFICATE OF SERVICE

I, Bobby White #76983, do certify, that I sent a copy of this "Motion
FOR ORDER PROTECTION" by U.S. Mail, 1st Class, postage prepaid on
Jan. 19, 2024 to:

1). Kansas Department of Corrections, % Secretary of Corrections, Jeff Zmuda
714 S, W, Jackson, Suite 300, Topeka, Kansas 66603

2) Julie Clemens, Clerk of the District Court, Leavenworth Justice Center;
601 South Third, Suite 305), Leavenworth, Kansas 66048-2868

Date: 1-19-2024          by s/ Bobby White #76983
                                    Pro Se.

Bobby White #76983
LCMHF
1318 Ks., Highway 264
Larned, Kansas 67550

3.

IN THE DISTRICT COURT OF LEAVENWORTH, COUNTY, KANSAS

Bobby White #76983

      vs,

Jeff Zmuda, S.O.C. etal

Case No: 2022 CV 323

## Exhibit Filing Request

    I, Bobby White request that the included Exhibit "D", Appeal to S.O.C. Disciplinary Appeal Case No: 23-1809, be filed for the court record to show, that White has made a good faith effort of exhaustion of administrative process and to show the court the continuing pattern of abuse of White, by KDOC officers, who have denied him protective custody status pursuit to IMPP 20-108D (after being strangled/Attempted murder by another prisoner, when he was held in restrictive custody at LCF) excessive force, cruel and unusual punishment of shocking and intolerable magnitude." /Personal injury claim.

    Respect Fully Submitted, Bobby White #76983
                               Pro Se

## CERTIFICATE OF SERVICE

    I, Bobby White, #76983, do certify, that I sent a copy of Exhibit "D" in the personal injury claim, by U.S. Mail, 1st Class, postage prepaid on Jan. 19, 2024 to:

1.) Kansas Department of Corrections, % Secretary of Corrections, Jeff Zmuda, 714 S.W. Jackson, Suit 300, Topeka, Kansas 66603

2.) Julie Clemens, Clerk of the District Court, Leavenworth Justice Center, 601 South Third, Suite 305I, Leavenworth, Kansas 66048-2868

Date: 1-19-2024      by s/ Bobby White #76983
                            Pro Se.

                Bobby White #76983
                LCMHF
                1318 Ks., Highway 264
                Larned, Kansas 67550



*Exhibit O*
*19 pages*

Attachment E, IMPP 11-119
Effective: 12-11-13

**KANSAS DEPARTMENT OF CORRECTIONS**

| DISCIPLINARY APPEAL TO THE SECRETARY |
| :---: |
| **CLASS I & II** |

| Inmate Name: Bobby White | No: 76983 | Case No: 23-1809 |
| --- | --- | --- |

| Date of Filing Appeal: 1-15-2024 | Facility Hearing DR: LCMHF |
| --- | --- |

| Date Received Copy of Disposition 1-12-2024 | Returned Appeal to Facility: S.O.C. Jeff Zmuda for legal Service of all COURT Exhibits case LVCO 22CV323 |
| --- | --- |

I Am Appealing the Decision of the Hearing Officer Because:

I. White didnot return this Appeal back to the facility, because the issues are a (and have been a) continuous repeated pattern of abuse by KDOC officers and are already in litigation, with the Secretary (S.O.C) Jeff Zmuda named as the defendant, which requires legal service of all COURT Exhibits case LVCO 22CV323. Further, pursuant to K.A.R. 44-15-101a.(d)(1),(B)(actions of employees); (F) "... an inmate or employee (warden, Mr. Vanderredise, Lt Charles Perez) who appears to be involved in the matter shall not participate in any capacity in the resolution of the grievance. As well as; KAR 44-13-203(a),(b),(c); (a) I was not given/served a witness form or appeal form by the LCMHF Unit Team/

See (Attach Additional Sheet(s) if Necessary)

| Inmate Signature: Bobby White #76983 | Date: 1-15-2024 |
| --- | --- |

| Received By: | Date | Time | Initials | Date | Time | Initials *DLa* |
| --- | --- | --- | --- | --- | --- | --- |
| Unit Team | | | | Disciplinary Officer | | |

Facility Legal Counsel Responsive Argument: _____

Signature:_____ Date: _____

| Your Appeal Has Been Reviewed and it is found that: | Secretary's/Designee's Final Decision: |
| --- | --- |
| ☐ Substantial compliance with Departmental and Facility Standards and Procedures | ☐ Approve the decision |
| | ☐ Reinstate dismissed charges; remand new hearing |
| ☐ Hearing Officer's decision was based on some evidence | ☐ Amend charges (44-13-202) |
| ☐ The Penalty imposed was appropriate and proportionate to the offense. | ☐ Disapprove/Dismiss |
| | ☐ Reduce the penalty |
| | ☐ Suspend sentence |
| ☐ Guilty plea or no contest, no showing 44-13-703(d)(1)(2)(3) | ☐ Remand new hearing |
| | ☐ Remand for clarification of record |
| | ☐ Reduce to summary judgment |
| |   - restriction from privileges up to 10 days |
| |   - fine not exceed $10 |
| |   - extra work w/o incentive pay not more than 2 hrs/day no more than 5 days |
| |   - work w/o incentive pay not to exceed 5 days |
| |   - restitution not less than $3.00 nor more than $20.00 |
| | ☐ Remand with instructions |

Comments:_____

Secretary's/ Designee's Signature:_____ Date: _____

Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error: Plain error.

*Page 1*

"D"

Mr. Vandenacke within 48 hours of the report (warden final disposition) to satisfy the provisions of KAR 44-13-306; and White has previously requested a Central Monitor on Mr. Vandenacke / Unit Team as he witnessed the attack on White, by Lt. Joel East, Lt. Charles Perez, CO Grensheer and CO Madewell; and did not intervene.

(b.) Per K.A.R. 44-13-101(m) " In class I and II offense cases, following an administrative review of the record and any needed adjustments of the disposition by the warden, the inmate may appeal the case to the secretary of corrections on the record."

(c.) Both LCF and LCMHF (facilities) are in violation of the secretary's directive set out in IMPP 20-108D Protective Custody. Because I was / have been told by (LCF) Mr. Parks 18TM and (LCMHF) Mr. T. Getty UTM that they have no such Protective Custody program at either facilities (see: KAR 44-13-703(a)(1).)

(1.) K.A.R. 44-13-706 gives the Administrative Segregation Review Board, established under the applicable Internal Management Policy and Procedure (IMPP), to make recommendation to the warden in regards to prisoner modification of a disciplinary sentence. But, not for those prisoners being wrongfully held and unreasonably punished (having done nothing requiring punishment) for those prisoners being harassed, retaliated, discriminated against, even up to the point of the physical injury from an attempted murder while being held in restrictive housing / administration segregation hold, instead of the Protective Custody status that was warranted under IMPP 20-108D. This is in violation of a prisoners, United Nations and Constitutional Amendment for humane treatment (cruel and unusual punishment) and KAR 44-15-104 Reprisals prohibited.

A prisoner of the State of Kansas retain the U.S. Constitutional substantive right of; 1) Right of Access to Court (and redress of grievances); 2.) rights related to living conditions (administrative segregation / Protective Custody denial), medical care and disciplinary treatment; 3.) right to Procedural Due process; 4.) right to equal treatment (IMPP 20-108D - "... same access to education, treatment, recreation, and amenities as those of the same custody level), and 5.) right to assistance of counsel. Prisoners also retain the right to petition the U.S. and State courts for Habeas Corpus and civil rights violation through 42 U.S.C. 1983. Neither the Administrative nor Disciplinary Segregation Review Board, Classification Administrator or any prison warden has the right or authority to deny White Protective Custody status and humane treatment or these amenities equal to general population prisoners of the

Page 2
(over)

same custody level, that have been set out by order/directive by the Secretary
of Corrections under IMPP 20-108D.

Nor do KDOC/LCMHF officers (Lt. Charles Perez) have the right to administer
punishment, harassment and retaliation (when none is warranted) against White,
or violate State law, in his official capacity (K.S.A. Supp. 21-5417 (a)) mistreatment
of a dependent adult or elder person, and in violation of mistreatment because of
age and disability, ADA. This especially when White had done nothing wrong.
But, only acted in the capacity of a whistler-blower of the illegal, unchecked,
blatant drug use, tobacco and smoky environment (ETS) at LCF through legal
action, LVCO 22 CV 323; thus requiring protection. This especially after being
strangled (Attempted Murder) of White at LCF; requiring the need to be transported
by ambulance to KU Hospital.

## II.

KAR 44-12-1001 and 44-12-1002 deals with "violations of statutes, other regulations,
or orders" and "violation of published internal management policies and procedures,
of published orders." These rules, policies, and procedures must ~~first~~ apply not
only to prisoners, but also to KDOC officers, staff and Wardens as they are the
directives of the Secretary of Corrections.

(IMPP) Internal Management Policy and Procedures:

These are rules and regulations put forth by the Secretary of Corrections to
deal with issues that are not covered by the K.S.A.'s or K.A.R's, but these
regulations have to be allowed under those statutes and regulations. The
legislature allows the Secretary to define, issues and goals under him for things
that he is in charge of, but, they may not be unconstitutional or violate
Kansas statutes or regulations.

The Secretary has defined the issue, of need for prisoners-Protective Custody
status and established the policy, pursuant to IMPP 20-108D, that prisoner
protection, treatment and amenities are sufficiently serious to require that:
a) "...each facility must operate a protective custody program as an adjunct
to the facility's administrative restrictive housing unit." b) "The KDOC provides
those in protective custody, to the extent possible, the same access to education,
treatment, recreation, and amenities as those of the same custody level." c.)
The "Definition" of "Protective Custody" is: "Housing in administrative restrictive
housing or modified operational units for residents requiring protection from
others until reintegration in a general population environment is facilitated."
d.) "(E)" "Each denial of protective custody is to be documented showing the
reason justifying the denial." e.) "(F)" "Each protective custody resident

Page 3

who is involuntarily released is to be informed of the reasons for release."

Yet, White has repeatedly been denied protective custody and told it did not exist at either LCF, nor at LCMHF, by Mr. Parks UTM at LCF, and by Mr. T. Gerdy UTM/segregation Review Board and by Classifications. Resulting in White being wrongfully punished, denied property, yard, day room, state pay, harassed, being strangled (attempted murder), discriminated against because of age and disability, wrongfully written up on bogus DR because of retaliation and reprisal, denied the treatment and amenities enjoyed by other (general population) of the same custody level, and the wrongful requirement that I be cuffed up, while I sit on my bunk in my own cell. I have not seen or be told any documentation of the reason justifying the denial, nor informed of the reason for release.

White's questions of law and right to protection from other prisoners (drug users/ dealers/gang members/sex offenders (PREA protection)) and KDOC officers and staff, is currently in the Leavenworth County District Court Case No: 22CV323; White vs. S.O.C. Jeff Znudy/BTBR Gary Spillman et al, filed on 12-12-2022, for a whistle-blower of the illegal, unchecked, blantant drug/alcohol/smoke use at Kansas Prisons, specificly at LCF. Because of threats, reprisals and attempted murder/strangalation by other prisoners, and reprisals from LCF and now LCMHF officers and staff and their refusal to protect or help/aid me, I was forced to seek help from the courts.

White was forced back into administrative seg. (but was told by EAI) that I was to held in protective custody in a cell by myself, after I was returned back to LCF from the KU Hospital, because of having been strangled by cell mate, put in with me, while I was suppose to be under protective custody. White's need for protection did not end with his transfer because he was transported with other seg. prisoners from LCF, and other prisoners had already been transfered from LCF, and even more since, who knew my circumstance. Further, instead of being placed back in general population pursuant to IMPP 20-108 Protective Custody "Definition", I was once again held in an ATypical, inhumane segregation at LCMHF, and denied answers or when I would be released from seg.

A) McMillan v McKune, 35 K.A.2d, 654, 661, 135 P.3d 1258 (2006) "Rules and regulations adopted by an Administrative board to carry out the policy declared by the legislature in the statutes have the force and effect of laws, such regulations are issued for the benefit of both the agency and the public and the agency must be held to the terms of it's regulations. An agency may not violate it's own rules and where it fails to follow the Rules that it has promulagated, it's orders are unlawful."

There is no such published/posting that prisoners must be cuffed up while

Page 4
(over)

sitting on their break, in their own cells, and neither Lt. Perez, nor DHO Wyman could cite such rules, regulations or policy. This DR by Lt. Perez was just the continued harassment and mistreatment of a disabled elder person, denial to protection; and refusal to provide required forms needed for prisoners to file grievances and appeals, started by Lt. Perez, wrongfully issuing DR # 23-1785. Therefore, Lt. Perez order was unlawful in violation of KAR 44-15-104 Reprisals prohibited, because of the grievance White has submitted because of this continuing abuse, harassment and mistreatment of a disabled elder person, in violation of K.S.A. Supp. 21-5417(a).

B.) This DR should be judged and ruled as in: Piggie v McBride, 277 F. 3d 922, 925 (2002) where there was a due process violation because the inmate was denied the opportunity to present surveillance tape evidence." A surveillance tape is documented evidence pursuant to KAR 44-13-101 (37) and not a witness as DHO Wyman claims was the reason for the denial. You can not cross-examine or ask questions to a video recording, therefore is documented evidence.

C.) The KDOC/ICF/LCMHF staff/officers are wrong indeed to a protective custody program; where as in: "Smith v Mensinger, 29 F. 3d 641, 650-51 (2002) Prison officials have a duty to protect inmates from violent treatment by other guards and to restore control over a tumultuous cellblock. An 8th Amendment, cruel and unusual punishment violation."

D.) Estelle v Gamble, 429 U.S. 97, 104-05 (1976) deliberate indifference by prison officials to a prisoners serious injury or illness may constitute cruel and unusual punishment in violation of the 8th Amendment."

Instead of doing the right, reasonable and required thing to provide White the forms needed for witness, appeal, grievances, the LCMHF officers; Lt. Joel East, Lt. Charles Perez; Co Goewshet and Co Madewell, while Mr. Vanderacek CC watched from his office, illegally and wrongfully elected to escalate the situation, with the use of excessive force, by attacking White, while White was belted and cuffed, carried him to his cell, then slammed White's head against the wall, then left him cuffed up and belt bond, laying on the cell floor.

Why weren't all the officers not listed as witnesses, for Lt. Charles Perez, unless they knew, what they did was wrong?

* I officially request the taped episode of these DR Hearings # 23-1785 and # 23-1809 and the security surveillance camera recording, views of the E-seg unit hallway from the seg day room down E-seg hallway, specifiedly

Page 5

"D"

the view in front of the Unit Team/Mr. Vandercook CC office on 12-27-2023, between 14:00 and 17:00 P.M be preserved and made available for LYCO 22CV323 as evidence.

E.) "Williams v Benjamin 77 F.3d, 156, 765 (1996) the deference to prison officials does not give them constitutional license to torture inmates, but, is limited to what is necessary for internal prison security."

Providing White with the requested, required appeal forms would not threaten any internal prison security, in any way, while there were at least 6 (four) officer and correctional counselor/Unit Team just standing around threatening White. It is unreasonable and shocking to the conscience to believe that at least one of these KDOC employees could not have helped me get the forms, I was requesting. These KDOC employees only thought was to punish me and bully me, escalating the situation to attempt to cover-up and justify their abuses and mistreatment of a disabled elder person.

Had White been properly returned to general population when he was transferred to LCMHF, or been placed in Protective Custody status in a cell by myself as EAI (LCF) and IMPP 20-108D requires; these DR issues would never had been issues, or they would have manufactured different excuses to continue to abuse and torture me. They don't ask/order general population prisoners to cuff up, and sit on their bunk, while in their cells, and they have the day room freedom time to get their needed forms.

Because of all this deliberate indifference to White's, health, safety, injuries, age and disabilities; White has lost, liberty and property (and money) without due process of law in violation of the 1st, 5th, 7th, 8th and 14th Amendments; as well as Kansas Bill of Rights, §1, §9, and §18 (Justice without delay). All this should have been ironed out at LCF during White's (7) seven months in seg.) and coordinated with LCMHF before White's transfer to LCMHF. Especially, since the KDOC also transferred other LCF prisoner, before, during, and after White's transfer to LCMHF.

White should never had been put in the position to have to be a whistle-blower to protect myself, State and Federal law requires that State prisons provide a drug, alcohol, tobacco and smoke free facility for prisoner. But, KDOC officers would rather bully, harass and torture an innocent disabled old man, that had done nothing wrong, than doing their real job of security and safety of a prison environment for rehabilitation.

F.) KAR 44-13-201 (c)(1), If an alleged violation is based upon uncertain facts, an appropriate investigation shall be initiated within 24 hours of the time the allegation is made ..." If the LCMHF officers and staff were unaware of my

Page 6
(over)

situation and housing needs status, and the DR clearly shows physical contact was made by prison officers, this should have been an automatic signal for the DR-DHO Wyman to start an appropriate investigation and the need to review the security surveillance tape footage (within 24 hours - which has not and did not happen). But, in reality the KDOC/LCMHF should all had all the officers and staff know of my situation, when the 1st wrongful DR # 23-1785 was issued and appealed to the secretary of corrections.

⁎    I challenge the KDOC to show through camera footage where I or my cellmate (both) were ever cuffed up, when only one, came or went from the cell, since I've been held since 3-28-2023. It would be impossible, because it has never happened. This was never an issue, until Lt. Perez decided to bully me for no reason, and decided to start harassing me. In violation of K.S.A. Supp 21-5417 mistreatment of an elder person. and ADA disability discrimination laws.

III.    The DHO's recorded testimony attached to the disposition is not a true and correct representation of the facts of the statements, that were made by White, and merely shows bias and partiality against White by her preconceived intentions and prejudice of White's guilt or innocence.

•  a). Page 4 of 6, Line 2: This predetermined attitude and inability to listen to my situation and defense was the very reason I asked the question. Per KAR 44-13-405a (13) the hearing officer is suppose seek a resolution with "accurate and complete fact-finding," and KAR 44-13-101 (a)(1) To receive... a fair hearing by an impartial officer. She (DHO Wyman) even brought up I had been previously rude to her. Where I don't ever remember speaking to her before, and she didn't really say how I rude. (check the recorded taping of the hearing.

•  b.) Pursuant to KAR 44-13-402(2) this hearing (for which I had signed for a 20 day extension, which was provided and given to Lt. Joel East) should have waited, for the outcome of a trial or court determination of LVCO 22cv323, filed 12-12-2022 and these same issues were already in the court. Therefore the court held subject matter jurisdiction.

•  c.) Page 4 of 6, Line 3: This statement can easily be mistook and prejudical to me, because it implies, I may have threatened physical defense. Where in the recording, you can clearly see, I was speaking about defending myself, through appeals, grievances and the court.

•  d.) Page 4 of 6, Line 6: As my many appeals, grievances and court exhibits shows,

N'

I have never wanted to be in P.C., but it was a necessity, because of threats from both other prisoner and KDOC staff who refused to help me, right a wrong. I was put in seg. (I was told P.C.) by EAI involanterily. If the officials refused to return me back to general population, then I deserved and should have been given the treatment and amenities described and required by IMPP 20-108D. To deny me as and old disabled elder person whistle-blower is discrimination and cruel and unusual punishment.

e.) Page 4 of 6, Line 9: "DHO" failed to identify who DHA is? He was not on any witness list.

f.) Page 4 of 6, Line 14: This is a totally false statement and misrepresentation of the facts. I clearly expected to be provided the appeal form, when or upon their requirement, to sign for my knowledge of right to appeal. Or, at least from the unit team c.c. upon a finding of guilty by or from the hearing officer. It is my experience the unit team cc never (not even for this appeal) brings an appeal form with them, when they deliver the final disposition. This then eats into and often denies the prisoner his 15 days to appeal the DR to the S.O.C. pursuant to KAR 44-13-703(b)(c)

Page 5 of 6, Line 1: This statement by DHO Wyman has also now been proven to be false. Mr. Vandencek cc delivered this final disposition to me on Friday 1-12-2024 at approx. 3:00 P.M. But, didn't bring me an appeal form. I've sent a form 9 to both DHO Wyman and the to the Unit Team. I also asked Co Madewell as well as the Rotunda-call button officer, that I could use/need at least one more copy of the appeal for filing to the court and to make legal service to the S.O.C. for an Exhibit in Case No: LVCO 22 CV 323. Or else I'll need indigent legal copies ~~made~~ ~~(?)~~ which is preferable. I got no help on Friday or the following weekend.

Page 5 of 6, Line 4: This was in reference to my LVCO 22CV323, Exhibit "K" for appeal #2872 which was issued on 3-28-2023, but, I didn't receive the final S.O.C. appeal decision until 12-6-2023. (also (see: LVCO 22CV323, Exhibit "C") This was because the LCF staff wouldn't provide me the appeal form and I had to submitted the appeal numerous times, because it was returned back to me, because I hadn't used the appeal form that was being denied to me by the Unit Team c.c.

g.) Page 5 of 6, Lines 7,8: What I've repeatedly said and misquoted by DHO Wyman, was- that the officers chose to assault me instead of just getting me, or asking Mr. Vandencek CC/Unit Team for them, which I thought was going to happen. Pursuant to KAR 44-15-101(e) all these forms: form 9, grievances and appeals, witness forms etc., are suppose to be made readily available on

Page 8
(over)

the Unit (even seg.) in containers.

h.) Page 5 of 6, Line 9: The RO really didn't answer the question, which required merely a simple "Yes" or "No". What does a "long time" mean? My question was in reference to CO Snodon telling me, it was Lt. Perez, who told/ordered him to harass me, cuff me up in my cell, when I wasn't even leaving, hanging on my cell door, at night, every two hours, refuse to give me my evening food tray. I have submitted grievances on these issues, that the LCMHF Warden Easley have refused/failed to answer yet. So, when they returned back to me unanswered I sent the grievance to the SORC and LVCD 22cv 323 as Exhibits "L" and "M".

i.) Page 5 of 6, 2nd para, Line 7, 8: This again is a totally false and misrepresentation of the facts. (see: DR appeal # 23-1785) It had been decided at LCF and the LCMHF officer had been following the same, until Lt. Charles Perez. That because of my disability and need to use a cane to walk. I wasn't being held for disciplinary reasons, therefore they decided I need not be belted and cuffed with my hands behind my back. Because I couldn't walk or use my cane to walk. So, it would be OK to be cuffed, hands in front, when I left the cell. I've not been required to be cuffed up, while I sat on my bunk, in my cell and wasn't leaving. Most good officers at LCF never even cuffed me up, when I left the cell to go to the shower, But, then why would I need to be? I wasn't a security or disciplinary risk, I was suppose to be treated like general population prisoners of the same custody level per IMPP 20-108D.

j.) Page 5 of 6, 3rd para, Line 1: How and Why? Should I know some made-up, bogus unpublished, unposted and no prisoner notified, that hadn't been followed to my knowledge of 22 years experience of incarceration. I was put in seg. on 3-28-2022 and never had this issue come up until Lt. Perez. Before, that every seg. cell I was ever in were all one man cells. Even, when I was previously here at LCMHF in 2006, Isaac Ray, all the cells up to when I left in 2012 were all single man cells.

k.) Page 5 of 6, 3rd para, Line 4: I can not be responsible for what DHO Wyman thinks she heard. It seems to me because she is not impartial, she only hears what she wanted to hear. Or else, was simply trying to frustrate me hoping I'd misunderstand her question and remarks — I clearly remember telling her several times was that, I walked out of the conference room and stepped right outside the door, in front of the Unit Team, as Mr. Vanderacek CC watched. Waiting for the officers to get me the required appeal forms and

Page 9

"Q"

other forms/grievances etc. This is clearly what the following Line 5, shows.

L.) Page 6 of 6, Line 6: I did put in a form 9 for the viewing of the security camera submitted on 1-2-2024, but not answered or returned. I did not have, nor could not get a witness form. (not provided by DR serving officer. But (see: II, B.) Piggie r Mr. Bride above) Security camera recording is not a witness, it is documented evidence. DHO Wyman is wrong and violating due process. (KAR 44-13-101(g)) Thus, DHO Wyman does not follow the requirements for fact-finding and due process of prisoners in disciplinary hearings in prison.

**IV.**     DHO Wyman had no "valid" reason not to believe me; it was my word against AO Perez. He had no witnesses. The only reason that the DHO states, she didn't believe me was because of her prejudice of prisoners, and she was not impartial. At best, she had merely "some evidence", by the testimony by AO Perez.

    The "Preponderance of the Evidence" is that I was not given a fair hearing, by an impartial hearing officer, denied to present documented evidences through security camera and court Exhibits. The fact is that I was suppose to be held in administrative seg., in the adjunct program of Protective Custody, in a single man cell, for my protection, until the return to general population could be facilitated. IMPP 20-108D. That is the controlling KDOC policy and procedure, which comes from the S.O.S. not some unpublished made-up bully tactic.

    White has been denied a fair and legal hearing pursuant to: KAR 44-13-101(c)(1) "To receive a fair hearing by an impartial officer; (3) to present documentary evidence. (camera footage and court Exhibits) and Whites rights were violated by KAR 44-13-405a (a)(8) the need to reduce or prevent security hazards that could be presented in individual cases; (10) the need to prevent the creation of undue risk to personal (white) or facility safety; (11) the need to reduce the chances of seriously inflaming tension, frustration, ... in the relationship between inmates and facility personnel; (13) the need for the prompt, efficient, and effective resolution of the disciplinary case with accurate and complete fact-finding consistent with the level of process required by law for facility disciplinary cases.

        — IN Conclusion —
    I respectfully request the Secretary of Corrections dismiss
                                    - Page 10
                                        (over)

this (DA) disciplinary case No. 23-1809. (1) Remove all sanctions made against White by DHO Wyman, on the record and (2) return all money lost from sanctions on White's personal money account, as well of removal of all other sanctions, and (3) Order LCF, LCMHF as well as all other KDOC facilities to fully follow your directive set out under IMPP 20-108D "Protective Custody", to immediately start the Protective Custody program; and (4) that White #76983 be placed under Protective Custody, and classified as such, always in a single man cell until such time White is released from incarceration.     Thank You.

   Respectfully Submitted; Bobby White #76983

   Dated: 1-15-2024                     Pro Se.

Page 1 of 6, Attachment L, IMPP 11-119
Effective: 12-11-13

"Q"

## DISPOSITION AND HEARING RECORD

| INMATE NAME & NO: | **WHITE, BOBBY** | **#76983** | 12/27/2023 E Unit |

| FACILITY: | | CASE NO: | 23-1809 | HEARING DATE | 1/4/2024 |
| CHARGING | LCMHF | | | TIME | 1502 |
| HEARING | LCMHF | | | | |

| Violation | Class | Amended Violation | Amended Class | Plea | | | Finding | | |
|---|---|---|---|---|---|---|---|---|---|
| 304 | P | ___ | ___ | ☐ G ☑ N/G ☐ NC | | | ☑ G ☐ N/G ☐ DISM. | | |
| Reason: Preponderance of evidence | | | | | | | | | |
| ___ | ___ | ___ | ___ | ☐ G ☐ N/G ☐ NC | | | ☐ G ☐ N/G ☐ DISM. | | |
| Reason: ___ | | | | | | | | | |
| ___ | ___ | ___ | ___ | ☐ G ☐ N/G ☐ NC | | | ☐ G ☐ N/G ☐ DISM. | | |
| Reason: ___ | | | | | | | | | |
| ___ | ___ | ___ | ___ | ☐ G ☐ N/G ☐ NC | | | ☐ G ☐ N/G ☐ DISM. | | |
| Reason: ___ | | | | | | | | | |
| ___ | ___ | ___ | ___ | ☐ G ☐ N/G ☐ NC | | | ☐ G ☐ N/G ☐ DISM. | | |
| Reason: ___ | | | | | | | | | |

☑ Reporting Officer Sworn In / Affirmed          ☑ Testimony Read into the Record

**Staff Testimony / Cross Examination (Attach Testimony)**

☑ Inmate Sworn In / Affirmed

☐ Hearing held Inabsentia          Reason ___

Staff Assistant Assigned: ___

☐ Inmate Not Sworn In/Affirmed          Explain ___

___

___

**Inmate Testimony / Cross Examination (Attach Testimony)**

*Page 12*

INMATE NAME & NO:       WHITE, BOBBY      # 76983      CASE NO: 23-1809

☐ Witness(es) Sworn In / Affirmed  _____  _____

_____  _____

Witness(es) Testimony / Cross Examination (Attach Testimony)

Closing Statement(s):  (Attach Arguments)

If applicable include inmate's testimony / arguments on restitution

Sanction(s):  304 Class I - $5.00 Fine a/s , 5 Days LOGT

Reason for Sanctions:  nature of charges

Disposition of Evidence:  NA

☑ Inmate advised of right to Appeal,  Inmate Initial  B.W.

HEARING OFFICER SIGNATURE  CH Wyman       DATE  1/4/2024

FINAL ACTION BY FACILITY WARDEN:

☑ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING
☐ AMEND THE CHARGE
☐ DISAPPROVE / DISMISS
☐ REDUCE THE PENALTY
☐ SUSPEND ALL OR PART OF SENTENCE
☐ REMAND NEW HEARING
☐ CLARIFICATION OF RECORD

☐ REDUCE TO SUMMARY JUDGMENT
- restriction from privileges up to 10 days
- fine not to exceed $10.00
- extra work w/o incentive pay for no more  than 2 hrs/ day no more than 5 days
- work w/o incentive pay not to exceed 5 days
- restitution not less than $3.00 or more than $20.00

*Inmate Copy*

Comments:  _____       1-8-24

WARDEN/DESIGNEE SIGNATURE       DATE

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.

Bobby White  # 76983       1-12-2024

INMATE SIGNATURE       DATE

I served a copy of the Hearing Record

_____  _____
STAFF SIGNATURE       DATE

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.

Page 13

"0"

5 of 6

# DISPOSITION OF DISCIPLINARY CASE

| OFFENDER NAME & NO: | WHITE, BOBBY | 76983 | CASE NO: 23-1809 |
|---|---|---|---|

### Testimony:

Disciplinary hearing conducted on 1/4/2024    for the above offender charged with the following violation(s):

**304**

Explained charge(s), possible sanctions and the read the disciplinary report for the record.  The offender acknowledges he does understand charge(s) and possible sanctions for the offense(s).  The offender then entered a plea of:

☐ Guilty

☐ No Contest

Based on the perponderance of evidence within the written report and the offender's plea, I find the offender guilty for the charge(s) of:    **304**

Impose:

**304 Class I-$15.00 fine C/S, 5 days LOGT**

Hearing Officer Signature: _____    Date: ___1/4/2024___

Page 14

Page 2 of 6  Attachment L, IMPP 11-119

Effective 12-11-13

## Disposition of Disciplinary Case

| Offender Name & No. White, Bobby #76983 | Case No. 23-1809 |

### Testimony

*THIS DISPOSITION IS A SUMMARY ONLY OF EVENTS AND NOT A COMPLETE TRANSCRIPT*

1/4/2024/1502/E unit dayhall

PRESENT: DHO – CSI J. Wyman, RO – CSII Perez, RES – Bobby White #76983

RO/RES SWORN IN AND AFFIRMED

CHARGE: 44-12-304 Disboeying Orders, Class I

REPORT READ INTO RECORD

RES GAVE PLEA OF: Not Guilty

IMPP 11-119 ATTACHMENT I REVEIWED, INTIALED AND SIGNED BY RES.

No Witness Forms were submitted.

RES AFFORDED OPPORTUNITY TO PRESENT DEFENSE: RO Perez affirmed the DR is correct. Res requested to be able to talk without interruptions but did not allow DHO to answer the question. Res stated last DR hearing issues, and admitted Res was frustrated. Res stated he was defending himself due to officers attacking him. Res stated his problems with other facilities and other court cases and wanting to be P.C. here. Res states, "My defense is you people, no disrespect at your specifically, are doing exactly the same thing Lansing was doing, OK?" Res went on to speak about grievance filed at other facilities for cellmates he had had, not being on P.C. status, etc. Res brings up IMPPs and KSAs about why he is P.C. status. After 5 minutes, 15 seconds, DHO interrupted Res to bring him back to the DR and that particular situation. Res stated that at last DR hearing, DHA stated Res has a right to appeal and Res stated DHA wanted him to sign the form and Res refused to sign until he had his appeal paperwork in hand, to which DHA stated to get that from Unit Team. Res asked to see Unit Team Vondracek and was refused. Res stated that KAR states these form have to be available and no officer could help Res get a form. DHO offered to stated the process that happens once Disciplinary exits. Res stated he knows the process. Res wants the disposition page as soon as hearing is completed and that is not the process that LSCF does and Res argued that has not been his experience, he gets the form as soon as the hearing is completed.

*Page 15*





DHO stated he will get the form from Unit Team once the Warden approves the sanctions. Res stated he filed a grievance against this LSCF process. Res stated that Vondracek did not bring an appeal form when he brought down the disposition page and Res says a grievance is filed on that too. Res stated he had taken 9 months to appeal one. DHO brought Res back to the DR in question. Res stated that they stood outside the conference room door for quite a while and Res assumed he was going to get an appeal form. DHA then comes and says "get him out of here and they all assaulted me, OK? with excessive force…" Res stated officers chose to assault him instead of just taking him to his room. Res states DHO doesn't follow the process. Res asked RO if he asked an officer to torture him and RO said he hadn't spoken to this officer in a long time. Res stated he was refused food this night, officers banged on his door every couple of hours all night because RO told the officers to do so.

DHO brought Res back to this DR. Res complained that DHO is not allowing him to talk about his defense. DHO stated that his defense for THIS DR and THIS DR only would be accepted. Res stated ,"My defense is, you guys are harassing me, in violation of Kansas statute for mistreatment of elders." "That's my defense." DHO states that once you become a ward of the Department of Corrections, you need to abide by DOC policies and procedures. Res stated ADA trumps everything, brought that up in court before, grieved all of these. Discrimination and ADA needs to be posted. Res stated he is not to be cuffed up and there are no posted signage about being cuffed up when coming out of his room. Res went on about losing family members so give me as many DRs as you want since Res has done nothing wrong. He wants us to continue to abuse him because he will continue to grieve it. DHO asked RO to explain specifics of location of when and where things happened. DHO asked how long was Res at the conference room door as Res states he was there for quite a while. RO stated he was not there for quite a while, Res stopped, RO gave a few orders to keep moving and that is how long he was there. RO put Res in an escorting technique and took Res to his room. Res interrupted RO and stated "they took me to my cell and slammed my head against the wall and left me on the floor." Res stated he does not care anymore because he has been assaulted so many time. When DHO asked Res why did he not walk when they asked him to walk, Res stated he wanted those forms. DHO asked why he could not wait until later to get the forms. Res stated that they never bring the forms so he wanted them now. Res stated officers do not follow their own policies and procedures. Res stated that LSCF does not follow any rules that we have made. RO asked Res if he was not told about getting with legal about changing some policy. Res stated he has grieved this over and over. RO states the segregation policy and Res stated that he has never seen this policy and went on to talk about another facility and their policies. DHO brings the Res back to this DR.

DHO asked if he has a 5 digit number that if Res has been to segregation, he should know the policies. Res complains about LSCF policies. DHO asked why Res could not walk back to his cell from the conference room. Res stated that he could, he did, many times. But not this day because they assaulted me. DHO stated she heard the Res stated that "I did" walk from the conference room to his cell door. Res stated he did not this time because he wanted to wait until they got me the form. DHO asked how come he could not just go to his cell and wait for the officer or unit

6 of 6

team to bring down the form. Res stated that no one gives it to him. Res stated policy again about how these forms are supposed to be readily available. Res stated there was no reason that he should not have been given a form. "It was their attitude that was off, not mine, OK?" DHO asked, "So you are saying that out of the blue, these officers just came in, picked you up and hauled you off to your room?" Res stated, "YES!" DHO stated that if the Res truly believed that, he should have put in a witness form for Disciplinary to watch the cameras, which Res did not do, so DHO believes that did not happen as Res describes. Res stated this is "all BS". Res requested a Central Monitoring form against Perez, East, Gensheer, Vondracek. DHO told him who to talk to about this. Res stated that he wants moved to a different facility. DHO stated that is done through Unit team. Res is not happy with anything that transpired today.

FINDING: Due to preponderance of evidence (inmate did not ask for cameras to be watched, he admitted he did not walk to his room) the Res is found Guilty

SANCTIONS: $15.00 fine C/S, 5 days LOGT

RES WAS INFORMED OF HIS RIGHT TO APPPEAL AND IMPP 11-119 ATTACHMENT L WAS INITIALED ACCORDINGLY.

PROCEEDINGS CONCLUDED.

**DISCIPLINARY REPORT**

Attachment B, IMPP# 11-119
Effective: 12-11-13

Larned Correctional Mental Health Facility

| Case No. 23 1809 | Date of Alleged Violation: 12/27/2023 | Time: 1452 | ☐ A.M. ☒ P.M. |
|---|---|---|---|
| Date This Report Written: 12/27/2023 | | Time: 1600 | ☐ A.M. ☒ P.M. |

| Name of Inmate: | **WHITE** | **Bobby** | MI | No.: 76983 |
|---|---|---|---|---|
| | LAST | FIRST | | Cell No.: E37 |
| Duty Assignment: | D/S | | | |

**Alleged Violation of Law or Rule** *(Identify by Code No., Short Title, and Class)*  44-12-304 Disobeying Orders, Class I Offense

**FACTS:** On 12/27/2023 at approx. 1452hrs I CSII Perez was on E-unit for a Disciplinary Hearing for inmate White, Bobby #76983. When the hearing was completed inmate White refused to comply with staff to be escorted his cell E-37. Inmate White was given multiple direct orders to walk with staff to his cell which he refused. When COI Gensheer and COI Madewell began to escort inmate White to his cell, inmate white attempted to sit down. I CSII Perez secured inmate Whites left arm and COII Gensheer secured the right arm in an alternate escort technique. While escorting inmate White picked up his feet forcing us to carry him to his cell. Inmate White was placed on the ground outside the door of his cell, the door was opened COI Gensheer and I escorted inmate White into the cell and placed him on his bunk. Inmate White attempted to walk out of the cell, which I secured him against the wall an instructed him to not move until I exited the cell. As I backed out of the cell inmate White attempted to push out of the cell wedging himself between the door frame, with an open palm I pushed inmate White back into his cell where he fell to the ground and the door was secured. At approx. 1505hrs Inmate White, Bobby #76983 was assessed by RN Romine, Ashley in cell E-37. Inmate White refuse to speak with RN Romine, no injuries were noted.

*(Attach Additional Sheet(s) if necessary)*

| Staff Witness: | | Shift | Days Off | *Charles Perez, CSII* (Signature) | K0000218835 Employee ID # |
|---|---|---|---|---|---|

Perez, Charles CSII                        Shift / Days Off:        Fri / Sat

Printed Name and Title of Employee Writing Report

Approved by: (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify, or state) under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct.*

Executed on   12/27/2023                        Signature   *Charles Perez*

| I received a copy of this report on | 12/27/2023 | , | | |
|---|---|---|---|---|
| | Date | | Time | (Inmate Signature & No.) |

| I served a copy of this report on | 12/27/2023 | , | | |
|---|---|---|---|---|
| | Date | | Time | (Signature of Officer & Title) |

*Technical and clerical errors in the writing and/or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.*

*Page 18*

Page 1 of 2, Attachment A, IMPP 01-118D
Effective 12-21-21

Exhibit "O"
LV802201323

## PROPERTY DAMAGE/LOSS OR PERSONAL INJURY CLAIM FORM

| Section I |
| --- |

| | |
| --- | --- |
| Filed **AT** Facility No.: | Facility Initials: _L CmHF_ |
| Filed **AGAINST** Facility No.: | Facility Initials: _LCmHF_ |

(Refer to PLC coding manual for facility no. & initials)

Name of Claimant (Last, First, MI):         KDOC Number 76983

**White, Bobby, B.**

Type of Claim (circle one):    Lost Property    Damaged Property    (Injury)

Amount of Claim: $10,000    Date of Loss Damage, or Injury (MO/DAY/YR): 12-27-2023

Where Loss, Damage, or Injury Occurred:    IN Front of Unit Team office

If occurred in cellhouse, enter cellhouse/room number: E-Cellhouse -Hallway & cell E-37

Otherwise, circle one of the following:

| | | |
| --- | --- | --- |
| | Mailroom | R&D | Central Property |
| | Laundry | Gym | Dining Room |
| | (Other Location) | | |

NATURE OF CLAIM (Set forth detailed facts, including date of loss, damage or injury, how it occurred, place of occurrence, how you claim institution or employee was negligent, and amount of the claim.): On 12-27-2023 at approx. 3:00 P.M. officers Lt Jud East, Lt. Charles Perez, Co Crenshaw and Co Madewell, while Mr. Vanderacek CC watched from his office refused White necessary forms, attacked White with excessive unnecessary force, carried him, while cuffed and belt bound to cell E-37, slammed White's head into the cell wall and left him cuffed and belted on the floor. This was nothing other than excessive unnecessary force, whereas cause White head trauma and mental anguish and physical pain. This while White was suppose to be held in Protective Custody against KDOC officers, IMPP 20-108D with all treatment and amenities as general population.

I am aware that presenting a false claim may result in penalties (under K.S.A. 75-7501 et seq., K.A.R. 44-12-101 et seq., etc.), and I declare (or verify, certify or state) that the foregoing is true and correct to the best of my knowledge, understanding, and belief. See op pad 6A-23-1809

Claimant Signature: _Bobby White_    #76983    Date: 1-14-2024

| | | |
| --- | --- | --- |
| Received from Resident/Claimant: | Date: | Time: |
| UT Name (print): | UT Signature: | Claimant Initials: B.W. |

| Section II |
| --- |

Received by Warden/Superintendent on (MO/DAY/YR):    Facility Log No. Assigned:

Inquiry Report:

| | | |
| --- | --- | --- |
| Date (MO/DAY/YR): | Investigator Name (print): | UT Member or Investigator Signature: |

| Section III |
| --- |

Page 19

Warden/Superintendent's Findings:

Warden/Superintendent's Recommendation:    01-Approved for same amount
    (circle one)                                                02-Approved for lesser amount of _____
                                                                          03-Disapproved
                                                                          04-Claim Withdrawn

Date (MO/DAY/YR):                              | Signature - Warden/Superintendent or Designee

**Section IV**

Date Received by Central Office (MO/DAY/YR):

Secretary's Response:

Secretary's Recommendation:    01-Approved for same amount
    (circle one)                      02-Approved for lesser amount of _____
                                          03-Disapproved
                                          04-Claim Withdrawn
                                          10-Held pending submission of supplemental data

Date (MO/DAY/YR):                              | Signature - Secretary or Designee

**Section V**

Offer of Settlement (STAFF USE ONLY):

_____

_____

**CLAIMANT MUST COMPLETE THE FOLLOWING IF PAYMENT IS TO BE AWARDED**

I agree to accept the above offer as full and final settlement of this claim against the State of Kansas and any individual, employee or agent thereof, and I waive any claims against the State, its agencies or employees arising out of this incident.

Date:              | Claimant Signature:                    | Social Security No.:

**NOTE:** This claim cannot be processed and paid by the Division of Accounts and Reports unless the claimant has disclosed his/her social security number.  Any payments to resident claimants is to be in the form of credits to resident trust fund accounts.

                                   Action by Accounts & Reports:  Paid _____    Not Paid _____