## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BOBBY BRUCE WHITE,**

      **Plaintiff,**

      **v.**                             **CASE NO.  24-3023-JWL**

**ANDREW PARKS, et al.,**

      **Defendants.**


## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Bobby Bruce White is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Larned State Correctional Facility in Larned, Kansas ("LSCF").  The Court granted Plaintiff leave to proceed in forma pauperis.

Although Plaintiff's Complaint is on a court-approved form, he attaches additional pages and exhibits consisting of over 170 pages.  Plaintiff mentions various claims throughout his Complaint, including:  physical assault and retaliation by Lansing Correctional Facility ("LCF") officers and inmates; being expelled from KDOC rehabilitation/BIBR[1] programs due to Plaintiff's religious beliefs; receiving false disciplinary reports in retaliation for filing grievances; being denied protective custody at LCF and being forced to sign a protective custody

---

[1]  BIBR appears to stand for Brothers in Blue Reentry.  *See* Doc. 1–4, at 4.

waiver; failure to protect him at LCF by placing other prisoners that were disciplinary placements in the cell with Plaintiff; LCF officials refused to help Plaintiff or to get him medical care when another inmate strangled Plaintiff; LCF officials continued to place violent prisoners in a cell with Plaintiff; after his transfer to LSCF, Plaintiff was denied protective custody and any actual protection; Defendant Perez harassed Plaintiff and slammed Plaintiff's head against the cell wall at LSCF; Defendant Perez wrote false disciplinary reports against Plaintiff at LSCF; the KDOC has failed to timely investigate Plaintiff's claims or to allow Plaintiff to file attempted murder/assault and battery charges against the inmate that strangled Plaintiff; Plaintiff has been denied his constitutional rights to protection of an elder person, age discrimination, medical and humane treatment, and freedom from cruel and unusual punishment; Plaintiff's property and money (excessive fines) were taken without due process of law; Plaintiff was denied due process and the redress of grievances; Plaintiff has been discriminated against based on his religious beliefs; Plaintiff was denied freedom of speech; LCF officials failed to provide prisoners with an environment free from drugs, tobacco, alcohol, and smoke; and Plaintiff was held in atypical and inhumane conditions at LCF without day room, yard, clothes, hygiene, access to exercise, medical care, and was subjected to torture by the constant loud bombardment of radio noise into his cell. (Doc. 1, at 2–6.)

Plaintiff names as defendants:  Andrew Parks, Unit Team Manager at LCF; Evan Meredith, Unit Team Supervisor at LCF; Bruce Chapman, Corrections Supervisor at LCF; and Charles Perez, Segregation Lieutenant at LSCF.  Plaintiff's request for relief seeks: 1) court costs related to this case and Leavenworth County Case Nos. 20CV243 and 22CV323; 2) lost money value related to lost state pay, money sanctions from DRs, lost property values, etc.; 3) removal of all DR sanctions on Plaintiff's record and a full one program credit of the BIBR/KDOC

program recorded as successfully completed by Plaintiff; 4) compensatory damages in the amount of $50,000 each from Defendants Parks, Meredith, and Chapman; compensatory damages in the amount of $10,000 from Defendant Perez; and 6) any attorney's fees paid, if applicable, and any other award the court/jury may find to be right and reasonable.  (Doc. 1, at 9.)

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Court will grant Plaintiff an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and cures the deficiencies in his current Complaint noted below.  In submitting an amended complaint, Plaintiff should consider the following rules and deficiencies.

### 1.  Rule 8

Although Plaintiff's Complaint is on a court-approved form, he attaches additional sheets and exhibits consisting of over 170 pages.  In filing an amended complaint, Plaintiff must use the court-approved form and comply with Fed. R. Civ. P. 8's pleading standards.  Plaintiff must use the form by setting forth each count of his amended complaint on the form.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's Complaint fails to comply with this rule.  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

### 2.  Rules 18 and 20

Plaintiff has set forth unrelated claims in his Complaint, including claims against staff in different facilities, religious discrimination claims, and claims relating to his housing, medical

care, disciplinary proceedings, program credits, and property.  Plaintiff must follow Rules 20 and

18 of the Federal Rules of Civil Procedure when filing an amended complaint.  Rule 20 governs

permissive joinder of parties and pertinently provides:

> (2) ***Defendants***.  Persons . . . may be joined in one action as defendants if:
>    (A) any right to relief is asserted against them jointly, severally, or in the
>    alternative with respect to or arising out of the same transaction,
>    occurrence, or series of transactions or occurrences; and
>    (B) any question of law or fact common to all defendants will arise in the
>    action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party

asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R.

Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules

do not contemplate joinder of different actions against different parties which present entirely

different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210,

1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in

*George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against

different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against

Defendant 1 should not be joined with unrelated Claim B against Defendant 2."); *see also Gillon

v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where

amended complaint combined separate and unrelated claims, many of them arising out of

different alleged incidents against multiple defendants, court rejected plaintiff's argument that

his claims were related because they all allege constitutional violations relating to his

overarching allegation of retaliation by prison officials).

   Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and

claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."

*George*, 507 F.3d at 607.  It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act.  *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant.  Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact.  He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim.  Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).  In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences.  Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

### 3.  Due Process Claim

#### A.  Liberty

The Due Process Clause protects against "deprivations of life, liberty, or property; and

those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or policies." *Id.* (citing *Vitek v. Jones*, 445 U.S. 480, 493–94 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution); *Wolff v. McDonnell*, 418 U.S. 539, 556–58 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)).

Liberty interests which are protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification")).

The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221–22 (citing *Meachum*, 427 U.S. at 225 (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). "Changing an inmate's prison classification . . . ordinarily does

not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)).  Plaintiff has not alleged that his assignment imposed any atypical and significant hardship in relation to the ordinary incidents of prison life.  *Cf. Wilkinson*, 545 U.S. at 223–24 (finding atypical and significant hardship in assignment to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration).

Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility.  *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007).  Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility.  *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

### B.  Property

Plaintiff's Complaint includes property claims.  Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy.  A due process claim will arise only if there is no such procedure or it is inadequate.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy.  *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas

county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable.

### 4. Disciplinary Proceedings

Section 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction but also when he challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648.

Challenges to prison disciplinary proceedings must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits."); *see also Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004) (inmates were entitled to habeas relief on grounds that revocation of their earned credits resulting from unsupported disciplinary convictions violated due process), *superseded by statute*

*on other grounds as stated in Magar v. Parker*, 490 F.3d 816, 818–19 (10th Cir. 2007).  Plaintiff may not challenge prison disciplinary actions and the loss of good time in this civil rights action, but may only do so by filing a petition for writ of habeas corpus.

To the extent Plaintiff seeks to have his disciplinary record expunged, such a claim must be brought as a petition for habeas corpus under 28 U.S.C. § 2241.  *See Buhl v. Hood*, 81 F. App'x 273, 274 (10th Cir. 2003) (unpublished) (citing *see, e.g., Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002) (construing § 2254 habeas corpus action challenging prison disciplinary proceeding as action brought under § 2241); *Easter v. Saffle,* 51 Fed. Appx. 286, 288–89 (10th Cir. 2002) (noting that where claims necessarily imply invalidity of punishment imposed by disciplinary proceeding, they cannot be brought under § 1983) (unpublished); *Caserta v. Kaiser,* No. 00–6108, 2000 WL 1616248, at *2 (10th Cir. Oct. 30, 2000) (noting that determination of "issues concerning prison disciplinary proceedings," are properly brought under § 2241) (unpublished); *Blum v. Fed. Bureau of Prisons,* No. 98–1055, 1999 WL 638232, at *1 (10th Cir. Aug. 23, 1999) (recognizing federal prisoner's challenge to disciplinary proceeding brought under 28 U.S.C. § 2241) (unpublished); *Reed v. Smith,* No. 97–6341, 1999 WL 345492, at **1–2 (10th Cir. June 1, 1999) (challenge to federal prison disciplinary proceeding not cognizable in *Bivens* action, but rather belongs under habeas corpus) (unpublished); *Brown v. Smith,* 828 F.2d 1493, 1494–95 (10th Cir. 1987) (construing civil rights complaint as also invoking § 2241 jurisdiction where prisoner challenged disciplinary proceedings)).

**5.  Retaliation**

"[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a

different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.

1990) (citations omitted).  The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

However, an "inmate claiming retaliation must allege *specific facts* showing retaliation

because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252,

1264 (10th Cir. 2006) (quotations and citations omitted).  Thus, for this type of claim, "it is

imperative that plaintiff's pleading be factual and not conclusory.  Mere allegations of

constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir.

1990).  "To prevail, a prisoner must show that the challenged actions would not have occurred

'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001)

(citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d

1140, 1144 (10th Cir. 1998)).

### 6. Grievances

Plaintiff acknowledges that a grievance procedure is in place and that he used it.  Any

claim relating to Plaintiff's dissatisfaction with responses to his grievances is subject to

dismissal.  The Tenth Circuit has held several times that there is no constitutional right to an

administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at

*6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521,

523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also*

*Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").  Any claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3023-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the

amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to comply with the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 22, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 22, 2024**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 22, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**