Bobby Bruce White #76983
Name

Larned State Correctional Facility

1318 KS, Highway 264

Larned, KS. 67550-9304
Address

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Bobby Bruce White, Plantiff
*(Full Name)*

CASE NO. 24-3023-JWL
(To be supplied by the Clerk)

V.

Spillman, Parks, Meredith, Defendant(s)
and Chapman,

AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

### A. JURISDICTION

1) Bobby Bruce White #76983, is a citizen of Kansas
   *(Plaintiff)*                                    *(State)*

   who presently resides at Larned State Correctional Facility; 1318 KS,
   *(Mailing address or place*
   Highway 264, Larned, Ks, 67550-9304
   *of confinement.)*

2) Defendant Gary Spillman is a citizen of
   *(Name of first defendant)*

   Lansing, Kansas, and is employed as
   *(City, State)*

   BIBR Staff Counselor/Lansing Correctional Facility At the time the
   *(Position and title, if any)*

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes ☒  No ☐. If your answer is "Yes", briefly explain:

   Mr. Spillman is the (KDOC/BIBR) Kansas Department of Corrections/

   Brothers in Blue ReEntry program counselor for State prisoners.

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983                     1

3) Defendant __Mr. Andrew Parks__ is a citizen of
(Name of second defendant)

__Lansing/Leavenworth?, Kansas__, and is employed as
(City, state)

__Unit Team Manager, Lansing Correctional Facility__. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes ☒ No ☐ . If your answer is "Yes", briefly explain:
As manager of the restrictive housing units, Pods A2 and A4. Mr. Parks is responsible for the prisoner housing assignment of cell placement, appropriate for their individual housing needs, security relative to their punishment, or safety, protective custody needs.

(Use the back of this page to furnish the above information for additional defendants.)
— 3rd and 4th Defendants listed on back page 2A (see above) —

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)
USCS 42 §1985, §1986; ELDER ABUSE 115 A.L. 70, and 18 U.S.C.S. §242
18 USC-S §1513, 34 U.S.C.S. §12291 (14)(A)(B); (24)(L); (46); (47), (51-(13)(A)(C)
same as it is under section 3789d of title 42 U.S.C.); USCS 18 §241 §242,

## B. NATURE OF THE CASE

1) Briefly state the background of your case: Time = Between = 10-5-2022 - submitted grievance #AA202356 / 10-23-2023 - transferred to Larned.
White was forced into the position of a "Whistle Blower" regarding the blatant illegal drug, alcohol, tobacco and (ETS) environmental smoke problem at Lansing Correctional Facility (LCF), after White could get no help to stop the unchecked problem from LCF officials. White was retaliated against in violation of his religious belief and expelled without valid reason from prison rehabilitation /ReEntry program in violation of his federal and Constitutional right, because he accessed the court. White was denied actual protective custody status from threats by staff and other prisoners. Yet White was held in seg./ restrictive housing in "Atypical conditions of incarceration for 209 days, without any due process or reviews. Then White was allowed to be strangled (attempt murder in violation of 18 U.S.C.S §1513)(and Kansas Whistle Blower Act); by Jeremey Garza, because the seg. Unit Team/officers kept putting the people; White was asking protection, into the same cell with White. White alleges this was a failure to protect and to coerce and terrorize, extort, White into signing a PC waiver. White's physical injury and mental suffering were sufficiently serious for White to be transferred by ambulance to KU Hospital on 7-12-2023. Mistreatment of and Elder person (ELDER ABUSE)

2

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

(continued from Page 2)        (3rd Defendant)

4.) Defendant <u>Evan Meredith</u>, is a citizen of <u>Lansing/Leavenworth?</u> <u>Kansas</u>, and is employed as <u>Unit Team Supervisor, Lansing Correctional Facility</u>. At the time the claims alleged in this complaint arose was this defendant acting under color of state law? [X] Yes. If your answer is "Yes", briefly explain: Mr. Meredith c.c. was the Unit correctional counselor (KDOC) who was assigned to my personal case, while White was being held in Units A2 and A4 / restrictive housing from 3-28-2023 to 10-23-2023 at LCF.

(4th Defendant)

5.) Defendant <u>Bruce Chapman</u>, is a citizen of <u>Lansing/Leavenworth?</u> <u>Kansas</u>, and is employed as <u>Unit Corrections Supervisor I</u>. At the time the claims alleged in this complaint arose was this defendant acting under color of state law? [X] Yes. If your answer is "Yes", briefly explain: Officer Chapman was the Security Unit Officer in charge of A2/A4 restrictive housing unit on the morning/day shift in which White was being held and at the time that White was strangled by Mr. Garza on 7-12-2023.

(FYI - if required)
~(see: Page 5) Additional "Whistle-Blower" Attempt seeking administrative relief
A.) S.O.C. - Jeff Zmuda - "Emergency Grievance" mailed direct 5-5-2023, replied from Brett Peterson on 5-31-2023 - (No relief given)
B.) State ADA Coordinator % Kansas Department of Children and Families, on 5-15-2023 (No reply back)
C.) Leavenworth County Dist. Court; Leavenworth Co. Dist. Attorney; S.O.C. Jeff Zmuda, LCF Warden Geither; LCF Civil Rights Manager - Marcelle Chmidling; Kansas Governor Laura Kelly; KAKE-TV (ABC News) Wichita, Ks on 6-9-2023 (Copy of submitted Emergency Grievance) (no relief or help.)
D.) LCF Warden and EAI - Event Statement report and "Emergency Grievance" (regarding attack by Mr. Garza) submitted 7-14-2023; (No relief or help)
E.) Grievance #AA2024081 submitted 9-1-2023, resubmitted on 10-1-2023 Appealed to S.O.C. on 2-29-2024 (No response or relief offered)
F.) 2nd Letter to Kansas Governor Kelly, Leavenworth County Dist. Attorney, and Shawnee Co. Sheriff 9-21-2023 (No relief or response)    Page 2A

C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Mr. Spillman on 10-5-2022 violated White's 1st Amendment Establishment Clause, right to free exercise of religion, speech, due process and equal treatment of the laws; then, on 3-27-2023 Mr. Spillman retaliated against White's right to access the courts, a constitutionally protected activity, 14th Amendment violation.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

(a.) On 10-5-2022 White submitted grievance #AA2023056, when Mr. Spillman without any form of due process took White out of the participation of the KDOC/BIBA Group 65, after White had successfully completed a 3rd of the program. White had not violated any rules, regulations, nor did White receive any disciplinary reports. White could not condone, nor agree for religious teachings reason, the consensus of the other members of Group 65, during a group discussion, in the drug prevention class - "Enough Already". Regarding the legalization of the manufacturing, use and selling / giving drugs even to our children. (continued on Page 3A)

B) (1) Count II: Mr. Parks UTM violated White's 8th Amendment right to be free from cruel and unusual punishment, denied White immediate medical care on 7-12-2023 and violated White's federal statutory rights as an elder person/victim/whistle-blower through failure to protect and retaliation between 3-28 and 10-23-2023; USCS 34§ 12291(4)(A)(B), 18 §1513(b)(d)(e)(f). 14th Amendment violation.

(2) Supporting Facts: A.) White was denied protective custody status on 3-28-2023 (pursuant to IMPP 20-108A). Yet, White was placed in restrictive housing by Mr. Parks UTM, under "Atypical" conditions of confinement for 209 days at LCF, without any due process or personal reviews, with then an additional 95 days hold at LSCF, for a total of 304 days. At LCF, Mr. Parks UTM denied White yard, day room, personal property, shower shoes, tooth brush, legal papers and legal reference material, even while White (continued on Page 3A & 3B)

3

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

continued C. 1), A), (2)     Count I

(b.) 11-2-2022 White at meeting with BIBR staff, Mr. Hughes, Mr. Johnson, and Mr. Spillman. They were angry because I submitted a grievance and preparing to file a K.S.A. 60-1501 Habeas Corpus in the Leavenworth Co. Dist. Court. Mr. Hughes at that time threatened to kick White out of the program and Pod B5. White documented that meeting by form 9 to the B5 Unit Team on 11-2/11-3-2022. (Reply Lateky UTM on 12-8-2022)

(c.) 12-12-2022 White filed a Habeas Corpus LVCO 2022 CV 323 and on 12-13-2022 a response was received on grievance #AA2023056 - Appeal to S.O.C.

(d.) 3-28-2023 Mr. Spillman permanently took White out of the BIBR program and out of Pod B5. This was in direct opposition to the Unit Team, Warden and S.O.C. grievance response, in which they all agreed, White would be placed in the next held group session. (Not per grievance resolution response by S.O.C.)

(e.) 4-24-2023 Hearing Officer Leichliter told White that Mr. Spillman had told him, that Mr. Spillman kicked White out of BIBR because White submitted a grievance and filed legal action in the court. This has been repeatedly documented in grievances submitted on 4-25-2023, Re-submitted to Warden on 5-7-2023 and then Re-submitted on Appeal to S.O.C., by U.S. Mail, on 5-25-2023, through legal service/filing in LVCD 2022 CV 323. Then returned on Appeal to S.O.C. on 7-28-2023, citing, since it was now in court: LVCD 2022 CV 323; It would be addressed by the KDOC legal office. (Therefore no administrative process or relief available.)

(f.) This was a part of White's "Whistle Blower" attempt to get the blatant, unchecked, illegal, drug, alcohol, tobacco, and environmental smoke (ETS) and threats problems caused by drug users/dealers at (LCF) Lansing Correctional Facility stopped. (No help by KDOC/LCF officials)


continued C. 1), B), (2)     Count II

(A)(continued) was self-represented/Pro Se in Case No: LVCO 2022 CV 323. White was denied clothing and made to wear the same jumpsuit for 209 days, denied the use of the handi-cap shower and demanded repeatedly to be cuffed up with with my hands behind my back, even though I could not walk or use my cane. This when I had done nothing wrong. White was repeatedly tortured by violent prisoners, put in with him, and by loud radio noise being blasted into the cell by other prisoners, at all times of the day and night. White repeatedly complained through "Emergency Grievances", but White could get "no" help.

Page 3A

continued: (. B)(2)           Count II

(B) Mr. Parks UTM kept putting White in danger by putting disciplinary drug user/dealers in the same cell with me, even individuals White was requesting protection from. White personally confronted Mr. Parks about this on 6-12-2023 and I requested to see the captain. Mr. Parks told White, he was responsible and the only captain, I would ever see. That, if I wanted out of seg., I had to sign a PC waiver. This was also, recorded through form 9's from: Warden LCF on 5-22-2023, Captain Howlett on 5-25-2023, Mr. Meredith CC on: 7-15, 7-18-2023 and several submitted grievances.

(C.) On 7-12-2023 White was then physically assaulted/battered/Attempted Murder by strangulation in violation of 18 U.S.C.S. §1513(a)(i)(A), by prisoner Jeremey Garza, who had been placed in the cell with White. Mr. Garza told White, he was a convicted drug dealer/user, BIBR member, who was in segregation for checking out his last cell mate.

(D.) After the Assault on 7-12-2023 White was taken to see Mr. Parks UTM, who decided to move White, back to general population. When White requested medical help, Mr. Parks refused. When White was finally over 2 hours later, able to get medical help for his injuries, at the LCF Clinic; they found them to be sufficiently serious for the need for White to be transported by ambulance to KU Hospital.

(E.) Yet, when White was returned back to LCF from the Hospital, White was not placed back in general population. But, put back in the same seg. cell, under Mr. Parks UTM. Mr. Parks then continued with the same Atypical conditions of confinement as before. On 10-23-2023, White was transferred (I was told for my protection) from LCF to LSCF.

continued: (. C)(2)      Count III

(B) continued: custody conditions of confinement.

(C.) White did sign the waiver, but also, added after the signature, "Under Duress", "being attacked by cell mate"; (or something to that effect.) White also, told both Mr. Meredith CC and OIC Chapman that he needed to see medical because of the injuries. But, both refused and said I had to see Mr. Parks first.

(D.) After White, gave the signed waiver to Mr. Meredith CC, he left the cell area, and OIC Chapman took both me and Mr. Garza, to separate holding cells. About an hour later, OIC Chapman took White to see Mr. Parks UTM. (Then see Count II above).

Page 3B

C) (1) Count III: _Mr. Meredith CC and O1C Chapman violated White's 8th Amendment right to be free from cruel and unusual punishment and then denied White immediate medical care for throat and neck injuries, from strangulation, when prisoner Jeremey Garza attacked White on 7-12-2023 at LCF. 14th Amendment violation._

(2) Supporting Facts: (A) _On 7-12-2023, answering White's call for help, after receiving neck and throat injuries from being strangled/Attempted Murder by Jeremey Garza, both Mr. Meredith and O1C Chapman refused to help White and separate White from Garza until White agreed to sign a PC waiver._

(B.) _White in desperation and fear for his life, agreed to sign the LCF/KDOC PC waiver, even though White was not being held under PC_ (continued on bottom of Page 3B)

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☒ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

   Plaintiffs: _Bobby Bruce White #76983_

   Defendants: _KDOC/S.O.C. Jeff Zmudu ; BIBR/Gary Spillman et.al._

   b) Name of court and docket number _District Court of Leavenworth County, Kansas ; Case No: 2022 CV 323    Habeas Corpus (K.S.A. 60-1501)_

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _This case is still pending. On 2-15-2024 Judge Clinton Lee, ordered a change of venue to Pawnee County District Court._

   d) Issues raised _(1) Retaliation and Reprisal because of invoking the grievance process and accessing the court ; (2) Failure to protect ; (3) Elder Abuse, (4) Extortion of signature ; (5) Atypical conditions of confinement, (6) Attempted Murder victim by strangulation. (cruel and unusual punishment)_

4

e) Approximate date of filing lawsuit _12-12-2022_

f) Approximate date of disposition _Unknown, because of venue change. Kansas Dist. Court still has not served the writ it granted White to the defendents._

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.
COUNT I: Grievance Appeals to S.O.C. #AA2023056 (10-5-2022) and #N/A (not Assigned)(4-25-2023) - [see: C(2)(d)(e)(Page 3A) for results for no relief given]
COUNT II & III: Grievances Issues submitted, resubmitted and resubmittal (failure to protect- Barza attack - no medical etc.) because of no response by LCF Unit Team and Warden. Appeals direct to S.O.C. Jeff Zmudu, by legal service LVCO 2022 CV323 on (7-14, 8-23, 8-30, 9-30-2023); 5-1-2023; #AA2024082 and (9-1, 10-1-2023) Property loss claim made on 1-29-2024 and personal injury claim on 10-9-2023, No Answers or relief available. [See: Whistle-Blower correspondence listed on Page 2A]
[If required.]

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: From a jury demand : for

(A) Count I: $1.00 Nominal; with Prospective injunctive relief per: 18 U.S.C. § 3626(h) That: "The Kansas Parole Board will not deny White parole on or after 3-27-2027 because of lack of program credits and during the time, found by the court, of a violation by the KDOC/State of Kansas/Mr. Spillman of White's Constitutional rights."

(B) Count II: $1.00 Nominal; and $50,000 Compensatory (pain and suffering); and $25,000 punitive damages (retaliation, mistreatment of elder person, whistle-blower, victim) § 1513 and § 1291 by Mr. Parks and 18 U.S.C. § 242, 115 P.L. 70

(C) Count III: $1.00 Nominal; and $15,000 Compensatory and $10,000 punitive (Mr. Meredith and OIC Chapman each - and + individually) 18 U.S.C. § 242, 115 P.L. 70

(D) All up to legal limits allowed by law, and any other award the court finds proper.

_____          _Bobby Bruce White #76983_
Signature of Attorney (if any)          Signature of Plaintiff _Pro Se_

Bobby Bruce White #76983
Larned State Correctional Facility
1318 KS, Highway 264
Larned, Kansas 67550

_____
(Attorney's full address and telephone number)

5

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983