Bobby Bruce White #76983
Name
Larned State Correctional Facility

1318 KS. Highway 264
Larned, Kansas 67550
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Bobby Bruce White _____, Plaintiff
(Full Name)

V.

Spillman, Parks, _____, Defendant (s)

Meredith & Chapman _____

CASE NO. **24-3023-JWL**
(To be supplied by the Clerk)

SECOND AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Bobby Bruce White #76983 , is a citizen of Kansas
   (Plaintiff)                                    (State)

   who presently resides at Larned State Correctional Facility; 1318 KS,
                                        (Mailing address or place
   Highway 264; Larned, Kansas 67550· .
   of confinement.)

2) Defendant Gary Spillman                                   is a citizen of
             (Name of first defendant)

   Lansing, Kansas                              , and is employed as
                (City, State)

   B1BR Staff Counselor / Lansing Correctional Facility. At the time the
   (Position and title, if any)

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes ☒ No ☐ . If your answer is "Yes", briefly explain:

   Mr. Spillman is the (KDOC/B1BR)Kansas Department of Corrections/

   Brothers in Blue ReEntry program counselor for State prisoners

3) Defendant _Mr. Andrew Parks_____ is a citizen of
   <span style="display:block; text-align:center;">(Name of second defendant)</span>

   _Lansing for / Leavenworth?, Kansas_____, and is employed as
   <span style="display:block; text-align:center;">(City, state)</span>

   _Unit Team Manager, Lansing Correctional Facility_____. At the time the
   <span style="display:block; text-align:center;">(Position and title, if any)</span>

   claim (s) alleged in this complaint arose was this defendant acting under the color of state

   law? Yes ☒ No ☐ . If your answer is "Yes", briefly explain:

   _As manager of the restrictive housing units, Pods A2 and A4, Mr. Parks is_
   _responsible for the prisoners housing assignment of cell placements,_
   _appropriate for their individual housing needs, and security relative to_
   _their punishment, or safety, protective custody needs._

   (Use the back of this page to furnish the above information for additional defendants.)
   _3rd and 4th Defendants listed on back page 2A_

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

   assert jurisdiction under different or additional statutes, you may list them below.)

   _42USCS §1985, 18USCS §241 and 242, 18US.CS §1514_

## B. NATURE OF THE CASE

1) Briefly state the background of your case: _White asserts, over 4 years he has complained_
   _to LSF/KDOC officials and state court (LYCO 20CV243/22CV323) about the drug/tobacco_
   _smoke problem at LCF. White was assaulted by gangs/unit officers when he complained,_
   _received no relief by grievance or state court, who just dismissed 20CV243 without ad-_
   _dressing problem. White asserts he had his BIRR program membership revoked for same_
   _reason (needed for parole consideration), without due process, in retaliation, moved to cell with_
   _smokers/drug addicts, in retaliation for submitting grievance and court action. White protested_
   _his health/safety was in danger, requesting Protective Custody, was denied. White alleges_
   _he was written up on unwarranted disciplinary, for an excuse for 60 day hold, due process_
   _violated. White was held in atypical conditions of ordinary disciplinary conditions of_
   _prison life for 209 days at LCF. White was harassed and tortured by seg. officials, by_
   _seg. officials, by extortion to sign a PC waiver, by putting prisoner White was requesting_
   _protection, in same cell. One prisoner, attempted to kill White, by strangulation, White_
   _was denied medical help by seg. officials, had to get help through other officers. White_
   _received substantial harm to throat, neck, back, (still suffer from injury pain) requiring_
   _transport to hospital by ambulance. EAI put White under PC in seg. up on return from_
   _hospital, in cell by himself, but Mr Parks continued "atypical" conditions, harassment and_
   _torture. Until White was transferred to LSCF, yet still held another 95 days for 304 day totals_

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

(continued from page 2)      3rd Defendant

4.) Defendant, Evan Meredith, is a citizen of Lansing/or/Leavenworth?
Kansas, and is employed as Unit Team Supervisor, Lansing Correctional
Facility.  At the time the claims alleged in this complaint arose was
this defendant acting under color of state law?
☒ Yes, If your answer is "Yes", briefly explain:
     Mr. Meredith CC/UTS was the Unit correctional counselor (KDOC) who
was assigned to my personal case, while White was being held in Units
A2 and A4 /restrictive housing from 3-28-2023 to 10-23-2023 at LCF.


                    4th Defendant

5.) Defendant Bruce Chapman is a citizen of Lansing/or/Leavenworth?
Kansas, and is employed as Unit Corrections Supervisor I.  At the
time the claims alleged in this complaint arose, was this defendant
acting under color of state law? ☒ Yes. If your answer is
"Yes" briefly explain:
     Officer Chapman was the Security Unit Officer in charge of A2/A4
restrictive housing unit on the morning / day shift in which White
was being held and at the time that White was strangled by Mr.
Garza on 7-12-2023

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been

violated and that the following facts form the basis for my allegations: (If necessary you

may attach up to two additional pages (8h" x 11") to explain any allegation or to list

additional supporting facts.)

A) (1) Count I: Mr. Spillman on 10-5-2022 violated White's 1st Amendment and
Establishment clause, right to free exercise of religion, speech, due process and
equal treatment of the law; then on 3-27-2023, Mr. Spillman retaliated
against White's right to access the courts, a constitutionally protected
activity. 14th Amendment violation.

(2) Supporting Facts: (Include all facts you consider important, including names of

persons involved, places and dates. Describe exactly how each defendant is involved.

State the facts clearly in your own words without citing legal authority or argument.):
1st Amendment-Freedom of Religion: (a) White alleges, his dismissal by Mr. Spillman
from the BIBR program denied White the right to freely practice his religion
because "But for" it ultimately caused White the need to protect himself from
"imminent danger" from gangs, drug users/dealers and some BIBR members and staff
retaliation, causing unwarranted disciplinary reports, denial to protective custody,
placed in lockdown "atypical" conditions of confinement causing the denial of White
to his liberty interest right to attend worship, Bible Study and fellowship with
his Protestant Christian brothers at Sunday/Wednesday Church, and have regular
access to chaplain and volunteer clergy enjoyed by other state prisoners. (See:
IMPP 20-101 A (IV) Access to Programs and Services and staff visits to Restrictive
(continued on page 3A)

B) (1) Count II: Mr. Park's UTM violated White's 8th Amendment right to be free
from cruel and unusual punishment, denied White immediate medical care,
on 7-12-2023 for substantially serious injury from strangulation, while
denying White protective custody pursuant to IMPP 20-108D and holding White
for 204 days under "atypical" conditions of confinement, without due process,
and extortion of signature on PC waiver.

(2) Supporting Facts: A) Due Process: White asserts he had done nothing wrong,
but only tried to protect himself (see above: count I, A)(2) page 3) After being
denied protective custody pursuant to KDOC/SOC policy IMPP 20-108D, White
was issued two disciplinary reports, one for "disobeying order to move to 58"
(see: Exhibit "DD") for 60 day total. White alleges he was denied due process
at DR Hearing, because he was denied to be present at 1st hearing and denied
witnesses at both. Yet, White was held in seg. for 204 days at LCF, without any
(continued on page 3B)

3

C. Cause of Action A)(2) continued: Count I

Housing Units (1),(2); which was denied to White. (b) White alleges this "substantially burdened his sincerely held religious beliefs." That true christian believers in our Lord and Savior Jesus Christ should never condone, lead astray others, causing directly or indirectly others to stumble and sin, which often causes death by the abuse and misuse of drugs, (see: Mac Arther Study Bible: Matt 18:7, Mark 9:42, Luke 17:2; (c) White asserts this was done with "conscious and intentional" interference, by Mr. Spillman because I refused to allow him to proselytize his false religious beliefs on me, and so he called me "unteachable". (d) White asserts Mr. Spillman told me; if I kept complaining about drugs; I'd be taking my life in my own hands. (e) White asserts this imposed a "substantial" burden on my religious exercise, because a state prisoner/U.S. citizen should never need to chose between his own religious beliefs and staying in a prison program, for the credits needed to show a parole board, White's earnest good-faith attempt of release rights.

Due process: (a) White asserts he has a due process right to due process through state statute and policy created liberty interest and Constitutional protected liberty Interest from retaliation because: (b) White asserts that Mr. Spillman retaliated against me and completely removed White from the program, because White invoked the grievance process and started legal action in the Leavenworth Co. Dist. Court Case No: 2022 CV 323 on 12-12-2022. (c) White asserts that in a meeting on 11-2-2022, BIBR officials Mr. Dave Johnson, C.T. Hughes, and Gary Spillman conspired and threatened White, that they were going to remove me from the BIBR program and Pod B5 for filing a grievance and going to file legal action. For which they did in opposition to KDOC officials grievance #AA2023056 resolution response. This same reason was confirmed and told to White by HO Leichliter, that it was, as told to him by Mr. Spillman. (d) State created liberty interest giving White due process protection, is rights secured by K.S.A. 75-5211, K.S.A. 21-5417, 21-5416 (elder person/prisoner rights), 21-5909 (victim/witness), KAR 44-12-1001, 1002, 1101, 1201, 1202, KAR 44-13-101 and KAR 44-15-104 Reprisals Prohibited, IMPP 20-108D and the BIBR Member Policy and Procedure Handbook, 3) Policy and Procedure, 2) Program Commitments, 2.01), 2.03); 3.2) Disciplinary Procedure for Offenses Not Resulting in Immediate Termination, and 3.3) Removal from Program and 3.5) Appeal Process. White had done nothing wrong, or received any disciplinary actions, therefore given no due process; which was done arbitrarily and capriciously for no valid reason. (Elder abuse)(Prisoner abuse)

White asserts the BIBR and Mr. Gary Spillman are excessively interfering with the security, safety and management of the prison, by their allowed proselyzing of religious beliefs and over-ruling of administrative grievance resolution responses.

Page 3(A)

(imminent danger)

C. Cause of Action. B.)(2) continued: COUNT II (evil intent)
further hearings or personal reviews. White asserts he has a constitutional liberty
interest to be released upon completion of sentence, right to know charges and to
notice and right to be heard and state created liberty interest pursuant to due
process through KAR 44-12-1308 and KAR 44-13701 with evil intent.

B.) Conspiracy (Extortion of Signature) White asserts he was repeatedly told by LCF officials
Mr. Parks, Mr. Meredith and Co Chapman (Unit Team) that I wasn't getting out of seg, until I
signed a PC waiver. Yet, White had been denied PC, until EAI, put White back in re-
strictive housing, after White was returned from the hospital, after being strangled, to be
in a cell by myself. But, Mr. Parks refused to accept it, and had White written up on
another DR, in which White was found "Not Guilty" this time. (see: Exhibit "L")
White alleges this was harassment and retaliation.

C.) Restrictive Housing: White alleges Mr. Parks imposed atypical and significant hard
ship on White in relation to the ordinary incidents of disciplinary seg. and prison life for
209 days by: denial to yard, dayroom, (locked down) out only approx. 15 mins., 3 days a
week for shower, denied shower shoes, use of handicap shower, clothes, tooth brush, access
to church services, denied access to library, law library, while White was self-represented
in State court, denied legal paper work and reference material, stamps, property, re-
peatedly cuffed from behind, where I couldn't walk or use cane to walk, tortured by
loud radio noise blasted into cell night and day, tortured by a constant rotation
of prisoners, put in the cell that I requested protection from. (even when I was suppose
to be in cell by myself) White alleges Mr. Parks had full knowledge that he was harassing
White and putting my life in danger, while trying to force me to sign a PC waiver. White
asserts he personally confronted Mr. Parks about this on 6-12-2023, a month before, I
was strangled by Garza. (Issue in "Emergency Grievance" to S.O.C. and State Court as Exhibit)

D.) Medical Care: White asserts he was strangled by Teremey Garza on 7-12-2023
(deliberate indifference)(objective component) a "sufficiently serious" injury to White's
throat, neck, back with swelling, bruises, nail gouges, scraps and considerable pain
from sore throat, coarse voice, hard to speak, that could have cut off breathing.
White alleges he told Co Chapman, Mr. Meredith and Mr. Parks, he needed medical
help. They could clearly hear by my lack of voice that I was in considerable pain. Yet,
they all refused when I asked each of them at different times. White alleges all
they cared about was forcing me to sign that PC waiver. White asserts this was
a serious medical need requiring doctor care; which could be seen by a lay-
person. (Has the officials learned nothing by the death of George Floyd?) The
LCF medical clinic recognized the serious need and sent White to KU Hospital
by ambulance. White asserts Mr. Parks, Mr. Meredith, Co Chapman knew of and dis-
regarded an excessive risk to White's health and safety, as well as a failure to
protect an elder person/state prisoner from imminent danger. (subjective component)

Page 3B

C) (1) Count III: Mr. Meredith and OIC Chapman violated White's 8th Amendment right to be free from cruel and unusual punishment, by their knowing of and disregarding (failure to protect) the substantially serious injury to White's throat/neck, caused by strangulation at LCF on 7-12-2023 and with evil intent conspired with Mr. Parks UTM, to extort White's signature on a PC waiver.

(2) Supporting Facts: (see C. Cause of Action 1), B), (1) Count II, page 3 B, B) Conspiracy, b) medical care.) White alleges the 1st responder, to strangulation on 7-12-2023 was OIC Chapman who refused White medical help, and then refused to seperate Gorza from White, until White signed a PC waiver (under duress). OIC Chapman returned with Mr. Meredith and waiver, again when asked Mr. Meredith refused White medical care. White alleges both OIC Chapman and Mr. Meredith conspired with Mr. Parks to extort White's signature on a PC waiver with "evil intent" or because of department practice, policy or procedure in violation of Constitutional and human rights with reckless disregard for White's health and safety.

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☒ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit:

Plaintiffs: Bobby Bruce White #76983

Defendants: KDOC/SOC Jeff Zmuda; BIBR/Gary Spillman et al.

b) Name of court and docket number District Court of Leavenworth County, Kansas; Case No: 2022 CV 323, Habeas Corpus (K.S.A. 60-1501)

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) This case is still pending. On 2-15-2024, Judge Clinton Lee ordered a change of venue to Pawnee Coo Dist. Court)  DRetaliation and reprisal because of invoking the grievance

d) Issues raised process and accessing the court; (2) failure to protect; (3) Elder abuse; (4) Extortion of signature; (5) Atypical conditions of Confinement; (6) Attempted Murder by Strangulation. (cruel and unusual punishment)

4

e) Approximate date of filing lawsuit _12-12-2022_

f) Approximate date of disposition _Unknown, because of venue change._
_Kansas Dist Court still has not served the Writ it granted White, to the defendant?_

1) I have previously sought informal or formal relief from the appropriate administrative

officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is

"Yes", briefly describe how relief was sought and the results. If you answer is "No",

briefly explain why administrative relief was not sought.

COUNT I: Grievance Appeal to S.O.C #AA2023056 (10-5-2022) and N/A (Not Assigned)(4-25-2023)
(failed to honor response and failed to answer or assign a serial number because of state court action)
COUNT II & III: Grievance Appeal to S.O.C #2024081 (Wer relief), Grievances issues submitted,
re-submitted, and re-submitted (Failure to protect - Garza attack - no immediate medical help)
because of no response by LCF Unit Team, Wardens and S.O.C. Appeals went direct to S.O.C Jeff
Zmuda, by legal service LVCD 2022CV323 on (7-14, 8-23, 8-30, 9-30, 2023, #AA2024032 and
(9-1, 10-1-2023): Property loss claim made on 1-29-2024 and personal injury claim
on 10-9-2023, No Answers or relief offered or available

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: _from a jury demand : for -_

(A) Count I : $1.00 Nominal or Compensatory award $25,000, and punitive damages as to be
determined by jury/court
(B) Count II : $1.00 Nominal or Compensatory award $50,000, and punitive damages as to be
determined by jury/court
(C) Count III : $1.00 Nominal from each or Compensatory award $15,000 from each, and
punitive damages as to be determined by jury/court, from each
court cost and any attorney fee and any other award or settlement the
court/jury finds fair and equitible (up to the legal limit allowed
by law.)

_____          _Bobby Bruce White #76983_
Signature of Attorney (if any)                Signature of Plaintiff _Pro-Se_

                                          _Bobby Bruce White #76983_
_____          _Larned State Correctional Facility_
                                          _1318 KS, Highway 264_
_____          _Larned, Kansas 67550_

_____
(Attorney's full address and telephone number)

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983