Exhibit E

Bobby Bruce White #76983
Lansing Correctional Facility
P.O. Box 2
Lansing, Kansas 66043
              Pro Se

FILED
LEAVENWORTH CO. KS

2022 DEC 12  AM 11: 02

CLERK OF DIST COURT

## IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

IN THE MATTER OF THE APPLICATION OF    )
                                     )
Bobby Bruce White #76983    )  Case No. 2022CV323
                                     )
FOR A WRIT OF HABEAS CORPUS    )
KDOC/SOC/Jeff Zmuda    )
BIBR/Gary Spillman et.al.

### PETITION FOR WRIT OF HABEAS CORPUS
(Pursuant to K.S.A. 60-1501)

COMES NOW Bobby Bruce White #76983, the Petitioner, *pro se*, and respectfully represents that he is unlawfully deprived of his liberty by the above-named respondent, Warden at the Lansing Correctional Facility, Lansing, Leavenworth County, Kansas, and that the cause or pretense of his restraint, to the best of his knowledge and belief, is his conviction in El Dorado, Butler County, Kansas, in Case No. 02 CR 118.

That Petitioner is a resident of Leavenworth County, Kansas and that said wrongful restraint is taking place in Leavenworth County, Kansas.

Further, petitioner states that said imprisonment is wrongful for the following reasons:    A. Relevant Issues

1.

I. Bobby Bruce White is a 70 year old senior citizen, dependent on the Kansas Department of Corrections and State of Kansas. White has physical disabilities and can not tolerate the second hand smoke from tobacco and drug use that are rampant at the Lansing Correctional Facility. Further, White has been a christian all his life and never used drugs as my religious doctrine dictates.

White was 1st Baptised as a protestant christian at a young age of approximately 8 years old, and was recently Baptised to attest my faith on March 16, 2022 at the LCF Spiritual Life Center. White was taught and has held his christian beliefs, by his grandfather Virgil White, minister of the Church of GOD, in Stillwater and Ripley, Oklahoma. White has designated his faith as a protestant christian throughout his KDOC incarceration record for these past almost 21 years.

White has used as justification for his religious belief in the Non-Condoning of drug use, manufacturing and selling or giving drugs to our children (for their protection), among other scripture.
(Matthew 18:5-7)"And whoever receives one such child in My name receives Me; but whoever causes one of these little ones who believe in Me to stumble; it would be better for him to have a heavy millstone hung around his neck and to be drowned in the depth of the sea. Woe to the world because of it's stumbling blocks, For it is inevitable that stumbling blocks come, but, woe to that man through whom stumbling block comes!"[also see like doctrine/scripture at (Mark 9:42); (Luke 17:2)]

Further, the BIBR's own reference in the MacArthur Bible Study Note of Matthew 18:7 states: "It is expected that those in the world will cause christians to be offended, stumble and sin, and they will be judged for it. But, it should not be that fellow believers lead others into sin, directly or indirectly. One would be better of dead."

Drugs are the very stumbling blocks mentioned in scripture which are causing our children to stumble, sin, break the law and even causing their premature death. As a christain, I can not go along with the false teachings of the BIBR and the group, either directly or indirectly in the support of legalization, use or manufacturing of these drugs that are causing addiction and death of our children. This is my legal, human, Constitutional and Religious right, for which, I should not be arbitrarily and capriously discriminated against.

II. BIBR (Brothers in Blue Re-entry) are a KDOC /State of Kansas contracted party, to provide a faith based program of re-entry to all prisoners who wish to participate. This KDOC/BIBR prison re-entry program is currently being managed, as the prisoners contact by Mr. Gary Spillman. These program credits of completion are viewed favorably and are important considerations by the Kansas

2.

Parole Board in their evaluation and determination of a prisoners parole and re-entry back into society.

The BIBR's own Rule 2.3 "Non-Harassment /Non-Discrimination Policy" states: "Brothers in Blue Re-entry Civil Rights Policy prohibits discrimination in all of its programs and activities based on race, color, sex, gender identity, age, religion, national origin, disability, reprisal, protected genetic information, sexual orientation, marital and familial or parental status, political affiliation, and /or receipt of public assistance. It is the policy of Brothers in Blue Re-entry that there will be zero tolerance for any form of discrimination. This standard is applicable to every Brothers in Blue Re-entry employee and program participant."

BIBR Etiquette Policies "Community Rules" 3.6

"1. Members are expected to exhibit respect and manners at all times to all people. (a) This includes all KDOC Personnel, BIBR staff, fellow BIBR members, mentors and general population."

## B. NATURE OF THE CASE

BIBR/Mr. Gary Spillman discriminated against White on 10-5-2022, because of age, disability, religion and freedom of speech, when he deliberately, arbitrarily and capriciously, without due process and first hand personal knowledge of any wrong or violation by White; took White's BIBR membership; and expelled him from participation in White's assigned Group 65, denying White his earned and vested program credits, needed to show parole eligibility.

BIBR officials have refused to give written answer to White's Submitted Appeal on 10-27-2022, pursuant to BIBR Rule 3.5 Appeal Process.

The KDOC/Secretary of Corrections has failed to answer and return White's Greivance Appeal # AA 2023056, mailed to the S.O.C on 10-22-2022, in the required 20 working days in violation of KAR 44-15-102 (c)[3] and other assorted form 9's pertaining to this matter have not been answered or returned as of this date December 1, 2022. (Needed to show exhaustion of administrative process and timely filing this case in the Court.)

See: K.S.A. 60-1501 (b) ..., but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies."

## C. CAUSE OF ACTION.

I. <u>COUNT I</u>. BIBR /Mr. Gary Spillman discriminated against White on 10-5-2022, because of age, disability, religion, familial status and freedom of speech, when he deliberately, arbitrarily and capriciously took White's BIBR membership and participation and expelled him from Group 65

3.

denying White his earned and vested program credits.

White alleges this was done in violation of BIBR Rule Policies 2.3 "Non-Harassment/Non-Discriminatory Policy" and 3.6 Etiquette Policies "Community Rules"; U.S. Constitutional Amendments <u>1st</u> (freedom of speech and religion), <u>5th</u> (no due process); <u>6th</u> (to be informed of the nature and cause of the accusation, and to be confronted with the witnesses against him and to have a compulsory process for obtaining witnesses in his favor); <u>8th</u> (nor excessive fines imposed, nor cruel and unusual punishment inflicted) and <u>14th Amendment</u> (nor deny to any person within it's jurisdiction the equal protection of the law.) Which also includes violation of the Kansas Constitutional Bill of Rights: <u>(R§1)</u> Equal rights; <u>(R§3)</u> petition the government, or <u>any department thereof, for the redress of grievances,</u> <u>(R§7)</u> Religious liberty; <u>(R§9)</u> nor excessive fines imposed, nor cruel or unusual punishment inflicted; <u>(R§11)</u> Liberty of Speech, and <u>(R§18)</u> Justice without delay: "<u>All persons, for injuries suffered in person, reputation, or property, shall have remedy by due course of law, and justice administered without delay."</u> and <u>KAR 44-12-325</u>

## FACTS

1. White was not given any clear verbal or written reason (or prior complaints) for his expulsion from Group 65 participation, other than Mr. Spillman said I was "unteachable", because I refused to allow Mr. Spillman to proselytize his false religious teaching onto me, regarding condoning illegal drug use, manufacturing and distribution to our children. I would not go along with the group consensus, so I didn't fit in. This was during a drug addiction group discussion. (a) This group was being managed by another inmate who was advocating his own agenda, and had nothing to do with the curriculum and inappropriate for an "Enough Already" drug prevention addiction class. (b). Mr. Spillman nor any other BIBR official were monitoring the class, so anything they believe they may know is nothing but hearsay.
2. White did not, nor has not received any disciplinary action against him.
3. White was not given, why, or by who was accusing him, and of what?
4. BIBR Mr. Gary Spillman has failed to give any written justification for his actions; any written answer to Whites Appeal; White submitted pursuant to BIBR Rule 3.5 Appeal Process. This was given to BIBR Mr. Dave Johnson on 10-27-2022. Nor has Mr. Spillman given any written response to Whites grievance #AA2023056, appealed to the Kansas Secretary of Corrections.
5. White was a vested member of the BIBR/KDOC program since May of 2022, having completed his 1st quarter and was half way through his 2nd quarter; when he was denied access to the program by Mr. Gary Spillman and had his membership wrongfully taken from him.
6. White was consistently given high marks on all his assignments and essays during his class participation.

## ARGUEMENTS

4.

Dettmer v London, 799 F. 2d 929, 931-32 (4th Cir 1986) Although the prisoner must be sincere in his religious beliefs, there is no requirement that the beliefs be held by a majority of the members of the particular religion in order to have free exercise protection. See, e.g., Martinelli v Dugger, 817 F. 2d 1499, 1503-05 (11th Cir. 1987)

Prison or (their contracted providers)(BIBR) regulations interfering with an inmate's free exercise of religion are subject only to the requirement that they be "reasonably related to legitimate penological interests. O'Lone v Estate of Shabazz 482 U.S. 342, 351-53 (1987)

Kansas prisons are required to provide a drug and tobacco free environment to prisoners. Therefore discussions in a drug prevention group to legalize and condone drug and tobacco use constitutes a security threat group, when sponsored and condoned by the BIBR officials and in violation of KAR 44-12-325

In Deleon v Heimgartner, 2017 Kan. App. Unpub. Lexis 1129 / 408 P. 3d 492 ; in part prohibits inmates from promoting or assisting any security threat group.

Therefore, White could not even legally, "promote" drug use, since I believed it a security threat. Further, under:

Sperry v Lansing Corr. Facility, 393 P. 3d 1062 "The language used to classify an inmate as an "other security" risk may be applied to "any inmate or group of inmates if the inmate or inmate's have engaged in behavior which has threatened the maintenance of security or control in the correctional Facility. (IMPP 20-104. 1B. 13a.)

This should certainly apply to the current BIBR management, who have repeatedly brought back into this (B5) pod "community"; inmates who have failed their UA's and other disciplinary actions. They have even sponsored the removal of security officers they can't control or dis like. Such as Officer Goodman. This certainly applies to "group of inmates" which "have engaged in behavior which has threatened the maintenance of security or control in the correctional Facility."

White should not have been allowed to be discriminated against by the prejudice of Mr. Gary Spillman, for his attempts to do the right thing and as his religious belief dictates. We as christian members of BIBR are repeatedly prompted to let it be known, when another member is doing wrong. To correct their future and continuing actions. Yet, when we do voice our objection in a group discussion, like in White's case. He is harassed and discriminated against and hypocritically expelled from an important KDOC/BIBR sponsored re-entry program. This is nothing, but a travesty and manifest injustice, for White's right to religious freedom and speech, shocking to one's moral and religious conscience. Further this constitutes the continuing mistreatment of a constitutional stature. See: LCC 20 CV 243/CoA 125650 and Johnson v State; 289 Kan. 642, 648-49, 215 P. 3d 575 (2009) and Mallard v Bruffett, 2017 Kan. App. Unpub. (2017).

5.

II. COUNT II KDOC/Secretary of Corrections/Mr. Jeff Zmuda has failed to answer and return to White; grievance appeal #AA 2023056 in the required 20 working days in violation of KAR 44-15-102(c)[3].

## FACTS

1. White placed his appeal in the U.S. Mail and Lansing Correctional Facility on 10-22-2022 pursuant to KAR 44-15-102(c)[1][2].

2. White received the Wardens response back from the LCF/Unit Team Correctional Counselor Ms. Millins on 10-21-2022.

3. White submitted the grievance to the Warden of LCF on 10-10-2022; when (it was returned back to White from the Correctional counselor Ms. Millins on 10-10-2022) with my my note of question? "Per who's criteria..."

4. The Deputy Warden of Operations Mr. James Skidmore then claims he received Grievance #AA20230356 on 10/10/2022 and investigated the allegations completely the same day on 10/10/2022, but it was not returned back to White until 10-21-2022.

## ARGUEMENTS

White needs this grievance to exhaust administrative remedies and to show the Court White has consistantly attempted to make a good-faith effort to resolve these constitutional violations at the State Department level. This violates White's Kan. Const. Bill of Rights. (R §8) Justice without delay.

McMillan v McKune, 35 K.A. 2d 654, 661, 135 P. 3d 1258 (2006) Rules and regulations adopted by an administrative board to carry out the policy declared by the legislature in the statutes have the force and effect of laws, such regulations are issued for the benefit of both the agency and the public, and an agency must be held to the terms of its regulations. An agency may not violate its own rules, and where it fails to follow the rules that it has promulgated, its orders are unlawful.

Habeas Corpus held to be the proper remedy for review of the mode or conditions or confinement in penal institutions. Hamrick v Hazel et, 209 K 383; 497 P. 2d 273.

White's claims brought hereunder are based upon deprevation of constitutional right; to:(1) Freedom of Religion and Speech (during group program discussions), (2) denial to due process (in punishment and KAR grievance process and inmate records reviewed for parole purposes by the KDOC) 5th, 6th, 8th, (R §1), (R §3), (R §8), - excessive fine and punishment inflicted; which was not reasonably related to any legitimate penological interests. Ramirez v State; 23 K.A. 2d 445, 931 P. 2d 7265 (1997).

## IN CONCLUSION

White hopes to soon, to obtain a minimum custody designation and be transferred to Winfield Correction Facility, so that he can be close enough to his family in Oklahoma, to once again receive visits. White should be able to see the parole board in 4 years. White had hoped to complete his one year BIBR program before this possible transfer, so these earned credits would be available for the the parole board consideration. This unwarranted expulsion and membership termination amounts to cruel and unusual punishment, since White has done nothing wrong.

6.

INMATE REQUEST TO STAFF MEMBER

To: _B5 Unit Team CC / S.O.C o_                              Date: _11-21-2022_
  (Name and Title of Officer or Department)

_____
  Unit Team, Detail, or Cellhouse Officer's Signature          **To be retained by inmate**

**Form 9**
For Cellhouse Transfer                                    _White_
Work Assignment _____                    **Last Name Only**
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**

                                                  _76983_
                                                    **Number**
**INMATE REQUEST TO STAFF MEMBER**

To: _R5 Unit Team CC / S.O.C,_                Date: _11-21-2022_
  (Name and Title of Officer or Department)
  State completely but briefly the problem on which you desire assistance. (Be specific.)

On 10-22-2022, I (1)White# 76983) mailed out grievance #AA2023056 Appeal) to the Secretary of Corrections, but, it has not been answered and returned back in the 20 Working days required by KAR 44-15-102(c)(3), also, I submitted (2)two form 9's on 11-2, and 11-3 to Unit Team /Mr. Mikins CC. regarding RIBR officials harassments and reprisal threats in violation of KAR 44-15-104, which has not been answered and returned. I will be needing those documents to show proof of exhaustion of Administrative Remedy to the Court. Please get these documents answered and returned back to me as-soon-as possible.
                                                          Thank you,
Work Assignment: _IFI /BIBR_          Living Unit Assignment: _R5-103_ _____
Comment: _____      Detail or C.H. Officer: _____

Disposition: _____
_____
_____
_____

To: _____              Date: _____
  (Name & Number)

Disposition: _____
_____
_____
_____

_____
  Employee's Signature                                    **To be returned to inmate.**
P-0009
                                                          _A_

INMATE REQUEST TO STAFF MEMBER

To: _Central Bank_____     Date: _11-23-2022_
(Name and Title of Officer or Department)

B5-103

_____     **To be retained by inmate**
Unit Team, Detail, or Cellhouse Officer's Signature


**Form 9**
For Cellhouse Transfer                        _White_____
Work Assignment _____     **Last Name Only**
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**
_76983_____
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _Central Bank_____   Date: _11-23- 2022_____
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

_I need a current and prior 6 months accounting of my personal prisoner account for the showing of indigency to the court._

_Thank You._

Work Assignment: _IFI /B1B_R_____   Living Unit Assignment: _B5-103_____

Comment: _____   Detail or C.H. Officer: _____

Disposition: _____

_____

_____

_____

To: _____     Date: _____
(Name & Number)

Disposition: _____

_____

_____

_____

_____
Employee's Signature                         **To be returned to inmate.**

P-0009

B

INMATE REQUEST TO STAFF MEMBER

To: _Central Bank_____          Date: _12-1-2022_____
     (Name and Title of Officer or Department)

_____          **To be retained by inmate**
     Unit Team, Detail, or Cellhouse Officer's Signature


**Form 9**
For Cellhouse Transfer                                          _White_____
Work Assignment _____          **Last Name Only**
Interview Requests

### KANSAS DEPARTMENT OF CORRECTIONS               _76983_____
                                                              **Number**

### INMATE REQUEST TO STAFF MEMBER

To: _Central Bank_____          Date: _12-1-2022_____
     (Name and Title of Officer or Department)
     State completely but briefly the problem on which you desire assistance. (Be specific.)

I need a check made out to the Leavenworth County Sherrif for a legal summons for $30.00, to be placed in the Leavenworth County District Court filing that I am preparing. This is por court process.
I also need a $3.00 check for the Leavenworth County District Court filing fee. Thank You.

Work Assignment: _____  Living Unit Assignment: _B5-103_____
Comment: _____  Detail or C.H. Officer: _____

Disposition: _____
_____
_____
_____

To: _____          Date: _____
          (Name & Number)

Disposition: _____
_____
_____
_____

_____
          Employee's Signature                              **To be returned to inmate.**

P-0009

# Kansas Department of Corrections
## Account Withdrawal Request
(Complete One Request per Form)
**Attach letter and addressed/stamped envelope when required**

_Bobby White_ / Printed Name    _71483_ Number    _LCF_ Facility    _B5-103_ Unit/Cell Location    _12-1-2022_ Date

Please pay the following and charge to my account:

### Outgoing Funds/Donations

Payable To: _Leavenworth County District Court_
Name

$ _3.00_
Check Amount

_____
Address

_____
City, State, Zip

_Court Filing Fee / Partial Filing Fee_
Purpose/Inmate Benefit Fund Group

_____
Title of Publication*
Frequency – (Circle One)
Yearly  Monthly  Weekly  Daily  Other

Number of Issues _____

Expiration Date _____

Publication Price _____

*Book, Magazine or News Paper
(Per IMPP 11-101)

I request the use of Forced Savings as provided in IMPP 04-103, for:
(Documentation Required)

☐ Community Identification
☒ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

| (To Be Completed by Mailroom) | **Postage** – (To Be Completed by Inmate) |
|---|---|
| $ _____ Postage Amount | To: _____ Name |
| | ☐ Postage |
| | Address _____ |
| | ☐ Legal/Official Postage (Per K.A.R. 44-12-601) |
| | City, State, Zip _____ |
| _____ Verified By | ☐ Certified (Only if Funds are Available)   Reason _____ |

_Bobby White_    _12-1-2022_
Inmate Signature    Date

_____    _17-1-22_
Unit Team Approval    Date

_____ _____
Handicraft Approval (If Applicable)    Date

_____ _____
Religious Approval (If Applicable)    Date

☐ Applies to Outgoing Funds Limit
☐ Does Not Apply to Outgoing Funds Limit
☐ Use of Forced Savings Approval as requested above

_____ _____
Exception Approval    Date

This withdrawal request is being returned for the following reason(s):

____ Insufficient Funds
____ Signature Missing
____ Exceeds Spending Limit
____ Incentive Level
____ Envelope/Order/Stamp Missing
____ Unauthorized Per IMPP/KAR _____

____ Payee Missing
____ Insufficient Address
____ Amount Missing
____ Name/Number – Do Not Match
____ Illegible Information
____ Other _____

_____    _____    _____
Account Processor    Date Withdrawn    Acct. Use

1504a

D.

# Kansas Department of Corrections
## Account Withdrawal Request
(Complete One Request per Form)
**Attach letter and addressed/stamped envelope when required**

Bobby White     76983     LCF     B5-103   12-1-2022

| Printed Name | Number | Facility | Unit/Cell Location | Date |

Please pay the following and charge to my account:

### Outgoing Funds/Donations

Payable To: **Leavenworth County Sherrif**
Name

$ **30.00**
Check Amount

Address

City, State, Zip

**Legal Summons Service Fee**
Purpose/Inmate Benefit Fund Group

---
Title of Publication*
Frequency – (Circle One)

Yearly  Monthly  Weekly  Daily  Other

Number of Issues _____

Expiration Date _____

Publication Price _____

*Book, Magazine or News Paper
(Per IMPP 11-101)

---

I request the use of Forced Savings as provided in IMPP 04-103, for:
_____
(Documentation Required)

☐ Community Identification
☒ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

---

(To Be Completed by Mailroom)

**Postage** – (To Be Completed by Inmate)

To: _____
Name

$ _____
Postage Amount

☐ Postage

Address

☐ Legal/Official Postage
(Per K.A.R. 44-12-601)

City, State, Zip

☐ Certified
(Only if Funds are Available)

Reason

Verified By

---

Bobby White   12-1-2022
Inmate Signature    Date

Unit Team Approval    12-1-22   Date

Handicraft Approval (If Applicable)    Date

Religious Approval (If Applicable)    Date

---

☐ Applies to Outgoing Funds Limit

☐ Does Not Apply to Outgoing Funds Limit

Exception Approval      Date    ☐ Use of Forced Savings Approval as requested above

---

This withdrawal request is being returned for the following reason(s):

___ Insufficient Funds
___ Signature Missing
___ Exceeds Spending Limit
___ Incentive Level
___ Envelope/Order/Stamp Missing
___ Unauthorized Per IMPP/KAR _____

___ Payee Missing
___ Insufficient Address
___ Amount Missing
___ Name/Number – Do Not Match
___ Illegible Information
___ Other _____

---

Account Processor      Date Withdrawn      Acct. Use

1504a

E.

# Grievance-Response on Appeal

**FACILITY:**      **Lansing Correctional Facility**

**INMATE:**       **0076983 White, Bobby**

**GRIEVANCE NO.:**  **AA2023056**

**DATE:**        **November 3, 2022**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate. Take the time to discuss your concerns with the program leads when you attend the new session; discuss what you are hoping to get out of the program and how you view what they say they are there to accomplish. You may find in the conversation that it truly is, or isn't, a fit.

## ACTION TAKEN

None further.

**Darcie Holthaus**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:    Warden Cheeks
       Image: SOCRESP w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

Received at 3:00 P.M
12/8/2022 Bobby White
(35 days from Nov, 3 ??)
(in violation of KAR44-15-102 (c)(3))

12 (A)

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

**INMATE COMPLAINT**

Inmate's Name _Bobby White_                                Number _76983_

Facility _LCF_                Housing Unit _B5-103_        Work Detail _IFI/BIBR_

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMEN-TATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). On 10-5-2022, I was notified by BIBR Staff member Gary Spillman that he was taking me out of the BIBR Program Group 65, because I was unteachable. That was and is a hypocritical and prejudicial comment that could potentially prejudice a future appeal, because it was based on an incident and from cause of what Mr. Spillman asked ~~to tell~~ me to do. In a past one on one session with Mr. Spillman he praised my work, but said I did not participate or speak up in groups. He said he wanted me to give witness to why I was in prison, and hoped that I might say something that some of the other group members might take to heart, causing them to change their actions and thinking. Yet, now that I did what I was asked/told to do he hypocritically chooses to punish me, because some of the other Group 65 members, took it to heart, became upset and stopped out of group

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _10-5-2022_ (over)

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

You were not removed from BIBR however you were taken out of the current group and will be placed into the next group pending one on ones with Gary Spillman. Per the program provider your participation did not meet expectations of BIBR at this time.

_Unit Team Signature_ UTM _[signature]_        _10/6/22_ Date

_Per who's criteria and why was not given in writing - This is discrimination and for religious belief, Gary Spillman is not BIBR_

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

___X___ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_Bobby White_                                    _10-10-2022_
Inmate Signature                                 Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _OCT 10 2022_ Date of Final Answer _OCT 10 2022_ Date Returned to Inmate _10-21-2022_

_Bobby White_              _10-21-2022_              _____
Inmate's Signature         Date     Unit Team Signature              Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

**TO BE COMPLETED BY STAFF ONLY**

Grievance Serial Number _AA2023056_

Type of Complaint (Item 4: Code 01-75) _54_ _____

Cause of Complaint (Item 5: Code 01-30) _07_ _____

Type of Response (Item 6a: Code 01,02,08 or 09) _01_ _____

# MEMO



**Department of Corrections**
*Lansing Correctional Facility*

**DATE:**    10/10/2022

**TO:**    White, Bobby # 76983

**FROM:**    James Skidmore / Deputy Warden of Operations

**SUBJECT:**    Grievance # AA20230356

---

**Finding of the Facts:**  Your grievance was received and an investigation into your allegations has been completed.

**Conclusions Made:** After a thorough review of all applicable documentation, it was determined that the response provided by UTM Potter was appropriate.

**Additionally:**  BIBR makes the determination if you meet the requirements for their program. This is a volunteer-based program and if you do not like how it is run, and you are not being forced to participate, therefore you can withdraw at any time.

**Actions Taken:** No further action is deemed necessary.

14.

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: *Bobby White*                     Facility: *LCF*

Inmate Number: *76983*                     Grievance Serial No.: *AA 2023056*

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections        Date Mailed: *10-24-*R̶E̶C̶E̶I̶V̶E̶D̶
714 SW Jackson
Suite 300                                OC 27 '022
Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) *See: Attached 4 page Appeal to Secretary of Corrections with 1 page (Form 9) + this page 6 pages attached to original 3 pages 9 pages total*

*Bobby White*
Signature of Inmate

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____          Date Sent to Inmate: _____

Finding of Fact:

*from Oct 27 (above) the KAOC/SOC took 42 days total for it to be completed and returned.*
*Bobby White #76983*
*12/8/2022*

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

For D.O.C. Staff Use Only

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 21, 2014

*15.(A)*

Appeal to Secretary of Corrections      - LCF -      10-22-2022
Grievance #AA 20230056          Bobby White #76983

I Bobby White #76983; am not satisfied with the LCF Unit Team, Ms. Potter UTM, and Deputy Warden James Skidmore response; because it did not/nor has not addressed the issues and no reasonable investigation could not have been possibly been conducted. The LCF authority staff Deputy Warden Skidmore has either back dated his written response or lied about any investigation having been made.

The LCF Deputy Warden response does not contain any written response by Gary Spillman or any other party under contracted, authorized, BIBR representative for a LCF inmate program for reabilitation and reform.

<u>Facts.</u>

1. White has requested personal meetings and Interview with the LCF Chaplain and have been denied. (See: copy of Form 9's)
2. I've requested a meeting with BIBR staff, Dave Johnson and CJ Hughes and was assured, they would meet with me, two different times, which were post pouced and never happened.
3. Gary Spillman is obviously not only a BIBR staff member, but also a LCF Officer (because he has at times operated the Unit Officers cell door computor at the Officers station. Nor is he a "Restorative Council", on "Local Team" required by BIBR/LCF/KDOC Rule 3.2 and 3.5.

4. White was given the Unit Team response for this grievance in the after noon at approximately 2:30P.M on Monday 10-10-2022. Yet, the response by Deputy Warden James Skidmore is also dated 10-10-2022; stating he received, investigated and answered this grievance on the very same day; but, did not return it back to White until 10-21-2022.

<u>ARGUEMENTS.</u>

1. Deputy Warden Skidmore states," BIBR makes the determination if you meet the requiresments for the program.
   a.) Who is BIBR ?? Gary Spillman is not BIBR, nor is he a "Restorative Council" or "Local Team". He has no right to make arbitrary and capricious decisions regarding BIBR members on his own accord. I've not seen anything in writting by any required BIBR "Restorative Council" that I've done anything wrong, to require a disciplinary action against me.
   b.) White has already been determined to have met the requirements for the program. White was moved from an applicant to a member back in May of 2022. White has concluded and received his certificate for the 1st Quarter and was half way through the 2nd Quarter completion. White completed all his assignments and praised for my essays and homework.
   c.) As a legitimate BIBR member, following all rules, White has a Constitutional, legal, human and religious rights as all the other members to be free from discrimination BIBR/LCF/KDOC 2.3 Non-Harassment/Non Discrimination

1.

15

White has done nothing wrong to be punished for, or denied access to a KDOC inmate program, equal to other inmates in the group. This punishment and group program denial is nothing other than religious discrimination of doctrine belief by Gary Spillman, forcing his own personal opinion and condoning group discussion promoting legalization of drug use and manufacturing during the drug addiction group class; "Enough Already"; a group that was being lead by another inmate. This was not part of the cirriculum nor was it proper.

(d.) This is a security issue as drug use, is rampant here at LCF. Now all the members who were protesting, my protesting of drug use, have failed UA's and they themselves dismissed from the program. In the LCF/ BIBR/Gary Spillman determination, if you do drugs, it's OK, but don't get caught, if you do you're out, or if you don't do or condone drug use you're also out. So, who's left in the program. Only those who can pretend and act like are doing what their leaders want. In other words gang members, who cover for each other.

If you are a member of the BIBR and follow scripture you have a duty to not conform to the evils of this world and as a member, must correct wrongs when possible. To just be told "if you don't like it, just quit, is like saying "America love it or leave it". That didn't make any sense back in the day and doesn't make any sense now. The KDOC is statutorily required to provide inmates for their reabilitation and reform, and in a drug and tobacco free environment, and returned back into society better than he went into prison. This can not be done if the programs are hypocritical or promote and justify drug use and it's manufacturing.

The KDOC is responsible to see that, contracted program providers cirriculum and discussion relevant to it's intended goal, and if it is not it's in violation of KAR 44-12-32 5(c) "... "Security threat groups shall mean any ongoing formal or informal organization, association, or group of three or more persons with a common name or identifying sign or symbol, but without specific approval by the Warden."

Therefore, it must be assumed Unit Team Manager Ms. Patter, Deputy Warden James Skidmore, BIBR/Gary Spillman, Dave Johnson and CJ Hughes, as well as the Chaplain's Office must approve of group discussions of legalization and manufacturing of drug use, and petitioning during group sessions to get rid of unliked Unit Officers, and they have the right to proselytizing their religious faith and belief on White by discriminating against him, by the denial to participation to group sessions and its program privileges and benefits, by not seriously investigating and determining the BIBR as a "Security threat group."

(e.) White was not only removed from his current/original group, arbitrarily and capriciously, without provacation, but his membership was taken from him, without any form of written allegations, due process, and was re-assigned back as an applicant. That is the very same as being removed from BIBR. Because I must now start over and repeat already completed courses and have lost

2.

16

all his earned membership benefit rights. The Unit Team response is not accurate and does not reflect the facts, address the issues or provide any written BIBR staff authority response.

<u>Issues:</u>

I. BIBR member inmates are running /leading /managing group sessions, without any qualifications, and in violation of state law that no inmate shall be made in charge of, or manage another inmate. These inmates often go off cirriculum to promote their own agenda, and proselytising their own determination of Biblical doctrine and beliefs, in violation of KAR 44-12-325 (a),(b), and promote drug use and manufacturing in violation of KAR 44-12-325(c).

II BIBR members have rights to due process, written claims of alleged disciplinary and enforcement of Constitutional, legal, human and religious rights being denied to inmates:

(2.1 KDOC Authority)
"Brothers in Blue Reentry falls under the direct authority of the Kansas Department of Corrections and readily acknowledges all of KDOC's rules, regulations, and procedures as fully authoritative."

(2.3 Non-Harassment / Non Discriminatory)
"Brothers in Blue Reentry's Civil Rights Policy prohibits discrimination in all of its programs and activities based on race, color, sex, gender identity, age, religion, national origin, disability, reprisal, protected genetic information, sexual orientation, marital and familial or parental status, political affiliation, and /or receipt of public assistance. It is the policy of Brother in Blue Reentry that there will be zero tolerance for any form of discrimination. This standard is applicable to every Brothers in Blue Reentry employee and program participant."

(3.2 Disciplinary Procedures for Offenses Not Resulting in Immediate Termination)
This type of alleged offense must be addressed by a Restorative Council not by Gary Spillman alone. Not until the third rule violation will it be addressed by a BIBR staff member. There again these alleged offenses must be in writing, stating the alleged offense and who makes the claim.

(3.5 Appeal Process)
White has been denied meeting with BIBR staff, Dave Johnson and CJ Hughes as well as the LCF Chaplains Office. The Local Team and BIBR staff who an inmate may appeal too, is not clearly made known or made available, nor are there any proper form or process been made available to it's members.

(3.6 Etiquette Policies ("Community Rules"))
"1. Members are expected to exhibit respect and manners at all times to all people." "(a) This includes all KDOC Personnel, BIBR staff, fellow BIBR members, volunteers, mentors, and general population."

Yet, White was disrespected and had fellow BIBR members walkout

3.

17

of group discussions, because of my disbelief in the legalization of the manufacturing and drug use. They walked out, but I was expelled from the group. This type of discussion of drug use promotion is and was inappropriate in a drug addiction group class.

As currently being operated; BIBR is nothing other than a gang mentality group following a gang logic of you either think and do as told as the group dictates, regardless of what's being preached, or you should just quit or you'll be exspelled from the group, because you don't fit into the group.

They're missing the point, that we all fit in, if we have a common goal, because we are all the children of GOD. IF they don't or won't respect my boundaries and belief, these BIBR staff and members aren't going to respect anyone else's, especially the public's, when they are released, because of the examples set by the current BIBR staff.

## White requests the Secretary of Corrections:

1. Shut down the BIBR program as a "Drug Security Threat Group" until such time as proper management of the program can be put into place and White's Issues are corrected.

2. Stop "All" inmate (only) taught/managed group classes, unless accompanied by an outside mentor or volunteer, to superviser all sessions.

3. Provide a published process for all alleged disciplinary offenses; made in writing, with adequate hearing by and address any disciplinary action taken by a "Local Team" of volunteers and outside mentors associated with BIBR as required by 2.3, 3.2, 3.5, and 3.6, from "Member's Policy and Procedure Handbook" page 512 through 18.

4. Advise all BIBR members their right to appeal from #3 above and provide the proper forms for the appeal, with the procedure for and to whom to appeal.

5. Give White back his full membership rights, full credit and previleges as a BIBR member, to the completion of the completed 2nd quarter session and every other following group sessions Following, that he continues to be denied participation, recorded as satifoctorily completed.

Respect Fully Submitted;    Bobby White #76983

GOD Bless.

Bobby White #76983
Lansing Correctional Facility
P.O. Box 2
Lansing, Kansas 66043

Dated : 10-22-2022

4.

18

INMATE REQUEST TO STAFF MEMBER

To: _Unit Team /Ms. Millins CC_____     Date: _11-2-2022_
       (Name and Title of Officer or Department)

_____
      Unit Team, Detail, or Cellhouse Officer's Signature                    **To be retained by inmate**

**Form 9**
For Cellhouse Transfer_____
Work Assignment _____           _White_____
Interview Requests                                              **Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

                                                               _76983_____
                                                                **Number**
**INMATE REQUEST TO STAFF MEMBER**

To: _Unit Team /Ms. Millins CC_____     Date: _11-2-202_____
       (Name and Title of Officer or Department)
       State completely but briefly the problem on which you desire assistance. (Be specific.)

On 11-2-2022, I had a meeting with Mr. C.J. Hughes, Mr. Dave Johnson and Mr. Gary Spillman regarding my BIBR Member Rule 3.5 Appeal and recently sent grievance appeal to Secretary of Corrections at the end of this meeting Mr. Hughes state he was going to see me in court and have me removed from pod B5. I assert this constitutes retailiation and a threat in violation of BIBR Rule 3.3 and KAR 44-15-104 Reprisals prohibited (b) and in their attempt to proselytizing their false doctrine religious belief on me in violation of KAR 44-12-325. I am requesting this discriminating and harassment and threats be stopped by the BIBR officials ;   'Thank You.

Work Assignment: _IFI /BIBR /UAA_____     Living Unit Assignment: _B5-103__

Comment: _____     Detail or C.H. Officer: _____

and that no retaliation be taken against me for my right to the grievance and appeal process. B.W.,

Disposition: _____
_____
_____
_____

To: _____     Date: _____
          (Name & Number)

Disposition:_____
_____
_____
_____

_____
          Employee's Signature                              **To be returned to inmate.**

P-0009

INMATE REQUEST TO STAFF MEMBER

To: _B5 Unit Team / Ms. Millins CC_        Date: _11-3-2022_

(Name and Title of Officer or Department)

_____

Unit Team, Detail, or Cellhouse Officer's Signature

                                                **To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____

Interview Requests

                                        _White_
                                       **Last Name Only**

KANSAS DEPARTMENT OF CORRECTIONS

                                       _76983_
                                       **Number**

INMATE REQUEST TO STAFF MEMBER

To: _B5 Unit Team / Ms. Millins CC -_    Date: _11-3-2022_

(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Along with my form 9 request to stop the discrimination, harassments and threats by the BIBR officials (submitted 11-2-2022). White requests to avoid misunderstanding and any future harassment that all contact with the BIBR officials be related only to the specific issues of White's return to group membership in regards to the program curriculum of the classes and be put in writing for White's understanding, record and information. This request simply reflexs the same procedure, he'll receive from his KDOC/SOC grievance appeal, when it is returned. Thank You.

Work Assignment: _IFI / BIBR / UAA_     Living Unit Assignment: _B5-103_

Comment: _____ Detail or C.H. Officer: _[signature]_

Disposition: _____

_____

_____

_____

To: _____     Date: _____

(Name & Number)

Disposition: _____

_____

_____

_____

_____
Employee's Signature

                                            **To be returned to inmate.**

P-0009

Case 5:24-cv-03023-DDC-RES    Document 30-5    Filed 12/10/24    Page 22 of 28

*"Do not let the world squeeze you into its mold....Let God remold you from within....then you will know God's good and perfect will."*
**Romans 12: 1-2**

# This Certificate is Awarded

## to

# Bobby White

**On completion of**

## The Alpha Course



## *Alpha*

A PRACTICAL INTRODUCTION TO THE CHRISTIAN FAITH

*Jim Redd*                                    *Gerry Lewis*

Team Leader            August 15, 2022            Group Leader

# Certificate

## of

# Training

## Awarded To:

Bobby White

*on this day of*

April 22, 2005

*For successfully completing the Hospice Training Program.*

*Presented by*

**Hutchinson Correctional Facility**

Warden

Pam Casanova R.N.

Hospice Coordinator



# FREEDOM PLACE

**A WORD OF LIFE OUTREACH MINISTRY**

IN RECOGNITION THAT

## BOBBY WHITE

HAS PROFESSED FAITH IN THE LORD JESUS CHRIST.
FREEDOM PLACE MINISTRIES DELIVER'S THIS

## CERTIFICATE OF BAPTISM

AS EVIDENCE OF BEING WATER BAPTIZED IN THE NAME OF THE FATHER, THE SON, AND THE HOLY SPIRIT.

March 16th, 2022
Date

*Shannon West*
Minister

Go therefore and make disciples of all nations, baptizing them in the name of the Father and of the Son and of the Holy Spirit.
MATTHEW 28:18

Case 5:24-cv-03023-DDC-RES   Document 30-5   Filed 12/10/24   Page 24 of 28

# DeLeon v. Heimgartner, 2017 Kan. App. Unpub. LEXIS 1129

Court of Appeals of Kansas

December 22, 2017, Opinion Filed

No. 117,679

Reporter
2017 Kan. App. Unpub. LEXIS 1129 * | 408 P.3d 492

OSCAR DELEON, Appellant, v. JAMES HEIMGARTNER, Appellee.

Notice:

NOT DESIGNATED FOR PUBLICATION.

PLEASE CONSULT THE KANSAS RULES FOR CITATION OF UNPUBLISHED OPINIONS.

PUBLISHED IN TABLE FORMAT IN THE PACIFIC REPORTER.


Subsequent History: Review denied by DeLeon v. Heimgartner, 2018 Kan. LEXIS 289 (Kan., Apr. 26, 2018)

Prior History:

Appeal from Butler District Court; JOHN E. SANDERS, judge.


Disposition:

Affirmed.


# Core Terms


district court, hearing officer, disciplinary, hair

/

Counsel: Joshua S. Andrews, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

Joni Cole, legal counsel, of El Dorado Correctional Facility, for appellee.

Judges: Before STANDRIDGE, P.J., PIERRON, J., and BURGESS, S.J.

# Opinion

MEMORANDUM OPINION

Per Curiam: Kansas Department of Corrections inmate Oscar DeLeon was accused of violating K.A.R. 44-12-325, promoting or representing a security threat group, by having an N shaved into his head which letter was alleged to represent the Nortenos gang. After an administrative disciplinary hearing, DeLeon was fined $5 and lost his good time credit. DeLeon exhausted his administrative remedies and filed a writ of habeas corpus with the district court. The district court dismissed DeLeon's writ of habeas corpus, and DeLeon timely appealed. DeLeon denies the design was an N and on appeal challenges the sufficiency of the evidence. We affirm.

Factual And Procedural Background

On March 8, 2016, SST Brett Sissell observed a design cut into DeLeon's hair that looked like an N. The security threat group Nortenos utilizes the letter N. When SST Sissell confronted him, DeLeon claimed that the design was not an N, but a "'Z' swirl design." However, SST Sissell believed it was an N representing the Nortenos, and issued DeLeon a disciplinary report for violating K.A.R. 44-12-325 which, in part, prohibits inmates from promoting or assisting any security threat group.

A disciplinary report hearing was held on March 11, 2016. DeLeon attempted to present two motions at the hearing, but the "request was ignored." The first was a motion to dismiss, and the second was a motion for additional witness.

As the hearing continued, DeLeon testified the design in his hair was not an N but was a Z design. The hearing officer responded that he was going to postpone the rest of the hearing and discuss the design with the Enforcement Apprehensions and Investigations Unit (EAI). DeLeon objected to the hearing officer questioning the EAI officer outside of his presence. The hearing concluded for the day and resumed three days later. On March 14, 2016, both DeLeon and EAI Investigator O'Brien were present, and the hearing officer informed DeLeon that after consulting with EAI, he was finding him guilty of the disciplinary violation. The hearing officer then gave DeLeon the opportunity to question the EAI officer. However, DeLeon's request to read the testimony from the EAI officer that was taken outside of his presence was denied. DeLeon asked the EAI O'Brian whether he was an identified member of the Nortenos gang, but the hearing officer said the question was irrelevant. At the end of the hearing, the

2

hearing officer issued DeLeon a $5 fine. DeLeon's unit team took away his good time credit at a later date.

DeLeon went through the proper administrative channels and filed a petition for writ of habeas corpus on April 22, 2016. On September 28, 2016, the district court in Butler County issued an order for hearing, which was held on December 23, 2016. At this hearing, the district court addressed the merits of the disciplinary report as well as procedural and due process concerns. DeLeon again testified that the design cut into his hair was a Z swirl design. In his testimony, he also pointed out that in order to take a photo of the design as an N, he had to hold his head down until they took the photo. Finally, DeLeon testified that he was not a member of the Nortenos gang, and he has never held himself out to others as being associated with the Nortenos.

The hearing officer also testified at this hearing that although the design cut into DeLeon's head could have been either an N or a Z, he spoke with an EAI agent who advised him the design was an N associated with the Nortenos gang.

The district court remanded the case back to El Dorado Correctional Facility (EDCF) for a new hearing. The district court sought specific findings on DeLeon's motions for an additional witness and to dismiss that were not heard at his disciplinary hearing. The EDCF was instructed to provide the results of the hearing to the district court, and at that time the court would either order further proceedings or make an order for dismissal.

DeLeon's rehearing took place on December 27, 2016, before a new hearing officer. The two motions that DeLeon previously presented were addressed at this hearing. DeLeon's motion to dismiss was denied due to the fact that K.A.R. 44-12-325 does not require proof of actual membership in a security threat group. His motion for an additional witness was granted. Additionally, the hearing officer found the following findings of fact:

"3. Oscar [DeLeon], #103189, is an offender in the custody of the Kansas Secretary of Corrections, and was issued DR 16-03-060 on Tuesday, March 8, 2016 by SST Brett Sissell . . .

"4. On the aforementioned date and time, SST Sissell observed offender [DeLeon] with a capital letter 'N' on top of his head which had been cut into his hair.

"5. Offender [DeLeon] did not deny having the mark on his head, but did deny that it was the letter 'N'.

"6. Photographic evidence was taken by SST Sissell. This evidence was reviewed and presented to the offender at the hearing and is hereto attached, and is incorporated as if fully set for herein.

"7. Officer Sissell was called and testified on behalf of EDCF and confirmed the contents of his report as true and correct, and further stated that he believed that the marking in Petition's head was [a] letter 'N' and appeared to be representative of a 'Security Threat Group' (SGT).

"8. EAI Investigator O'Brien . . . was called by EDCF and reviewed the photographic evidence taken by SST Sissell. O'Brien confirmed that the 'N' inscribed in [DeLeon's] head was representative of the SGT Group, 'Nortenos'.

3

"9. [DeLeon] called CSl I B. Wiemers to testify on his behalf. However, Wiemers did not have any specific recollections related to the subject matter."

Based on those findings of fact, the hearing officer again found DeLeon guilty of violating K.A.R. 44-12-325 and affirmed the previously assessed sanctions.

On February 21, 2017, the district court issued an order of dismissal. The district court found the rehearing satisfied any due process concerns that were lacking in the first hearing. The district court also found that some evidence supported the hearing officer's findings, and stated it would not "second guess the hearing officer's determination as to the factual matters presented." The district court dismissed DeLeon's petition. DeLeon timely filed his notice of appeal.

Analysis

A challenge to the sufficiency of the evidence in a prison disciplinary proceeding is reviewed for "some evidence" to support the correctional tribunal. Determining whether this standard is satisfied does not require the reviewing court to examine the entire record, make an independent assessment of witness credibility, or reweigh the evidence. The relevant question is whether there is any evidence in the record to support the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016) (quoting *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 [1999]).

There is some evidence in the record that supports the hearing officer's findings. There was a design cut into DeLeon's hair. SST Sissell testified he believed the design in DeLeon's hair was an N that appeared to represent or promote a security threat group. Likewise, EAI Investigator O'Brien also testified that the design in DeLeon's hair looked like an N and appeared to represent the Nortenos.

K.A.R. 44-12-325(c) states:

"Inmates shall not develop, organize, promote, or assist any security threat group and shall not engage in any activity calculated to incite a demonstration by any security threat group. Inmates shall not possess any item, whether in its original condition or in an altered state, associated or identified with any security threat group. 'Security threat group' shall mean any ongoing formal or informal organization, association, or group of three or more persons with a common name or identifying sign or symbol, but without specific approval by the warden."

The evidence in the record, including the testimony regarding the design cut into DeLeon's hair provides some evidence that DeLeon was promoting or associating with a security threat group—the Nortenos.

Affirmed.

4