IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBY BRUCE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-3023-DDC-RES |
| | ) |
| ANDREW PARKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO STAY DISCOVERY
### AND MEMORANDUM IN SUPPORT

Defendants Andrew Parks and Bruce Chapman ("Defendants") respectfully request, through Assistant Attorneys General Matthew L. Shoger and Sydney C. Walsh, an order staying all discovery and any other related Rule 26 proceedings in this case, including the obligation to issue or respond to any discovery, until the District Court rules on their Motion to Dismiss. In support of the Motion to Stay, Defendants state as follows.

### NATURE OF THE MATTER BEFORE THE COURT

In this action, Plaintiff Bobby Bruce White alleges that– while he was incarcerated at Lansing Correctional Facility (LCF) – Defendants failed to protect White from an altercation with another inmate on July 12, 2023, that Defendants failed to provide immediate medical care following the altercation, and that Defendants placed him in segregation and denied him protective custody in retaliation for various complaints he made. (*See* Doc. 8 at 3-4, 6; Doc. 10 at 5, 14-19; Doc. 11 at 17 (treating Doc. 10 as part of the pleadings).) Defendants have filed a Motion to Dismiss seeking dismissal of White's claims for lack of subject-matter jurisdiction (due to Eleventh Amendment immunity), as a matter in abatement (for failure to exhaust administrative remedies), and for failure to state a claim (in light of qualified immunity).

**QUESTION PRESENTED**

Should discovery and any related Rule 26 proceedings be stayed, pending the resolution of Defendants' Motion to Dismiss, which raises the defenses of Eleventh Amendment immunity and qualified immunity?

**ARGUMENTS AND AUTHORITIES**

The Court has great flexibility in determining the time, manner, and scope of discovery. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."). "And it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). While "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending," there are several circumstances where it is appropriate, such as:

- when a decision on the pending motion is likely to end the case;
- "where the facts sought through uncompleted discovery would not affect the resolution of the motion"; or
- "where discovery on all issues of the broad complaint would be wasteful and burdensome."

*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Another appropriate circumstance is when the defendant's motion raises issues of immunity. *See Citizens for Objective Pub. Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119-KHV-JPO, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (stay of discovery was warranted because defendants' motion to dismiss raised sovereign immunity); *Tennant v. Miller*, No. 13-

2143-EFM-KMH, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (noting "the well-established exception" to the district's general policy when defendants raise qualified immunity in their dispositive motion). Staying discovery in such cases allows the Court to resolve the threshold question of whether a defendant is entitled to immunity before subjecting the defendant to the burdens of discovery, which immunity protects him from. *See Stonecipher v. Valles*, 759 F.3d 1134, 1148-49 (10th Cir. 2014) ("qualified immunity protects against the burdens of discovery"); *Jones v. Kansas*, No. 12-2486-KHV-DJW, 2012 WL 5362905, at *2 (D. Kan. Oct. 31, 2012) (citing *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002)) ("Eleventh Amendment immunity . . . is a bar to discovery."); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (saying "qualified immunity . . . is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government" (emphasis in original)).

Here, the Court should stay discovery until it rules on Defendants' pending motion because that motion raises threshold issues likely to dispose of the claims in the case. The motion argues that the Court lacks subject-matter jurisdiction and that White fails to state a claim. Discovery will not aid the Court in deciding these matters, as they are questions of law, not fact. Defendants' motion also argues that White's claims should be dismissed as a matter in abatement due to failure to exhaust administrative remedies, which involves questions of fact, but any discovery the Court allows should be limited to the issue of failure to exhaust. *See Barnes v. Martin*, No. 5:20-cv-47, 2021 WL 5150684, at *1 (M.D. Ga. Oct. 5, 2021) (discussing such a limited stay).

Finally, Defendants raise issues of immunity. Qualified immunity is meant "to free officials from the concerns of litigation, including 'avoidance of disruptive discovery,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)), and Eleventh Amendment immunity is a jurisdictional bar. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Orders denying an official's claims of immunity are immediately appealable under the collateral order doctrine insofar as they turn on questions of law because "the value . . . is for the most part lost as litigation proceeds past motion practice." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 147 (1993). Defendants are entitled to resolution of the immunity issues as a threshold matter because immunity from suit includes protection from unwarranted discovery. *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert*, 500 U.S. at 231-32) ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."); *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (quoting *Siegert*, 500 U.S. at 231) (holding that "where the defendant raises the defense of sovereign immunity and the defense is primarily one of law" discovery should not be allowed "'until the threshold immunity question is resolved'").

## CONCLUSION

Until the Court decides the dispositive legal and jurisdictional issues raised in Defendants' motion, discovery would be wasteful, burdensome, and non-productive, for both the Court and the parties. Therefore, Defendants request that the Court grant this motion and enter an order staying discovery and any other Rule 26 activities in this case, including the obligation to issue or respond to any discovery, until the Court rules on Defendants' pending Motion to Dismiss.

4

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Sydney C. Walsh, KS No. 29762
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
sydney.walsh@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 16th day of December, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served by means of first-class mail, postage prepaid, addressed to:

Bobby Bruce White #76983
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

                                             */s/ Matthew L. Shoger*
                                             Matthew L. Shoger
                                             Assistant Attorney General