UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

    v.

ANDREW PARKS, et al.,

    Defendants.

Case No. 24-3023-DDC-RES

## ORDER

This matter comes before the Court on Plaintiff's Request for Production of Documents to Compel Discovery. ECF No. 31. Two days after Plaintiff's Motion was docketed in this case, Defendants Andrew Parks and Bruce Chapman filed a response brief opposing the Motion. ECF No. 34. Because the Motion is procedurally improper on its face, the Court rules without awaiting a reply brief. For the reasons explained below, Plaintiff's Motion is denied.

Plaintiff moves "[p]ursuant to Rule 34: 34(a),(b) and 37(a) . . . for an Order compelling the defendants to produce documents listed" in Plaintiff's Motion. ECF No. 31 at 1. The Motion goes on to list proposed discovery requests, which appear to be a combination of requests for production and interrogatories. But the Motion is procedural deficient for the following reasons.

*First*, Federal Rule of Civil Procedure 37(a) contemplates that a party may move for an order compelling a response to a formal discovery request that has been served on the opposing party. *See generally* Fed. R. Civ. P. 37(a)(3)(B). In this case, however, Plaintiff has not served his discovery requests on Defendants. As Defendants state, "Defendants have not failed to timely answer any discovery requests because Plaintiff has not served any discovery requests on Defendants[.]" ECF No. 34 at 1.

*Second*, after a party responds or objects to a discovery request, both the Federal Rules and this District's local rules require the parties to make meaningful attempts to meet and confer regarding the discovery dispute. Fed. R. Civ. P. 37(a)(1); D. Kan. Rule 37.2. But again, because Plaintiff has not served discovery requests on Defendants, and Defendants have not objected or otherwise refused to respond to a request, the parties also have not met and conferred about any discovery disputes.

*Third*, even if Plaintiff had served discovery requests on Defendants and exhausted his obligation to meet and confer with Defendants about any dispute regarding those discovery requests, D. Kan. Rule 37.1(a) requires the parties to arrange a pre-motion discovery conference with the Magistrate Judge before filing any discovery-related motion, which also did not occur in this case. Only after a party completes all of these steps may he file a motion to compel. Because Plaintiff's Motion does not comply with the Federal Rules or this District's local rules, the Court denies it.

*Finally*, because Plaintiff is proceeding pro se, the Court has attempted to liberally construe his Motion. To the extent Plaintiff's Motion could be construed as written discovery requests served on Defendants—as opposed to a motion seeking to compel responses and documents—the Court has stayed discovery in this litigation. On December 10, 2024, Defendants filed a Motion to Dismiss that, among other arguments, raises Eleventh-Amendment and qualified immunity issues. *See generally* ECF No. 30. Because immunity issues generally should be resolved before any discovery begins, the Court has sua sponte stayed discovery and delayed issuance of a scheduling order pending a ruling on the motion to dismiss. *See* ECF No. 35; *see also Oldridge v. City of Wichita, Kan.*, No. 21-1284, 2022 WL 15434503, *1 (D. Kan. Oct. 7, 2022). Even if Plaintiff's Motion could be construed as discovery requests served on Defendants, which the Court

does not believe is a fair interpretation of the Motion, the Court's Order stays any obligation by Defendants to respond to these requests at this time. If this case remains pending following a ruling on the motion to dismiss, Plaintiff would be free to serve written discovery requests on Defendants.

The Court understands that Plaintiff is attempting to gain information that would enable him to provide addresses where Defendants Evan Meredith and Gary Spillman could be served, as required by the Court's November 22, 2024 order. ECF No. 25. The Court encourages Plaintiff to explore other avenues for obtaining this information because Defendants Parks and Chapman are unlikely to have additional information that would aid in this task.

More specifically, as stated in the November 22, 2024 order, the Kansas Attorney General has filed a notice of last known address as to Defendant Meredith, a former Kansas Department of Corrections ("KDOC") employee, but attempted service at that address was unsuccessful, which indicates that Defendant Meredith may no longer reside at this last known address. *Id.* at 1 (noting that the U.S. Postal Service was unable to forward the mailing and that somebody had written "not here" on the envelope).

As to Defendant Spillman, the Kansas Attorney General stated that he was not believed to be a current or former KDOC employee. *Id.* at 2. Rather, it appears from Plaintiff's pleadings that Defendant Spillman is associated with "BIBR" rather than the KDOC, which again indicates that it is unlikely that the other Defendants would have relevant information as to where Defendant Spillman could be served.

To provide Plaintiff with additional time to research possible addresses where these Defendants can be served, the Court sua sponte extends the deadline up to and including **January**

**17, 2025**, for Plaintiff to file a notice containing addresses where he requests that service be attempted on these Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Request for Production of Documents to Compel Discovery, ECF No. 31, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff has up to and including **January 17, 2025**, to file a notice containing the addresses where he requests that service be attempted on Defendants Meredith and Spillman. After Plaintiff files the notice, the Clerk's Office shall issue (or reissue) summonses and shall proceed with service. If these Defendants cannot be served because of lack of information about their addresses, ultimately Plaintiff's claims against these Defendants may be dismissed. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: December 19, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge