IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Bobby Bruce White
        Plaintiff

   V.

Andrew Parks, et. al
        Defendants.

Case No: 24-3023-DDC-RES

## Plaintiff's Motion and Request for the Courts Denial of Defendant's Motion to Dismiss

Comes Now the Plaintiff, Bobby Bruce White, Pro Se, and respectfully prays the U.S. District Court to deny the 'Defendants Motion to Dismiss, for all requests and reasons cited by the Defendants because:

A.) The defendant's have failed to respond by the extension of time deadline, up to and including December 10, 2024, to respond to the amended complaint (Doc. 23) Courts

White did not receive a copy of the response until the evening of 12-18-2024, and the included 'Certificate of Service' clearly states; "a copy to be served on December 11, 2024, by means of first-class mail. White has a due process right of service to also, be made on or before (by) 12-10-2024 as ordered by the court, since the prison facility and the Kansas Attorney General Office has e-filing capabilities and was previously used for their own request for the extension of time.

This issue is just as relevant as their own arguement, where they accuse me of not meeting dates for administrative appeal process.

1.

B.) The defendant's make (5) five requests to the court:

1.) To dismiss official-capacity claims for lack of subject-matter jurisdiction due to Eleventh Amendment immunity.

2.) To dismiss the remaining claims against Defendants [? For which? defendant's is clear?], under Rule 12(b) as a matter in abatement for failure to exhaust administrative remedies under the PLRA.

3.) Alternatively, Defendants request an evidentiary hearing on the exhaustion issue, for the Court to dismiss this case under Rule 12(b)(6), due to failure to exhaust administrative remedies, or

4.) For the Court to convert this motion to a summary judgement motion and grant the Defendants summary judgement due to failure to exhaust administrative remedies. Further, in the alternative,

5.) For the Court to dismiss the failure to protect and retaliation claims in light of qualified immunity for failure to state a claim.

Yet, the defendants, still have failed to satisfy the required duty pursuant to 'D. Kan. 56.1 (e) Duty to Fairly Meet the Substance of the Matter Asserted': "If the responding party can not truthfully admit or deny the factual matter asserted, the response must specificly set forth in detail the reason why." These factual matters regarding White's asserted claims found in (Courts Doc. 11), right to freely practice White's religion at LCF, retaliation, failure to provide medical care, and failure to protect. As well as exposure to ETS, rampant unchecked drug and tobacco use at LCF and other KDOC prisons, and elder abuse. For these reasons and the fact that

2.

White did exhaust all administrative appeal process is made available to White by and through the defendants and other KDOC officials/employees, makes all the defendants request "moot".

Further, Whites, 1st in time filing, right to be heard, due process requests of "Motion for appointment of Counsel", and "Plaintiff's Request for Production of Documents to Compel Discovery", which also includes the Plaintiffs request for a judgement by default, which must be addressed, before any "Motion to Dismiss" should be considered by the Court. The defendant's 'Motion to Dismiss' is premature before any discovery is made, and as the (must) requirement of D.Kan. 56.1(e) factual matter asserted is established as, of an illegal and Unconstitutional stature.

Therefore, the defendant's motion should be denied by the Court, granting White appointed counsel, and with discovery made by legal counsel ¢ Or in the alternative grant White Summary Judgement in his favor, by default.

## Rebuttal and Correction of Defendant's Stated Facts.

1.) The defendants state in (Doc 30, P.2 of 17): "The grievance cited and the Petition in the habeas case refer to Defendant Spillman but do not mention the other defendants. (see Exhibit B; Exhibit E.)"

White sought to add defendants to the habeas corpus case 2022 CV 323, before the issuance and service of the Writ of Habeas Corpus.

3.

White filed a "Motion to Amend to Add Issues", but the State Court mislabeled it in the case summary merely as "Correspondence from Plaintiff" and failed to give ruling on the motion in violation of Kan. Sup. Ct. R 166, in violation of due process and which has seriously prejudiced the habeas corpus case. This issue is currently on appeal in; Brief of Appellant Bobby Bruce White, in the Kansas Appellate Court; Case No: 128 298, which White mailed out for filing on 11-26-2024.

2.) White has not claimed or filed suit on any listed defendant, in their official judicial capacity. Therefore the defendents have no qualified immunity, as they are all merely KDOC/State employees /staff acting under color of State law. If the defendents are claiming they were acting in some official judicial capacity for qualified immunity status; they have failed to give and legal or constitutional authority they are relying on to over-ride White's federal and Constitutional rights.


## Standards of Review and Preservation of the Issues:


The Court must construe the complaint liberally because the plaintiff is a Pro Se litigant. Haines v Kerner 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed (2nd)(1972)

If a complaint reasonably can be read, to state a valid claim on which the plaintiff could prevail. A Court should do so despite the plaintiff's failure to cite proper legal authority, his confusion of

4.

various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. A court reviewing the sufficiency of a complaint presumes all the plaintiffs factual allegations are true and construes them in the light most favorably to the plaintiffs. Hall v Bellmon 935 F.2d 1106, 1110 (10th Cir 1991)

The U.S. and the Kansas Constitution (through the 14th Amendment,) guarantees prisoners the right to "adequate, effective, and meaningful access to the courts to challenge violations of Constitutional rights. Bounds v Smith 430 U.S. 817, 824, 828 (1977)

The prisoners right to access to courts may not be denied or obstructed. Johnson v Avery 393 U.S. 483, 485 (1969)

When the State takes a person into it's custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume responsibility for his safety and general well-being. ... The affirmative duty to protect arises ... From the limitation which it has imposed on his Freedom to act on his own behalf. De Shaney v Winnebago Co. Dep't of Soc. Serv's 489 U.S. 189, 199-200 (1989)

A private party may sue a state officer for prospective, injunctive, or declaratory relief from an on-going violation of the United States Constitution or Federal laws. Robinson v Kansas 117 F. Supp. 2d 1124 under the Eleventh Amendment and through the Declaratory Judgement Act.; U.S.C.S. Civ. R57, 28 U.S.C. § 2201/2202

42 U.S.C. § 1983; "Every person, under color of any statute, ordinance, regulation, custom, or usage, of any State ... or cause

to be subjected, any citizen of the United States, or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity for other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... "

   In Preiser v Rodriguez 411 U.S. 500, the Supreme Court explained that a prisoner seeking damages for deprivation of constitutional or Federally created rights may properly bring suit only under Section 1983.

   Section 1983 is not itself a source of substantive rights, but rather it is a means of vindicating Federal rights established elsewhere. Albright v Oliver 510 U.S. 266, 271 (1994); citing Baker v McCollan 443 U.S. 137, 144 n.3 (1979) (This a right to redress grievances and to access the courts.)

   The U.S. Supreme Court has held that misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken, "under color of state law," U.S. v Classic 313 U.S. 299, 326 (1941)

   A defendant [White/Plaintiff] must be permitted to present a complete defense [litigation of defendants] in a meaningful manner and the exclusion of evidence [Summons service to litigants], which is an integral part of a defendants [White/Plaintiff] theory [facts] violates the right [obstruction] to a fair trial. State v Washington 275 Kan. 644 (2003),

The courts have made past errors by:

a) failing to construe liberally and consequently dismissed a plaintiff's §1983 claim. Whitney v New Mexico 113 F.3d 1178, 1170, 1173-75 (10th Cir. 1997)

b.) In granting a summary judgement without ruling on plaintiff's motion to compel discovery because a summary judgement is inappropriate without adequate opportunity for discovery. Dean v Barber 951 F.2d, 1210, 1213 (11th Cir 1992)

c.) A Pro Se complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no facts in support of claim that would entitle a plaintiff to relief. Haines v Kerner 404 U.S. 519, 520-21 (1972)

d.) Public Officials are presumed to be aware of the law governing their conduct. Crawford-El v Britton 523 U.S. 574, 590-91 (1998) A circuit court may not raise the standards for plaintiff's pleadings to shield government officials from defending against a §1983 suit. Id at 594

## Arguments and Authorities

The defendents response can be reduced from the (5) Five requests to the following (3) three issues. (a) qualified immunity, (b) Jurisdiction - State a claim, and (c) Exhaustion of administrative remedies.

A.) Qualified Immunity:

I. the Eleventh Amendment does not bar White's §1983 claims

against the defendants in their official capacities.

The defendants have not cited their official, judicial capacity authority for qualified immunity and/or that they had no personal involvement in White's claims. All the defendants cited by White are merely state employees/staff, acting under color of state law applicable to 42 U.S.C. §1983 and all personally involved. In White's present case these named prison employees/staff, Spillman, Parks, Meredith and Campbell were all personally involved in the violations and responsible for White's physical and mental injuries and as filed in White's complaint.

Examples of prior like cases with similiar issues as White's are:

1.) Prison officials placing an inmate in solitary confinement for 514 days without a hearing. Tellier V Fields 230 F.3d 502, 517 (2nd Cir 2000).

For White, he was held in atypical conditions to the ordinary conditions of prison life for 209 days at LCF and another 95 days at LSCF without charges, hearing or exit review, over the 60 day maximum policy hold requirement. This while White was being denied legal material, documents, etc. needed to represent himself in a State habeas corpus action. Which is clearly an obstruction to access the court.

2.) Cruel and unusual punishment violation for failing to protect inmate which led to the inmates murder. Flint V Kentucky Dep't of Corr, 270 F.3d 340, 355 (6th Cir. 2001) For White it only resulted in an attempt murder by strangulation, but with similiar elements at issue.

8.

3.) Prison officials were not entitled to qualified immunity, where a prisoner was burned In a fire started by a cell mate, because prison officials admitted they knew of duty to protect inmates from other inmates and could not reasonably believe indifference to prisoner's plea for help was lawful. Haley v Gross 86 F.3d 630, 647 (7th Cir 1996)

4.) Prison officials were not entitled to qualified immunity because prisoner demonstrated that prison officials violated clearly established law when they were deliberately indifferent to prisoner's [like in White's case] serious medical need. Reece v Groose 60 F.3d 487,491 (8th Cir 1995)

5.) For an inmates claim that prison smoking policies [For White the lack of enforcement with deliberate indifference, their own no drug/tobacco, ETS policy], which endangered his health. Cochon v City of Angola 122 F. 3d 319, 320 (5th Cir 1997)

6.) When the right of a person [White], to not be subjected to serious risk to future health resulting from environmental tobacco smoke (ETS) was clearly established. Alvarado v Litscher 267 F.3d 648, 653 (7th Cir 2001), and Helling v McKinney 509 U.S. 25, 34-35 (1993).

7.) Under Nami v Fauver 82 F.3d 63, 67 (1996) The 8th Amendment is violated by double ceiling when combined with other adverse conditions, such as small cell area, poor ventilation, exposure to environmental tobacco [and drugs for White's case] smoke (ETS) and lack of opportunity for exercise [and violation of the establishment clause of religious freedom in Whites Case] [which was violated by Defendants Spillman, Parks, Meredith and Campbell.]

8.) <u>Helling v McKinney 509 U.S. 25, 34-35 (1993)</u> An 8th Amendment claim was stated [Same as for White] by an inmate alleging that prison officials, with deliberate indifference exposed him to levels of ETS posing an unreasonable risk of serious damage to his future health, Id at 35. The court noted that courts must assess · not only the magnitude and likeli hood of harm <u>from ETS</u> exposure, but also society's view of the seriousness of the risk. Id at 36. Courts must determine whether society considers risk from ETS, "to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk", Id at 35-36 The determination of deliberate indifference should be made, "in light of the prison authorities' current attitude and conduct," The court noted that the prison's adoption of a formal smoking [For the KDOC- No SMOKING] policy, "will bear heavily on the inquiry into <u>deliberate indifference</u> . . . and <u>requires reasonable efforts to respect the wishes of nonsmokers where double bunking exists.</u>

9.) 8th Amendment violation was found, because segregated confinement deprived inmate of outdoor exercise- [For White he was deprived for 209 days] <u>Perkins v Kan. Dep't of Corr. 165 F. 3d 803, 810 - 11 (10th Cir, 1999)</u>

10.) 8th Amendment violation was found, when prison officials failed to intervene in beating of prisoner. <u>Skrtich v Thorton 280 F 3d 1295, 1305 (11th Cir 2002)</u> This similiar to White's case · by the assault -attempted murder by strangulation, refused to separate us until I was forced under <u>duress</u> to sign a PC waiver, but, then still denied medical care for the injuries, by defendants Parks, Meredith and Campbell.

10.

all personally involved and acting under color of state law.

11.) Public officials can not rely on ignorance of even the most esoteric aspects of law to avoid liability. The reasonableness standard is determined "under settled law in the circumstances". It is a well settled law that deliberate indifference by prison officials to a prisoners serious injury or illness may constitute cruel and unusual punishment in violation of the Eighth Amendment, Estelle v Gamble 429 U.S. 97, 104-05 (1976) This for which White has asserted was violated by defendants, Parks, Meredith and Campbell.

The Eleventh Amendment does not give the defendants; Spillman Parks, Meredith, or Campbell, absolute nor qualified immunity from litigation of a 42 U.S.C § 1983, per the aforementioned well settled case law.

## B.) Jurisdiction - state a claim:

The U.S. District Court clearly has subject-matter jurisdiction through the U.S. Constitutional Amendments, which includes the 14th Amendment, 42 U.S.C. § 1983; (Preiser v Rodriguez) and for the issues that passed screening by the court when the case was originally filed, for the stated claim and as follows:

White clearly has a claim stated for a 1st and 8th Amendment, cruel and unusual punishment; and religious freedom violations, because he suffered actual serious physical and mental injury, pain and suffering.

11.

If White didn't have a claim stated, this case would not have survived screening and for the like cases under §1983 which establishes that White has not failed to state a claim for damages of Constitutional 1st and 8th Amendments stature. (see:)

1.) Gregory v Shelby County, 220 F.3d 433, 485 (6th Cir 2000) Punitive damages of $2.2 million was proper because the county employee allowed the assault of inmate to occur and later not provide medical attention

2.) Naucke v City of Park Hills, 284 F.3d 923, 929 (8th Cir 2002) Punitive damages proper when jury could have reasonably determined actions was motivated by evil intent or taken in reckless or callous disregard of the Plaintiff's Federal rights, (See: recent death of prisoner, courts cases involving prisoners Gary Raburn and Brooks Robinson Vonthaer similiar/same as White's case issues)

3.) Nieto v Kapoor 268 F3d 1208, 1221-23 (10th Cir 2001) Punitive damages was proper because defendant's behavior was intentional, willful and malicious.

4.) Smith v Wade 461 U.S. 30, 51 (1983) Punitive damages was awarded and proper in §1983 case involving reckless or callous disregard for the plaintiff's rights, as well as intentional violation of Federal law.

5.) Davis v Rennie 264 F.3d 86, 115-117 (1st Cir 2001) Punitive damages were proper where sufficient evidence was found to support that defendant's acted with "evil motive" and knew that they may be acting in violation of Federal law.

6.) Canell v Lightner 143 F.3d 1210, 1213 (9th Cir. 1998) emotional or

12.

mental distress due to violation of the 1st Amendment right is sufficient to claim compensatory damages.; also see: Makin v Colorado Dep't of Corr. 183 F. 3d 1205, 1214 (10th Cir 1999)

7.) Thompson v Gibson 289 F. 3d 1218, 1222 (10th Cir 2002) The plaintiff's claims for emotional distress is not barred when the plaintiff suffered physical injury in addition to mental and emotional harm.

8.) Slicker v Jackson 215 F3d 1225, 1231 (11th Cir 2000) Compensatory damages were awarded for actual physical injury where such injury was established, even if evidence as to the exact quantity of the actual damage was not presented.

✳   White's case and his requested relief is very lenient and reasonable as requested compared to the like case found under Gregory v Shelby, even though White requests the Court or the hearing jury to award White punitive damages equal to 1 or greater than his requested compensatory damages. This is comparable other settled case law and a reasonable claim stated and should be allowed to be decided by jury or by summary ruling by the Court in White's favor.

White's §1983 is not a matter to be lessened (Crawford-El v Britton) for damages in abatement, but a matter of accession, because White is not only qualified to seek, nominal and compensatory damages for his 1st and 8th Amendment violations done to him, but also punitive damages, which White is relying on a Juries decision of the per-cent liability of each defendant under declaratory Judgement Act.

## C.) Exhaustion of Administrative Remedies

White asserts he completely and repeatedly exhausted all the KDOC Administrative (State) Remedies which was within White's ability and control and made available to White by the State and the defendants. White asserts the State/KDOC has no available remedies for state prisoners.

'Remedies' - is defined as: a way of solving or correcting a problem. To repeatedly and consistantly deny a grievance is a denial to solving or correcting a problem. Therefore, there is no KDOC/State Administrative Process Remedy. The defendants clearly admit to this fact under their ('Motion' Doc.30, (C.) pages 8-12, where every appealed grievance and the attempts of the Plaintiff, (to give legal notice to the State/KDOC), to follow their procedurals were met simply with a 'denied.' Also, see (Doc.30, (D.) page 12) where even White's Emergency Grievances were just with deliberate indifference simply 'denied.'

Further, the defendants are not correct as to the 'only' applicable requirement for submitting a grievance as they out-lined in (Doc.30, page 8). "K.A.R 44-15-106 "Emergency procedure." shall mean those grievances for which disposition according to the regular time limits would subject the inmate to a substantial risk of personal injury, or cause other serious and irreparable harm to the inmate." Their 'denial' of my 'Emergency Grievance' and deliberate indifference almost got me (White) killed (murdered/attempted by strangulation). This implicates the Gate Keeper Theory for liability and the imminent

14.

danger exception. White's case is like the followings
1.) Hunt v Uphoff, 199 F 3d 1220 1222 (10th Cir. 1999) Where the imminent
danger exception was satisfied when alleging failure to provide
adequate medical care for serious condition.
2.) Askley v Dilworthy, 147 F. 3d 715, 717 (8th Cir. 1998) where imminent
danger exception was satisfied when a prisoner seeking injunction
was confined with others on enemy list.

    White was seeking help from danger of ETS and physical violence
from drug user/dealer but being 'denied' and the very people who I
was requesting protection from were being intentionally put in the
same cell to intimidate, harass and which resulted in the attempted
murder by strangulation. This is a commonly used practice by KDOC
officials, which is simply a perverted version of "scared straight."

3.) Clayton v Gibson 199 F. 3d 1162, 1170 (10th Cir. 1999) The exhaustion
requirement was met because the state court, expressly made
pursuing further state remedies futile by applying state law
which limited the ability of the petitioner to raise new issues on
appeal.

4.) Under Green holtz v Inmates of the Nebraska Penal and Correctional
Complex 442 U.S. 1, 4 (1979) The Supreme Court did not require the
exhaustion of state habeas remedies and addressed the merits of
a §1983 claim challenging the constitutionality of a state's parole-
release determination procedure.

    This is very relevant to Whites habeas corpus request in the

15.

state court and this §1983, because of the KDOC denial to White the right to programs and services for rehabilitation for parole consideration, because of retaliation, of White accessing the court.

5.) Prisoners need not exhaust state remedies prior to a §1983 action alleging defendants violated the inmates due process and equal protection rights. Sisk v CSO Branch 974 F. 2d 116, 117, 118, (9th Cir 1992)

6.) Prisoners need not exhaust state remedies prior to challenging state parole statute on equal protection grounds. Georgevich v Strauss 772 F 2d 1078, 1085-87 (3rd Cir. 1985).

White also alleges he held an imminent danger exception, because of denial to protection from ETS as it applies to all the defendants. Yet, this issue of exhaustion is settled, because of collateral estoppel under Habeas Corpus (Defendants Ex E.), where Pawnee Co. District Court Judge Gretterman on 7-30-2024 found "The record reflects that White exhausted his administrative remedies and timely filed his Petition for Writ of Habeas Corpus in Leavenworth Co., Kansas."

## Plaintiff's Rebuttal

I. A mere boiler-plate allegation by the defendants accusing the Plaintiff of failure to exhaust administrative remedies, without specifics required by D. Kan. 56.1(e) [of what points/issues], does not establish a fact (suitable for Dismissal), without discovery of the issues and their relevance to the Gate Keeper Theory and Imminent

16.

danger exception, the defendant's obstruction to access the court and the grievance process, and the defendant's own failure to process grievances that are submitted, to provide the necessary forms, copies, etc. and timely answering and returning grievances submitted per the administrative grievance appeal process. This while White was being wrongfully held in atypical conditions of incarceration to the usual prison condition allowed to other prisoners, and with deliberate indifference, ignoring and denying White's "Emergency Grievances", which ultimately almost got White killed (attempted murder) by strangulation.

"Rules and regulations adopted by an administrative board to carry out the policy declared by the legislature, in the statutes have the force and effect of laws, such regulations are issued for the benefit of both the agency and the public, and an agency must be held to the terms of it's regulations."

"An agency may not violate its own rules, and where it fails to follow the rules, that it has promulgated, it's orders are unlawful." McMillan v McKune, 35 K.A. 2d 654, 661, 135 P.3d 1258 (2006)


II.(a) Even defendants C) section of (Doc-30, P.8of17) contridicts the defendants claim of failure to exhaust administrative remedies. As can clearly be seen, all the grievances were submitted correctly, within White's ability/part and to the S.O.C. on appeal and consistantly

17.

merely denied and/or did not follow through with a determinational response they made, and/or in the case of "Emergency Grievance", their response is a perverting of a plea for help, falsly converting it into only a classification issue.

(a) Notice #1 Grievance of AA 2023056, Oct. 5, 2022 (Exhibit B at 8...)

It states the grievance was denied by the Unit Team, Oct. 6, 2022, by the warden on appeal on Oct. 10, 2022, and by the Secretary of Corrections on appeal on Nov. 3, 2022.

(b) The KDOC officials did not outright deny this grievance, because all three officials have stated, "I was <u>not</u> being removed from the BIBR program. (see: Exhibit B, Doc 30-2, p. 8 of 10), (p 10 of 10) and (p 1 of 10) "...discuss your concerns with the program lead [defendant Spillman] when you attend the new session..." This implies I was to remain in the program. Yet, the KDOC officials allowed Mr. Spillman who (supposedly, not even a KDOC/state employee/staff member) to retaliate against me (merely because I couldn't tolerate ETS) and removed me from the BIBR program and housing pod, because I submitted a (the) grievance and filed legal action in the court case (Defendants Ex. E.). Also, see center paragraph on (Page 16 of this Doc) where the State Court has already found White has exhausted these issues of (Exhibit B. and E.)

c.) White alleges the KDOC/officials are not keeping accurate records and are in fact falsifying and/or back dating official documents on (Defendants Ex. B).

18.

Notice on (Doc. 30, page 8-9, C.) 1. grievance) the defendants state the grievance "as Secretary of Corrections on appeal Nov. 3, 2022.

Yet, if you examine (Doc. 30-5, Ex. E, p. 6 of 28) White had to file a Count II habeas claim for failure to answer and return grievance, in the required 20 working days. White didn't receive the answered grievance until 3:00 P.M on 12/18/2022. (See: Doc 30-5, Ex E, p 1 and p 12 of 28) and then compare to (Doc. 30-2, Ex B, p. 1), you'll also find several pages missing out of (Exhibit B) where (Ex B has 10 pages) and the same grievance attached to (Ex E - has 17 pages).

This is a constant problem with the KDOC officials either out-right losing or failing to return grievances back in the required time times and even back dating. It got so bad White had to start sending copies of all appealed grievances to the Secretary of Corrections and to the court, through legal service - certificate of Service - to assure there was a record of my good faith attempt of exhaustion, and the grievances were returned. (See: Ex F-4, Doc. 30-6, p 29 of 83) and (Ex F-3, Doc. 30-6, p 23 of 83) as examples.

d.) (Ex F-4, Doc 30-6) was an "Emergency Grievance and a appeal to the S.o.C. submitted by a court legal service with "Certificate of Service" mailed out on 6-12-2023, because I was being abused and violated by the defendants, I was getting no help from the Lansing Facility Officials and I was in imminent danger of physical harm, and it was authorized through KAR 44-15-106. But, because of the defendants and KDOC officials deliberate indifference it was ignored.

19.

This complaint was clearly not a part of any classification decision making process, but the deliberate indifference of a plea for help and protection.

On (page 27 of 83, Ex. F-4) I states: "Mr Parks UTM are helping him (Spillman), because he is putting my life in danger by intentionally putting these same people in the same cell as I ..." "Mr. Parks UTM and the A1 Unit Team are intentionally torturing me and putting me in danger by their abuses and mismanagement of their duties to protect." This was on 6-9-2023, received as indicated by the DOC Facility Management Area on 6-23-2023. Less than a month later on 7-12-2023, I was almost murdered by strangulation, because of the defendants and KDOC officials deliberate indifference for my life and safety.

This is a known problem by the court, because the same issues have recently caused the deaths of prisoners Gary Raburn and Brooks Robinson Von thaer. When a person is in that position fearing for his very life, he is not immediately thinking of meeting some ridiculously short-time line to submit property or personal injury claims, You're just trying to stay alive and avoid the continuing torture being done to you. (Further, I was being denied the proper forms for Filing by defendants)

Yet, I did my best to give Notice through my many plea's for help and repeatedly brought up these issues up on appeal to the S.O.C. for the exhaustion of the Administrative process. (I know there is never any remedies made available to prisoners.)

Notice these submitted issues up on appeal to S.O.C.

1.) Defendants (Ex. F-10, Doc 30-6, P. 78 of 83), "White is appealing

20.

this failure and refusal to process."

2.) (Exhibit F-9, Doc. 30-6, P. 71 of 83). "The principal Administrator should have done, what the KDOC officials constantly preach to it's prisoners. To:, take responsibility for your mistakes and illegal acts..."

3.) (Exhibit F-8, Doc 30-6, P. 5 of 83). "...still doesn't address the real problem of why was it suddenly, on this particular day, after White was physically attacked by CO II Grensheer, Lt. Joel East, Lt. Charles Perez, and CO Madewell, was it so important for the officers, to suddenly keep asking me if I wanted my [food] tray?"

4.) (Ex. F-7, Doc. 30-6, Page 46 of 83), "I have submitted numerous Form 9, and I have signed receipts to prove it, to Mr. Vonderacek cc. that have gone unanswered, which includes, one PREA Complaint Grievance, submitted by paper; tablet [sent 11-21-2023 #397422041], and verbally, because of the prisoner put in the same cell with me."

5.) (Ex. F-4, Doc 30-6, P. 28 of 83.) "P.S. In a recent letter from Mr. Brett Peterson, he said, he found it disturbing that I had written to him and he didn't receive them. He suggested that I should hand it (the correspondence) off to Mr. Meredith, Ms. Hall, or UTM Parks [White's listed defendants] for delivery to the Warden's Office. What he must of failed to understand was that, that was exactly what I did. That is why he didn't receive the letter."

"The Unit Team won't come to the cell to pick-up such items."

2 1.

"I have to give it to the Unit Officers, to give to the Unit Team. I was locked down in my cell 24 hours a day — No day room — No Yard over the maximum allowed disciplinary time pursuant to KAR 44-12-1308 of 60 days (not to exceed)"

"That's why so many people are dying in this prison."

6.) And the list can go on and on. But, I would request the defendants to give specific itemized claims/allegations of what I (White) have failed to do within my physical capability in an evidentiary hearing during discovery. So that it will be on the record, final and conclusive.

## IN CONCLUSION

White respectfully asserts: 1) the U.S District Court has subject matter jurisdiction of White's complaint issues relevant to Federal law and of Constitutional violation stature. 2) 42 U.S.C §1983 is the proper venue for this claim and White has not failed to state a claim, because of actual physical and mental injury, cruel and unusual punishment, and violation of religious freedom (Establishment Clause) and equal protection of the law rights for protection and medical care, and violation of elder abuse. 3) White has sufficiently exhausted all administrative process and White's issues, because of the 1st and 8th Amendment right violations are not subject to be lessened by abatment or

22.

Dismissal. 4.) The defendants are all state employees /staff, acting under color of state law, and have no qualified immunity from personal liability acts in violation of Federal law and the U.S. Constitutional Amendments.

White prays the Court deny the "Defendants Motion to Dismiss, for all their requests and reasons they cited; granting White his previously filed motion for appointment of legal counsel for representation and discovery, deposition etc., or in the alternative to summarily grant White all his requested monetary relief against all defendants [(4) Four]; to include relief by punitive damages equal to; or greater than the compensatory damages, attorney fees, all court costs, and all money/property lost and costs involved in this action.

Respectfully Submitted, Bobby Bruce White

Dated: December 23, 2024                    Pro Se.

Bobby White #76983
Larned State Correctional Facility
1318 Ks., Highway 264
Larned, Kansas 67550

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Case No: 24-3023-DDC-RES
White v Parks et al.


CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this "Plaintiffs
Motion and Request for the Courts - Denial of Defendants Motion
to Dismiss" was served via, U.S. Mail, 1st Class, postage
prepaid on this 23rd day of December, 2024 to:

1) Kris W. Kobach, Attorney General of Kansas, c/o Matthew L.
Stoger; and Sydney C. Walsh; Office of the Attorney General;
120 S.W. 10th Avenue, 2nd Floor, Topeka, Kansas 66612-1597

2) E-Filed to the U.S. District Court Clerk.

Dated: 12-23-2024        by s/ Bobby White #76983
                                          Pro Se

                              Bobby White #76983
                              Larned State Correctional Facility
                              1318 KS., Highway 264
                              Larned, Kansas 67550