**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BOBBY BRUCE WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 24-3023-DDC-RES |
| | ) |
| **ANDREW PARKS,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Andrew Parks and Bruce Chapman ("Defendants") submit this Reply in further support of their Motion to Dismiss (Doc. 30). Defendants assert that Plaintiff's Response (Doc. 38), despite exceeding the court's 15-page limit by 8 pages, fails to overcome their legal arguments. Accordingly, Defendants' Motion should be granted in its entirety. Defendants incorporate herein, as if set forth in full, the arguments and authorities in their Motion. (Doc. 30.) Defendants' Motion should be granted for the reasons previously stated.

White complains that the Motion to Dismiss was filed on the deadline and not mailed to him until the next day. But "[i]t is undisputed that the motion was filed electronically on the deadline" and "he has not identified any prejudice to him caused by the one-day delay" in placing it in the mail. *See Allen v Zavaras*, 483 F. App'x 411, 414 (10th Cir. 2012). What is more, if Defendants had placed it in the mail at 11:59 PM on the deadline it would not have been postmarked or processed by the mail carrier until the next day regardless. So placing it in the mail the next day effectively gave White an *extra day* to respond. *See* Fed. R. Civ. P. 5(b)(2)(C); D. Kan. Rule 6.1(d)(1). So it is actually better for pro se litigants if items can be mailed to them the day after filing, especially when the last mail pickup time has passed on the deadline. The Court can also take judicial notice that the last mail pickup time differs by location (*see* USPS,

Find USPS Locations, https://tools.usps.com/locations/), so if the last pickup time was turned into a court deadline for mailing, the deadline would vary for litigants based on where they live or work, which would not treat litigants equally. Further, the relevant filing deadline here came from the Court granting a motion coded through the court's e-filing system as "Motion for Extension of Time to *File* Response" (emphasis added), not to mail response. (*See* Docs. 22-23.) Alternatively, Defendants request an out-of-time extension of time of one day for their Motion.

White quotes an older version of D. Kan. Rule 56.1. But this rule only applies to responses to motions for summary judgment, which is not relevant for the current Motion.

He says motions to dismiss are premature before discovery but cites no authority for this.

White requests summary judgment by default, but Defendants are not in default.

White says he tried to add Defendants to the habeas case, but they were not served and White has not alleged facts sufficient to make plausible they were aware of the habeas case.

He claims he has not sued Defendants in their "official judicial capacity" and appears to suggest that qualified immunity only applies to *official*-capacity claims. But qualified immunity applies only to *individual*-capacity claims. *Cox v. Glanz*, 800 F.3d 1231, 1239, n.1 (10th Cir. 2015). And any official-capacity claims would be barred by Eleventh-Amendment immunity.

White cites *Robinson* for a point about cases involving prospective injunctive or declaratory relief, but he has not requested these types of relief in this case. (*See* Doc. 8 at 8.)

He cites *Crawford-El* for the proposition that officials are presumed to be aware of the law, but it only applies "[i]f the law was clearly established." *Crawford-El*, 523 U.S. at 591.

He says he was held in atypical conditions, which would only be relevant to the retaliation claims. Defendants have argued he has failed to plausibly allege a retaliatory motive.

White asserts obstruction of access to the courts, but he has not brought an access-to-the-

courts claim in this case. He cannot amend his Complaint by adding new claims in his Response. *Larson v. Safeguard Props., Inc.*, 379 F. Supp. 2d 1149, 1152 (D. Kan. 2005).

White cites numerous cases regarding corrections officers failing to protect inmates in various *other* circumstances, but he has not plausibly alleged a failure to protect in *this* case.

White cites cases involving claims of deliberate indifference to the health risks caused by environmental tobacco smoke. But White has not brought such a claim against Defendants.

White cites *Nami*, a case from outside the Tenth Circuit, for the proposition that double celling combined with other factors can result in *deliberate indifference*. But White has brought a *failure-to-protect* claim, and he does not allege that any other factors led to the alleged attack. He simply happens to complain about various other prison conditions for different reasons.

White now asserts that he was denied opportunities for exercise. But he has not brought a claim against Defendants based on lack of opportunities for exercise.

White asserts that Defendants refused to immediately separate White from his cellmate in the aftermath of the alleged assault. But a failure-to-protect claim based on failing to protect from attacks by other inmates requires a "resulting attack" by another inmate. *Van Buren v. Willard*, No. 1:13-cv-01273, 2014 WL 711014, at *7 (E.D. Cal. Feb. 21, 2014) ("Absent harm, Plaintiff cannot state a claim for failure to protect"); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (requiring a concrete and particularized injury for constitutional standing to bring a claim). Here, White has not alleged any resulting attacks by his cellmate after Defendants allegedly failed to separate them. Alternatively, White cannot receive compensatory damages based on these allegations due to lack of a physical injury. *See* 42 U.S.C. § 1997e(e).

White states that it is well-settled law that deliberate indifference *in general* is actionable. But to overcome qualified immunity it must be clearly established that *specific* conduct qualifies

3

as deliberate indifference. *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019).

He cites cases allowing damages. But he has not shown damages are appropriate here.

White asserts, in a section unrelated to exhaustion of administrative remedies, that this case should not be addressed as a matter in abatement but a matter of accession. White does not explain what he means by this. The definitions of "accession" in Black's Law Dictionary (12th ed. 2024) all have to do with agreement, coming into possession of something, treaties, or property law, none of which appear to have anything to do with this case.

He cites the declaratory judgment act. But he has not requested a declaratory judgment.

White asserts that because his grievances were denied, no remedies were available. But this falls short of plausibly alleging that the procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates" as would be necessary to show the procedure was unavailable. *See Ross v. Blake*, 578 U.S. 632, 643 (2016).

He says his emergency grievance allowed him to bypass the normal procedure. But he fails to address that the Secretary denied it as an invalid use of the emergency procedure.

White discusses the "imminent danger exception," an exception to the three-strikes bar on in-forma-pauperis status. *See* 28 U.S.C. § 1915(g). But it has nothing to do with exhaustion.

White cites *Clayton*, a case in which an attempt to exhaust would have been futile. But White has not explained how exhaustion would have been futile with regard to any claims here.

White cites several cases not requiring exhaustion. But that is because they predated the PLRA. *See* Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, 1321-71 (1996).

White quotes an order in a habeas case (that Defendants have already pointed out does not even mention the Defendants in the petition). White cites to Defendants' Exhibit E, but that exhibit contains only the petition. For the court's convenience, Defendants attach the quoted

4

order as Exhibit G. The court can take judicial notice of it. *See Gee*, 627 F.3d at 1186, 1191. The order says that administrative remedies were exhausted *with regard to White's claim regarding being expelled from BIBR.* (Exhibit G at 2.) It specifically notes in the next paragraph, however, that "there is no alleged proof of exhaustion of administrative remedies by White" for any other matters White mentioned in that case. (Exhibit G at 2-3.) The court certainly did *not* state that White exhausted administrative remedies with regard to the claims currently before this Court.

He complains officials failed to timely respond to grievances. But when the regulation provides an appeal after a failure to respond (like in K.A.R. 44-15-102(a)(2), (b), and (c)(1)), remedies are still considered available. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002)); *see also Lindsey v. Cook*, No. 19-3094-HLT, 2021 WL 483855, at *3 (D. Kan. Feb. 4, 2021) (discussing the remedy available to inmates when prison officials do not timely respond).

White makes vague, conclusory allegations that officials refused him grievance forms and falsified grievances. But this is insufficient to show unavailability of remedies. *See McKeighan v. Corrections Corp. of America*, No. 08-3173-SAC, 2010 WL 3913227, at *8 (D. Kan. Sept. 30, 2010) (citing *Bell v. Ward*, 189 F. App'x 802, 804 (10th Cir. July 26, 2006)).

White asserts that KDOC keeps inaccurate records because Doc. 30-2 doesn't contain the same pages as a copy of the same grievance in Doc. 30-5. But the grievance appeal in Doc. 30-2 was scanned in as it was received by White. (Doc. 30-6 at ¶ 7.) And Doc. 30-5 is a court petition as it was filed by White. White fails to address that he is the source responsible for both copies.

He makes various quotes from grievances but none have to do with his current claims.

He says his claims are not subject to dismissal. But he cites no legal authority for this.

For these reasons and the reasons expressed in Defendants' Motion to Dismiss (Doc. 30), Defendants request that the Court grant their Motion in full.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 9th day of January, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served on the 10th of January, 2025, by means of first-class mail, postage prepaid, addressed to:

Bobby Bruce White #76983
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

              */s/ Matthew L. Shoger*
              Matthew L. Shoger
              Assistant Attorney General