IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Bobby Bruce White
    Plaintiff

vs.

Andrew Parks et.al.

Case No: 5:24-cv-03023-DDC-RES,

Plaintiff's Answer to Defendants "Reply... of... Motion to Dismiss"
Plaintiff's Objection to Any Dismissal

This Defendant's "Reply..." and certified to be served on the 10th of January 2025; was received by the Plaintiff on Jan. 17, 2025 @ 3:40 PM.

The Plaintiff (White) Comes Now to submit his answer, in support of his request for a jury trial, for White's constitutional right for the redress of grievance, 1st, 5th, 7th, 8th, 9th and 14th Amendments. and for White's state created liberty interest right to humane treatment, (K.S.A. 75-5210(a), K.S.A. 21-5416/5417) and right to be free from physical and mental injury, pain and suffering, that amounted to a violation of the right to religious freedom (establishment clause), denial to medical care, cruel and unusual punishment, because of retaliation, because White invoked his constitutional right to access the courts and begged for protection from (ETS) drug/tobacco smoke/drug users/dealers, but was denied by the defendants, Parks, Meredith, Chapman and Spillman, all KDOC/State of Kansas employees acting under color of state law.

Prisoners retain those rights compatible with the objective of incarceration. Hudson v Palmer 468 U.S. 517, 523-24 (1984) Torture and the attempted murder by strangulation is not a legitimate objective of incarceration, nor a part of White's sentencing and is a clear violation of human rights and the U.S. Constitution.
"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving

1.

one of a constitutional right, is an excess of jurisdiction." see: Wuest v Wuest, 127 P.2d 934, 937.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, the court is deprived of juris." see: Merritt v Hunter, C.A. Kansas 170 F.2d 739. In a court of limited jurisdiction, the court must proceed exactly according to the law or statute under which it operates. Flake v Pretzel, 381 Ill. 498, 46 N.E.2d 375 (1943) ("the actions, being statutory proceedings, ... were void for want of power to make them.") ("Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the limits of the jurisdiction conferred, its judgment is void."

Thus, neither Judges nor Government attorneys [Nor prison employees "Officials"] are above the law. See: United States v. Isaacs, 493 F.2d 1124, 1143 (7th Cir 1974) In our judicial system, few more serious threats to individual liberty can be imagined than a corrupt ~~judge~~ ["Or prison employee "official"] or ~~judge~~ acting in collusion outside of their ~~judicial~~ authority ["Or in violation of the law, policies and procedures, rules and regulations set out for the protection and rehabilitation of state prisoners] to deprive a citizen [state prisoner/elder person/White] of his rights.

✻ The plaintiff (White) does not direct any disrespect or alleged claims to this court, but, merely cites case law to make his point, regarding the Defendants lack of qualified or official immunity.

In Stump v Sparkman, 435 U.S. 349 at 360 (1978), the Supreme Court confirmed that a ~~judge~~ [Or in this present case the defendant/state prison employees] would be immune from suit only if he did not act outside ... and/or was not performing any act expressly prohibited by statute. (Elder/prisoner abuse K.S.A. 21-5416/5417)

✻ Mere good faith assertions of power and authority have been abolished." Owens v The City of Independence 445 U.S. 622 (1980).

White asserts that the jurisdiction of this court should be directed toward Constitutional violations and statutory provisions of 42 U.S.C. §1983 and that the requirement of the court should be directed (to avoid undue inordinate delay) toward the defendants to answer to the substantive issues of the matter asserted.

2.

1.) The Defendants legal counsel has asserted, that the Plaintiff's Response (Doc. 38) exceeded the 15 page limit by 8 pages. White, apologizes to the Court and to the Defendants for this harmless error. This oversite was caused by the Plaintiff's previously supported fact; that the Plaintiff is:, (1) "Not" a trained professional attorney with the same, or anywhere near equal resources and training as the Kansas Attorney General Office/State of Kansas; and (2) White has been denied and did not have access to a law library, court rules and research capabilities. Because the Larned State Correctional Facility has not properly staffed (operated) and provided White with his requested law library time. See: attached "Plaintiff's Exhibit "C", and previously sent "Plaintiff's Exhibit "B" page 2of3

This is a KDOC/State obstruction and violation of White. Constitutional rights, and denial to a fair trial/hearing as White has argued, in support of his need for appointment of an attorney.

In Bounds v Smith. 430 U.S. 817, 821-28 (1977) The Supreme Court held that a state must give state prisoners a "reasonably adequate opportunity to present claimed violations of fundamental Constitutional rights to the court" by providing some form of legal assistance Id at 825. This is and has been denied to White by the Court and State of Kansas, because: Under, Harris v Champion. 15 F. 3d 1538, 1567 (10th Cir. 1994) The District Court should consider appropriateness of appointing counsel for indigent petitioner when it decides to review the merits in absence of exhaustion of state remedies claims." Which including the defendants immunity issues the Court is presently reviewing.

So, during this present time under: Haines v Kerner 404 U.S. 519, 520-21 (1972) (The Plaintiff's (White's) Pro Se complaint should not be dismissed...; unless it appears beyond a doubt that the Plaintiff can prove no facts in support of his claims, that would entitle the Plaintiff to relief. And;

If a complaint reasonably can be read; to state a valid claim on which the Plaintiff could prevail, A Court should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirement. A court reviewing the sufficiency of a complaint

3.

presumes all the plaintiff's factual allegations are true and construes them in the light most favorably to the Plaintiff (White). *Hall v Bellmon* 935 F.2d 1106, 1110 (10th Cir 1991)

*James v Kentucky*, 647 S.W. 2d 794 (466 U.S. 341, 104 S. Ct. 1830 (1984)) The assertion of Federal rights, when plainly and reasonably made, was not to be defeated under the guise of local rules of practice.

2.) The Plaintiff (White) is being prejudiced by this inordinate delays and the Defendants failure to address the substantive issues, and failure to follow the Court's "Ordered" time limits, through the denial to a Compulsory process of due process (legal service of Summons on the Defendants, failure to provide exculpatory defendant address's for the service, denial to discovery) and by the threat of having this Constitutional right to a fair trial/hearing be further violated by the premature wrongful summary threat of dismissal (before any discovery), as being prematurely being requested by the Defendant's. Which will have the effect of further violation of and deprive the Plaintiff his Constitutional and human right (civil) to life, liberty and property. *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)

White has asserted he has state created liberty rights and Constitutional rights on page (1) one of this document, which also includes rights to humane treatment in/under protective custody IMPP 20-108D, IMPP 20-101 A(IV), 1st Amendment, Kan. Const. B of R §7 which were personally violated by Defendants Parks, Chapman, Meredith and Spillman, not for any legitimate penological reasons, or though any official discretionary policy function, but through deliberate indifference and was motivated by evil intent and taken in reckless and callous disregard for the Plaintiffs health, safety, and human, federal, state and Constitutional rights. The defendants behavior was intentional, willful, and malicious (*Nieto v Kapoor* 268 F.3d 1208, 1221-23 (10th Cir. 2001)

3.) The Eleventh Amendment only allows qualified immunity in their official capacity to those State officials (Secretary of Corrections, Wardens) in their performance of their discretional policy function

4.

But, even then, they can not violate the law or the constitution, nor can they make policy, that would contravene controling statutes and violate a Constitutional right. McMillan v McKune, 35.K.A. 2d 654, 661, 135 P.3d, 1258 (2006) and Murphy v Nelson, 260 Kan. 589, 921 P.2d 1225 (1996 Kan.) "The application of an administrative agency rules and regulations must be within the agency's competency to make and may not controvene or nullify controling statutes. The United States Constitutional Amendments and State statutes for the treatment, protection and rehabilitation of State prisoners are all controling statutes; to include humane treatment to an elder confined person.

 Yet, even then the legal terminology definition of an "official" has not been properly defined by the Courts and should not be applied to every state prison employee, who hold no such discretion policy making function, but are in fact charged with following the directives of the Secretary of Corrections and Wardens for the application of the policies, procedures, rules, regulations, statutes and Constitutional Amendment, for the humane treatment and rehabilitation of State prisoners. State and Federal statutes and Constitutional Amendment rights are not to be arbitrarily and capriciously applied or violated, by and through the abuse of discretion of those State employees, who doesn't even possess any such discretionary right. Much less, there is no room for any such discretion when it is applicable to a prisoners violation to his health, safety and very life as in the Plantiff's (White's) present case.

 Neither Defendants Andrew Parr, Bruce Chapman, Meredith nor Spillman held any official discretionary authority to make or ignore the policies, procedures, rules, regulations, statutes or Constitutional right of the Plaintiff (White). Which put the Plaintiff's health and life in danger, constituting cruel and unusual punishment, violating White's human and Constitutional right. Because of and resulting in actual substantial serious physical and mental injuries, pain and suffering from assault (attempted murder) by strangulation. Nor has the Defendants been "ordered" by the Court, or voluntarily presented any such legal authority or right to ignore the S.O.C., Warden (grievance response #AA202,3056 and KDOC policy and procedures etc.), discretionary right to ignore and violate State and Federal law, including the

5.

State of Kansas and U.S. Constitutional Amendments.

White has cited numerous examples where prison employee's (Officials) in case law, where it has been found that "Prison Officials" do not possess absolute or qualified immunity, which included; "Alvarado v Lischer 267 F.3d, and Skritch v Thornton 280 F.3d, which like as the Plaintiff, resulted in injuries (physical/mental). But, also as clearly established under Kikumura v Hurley 242 F.3d 950, 962 (10th Cir. 2001) where prison officials were not entitled to qualified immunity for denying prisoner (as White) pastoral visits. Which White has shown was violated by IMPP 20-101A(IV) while White was being tortured and held in atypical conditions of incarceration, denied yard (exercise), day room, legal resources, hygiene, clothes, etc., as well as IMPP 20-108D Protective Custody (treatment).

4). The Defendants make no real attempt to justify their assertion of immunity, but continues a diatribe attempt to evade the fact that the "Order" of the Court, specificly states: "up to and including 12-10-2024. So, there is no valid reason 'why' the Defendant could not have put the document in the mail on 12-10-24 at 11:59 P.M. As it would have already then, been signed, sealed, and dated (certified) for service on 12-10-2024, not 12-11-2024. I realize this may also, be incorrectly viewed as harmless error. But, I the Plaintiff (White) view it as a disrespect to the Courts Order and to the Plaintiff and violation of due process. I have no doubt, had the Plaintiff done this, the Defendants would be arguing the same point.

The Plaintiff (White) asserts that this failure to follow a Courts Ordered time limit by the Defendants (KAG/State of Kansas) is not harmless error, but a denial to due process to the Plaintiff, through a court ordered created liberty interest. Dye v Kansas Sup. Ct. 48 F.3d 487, 490 (10th Cir. 1995)

Further, the Plaintiff (White) has a Compulsory Process right (Rule 16) under, Taylor v Illinois 484 U.S. 400, 406 (1988) for the KDOC/State of Kansas/Defendants in their "official" capacity to disclose the location/legal summon service address for Defendants Evan Meredith and Gary Spillman.

6.

5) Further, in response to the Defendants argument regarding: "White cannot receive compensatory damages based on these allegations due to lack of physical injury."

White too asserts this is irrelevant to the immunity issue under present consideration and also an issue for discovery and an evidentiary hearing. Also relevant to White's right to a Compulsory Process which White asserts the denial is causing inordinate delay.

IF the Defendants are claiming the Plaintiff had/has no physical injury. Why then was the Plaintiff transported by ambulance to the KU Hospital on July 12, 2023 and now being denied his Compulsory process right to discovery and being denied by the KDOC, to White's own medical records, to be placed in the court record. This Defendants assertion has no merit, but merely used as legal trickery, to cause inordinate delay and cloud and confuse the issue at hand.

Further, the Limitations of the PLRA do not apply if the prisoner is in imminent danger of serious physical injury as in White's case. Abdul-Akbar v McKelvie 223 F.3d 307, 313 (3rd Cir. 2001) "Imminent danger is assessed at time of the filing of the complaint, [for White on 6-9-2023 - See: "Plaintiff's Motion and Request for the Courts Denial of Defendants Motion to Dismiss" page 20]; not at the time the incident in question occurred." As, the Plaintiff has previously cited under Hunt v Uphoff, 199 F.3d 1220, 1222 (10th Cir 1999), "The imminent danger exception was satisfied when alleging failure to provide adequate medical care for serious condition.

The Plaintiff's transport by ambulance to the KU Hospital constitutes a serious condition and is a matter of record, uncontested in grievance responses on appeal, and through the administrative grievance appeal process. (See: Defendants DOC 30-3 page 3 of 6 grievance appeal #AA202408) (Exhibit C); (Exhibit F-5 Doc. 30-6, page 33 of 83), (Exhibit F-6, Doc. 30-6, page 41 of 83); (Exhibit F-7, Doc. 30-6, page 48 of 83); (Exhibit F-9, Doc. 30-6 page 73 of 83 grievance appeal #IA-003368), (Exhibit F-10, Doc. 30-6 page 79 of 83) and (page 82 of 83 property claim). All reference to the Plaintiffs serious injuries and the transport by ambulance to the KU Hospital.

The Defendants claims and arguement has no merit.

7.

6.) The Defendants then continues to list numerous generic items and things, they claim, I have failed to do, or should have done, which are not specific to the exhaustion and immunity issue. Yet, this only affirms the Plaintiff is not an attorney, is unfairly being denied discovery, ability to act on my own behalf, because of denial to access to public records, and reasonable access to the law library because of obstruction by the KDOC/State of Kansas. Further, had the Plaintiff done everything listed by the Defendants it would have required even more pages, for them to complain about.

It is the Plaintiff's understanding, that this is a time of pre-hearing not for requiring me to present and prove my entire case. The Plaintiff's facts/claims must be liberally construed and the Plaintiff's factual allegations true, in the light most favorable to the Plaintiff.

The Defendants complaints are without merit.

7.) The Plaintiff asserts he has made a good faith effort to prove exhaustion of all available administrative remedies provided to the Plaintiff by the Defendants, KDOC, State of Kansas, to the Court, and none remedies B.i.w. have been offered or provided. As shown when the Plaintiff first filed this §1983, on the Courts Doc 4, Memorandum and Order to Show Cause" page 1, last paragraph. "Although Plaintiff's complaint is on a court-approved form, he attaches, additional pages and exhibits consisting of over 170 pages." These pages and exhibits were my proof of exhaustion of administrative remedies. Fully exhausted before the filing of this case pursuant to the requirements of the PLRA. The Defendants complaints and assertions are without merit.

8.) Likewise in response, the Defendants did not explain what they meant by "abatement". But, according to my dictionary it is defined as a "decrease". Therefore, "accession" is the antonym meaning "something that is added," increased." Wherefore I am requesting a Jury to 'declare' and award, by per-cent liability to each defendant, punitive damages 'added to' and pursuit to the declaratory judgement act. This is a common practice by insurance companies.

Remember, I am not an attorney, but, a lay person. If in legal terminology the Plaintiff's misunderstood "abatement", and it has some other broad meaning; I can only state:

8.

Again, this justifies the Plaintiff's assertion that this case is overly complex for an elder, indigent, Pro Se, lay-person, litigant to comprehend and speak legalese and should be/have been appointed legal counsel for his equal treatment right for a fair hearing and trial.

9.) The Plaintiff (White) asserts a "Defendants Motion to Dismiss" even with the assertion of Official Immunity is premature before discovery and should have been immediately denied by the court, for the Plaintiff's right to equal treatment of the laws. Under, Dean v Barber, 951 F.2d 1210, 1213 (11th Cir. 1992) "The Court erred in granting a summary judgement without ruling on plaintiff's motion to compel discovery, because summary judgement is inappropriate without adequate opportunity for discovery." and in; Neer v State 344 P.3d 910, 2015 Kan. App. Unpub. The District Court abused its discretion in failing to conduct an evidentiary hearing. (Reversed and Remanded)

10.) (a) K.S.A - Kansas Statutes Annotated; These statutes are the controling laws in Kansas. No other rules or regulations can override them. They are passed directly into law by the Kansas Legislature who are the Executive Branch of the State government. Chapter 75, deals with prisons. Applicable to K.S.A. 75-5210(a) and K.S.A. 21-5416/5417.

(b) K.A.R - Kansas Administrative Regulations. These regulations are rules which govern administrative agencies, including the K.D.O.C. These rules are given direct authority of Law, through the K.S.A. which authories them. As they are direct extension of Kansas statutes they have the force of Law. They must be followed and they cannot be over ruled by any other rule or regulation. These regulations will often times create certain rights that have been intended by the Kansas Legislature. The Secretary of Corrections has adopted these regulations and has agreed to enforce them as the Head Administrator of the Kansas Prison System. [This then would include the administrative remedy grievance process which would include K.A.R. 44-15-106 "Emergency procedure" applicable to Imminent Danger exception, and K.A.R. 44-15-101a "Grievance procedure." (f)... An inmate or

9.

employee [Defendants Parks, Meredith, Chapman, Sallman] who appears to be involved in the matter shall not participate in any capacity in the resolution of the grievance." Yet, the Plaintiff continued to be forced to submitt his grievances to these employees named in the grievance. Who would then just throw them away."

"K.A.R 44-15-101 a"(d)(1) The grievance procedure shall be applicable to a broad range of matters that directly affect the inmate, including the following (A) Complaints by inmates regarding policies and conditions within the jurisdiction of the facility or the department of corrections; and (B) actions by employees and inmates, and incidents occurring within the facility."

(C) I.M.P.P. - Internal Management Policies and Procedures; These are rules and regulations put forth by the Secretary of Corrections, to deal with issues that are not covered by the K.S.A.'s and K.A.R.'s, but these regulations have to be allowed under those statutes and regulations. The legislature allows the Secretary to define issues and goals under him for things that he is in charge of, but they may not be UnConstitutional or violate Kansas statutes or regulations.

(D) Facility General Orders: G.O.; Each Warden is allowed to issue orders specific to the operation of his or her facility. However, as under K.S.A. 75-5256(a) Those orders are; "Subject to the provisions of law and the rules and regulations adopted by the Secretary of Corrections."

No other state prison employee has; therefore; any qualified, official discretionary immunity rights, if they violate K.S.A., K.A.R., IMPP, G.O., State and U.S. Constitutional Amendment rights. Nor do the PLRA limitations over-come, nullify, nor contravene these Federal rights and constitutional provisions pursuant to the 14th Amendment.

The Defendants continues to make broad meritless claims, but, still refuses to state specificly: (1) What administrative remedy was offered, or made available to the Plaintiff; and (2) What issue did the Plaintiff fail to exhaust, which and when was made available to the Plaintiff; and, (3) What legal official discretionary policy making function authority and legitimate penological interest was the Defendants utilizing, when they

10.

violated the Plaintiff's (White's) human, legal and Constitutional rights, while deny protection, during the torture under atypical conditions of incarceration of a disabled, elder confined State prisoner, that almost got him, murdered by strangulation. This was nothing other than elder abuse, A congressional protected class.

This is a reasonable and logical request needed for the determination of whether the policy or procedure relied upon by the Defendants asserting Official Immunity, is even legal and Constitutional and does not contravene and nullify controling statutes and Constitutional rights.

IN Conclusion:

The Plaintiff asserts that all the complaints the Defendant has made, and that I have to do, is without substantive merit. The Plaintiff has done the necessary procedural requirement that the Court has asked of the Plaintiff (that was within his physical ability to perform, within his freedom to act on his own behalf) and for equal treatment of the law; the Plaintiff (White) is entitled to his day in court, before a jury, at trial against all (4) four Defendants, Parks, Chapman, Spillman and Meredith.

The Plaintiff is due relief, and none has been offered, because of the denial of any and all timely administrative remedy and for which White seeks to be given/awarded by a jury for justice and compensation of the Plaintiff's personal substantially serious physical and mental injuries, pain and suffering and property lose to include violations of the Plaintiff (White's) statutory, Constitutional and human rights.

Respectfully Submitted, Bobby White
76983

Dated: Jan. 21, 2025

Bobby White #76983
Larned State Correctional Facility
1318 KS. Highway 264
Larned, Ks. 67550-9304

11.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

White v. Parks et al.        Case No: 24-3023-DDC-RES

### CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this "Plaintiff's Answer to Defendants 'Reply ... of ... Motion to Dismiss'"/ Plaintiff's Objection to Any Dismissal" and (1)one page "Plaintiff's Exhibit C" was served via U.S. Mail, 1st class, postage prepaid, on this 21st day of January 2025 to:

1.) Kris W. Kobach, Attorney General of Kansas, C/o Matthew L. Stoger, and Sydney C. Walsh, Office of the Attorney General, 120 S.W. 10th Avenue, 2nd Floor, Topeka, Kansas 66612-1597

and

2) E-filed to the U.S. District Court Clerk

Dated: January 21, 2025    by s/ Bobby White #76983
                                Pro Se,

                Bobby White #76983
                Larned State Correctional Facility
                1318 Ks., Highway 264
                Larned, Kansas 67550