**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BOBBY BRUCE WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-3023-DDC-RES** |
| | ) | |
| **ANDREW PARKS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MOTION TO SEAL OR REDACT**

Defendants Andrew Parks and Bruce Chapman ("Defendants"), through Assistant Attorney General Matthew L. Shoger, move to seal or redact Plaintiff's Notice of Addresses for Service Upon Defendants Meredith and Spillman (Doc. 44). Specifically, the Defendants move to seal this document in its entirety in accordance with D. Kan. Rule 5.4.2. Alternatively, Defendants move to redact the addresses marked "(1)" and "(2)" on page 1 of Doc. 44. This document, filed by the Plaintiff, was not provisionally filed under seal.

Although a presumption exists in favor of public access, if the addresses of correctional employees and volunteers became public and accessible to convicted felons or their associates, that would create a threat to the employees' and volunteers' personal safety. *See Jones v. Corr. Corp. of Am.*, No. 10-3167-JTM, 2011 WL 6217415, at *1 to *2 (D. Kan. Dec. 14, 2011); *see also Gomez v. Epic Landscape Prods., L.C.*, No. 22-2198-JAR, 2024 WL 1741102, at *1 (D. Kan. Apr. 23, 2024) (ordering the sealing or redacting of "home addresses" as "confidential information"); *McWilliams v. Dinapoli*, 40 F.4th 1118, 1133 (10th Cir. 2022) (permitting redaction of "home addresses" as "sensitive personal information"). The potential risk of harm outweighs the public interest in accessing that information. *See Jones*, 2011 WL 6217415, at *1 to *2. Accordingly, paragraph 5 of the Memorandum of Understanding for E-Service states that

when the KDOC and/or AG file confidential last-known addresses of former employees the addresses shall be provided to the Court under seal for the sole purpose of effecting service of process. Restricting public access will prevent the potential risk of harm to former employees' and volunteers' safety by keeping the former employees' and volunteers' addresses unknown to convicted felons and their associates.

This case involves a pro se plaintiff serving a sentence of incarceration. Although the Office of the Kansas Attorney General has not consulted with the Plaintiff regarding this motion, the Plaintiff already has access to the information in the document, since Plaintiff filed it.

For the above reasons, Defendants request that Doc. 44 be sealed or redacted in its entirety or, alternatively, that the addresses marked "(1)" and "(2)" on page 1 of Doc. 44 be redacted.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Sydney C. Walsh, KS No. 29762
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
sydney.walsh@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served by means of first-class mail, postage prepaid, addressed to:

Bobby Bruce White #76983
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General