## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BOBBY BRUCE WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-3023-DDC-RES** |
| | ) | |
| **ANDREW PARKS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT MEREDITH'S MOTION TO DISMISS

Defendant Evan Meredith ("Defendant"), respectfully requests, through Assistant Attorneys General Matthew L. Shoger and Sydney C. Walsh, that this Court dismiss the claims against him under Fed. R. Civ. P. 12(b). To avoid submitting duplicate arguments, Defendant Meredith incorporates by reference the arguments, exhibits, and nature-of-the-case section in the Motion to Dismiss by Defendants Parks and Chapman, which was filed on December 10, 2024 (Doc. 30). *See United States v. Dowdy*, 149 F. App'x 73, 75 n.1 (3d Cir. 2005) ("When appropriate, a district court can allow defendants to incorporate by reference the arguments of their co-defendants.").[1] Defendant Meredith incorporates these arguments as if raised directly by him and outlines these arguments below.

The Court should dismiss official-capacity claims against Defendant for lack of subject-matter jurisdiction due to Eleventh-Amendment immunity. The Court should dismiss the remaining claims against Defendant under Rule 12(b) as a matter in abatement for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Alternatively,

---

[1] In the alternative, if the district court does not believe it is appropriate for Defendant Meredith to incorporate these arguments, then he requests an extension of time to file an amended motion to dismiss that will raise these arguments directly.

Defendant requests an evidentiary hearing on the exhaustion issue, for the Court to dismiss this case under Rule 12(b)(6) due to failure to exhaust administrative remedies, or for the Court to convert this motion to a summary-judgment motion and grant the Defendant summary judgment due to failure to exhaust administrative remedies. Further in the alternative, the Court should dismiss the failure-to-protect and retaliation claims in light of qualified immunity for failure to state a claim.

For the reasons incorporated and outlined above, Defendant requests that the Court grant this motion.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Sydney C. Walsh, KS No. 29762
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
sydney.walsh@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorneys for Defendants Parks, Chapman, and Meredith*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of February, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served by means of first-class mail, postage prepaid, addressed to:

Bobby Bruce White #76983
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General