IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Bobby Bruce White<br>Plaintiff<br>vs.<br><br>Andrew Parks, et al.<br>Defendants. | Case No: 5:24-CV-03023-DDC-RES |

MOTION For a More Definite Statement
(Fed. R. Civ. P. 12(e))

Comes Now the Plaintiff, Bobby Bruce White, Pro Se and asks the court for an "Order"; for the Defendants to provide a "definite statement in Defense to each claim against it," pursuant to Rule 8(b)(1)(A) and (B) to: "admit or deny the allegations asserted against it by (White, the Plaintiff) an opposing party."

The Plaintiff asserts he has (and being denied) a Procedural Due Process right to a Summary Judgement, in his favor, pursuant to Rule 56(a),(e)(2); Fed. R. Civ. P. 12(1)(A)(i) and Rule 8(B)(2) "Denials Responding to the Substance: A denial must fairly respond to the Substance of the allegation."; "(6) Effect of failing to Deny an allegation other than one relating to the amount of damages; is admitted, if a response pleading is required and the allegation is not denied." "(e) Construing Pleadings: Pleadings must be construed, so as to do justice."

I: The Plaintiff asserts:
(1) Like wise; because of the Defendants response and "lack of denial" and "to fairly respond to substance of the allegations"; At this present time, the only logical response the Plaintiff can give to the defendants (Parks, Chapman, Meredith) response; (Which the Plaintiff has asserted do not comply with Rules 8, nor 12) is the same as the Plaintiff has previously presented in Surreply Doc. 42 and the following.
(2) The Defendants have consistantly now, for several years failed to address the substance of the allegation, for which the Plaintiff has repeatedly asserted, for the record, for the finding of facts and with conclusions of law in the Kansas District Court: Habeas

1.

Corpus-Appellate Court Case No: 128298, and now following the same pattern of evasion in the U.S. District Court, constituting the Plaintiff asserts, is an obstruction of justice and due process. (3) The Defendants have failed to explain the nature of "abatement", for which the Pro Se Plaintiff, asserts is vague, ambiguous and for which the Plaintiff "cannot reasonably prepare a response" Rule 12(e). Because White is not an attorney. The Plaintiff asserts, that; Legal and Constitutional rights as well as basic human right for which the United States was built on; are absolute and not open to; or available for arbitrary adjustments or reductions, nor abatements of a U.S. Citizens rights.

II. The State of Kansas, KDOC, Kansas Attorney Generals Office has previously and consistently, asserted (while failing to assist with justice; to legally serve the petition and summons on Meredith and Spillman); that Defendant Evan Meredith is not an employee of the State of Kansas, KDOC. For Justice to prevail; Mr. Meredith must be deposed by an attorney and through a jury trial, for the preservation of equal treatment; (a) As to why? he is no longer employed by the KDOC/State of Kansas; (b) When was his employment stopped; and (c) if there was any attempted or actual obstruction of justice. Further, a jury trial is justified for all and against all parties [If a Summary Judgement is not awarded to the Plaintiff, in his favor]; Parks, Chapman, Meredith and Spillman to establish any conspiracy and because Defendant Spillman has failed to answer to the summons by 2/27/2025 (Doc. 51); Fed. R. Civ. P. 8(e), Rule 12.

III. The Defendants; even though pleading an Eleventh Amendment Affirmative Defense, has not satisfied "Fed. R. Civ. P. 8(c)... a party must affirmatively state any avoidance or affirmative defense... pursuant to the rest of Rule 8, to include (b)(2).
(1) Under Shechter v Comptroller of New York, 79 F.3d 265, 1996 U.S. App. (2d Cir 1996) Qualified immunity must be demonstrated that specific acts at issue were performed within the scope of their official duties.
(2) Absolute immunity like any other affirmative defense must

2.

be pleaded and proved by the party asserting the defense. Green v. James, 473 F 2d 660, 1973 U.S. App. (9th Cir. 1973)

The defendants have given "No" proof of right to violate the Plaintiff's human, legal and Constitutional rights, which includes the 14th Amendment and the associated Kansas Constitutional Bill of Rights.

(3) The U.S. Dist. Court has ruled under; Jackson v Mason 2024 U.S. Dist Lexis 140265 the 11th Amendment extends specificly to "citizens of another state" or by "citizen or subjects of any foreign state." Thus the 11th Amendment right to the Defendants, do not apply to the Plaintiff's (1983 civil rights issues). Because White is a citizen of Kansas and the United States of America, and a state prisoner asserting his rights to religious freedom, to be free from cruel and unusual punishment (elder abuse), pursuant to the 14th Amendment, Kan. Const. B of R and relative to parole eligibility rights to rehabilitation through programs and services.

IV. The Supreme Court has recognized that, "immunity from suit is not absolute." Coll. Sav. Bank v Fla. Prepaid Post Secondary Educ. Expense Bd. 527 U.S. 666, 670, 19 S. Ct. 2219 144 L. Ed. 605 (1999)
(1) "The Court has "recognized only two circumstances in which an individual may sue a state. Id. (a) "First, Congress may authorize such a suit in the exercise of it's power to enforce the 14th Amendment, An Amendment enacated after the 11th Amendment and specificly designed to alter the Federal-State balance Id. (Citation omitted) (b). Second, a State may waive it's sovereign immunity by consenting to suit."
(2) The 14th Amendment and the mandatory plain language requirement, that the defendants be actors "acting under color of state law, therefore invalidates the defendants right to immunity, by state prisoners in a §1983 civil rights suit.

V. Under Dye v Kansas Supr. Ct. 48 F. 3d 487, 490 (10th Cir. 1995)
The 14th Amendment prevents any State from depriving any person of life, liberty or property without due process of law and protects him or her from arbitrary action of the government. "Goddard v Kansas Dept. of Corrections, 16 Kan. App. 2d 408, 824

3.

P.2d 991, 993 (1992) citing Kentucky Dept. of Corrections v Thompson, 490 U.S. 454, 459-60, 104 L.Ed. 2d 506, 109 S. Ct. 1904 (1989). 1) Procedural due process provides a guarantee of a fair procedure in connection with any deprivation of life, liberty or property by the State 2) Doyle v The Oklahoma Bar Association, 998 F.2d, 1559, 1993 WL 264897 (10th Cir 1993)

A state creates a protected liberty interest by placing substantive limitations on official discretion. 3) Kentucky Dept. of Corrections, supra at 462. Mandatory language in a statute or rule which does not allow an official to utilize his or her discretion once a triggering event occurs is one clear example of the creation of such an interest.

VI The Plaintiff's 1983 civil Rights Federal Court Action was the result of the State of Kansas District Court denial to due process for the finding of facts with conclusions of law in the Kansas District Courts in a habeas corpus: 1) To determine parole eligibility right through programs and services of rehabilitation (K.S.A. 75-5210 - mandatory plain language) in the statutes; 2) and because of physical injury, cruel and unusual punishment, elder abuse; 3) and because of right to access the court, and right to religious freedom. This habeas corpus action has been on the Kansas Appellate Court Summary Calendar since 1-13-2025, but been in litigation for the past four years. Yet, I'm still waiting for state relief in that habeas corpus action and which could ultimately cause the need for me to proceed on with a Federal Habeas Corpus action. For judicial economy and timely justice, it is therefore prudent to establish relevant court record of finding of facts and with conclusions of law, in this §1983 civil right action, for any needed upcoming habeas corpus action at the Federal level.

The Plaintiff argues the mandatory language requirement that prisoners in a §1983 civil rights action, must list the defendant's "state actors" who were "acting under color of state law" clearly establishes the Plaintiff's 14th Amendment right; and that the 11th Amendment does not apply, nor gives state actors, qualified immunity to KDOC/State of Kansas employees who violate the Kansas Constitutional Bill of Rights

4.

and the 14th Amendment. Because of mandatory language requirement and the 14th Amendment was established by Congress after the 11th Amendment. Which further shows:

1) In Greenholtz v Nebraska Penal Inmates, 442 U.S. 1, 12, 60 L.Ed. 2d 668, 99 S.Ct. 2100 (1979) The United States Supreme Court held that despite the subjective nature of parole release decisions, when State statutes are written in such a way that an expectancy of release is created, a liberty interest emerges; which is entitled to the protection of the United States Constitution.

2) IN, Board of Pardons v Allen, 482 U.S. 369, 381, 96 L.Ed. 2d 303, 107 S.Ct. 2415 (1987) The Court again noted that a Constitutionally protected liberty interest existed because the statute was drafted with unequivocal mandatory language.

3) When an individual's Constitutional liberty interest is at stake, a Federal habeas corpus court [or in this White's present civil case issues] may proceed as law and justice [Fed. R. Civ. P. 8(e)] require. Hannon v Mascher 981 F.2d 1142, 1145 (10th Cir. 1992). Habeas Corpus proceeding have always been governed by principles of equity. Kuhlman v Wilson, 477 U.S. 436, 91 L.Ed. 2d 364, 106 S.Ct. 2616 (1986)

Equity, justice and human rights is what the Plaintiff (White) is seeking, by asserting his 14th, 1st, and 8th Amendment rights. As well as his Kansas Constitutional Bill of Rights (a protected liberty interest, mandatory language issue relevant to the 14th Amendment right, to be free from cruel and unusual punishment; elder abuse, denial to religious freedom violated by the State of Kansas/KDOC Officials.

Neither the Kansas District Court, now under Appellate Court Case No: 128,298 (Habeas Corpus); nor the U.S. District Court has made any recorded, finding of facts and with conclusions of law, on the Plaintiff's asserted legal, human and Constitutional issues. Nor, has the Defendants admitted too (or denied), the violations as required by court rules 8 and 12; or even given any legitimate legal or Constitutional justification or proof of immunity for the issues; the Plaintiff has asserted. Thus, causing a denial to due process and justice of Constitutional magnitude.

5.

White seeks a Summary Judgement, in his favor for the reasons cited, for due process violations by the State of Kansas / KDOC, with a "COA" certificate of Appealability in the U.S. District Court [for habeas corpus relief and a release from imprisonment], or/and as requested by this "Motion"; an "Order" for a More Definite Statement; proof of immunity, and justification of White's asserted issues/violations.

Respectfully Submitted; Bobby White #76983
Pro Se

Dated: 3-5-2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this, 6 page "Motion for a More Definite Statement" (Fed.R.Civ.P. 12(e)) was served via, U.S. Mail, 1st Class, postage prepaid, on this 5th day of March 2025 to:

1) Kris W. Kobach, Attorney General of Kansas; c/o Matthew L. Stoger and Sydney C. Walsh; Office of the Attorney General, 120 S.W. 10th Ave., 2nd Floor; Topeka, Kansas 66612-1597.

and

2) E-filed to the U.S. District Court Clerk.

Dated: March 5, 2025         by s/ Bobby White #76983
Pro Se

Bobby White #76983
Larned State Correctional Facility
1318 KS., Highway 264
Larned, Kansas 67550-

6.