IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOBBY BRUCE WHITE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 24-3023-DDC-RES |
| ) | |
| **ANDREW PARKS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANT MEREDITH'S MOTION TO DISMISS**

  Defendant Evan Meredith ("Defendant") submits this Reply in further support of his Motion to Dismiss (Doc. 50). Plaintiff Bobby Bruce White has submitted a purported "Motion for a More Definite Statement" (Doc. 53), but in substance it appears to be a Response to Defendant's Motion to Dismiss. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (saying that federal courts have authority to interpret a filing differently than the way it is titled by a *pro se* filer "in order to . . . create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"). Defendant asserts this Response fails to overcome Defendant's legal arguments. Accordingly, Defendant's Motion should be granted in its entirety. Defendant incorporates herein, as if set forth in full, the arguments and authorities in his Motion. (Doc. 50.) Defendant's Motion should be granted for the reasons previously stated.

  White requests an order compelling a more definite statement under Rule 12(e) and Rule 8(b). (Doc. 53 at 1-2, 5-6.) But those provisions do not apply to a Motion to Dismiss. Rule 8 lays out rules for pleadings, not motions. And a motion under Rule 12(e) is only permitted in response to "a pleading to which a responsive pleading is allowed." But a Motion to Dismiss under Rule 12(b) is not a pleading at all. The only pleadings allowed under the Federal Rules of Civil Procedure are listed in Rule 7(a). *See also* Rule 7(b) (discussing motions separately from

pleadings). In contrast, a Motion to Dismiss under Rule 12(b) is made "by motion" and "must be made *before* pleading" (emphasis added). It is an *alternative* to a pleading. Second, even if Defendant had filed an answer, which *would* count as a pleading under Rule 7(a)(2), a responsive pleading to an answer is only allowed if the answer raises counterclaims (Rule 7(a)(3)) or the Court orders a reply (Rule 7(a)(7)). Absent those unusual circumstances, not even an answer would count as "a pleading to which a responsive pleading is allowed" under Rule 12(e). *See Airtex Mfg. LLLP v. Boneso Bros. Constr., Inc.*, No. 19-2269-CM, 2019 WL 6715411, at *3 (D. Kan. Dec. 10, 2019) ("Outside of a reply to counterclaims, a reply to an answer ordinarily is unnecessary and improper."). Therefore, Rules 8 and 12(e) do not apply.

White asserts that Defendant has "failed to explain the nature of 'abatement'" (Doc. 53 at 2), but Defendant explained "abatement" for approximately three pages and also cited numerous legal cases and secondary sources that White could reference to find even more information on the subject. (Doc. 30 at 4-6; *see also id.* at 13 (citing the *Bryant* case regarding evidentiary hearings for matters in abatement); Doc. 50 at 1 (incorporating Doc. 30 by reference).) Regardless, a *pro se* litigant is expected to construct his or her own arguments, find his or her own evidentiary support in the record, and adhere to the same rules of procedure that govern any other litigant in this circuit. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And White's Response has failed to overcome Defendant's arguments or to contest any facts asserted by Defendant.

White says that the Attorney General's office should have assisted with serving the petition and summons on Meredith and Spillman. (Doc. 53 at 2.) But the Attorney General is required by statute (under K.S.A. 75-702, -6108(a)(1), (e), and -6116(a)(1)) to represent the State of Kansas and its employees in court, not opposing parties such as White. It would be a direct

2

conflict of interest to require the Attorney General to serve state employees on behalf of an opposing party. *See* Kansas Rule of Professional Conduct 1.7(b)(3). It is Plaintiff's burden to provide the correct addresses for service. Regardless, the issue is moot because all defendants now appear to have been served.

White states that justice requires discovery in the form of a deposition of Defendant and a jury trial. (Doc. 53 at 2.) He cites no legal authority for either proposition. Discovery has been stayed pending the resolution of motions to dismiss. (*See* Doc. 35.) And White has failed to overcome Defendant's arguments for dismissal, which would preclude discovery and trial.

White complains that Defendant Spillman has not filed an answer or other responsive pleading (Doc. 53 at 2), but that is irrelevant to Defendant Meredith's Motion to Dismiss.

White suggests qualified immunity only applies if acts were performed within the scope of official duties. (Doc. 53 at 2.) But White does not allege that Defendant acted outside the scope of his official duties. Further, the *Shechter* case that White cites is a 1996 case from the Second Circuit, which is not binding on this Court. Binding precedent establishes that the burden is on the plaintiff to overcome the presumption of qualified immunity. *Janny v. Gamez*, 8 F.4th 883, 913 (10th Cir. 2021). And the Complaint plainly alleges acts within the scope of Defendant's employment. The Complaint alleges that Defendant acted under color of state law under § 1983 in failing to provide medical treatment to White (a constitutional duty required only of state actors), failing to protect White (a constitutional duty required only of state actors), and retaliating against White through custody-classification decisions (as only state actors using their official authority could potentially do).

White asserts that the Eleventh Amendment does not apply to "a citizen of Kansas and the United States of America." (Doc. 53 at 3.) But binding precedent establishes that it does.

3

*Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).

White claims that § 1983 abrogated Kansas's Eleventh-Amendment immunity through the Fourteenth Amendment. (Doc. 53 at 3.) But the Supreme Court found that because of the presumption that statutes do *not* abrogate Eleventh-Amendment immunity, states do not even count as "persons" amenable to suit under § 1983, and neither do state officials when sued in their official capacities for monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-67, 71 & n.10 (1989). Section 1983 did not abrogate the states' immunity. *Id.*

White alleges a "due process" violation (Doc. 53 at 3-5), but his due-process claims were dismissed. (Doc. 11 at 24.) Further, he alleges "the State of Kansas District Court" denied him due process (Doc. 11 at 4), but he cannot add new claims against new defendants in a response brief. *See Larson v. Safeguard Props., Inc.*, 379 F. Supp. 2d 1149, 1152 (D. Kan. 2005); *see also Fullen v. City of Salina*, No. 21-4010-JAR, 2021 WL 4476780, at *2 (D. Kan. Sept. 30, 2021) (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)).

White says his rights have been violated under the "Kansas Constitutional Bill of Rights" and that he has been subjected to "elder abuse." (Doc. 53 at 5.) But no state-law claims have been raised in this case, and White cannot add new claims in a response brief. *See Larson*, 379 F. Supp. 2d at 1152. Alternatively, the Court should decline supplemental jurisdiction over any such claims. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).

White says he was denied "religious freedom." (Doc. 53 at 5.) But the only claim in the Complaint alleging a denial of religious freedom was Count I against Defendant Spillman, not against any other defendants. (Doc. 8 at 4-5; *see also* Doc. 11 at 5.) White cannot add a new claim against Defendant Meredith in a response brief. *See Larson*, 379 F. Supp. 2d at 1152.

White also, without argument or explanation, requests summary judgment in his favor. (Doc. 53 at 6.) But he has not followed the requirements of Federal Rule of Civil Procedure 56 or D. Kan. Rule 56.1 in so doing. *See Garrett*, 425 F.3d at 840 (holding that a *pro se* litigant is expected to construct his or her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this circuit). Alternatively, Plaintiff's request will be moot if the Court grants Defendant's Motion to Dismiss.

White seeks a "Certificate of Appealability" (Doc. 53 at 6), but he does not provide any legal basis for it.

White seeks "proof of immunity" (Doc. 53 at 6), but the immunity arguments raised by Defendant do not involve evidentiary matters but rather the facts as alleged in the Complaint.

For these reasons and the reasons expressed in Defendant's Motion to Dismiss (Doc. 50 (incorporating by reference Doc. 30)), Defendant requests that the Court grant his Motion in full. To the extent White's Motion for a More Definite Statement is construed as a motion, Defendant requests it be denied.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Sydney C. Walsh, KS No. 29762
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
sydney.walsh@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorneys for Defendants*


## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of March, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served by means of first-class mail, postage prepaid, addressed to:

Bobby Bruce White #76983
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

                                               */s/ Matthew L. Shoger*
                                               Matthew L. Shoger
                                               Assistant Attorney General