<u>IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS</u>

Bobby Bruce White
    Plaintiff
vs.    Case No: 5:24-CV-03023-DDC-RES

Andrew Parks, et al.
    Defendants

<u>Plaintiff's Motion For Summary Judgement</u>
(In Response to "Reply in Support of Defendant Meredith's Motion to Dismiss"
(Doc.55)) - Plaintiff's Response -

I. Defendant's have failed to prove immunity or to make any attempt to answer to the substantive issues of the complaint and has made false and/or misleading statements that continues to cause inordinate delay. As the Plaintiff reads the Defendants diatribe of mislogic:

*[Plaintiff's Pro Se response comes from actual, personal, physical and mental knowledge of the abuse and mistreatment of an elder confined prisoner/person - allegedly amounting to cruel and unusual punishment through and causing attempted murder by the Defendants - Parks, Chapman, Meredith and Spill meuel]

(1.) The Defendants assert in [Doc.55, at 2]; "even if defendant had filed an answer..."[indicating "no" answer has been filed] "...not even an answer would count as a pleading to which a responsive pleading is allowed;"..."a reply to an answer or answer ordinarily is unnecessary and improper."

Yet, the U.S. Dist. Court clearly "ordered" the Defendants to "answer, plead," for which they have never done. They merely chose to disregard the courts order and simple filed a "Motion to Dismiss" without any proof of any defense by the Defendants.

The Plaintiff asserts the Court did not order the Defendants to file a Motion. As outlined by the Defendants Counsel, this practice is an Unconstitutional violation of due process right to be heard and to defend the 7th Amendment right trial by jury and for justice.

(2.) White clearly has asserted, there is no Constitutional right for abatement, whereas all Constitutional rights are absolute and not available for a reduction of basic human rights of life, liberty and property, in the Plaintiff's present §1983 civil rights action. Constitutional rights are inalienable rights.

1.

(3.) White asserts that the appointment of the Kansas Attorney General's Office to represent the Defendants, is a conflict of interest; that the cited State laws K.S.A. 75-702, -6108(a)(1), (e), and -6116(a)(1) are state laws not enforceable by the U.S. Courts; and to include USCS Fed. Rules Civ. Proc. 12(b) as applied by the Kansas Attorney General Office – (Defendants legal counsel) Unconstitutional appointed by the KDOC/ Kansas Dept. of Corr./ State of Kansas, in violation of the 14th Amendment. Are all Unconstitutional as they are being misused, merely to avoid and circumvent justice, and to deny the Plaintiff his basic human and absolute Constitutional rights, from Amendments ratified on December 15, 1791, from what is known as the "Bill of Rights":
a.) Amendment I: Congress shall make no law – respecting an establishment of Religion.
b.) Amendment II: "... nor be deprived of life, liberty, or property, without due process of law, nor shall private property be taken for public use, without just compensation."
c.) Amendment VII: In suits at Common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury, shall be preserved, and no fact tried by a jury, shall be otherwise re-amined in any Court of the United States.
d.) Amendment VIII: "... nor excessive fines imposed, nor cruel and unusual punishments inflicted.
e.) Amendment X: The powers not delegated to the United States, by the Constitution, nor prohibited by it to the States, are preserved to ..., or to the people.
f.) 14th Amendment: sec. 1, All persons born ... in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the States where in they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law, nor to any person within it's jurisdiction the equal protection of the law. (emphasis added)
    Therefore the State of Kansas/KDOC and Kansas Attorney General's Office is denying the Plaintiff the equal protection of the laws of alleged attempted murder by strangulation and through protection by State statutes K.S.A. 75-5210 and K.S.A. 21-5416/5417 elder abuse. This constituting a conflict of interest for the Attorney General's

2.

office and possibly fraud and mal feasance by these State Officials and the State of Kansas. This because the Kansas Attorney General's Office is charged, first and foremost with enforcing the laws of Kansas and protecting the rights of the people not the government and it's employees who intentionally chose with deliberate indifference and with evil intent to violate the law, and the Constitutional rights of its citizens.

(4.) [See Doc. 55 @ 3] White asserts his 1st, 5th, 7th, 8th, 10th and 14th Amendment is the Plaintiff's legal right and authority to discovery and with a jury trial, to redress grievances (inalienable).

(5.) The Defendant's falsly claim [Doc. 55 @ 3]: "White suggests qualified immunity only applies if acts were performed within the scope of official duties. (Doc. 53 at 2) But, White does not allege that Defendant acted outside the scope of his official duties..."

That is a ridiculously untrue arguement and statement and merely proves my point of continuing evasion. As I've repeatedly pointed out, I am a lay person, not an attorney or member of the bar. My pleas must be liberally construed for justice. My consistent repeated plea has been these Defendants, had violated my human and Constitutional rights which almost got me killed. Is it the Kansas Attorney's Generals Office position, that its well within the KDOC officials duties to commit these Constitutional violations?

This has never been a suggestion, by the Plaintiff, but an asserted allegation/charge, that the Defendants Parks, Chapman, Meredith and Spillman, have all "acted" with deliberate indifference, intentionally and with evil intent outside the scope of their official duties. What the Plaintiff has clearly stated, which amounts to the same thing is on (Doc. 53 at 3): "The Defendants have given "NO" proof of right to violate the Plaintiff's human, legal and Constitutional rights; which includes the 14th Amendment and the associated Kansas Constitutional Bill of Rights." There is no ambiguity in that statement. It is clear, short and concise.

(6) (White) The Plaintiff has made no new claim against any new defendants as the Defendants counsel claims. The Plaintiff clearly included this information in his original petition (Doc. 8 at 2) "Nature of Case" and (Doc. 8 at 4) D. Previous Lawsuits. The defendants and issues are the same in the State of Kansas Appellate Court Case as this

3.

civil §1983 action. There was no intent to prejudice in the Plaintiff's right to keep the U.S. Dist. Court adequately informed of similar legal actions, under a State Habeas Corpus, which has the potential to effect the status of this civil rights §1983 action. I would trust the Court to consider it's relevancy or not.

(7) White has again found the need to contridict false statement to correct the record, regarding the Defendants claim's [Doc 55 at 4]: "...elder abuse" (Doc. 53 at 5.). But, no state-law claims have been raised in this case..."

Please reference (Doc. 8 at 3(A)) "Due process." White has consistantly claimed the Defendants violated White's K.S.A. 75-5210-5217, K.S.A. 21-5417, 21-5416 (elder person/prisoner rights), 21-5909 (victim/witness) as well, many other associated KAR's. This for Leavenworth Co. Dist. Court Case No: 2022-CV-323, which is now before the Kansas Appellate Court Case No: 128,298, before panel of Judges: Hill, PJ; Isherwood and Pickering, JJ. Summary Calendar For Wednesday, May 21, 2025.

II * The Plaintiff asserts that the State of Kansas / KDOC and Kansas Attorney General's Office have wrongfully, fraudulently with malfeasance and conflict of Interest, inserted themselves as responsible parties in this §1983 civil rights action without providing the Plaintiff his Constitutional right to enforcement and equal protection of the law, as well as basic human rights to medical care and freedom of Religion, free of cruel and unusual punishment.

(8.) At (Doc. 55 at 4) The Defendants makes further false claims regarding: "... denial of religious freedom was (Count 1) against Defendant Spillman, not against any other defendants."

That is a meritless and simply not true statement. In (Doc. 11 at 7), the Honorable Judge John W. Lungstrum cited; "... that his removal from the program denied him the right to practice his religion it;..." (Doc 10 at 8) "Plaintiff alleges that although KDOC policies address this situation to allow access to programs and services and staff visits to the RHU (Restrictive Housing Unit), this was denied to Plaintiff. Id." "The Court finds that Plaintiff's claims that he was denied the right to freely practice his religion at LCF (Lansing Correctional Facility) survived screening. See, Waterman v Cherokee Cty. Jail, 2019 WL 2613302, at *4-5 (D. Kan. 2019) (finding on the current record that the Court could not properly consider the factors used to determine the reasonableness

4.

of restraints on plaintiff's religious practice while in segregation)". Therefore this issue is applicable to all Defendants to include: Parks, Chapman, Meredith and Spillman because of atypical segregation.

(9) The Plaintiff has repeatedly justified the Courts, granting the Plaintiff a Summary Judgement in his favor for inordinate delay and by Default, to include: (a) The Defendants have consistantly evaded and failed to address the Substantive Constitutional issues of the petition/summons; (b) Defendants have failed to obey the Courts "Orders" and time limits to give answers; (c) Defendants have failed to deny or admit to the allegations, or give authority to commit the alleged acts - Thus to show the qualifiers for the defense of qualified immunity; (d) Defendants have repeatedly made false, misleading claims, intentionally causing inordinate delay, by evasion. (e) The Kansas Attorney General's Office, State of Kansas, KDOC has no Constitutional legal standing to represent the Defendants; because of conflict of interest, for their duty to enforce State Laws, if it denies a U.S. and Kansas citizen his Constitutional rights, for the enforcement, protection and equal treatment of the law. That had the potential to cost the Plaintiff his very life, liberty and property in violation of the 14th Amendment; which may potentially involve fraud and malfeasance to deny a U.S. and Kansas citizen his Constitutional rights of life, liberty and property.

(10) Pursuant to Rule 56(3) The Court need consider only the cited materials, but it may consider other materials in the record. (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (2) Consider the fact undisputed for purposes of the motion; (3) grant summary judgement if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it. The Defendants have never "supported" their asserted facts.

U.S.C.S. Fed. Rules Civ. Proc. R8 (b) Defenses; (1) In responding to a pleading, a party must: (A) State in short and plain terms its defenses to each claim asserted against it, and, (B) admit or deny the allegations asserted against it by the opposing party. (2) Denials - A denial must fairly respond to the substance of the allegation. (6) An allegation ... is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is con-

5.

sidered denied or avoided.

The Court must therefore accept that all the Plaintiffs allegations are true, because the Defendants were required 'ordered' by the Court through Doc. 19, 47, 51, to answer or otherwise plead, and as the Defendants argue they simply filed a 'Motion to Dismiss', which they assert is not an answer or a plea. Therefore, by default all allegations must be found admitted and the Plaintiff granted a Summary Judgement pursuant to R 56(e)(3) for failure to obey Court's order to answer to the allegations. This is also, supported by USCS Fed. Rules Civ. Proc. R 12(a)(1)(c); the Court did not "order" the Defendants to file a 'motion', nor can the Court grant the Defendants their request for Dismissal without requiring their qualifiers, proof of qualified immunity and the finding that the Defendants did not abuse their authority and acted outside the scope of their official duties.

✱ The Plaintiff prays the Court Reject the Defendants Motion to Dismiss for evasion of the substantive issues and for failure to prove immunity defense an for the previously stated/asserted reasons included in Doc. 42 and 53, because Rule 8 first in line before 12 must be satisfied first, by an ordered answer.

— Relevant Arguements, Objections and Requests —

— Legal Arguements —

III. The government/State of Kansas/KDOC are not people, but they are staffed by people, who can misuse their authority to violate another persons legal and Constitutional rights and put them in danger of life, liberty and property. This is the very reason for the enacting of the U.S Constitutional Amendment "Bill of Rights" and the 14th Amendment to extend those rights to the people in State Government Issues. State and local statutes and court rules; in the guise of due process, without protections and enforcement; that circumvent the intended basic human rights of protection of the rights of the people, of the Amendment rights in the Constitution (such as the Plaintiffs right to be free from cruel and unusual punishment and freedom of religion (elements of this §1983 civil rights action) are themselves then unconstitutional and void of authority, if they

(6)

deny the people protection and restitution from further abuse of the Constitutional rights. The Plaintiff (White) has no doubt that if the KDOC abuses are not put in check and stopped, the Plaintiff's very life will be put in further danger; even to succeed in my death or someone else's in the future. Many recent deaths have already been contributed to the neglect and intentional abuse and actions of and by the KDOC employees.

The Plaintiff's critical issues and examples of the death of other KDOC prisoners are like those found in, Raburn v State of Kansas (2024) Raburn, age 62, died Jan. 6, 2023 by strangulation (just 6 month prior to the Plaintiff attempted murder by strangulation) at the same facility (LCF) Lansing Correctional Facility. It was found the Defendants failed to take reasonable steps to protect Raburn and other similarly situated inmates (such as White, this Plaintiff), and as a result was exposed to an unreasonable risk of harm and suffered fatal, (for the Plaintiff, serious physical and mental) injuries. Raburn's injuries (as were White's, the Plaintiff) were directly and proximately caused by the negligent acts and/or omissions of the Defendants; KDOC/LCF/State of Kansas. Another recent death of a prisoner; Brooks Robinson Venthaer on Oct. 20, but not found and reported until Oct. 22. So, my fear for my very life is not without adequate reason, as I have been assaulted by drug addict/dealers as well as KDOC officers and future health and safety put in danger by excessive exposure to ETS (drug and tobacco smoke) for many years. As the Plaintiff is a 72 year old senior citizen, confined prisoner this constitutes a violation of (and) need for protection from elder abuse pursuant to K.S.A. 75-5210, and K.S.A. 21-5416/5417 and to redress this grievance, for failure to protect, by the Defendants, (KDOC) Kansas Dept of Corr., State of Kansas, and Kansas Attorney General's Office. 14th Amendment Constitutional violation.

The Court's inquiry must be "penetrating and comprehensive" in the examination of "all facts essential to a broad understanding of the whole matter." U.S. v Silkwood 893 F.2d 245, 248 (10th Cir. 1989). Prisoners retain the right to equal protection of laws. Lee v Washington 390 U.S. 333, 333-34 (1968).

7.

Under; Berry v City of Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990) The Court has ruled; the 8th Amendment applies to claims of incarcerated persons and the protection provided under the Due Process Clause, "is at least as great as the protection a convicted prisoner is afforded under the 8th Amendment."

Thus, if the Court dismiss's this case without an answer to the substantive issues and a pleading by the named individual defendants, it is an Unconstitutional denial to Due process, and to be free from cruel and unusual punish and freedom of religion of a U.S. citizen's human and Constitutional rights, amounting to further elder abuse, (a Congressional assigned Protected Class.) Further, it would void and deny jurisdiction, because the Courts orders were without power and authority to make, because they were ignored by the Defendants (State of Kansas), which violates the first essential element of due process, by violating the Plaintiff's his Constitutional absolute right to justice and due process, to seek redress for lose of life, liberty and property, denying him his inalienable rights. (mandatory language)

The deference to prison officials does not give them Constitutional license to torture inmates, but, is limited to what is necessary for internal prison security. Wilson v Seiter. 501 U.S. 294, 297, 303. The Due Process Clauses are designed to protect the individual against arbitrary government action. Wolff v McDonnel 418 U.S., 539, 558 (1974)

\* The Plaintiff asserts the Constitutional rights of it's citizens have not eroded (or abated abatement), or been abolished since it's enactment and founding of this United States. Only the Courts and it's members of the American and Kansas Bar Association, evasive tactics of vague, ambiguous and overly technical application of court rules in the guise of due process, have themselves causing additional disregard and violations of the articles, of the citizens, "rights" enacted in the U.S. and Kansas Constitutional Amendments.

The U.S. Supreme Court ruling under Connally v General Construction Co. 269 U.S. 385, 391 (1926) states: "The law must be written so the common man may understand the law... and a statute which either forbids or requires the doing of an act in terms of vagueness that men of common intelligence must necessarily guess at its meaning and differ as to it's application violates the first

8.

essential element of due process of law." Quoted in: People v Linwood, 105 Cal. App. 4th 59 at 66 (2003)(cited by the Court in their opinion).

Under James v Kentucky, 647 S.W. 2d 794, The Court ruled the assertion of federal rights, when plainly and reasonably made, was not to be defeated under the guise of local rules and practice. Public Officials are presumed to be aware of the law governing their conduct. Craw-EL v Britton 523 U.S. 574, 590-91 (1998). Circuit Courts may not raise the standards for Plaintiff's pleadings to shield government officials from defending against a §1983 suites. id at 594.

Therefore, by prior court ruling: The Plaintiff's Pro Se pleading must be liberally construed and the circuit Courts may not shield government officials from defending against the substantive issues of the Plaintiff's §1983 suite. Haines v Kerner 404 U.S. 519, 92 S.Ct. 594.

\* Further, contrary to the Defendants assertion, the Plaintiff made his arguements in response to "Defendant Meredith's Response"(which the Plaintiff asserts is not an answer, nor a valid pleading addressing the substantive issues of each issue.); the same as the Defendants counsel did, by referencing back to the prior Plaintiff's Sur reply to overcome the Defendants response by Parks and Chapman, Ergo; see: (Court Doc. 53 at II) and as the Plaintiff presented in (Doc. 38) and "(Sur reply 42 and the following)".

## -OBJECTIONS-

IV.    The U.S. and Kansas Constitution guarantees prisoners the right to adequate, effective and meaningful access to the courts to challenge violations of Constitutional rights. Bounds v Smith 430 U.S. 817, 824, 828 (1977). That has been denied to White while self-representing, Pro Se, that have constantly been obstructed by the Defendants and other KDOC employees. Yet, per Johnson v Avery 393 U.S. 483, 485 (1969) The prisoners right to access to courts may not be denied or obstructed.

The Plaintiff, a state prisoner, elder person, retains the rights to equal protection of the law. Lee v Washington 390 U.S. 333, 333-34). in regards to his right to humane treatment, by state created liberty interest (K.S.A. 75-5210); right to protection of prisoner and elder abuse, (K.S.A. 21-5416/5417), free of cruel and unusual

9.

punishment (8th Amendment)^Bris and with adequate medical care (8th Amendment), Freedom of Religion (Establishment Clause) and Speech (1st Amendment) and with meaningful access to the Courts, to redress grievance for restitution of violations of the 1st, 5th, 7th, 8th, 10th and 14th Amendment, to include his right by jury trial for his lose of property, "money" in controversy" that "exceed" "twenty dollars." All "inalienable" privilege rights.

  As to violations of "Living Conditions", the Plaintiff has alleged denial of his fundamental Constitutional right to equal treatment, to other prisoners of ordinary prison life, in violation of the KDOC own (IMPP) Internal Management Policy and Procedures and (KAR) Kansas Anotated Rules, within atypical segregation, lock down without due process, valid, or at most, any charges, while he was being denied his constitutional right to access the court and to represent himself in a State Habeas Corpus action, which has now prejudiced me, by the requiring me to appeal a wrongful "Summary Dismissal" in the Kansas Court of Appeals. The Plaintiff was harassed, retaliated and discriminate against because of this court action, and while acting Pro Se to defend and prosecute this Habeas Corpus action, while beening threatened and tortured, and terrorized by the KDOC/State of Kansas Defendants, who intentional, kept putting the very inmates, I had been begging protection from, in the same cell with me, to threated and intimidate the Plaintiff. These terroristic acts comminated in one such inmate Jeremey Garza (BIBR member), who was placed in seg. for strangling his prior cell-mate, being put in the same cell with the Plaintiff. For Mr. Garza's attempt, to also murder the Plaintiff by strangulation. Even though I could barely speack from my throat injuries, Parks, Chapman and Meredith all refused to call medical to help me, which ultimately resulted in the need for (White) the Plaintiff's need to be transported to the KU Hospital by ambulance. Then upon my return back from the KU Hospital, EAI put me back in seg, under those defendants who tried to kill me, but, now supposedly in Protective Custody. But then the Defendants kept up the same abuses as before, my serious physical injuries. The Plaintiff (White) suffered "atypical and significant hardship in relation to the ordinary incidents of prison life" Sandin v Connor 515 U.S 484 (1995), which almost got White murdered and the Plaintiff has been wrongfully and

10.

excessively exposed to ETS (enviromental tobacco and drug smoke) at (LCF) Lansing Correctional Facility, and future health risks, threats, abuses, and actual physical and mental injuries. The Plaintiff's issues constitute "shocking and intolerable conduct and continuing mistreatment of Constitutional stature," with deliberate indifference to the Plaintiffs, health, safety and very life, by the Defendants, KDOC/State of Kansas/Kansas Attorney Generals Office for the denial to the Plaintiff of his Constitutional right to equal protection of the law. Defendants; Parks, Chapman, Meredith and Spillman.

V  The Plaintiff (White) Pro Se has now and continues to have the judicial deck/"process", stacked unfairly against him, during this continuing time, of the need to protect himselve in the Courts. ① The Plaintiff has been unfairly denied appointment of attorney, while the State of Kansas has chosen to disregard human and Constitutional and even statutory law to defend the Defendants, by the Kansas Attorney General's Office. The Plaintiff asserts this is nothing but malfeasance of the intent of State and Federal law and U.S. and Kansas Constitution. ② The Plaintiff has had his mail needs for legal service and to access to the court denied and/or obstructed, because of his indigency, by the KDOC official (constituting conflict of Interest and Obstruction of Justice). ③ The Plaintiff was denied reasonable access to the prison law library and court services, while he was being wrongfully held in seg, yet, acting Pro Se in Court actions. ④ The Plaintiff has been forced by unreasonable court order to provide the names and home address's, for the listed Defendants Meredith and Spillman, for legal summons service, for KDOC employee/staff. When a prisoner has no such access to such information and many KDOC officer do not use any name or an Alias, not their real name. ⑤ Now, since the Plaintiff had to go for help and assistance to get this court ordered information. The KDOC Officials in retaliation, for my success and in obeying the courts order, has now denied (White) the Plaintiff his indigenty status (even though nothing has change with my financial status). Thus they are violating their own KAR44-12-601 Mail (f) writing supplies and postage [2]"... shall reasonable amount of free writing paper, envelopes and postage for first-class domestic mail...". So, now I'm being wrongfully punished by denial to access even my family, for obeying the court's order. ⑥ The Plaintiff is also being denied his

11.

own personal medical injury records and reports, for submission of evidence and proof of physical injury for the Courts record, but being denied by the KDOC official. (Conflict of Interest and Obstruction of Justice, by the State of Kansas), for which Congress and the Constitution never intended amounting to malfeasance.) see Doc. 52

(7) I have been denied timely relief and medical care (while also acting Pro Se), now for several years, for back, left leg sciatic pain, which causes constant excruciating pain (especially when needing to sit and write in one place for extended periods); and

(8) The Plaintiff still continues to be denied his basic human and civil rights for the Defendants to specificly answer to these issues (the substantive issues) and give justification for their inhumane treatment of the Plaintiff, their deliberate indifference and to give their proof of their authority which applies to their alleged acts of Official duty. These KDOC officials must be ordered to justify the legality of allowing tobacco and drug use in prisons, and the physical brutality acts that are actually killing prisoners and/or seriously physical injuries. It is certainly not unreasonable in and for a court of law to request and/or order the Defendants to answer (not simple evade/avoid) these serious issues of Constitutional stature and magnitude.

    To condone and allow these acts of brutality to go on - unchecked and without answering or addressing the substantive issues, is in effect an illegal/UnConstitutional act, denial to due process and justice and constitutes a miscarriage of justice.

- Requests -

VI.*  Therefore the Plaintiff gives "Objection" to Inordinate Delay (denial of Discovery and Jury Trial) to address the substantive issues of Constitutional magnitude and request a ruling for a Summary Judgement in the Plaintiffs favor pursuant to: Rule 56 (c)(1)(A)(B); (2); (e), (3); Rule 12(e) and Rule 8(b)(6),(d). in favor of the Plaintiffs' "inalienable" privilage Constitutional rights.

    As such the Plaintiff has/(requested) nominal and punitive damages in his complaint/petition and intends to request monetary damages, equal to, or greater than the requested compensatory damages requested. But, the Plaintiff has left that final decision of the award, up to the findings and disgression of the jury or court. To whatever

12.

is reasonable, legal and proper. Therefore, the plaintiff also in the alternative; that the nominal or even punitive award could be a request for injunctive relief, for White's protection from further abuse and retaliations by the KDOC/State of Kansas officials, to satisfy the protective rights from further elder abuse pursuant to State and Federal statutes.

VII.           Or, in the Alternative before or at trial:

A.) The Court "Orders" the records and reports the Plaintiff has requested in Doc 52 "Notice of Physical Injury Records Discovery Attempt, against all listed parties that the Plaintiff listed as served, and those reports and records be put into Court evidence.
              and,

B.) The Court per Rule 12(b) I "Every defense to a claim for relief in any pleading must (mandatory) be asserted in the responsive pleading (which is not a motion as asserted by the Defendants) if one is required, (For the Defendants, which White asserts was "Ordered" by the Court and required, upon service of summons). For, which (White) the Plaintiff asserts the Defendants can not arbitrarily and capriciously pick and chose what parts of a rule they wish to comply with to avoid and evade justice and litigation of issues of violation of Constitutional magnitude, and Rule 8
              and,

C.) Wherefore, the Plaintiff respectfully requests, the Court's Order for the Defendants per Rule 12(b) "require", the Defendants to fully comply with Rule 12(b) to compel and "require" them to justify and fully prove their qualifications for immunity, and did not act outside their official duties and that the Defendants "an opposing party may assert at trial (emphasis added) any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion. (emphasis added)
              and/or

D.) Wherefore, the Plaintiff respectfully requests the Court per Rule 12(i) for a deferral until trial of the Defendant's motion under Rule 12(h)(1)-(7) and Rule 12(c); if a Summary Judgement is no awarded in the Plaintiffs favor.

13.

Respectfully Submitted; Bobby White #76983.
Pro Se,

Dated: March 26, 2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this (14) fourteen page: "Plaintiff's Motion For Summary Judgement" – "In Response to "Reply in Support of Defendant Meredith Motion to Dismiss", was served via, U.S. Mail, 1st Class, postage prepaid, on this 26th day of March, 2025 to:

1) Kris W. Kobach, Attorney General of Kansas, C/o Matthew L. Stoger and Sydney C. Walsh; Office of the Attorney General, 120 S.W. 10th Ave., 2nd Floor, Topeka, Kansas 66612-1597

and

2) E-Filed to the U.S. District Court Clerk;

Dated: 3-26-2025        by s/ Bobby White #76983
Pro Se

Bobby White #76983
Larned State Correctional Facility
1318 KS. Highway 264
Larned, Kansas 67550

14.