IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Bobby Bruce White<br>　　　Plaintiff<br>vs.<br>Andrew Parks, et al<br>Gary Spillman, defendants | Case No: 5:24-cv-03023-DDC-RES |

Prayer/Request for a Ruling on "Plaintiff's Motion for Summary Judgement" Rule 56(e)(3)

Comes Now, the Plaintiff, Bobby B. White #76983 Pro Se, respectfully pray's for and Request a ruling/order from the Court, in White's favor, for all relief requested against all parties; On the plaintiff's "Motion For Summary Judgement" (a) Doc.55, filed on 3/26/2025 for defendants, Parks, Meredith and Chapman; and (b) Doc.58, filed on 3/3/2025 for defendant Spillman; or in the alternative, an immediate court trial before a jury, for justice, due process and because of inordinate delay, pursuant to Rule 56(e)(3).

1. This case was filed with the Court on 2-12-2024 (19 months ago) and these "Motions for Summary Judgements" have been filed over 161 days (almost 6 months). White is being prejudiced by inordinate delay because of lose documents, witness's and discovery and an necessary extra cost and ability to make my case through discovery.

2. Rule 56(a) states: "... The Court shall (*non-discretionary) grant summary judgment, if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."; "(e)... If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may... (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it; or..."
*(comments inserted)

1.

A.) None of the defendants, Parks, Meredith, Chapman, nor Spillman have shown any genuine dispute as to any material fact, per (a),(e)(2).

B.) But, also Spillman failed to answer to the Courts Summons in the time required to respond, per (a),(e)(2).

C.) Also, the only defense given by Parks, Meredith and Chapman was that they all had Eleventh (11th) Amendment immunity.

   a) This is clearly without merit, because it relies on the fact that the State of Kansas has specific laws relating to elder abuse, attempted murder, etc. related to treatment of the elderly and to prisoners. (see: K.S.A. 21-5417/5416, K.S.A. 19-1919, K.S.A 75-5210, K.S.A. 22-3504) and Kansas Const. Bill of Rights. Therefore, if the Kansas Attorney Generals Office does not or will not prosecute or enforce these laws of Kansas, that would then violate the Federal laws and U.S. Constitution. It is the duty [as White (Plaintiff) is a U.S. Citizen] for the Federal Courts to protect the Plaintiff's legal, human and Constitutional rights. Neither Parks, Meredith, Chapman, nor has Spillman, (None of the defendants) have produced any documentation from the State of Kansas, Governor or Attorney General, nor the judges of the State of Kansas approving and condoning the acts cited by the Plaintiff. Therefore, the State of Kansas are denying White the equal protection of the law.

   b) The (14th) Fourteenth Amendment was enacted after the 11th Amendment for just this abuse of state sovereign power and protects White under the U.S. Constitution.

   c) The Plaintiff (White) once again Objects under Rule 56(c)(B)(2) that the Kansas Attorney Generals Office is denying White his Constitutional right to equal protection of the law and committing a conflict of Interest (with no standing in the court) by representing the defendants, Parks, Meredith and Chapman and not providing White legal assistance of counsel, making for an unfair due process violation. per R.56(c)(B) they can not and have not produced any admissible evidence to support the fact of immunity protection, nor has the Kansas Attorney General provided any justification for representing the defendants. Other than a state statute that White asserts is illegal and UnConstitutional.

2.

and not enforcible or recognizable in a Federal Court.

c.) Parks, Meredith and Chapman defense of immunity is clearly without merit, because it relies on the fact, that the elder/prisoner abuse/attempted murder was initiated by the actions, by Mr. Spillman. A past convicted drug dealer/manufacturer, Who Parks, Meredith and Chapman then aided/abbetted/continued on with the criminal/abusive acts against White. That almost got White murdered, because of their failure to protect, taunts and deliberate indifference to White's health and safety. These three defendants have no such immunity right to fail to do their jobs, to protect an elder person and to provide humane treatment.

Whereas, White should for due process (free of inordinate delay), justice, to obtain a civil remedy to his person and property; be awarded a Summary Judgment against Parks, Meredith, Chapman and Spillman under Rule 56 (a), (e)(2), (3).

The Summary Judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact.

3. Under the (11th) Eleventh Amendment of the U.S. Constitution a private party (White) may sue a State Officer for prospective, injunctive or declaratory relief from an ongoing violation of the United States Constitution or Federal laws. Robinson v Kansas, 117 F. Supp. 2d 1124 @ U.S.C.S. civ. R57, 28 U.S.C. § 2201/2202

4. U.S.C.S. Article 26: All persons are equal before the law and are entitled without any discrimination to the equal protection of the law.

5. Under Harrison v Long, 241 Kan. 174, The Constitutional provision guaranteeing to every person a remedy by due course of law for injury done him in person or property means that for such wrongs that are recognized by law of the land the Court shall be open and afford a remedy, or that laws shall be enacted giving a certain remedy for all injuries or wrong. "Remedy by due course of law", so used means the reparation for injury ordered by a tribunal have jurisdiction in due course of procedure after

3.

a fair hearing. *Neely v St. Francis Hospital School of Nursing*, 192 Kan. 716, 719, 391 P. 2d 155 (1964)

K.S.A. 19-1919 Treatment of prisoners; All prisoners shall be treated with humanity and in a manner which promotes their reform... *Thomas v County Comm'rs*, 293 Kan. 208 (Kan. Sept. 23, 2011) "It is the duty of a sheriff or other officer having lawful custody of a prisoner, to treat the prisoner properly, as the statute K.S.A. 19-1919 says, "with humanity" (152 Kan. 479, 483, 105 P.2d, 886 (1940) *Wesley Med. Center v City of Wichita*. K.S.A. 19-1919 and these cases; "place a positive duty upon (custodians) to furnish medical attention to a prisoner in custody who is in need of medical attention." *Wesley Medical Center*, 237 Kan. at 810.

As can be plainly seen by these cited cases, the State of Kansas Courts, do not support, nor give immunity to state employees, who choose to violate the law, do criminal acts and abuse the elderly and state prisoners. Further, to add to this corruption and injustice, the Kansas Department of Corrections and the Kansas Attorney General's Office (White asserts) are committing mal-feasance by condoning, supporting, representing, obstructing discovery, failing to enforce State and Federal laws; failure to control/eliminate tobacco and drug use in Kansas prisons, failure to protect prisoners from these gang activities and failure to support the victims of violent crimes, by failing to provide equal protection of the law and for a fair and speedy trial to seek the victims right to a remedy by due course of law for injury done to a victim's (White's) person and property in violation of State and Federal laws, Kansas and U.S. Constitutional Amendments.

The Plaintiff (White) prays the Court rules in White's favor for a speedy/prompt resolution and grants White a "Remedy by due course of law" by granting White a Summary Judgment and the "reparation for injury", to be ordered by the Court for all relief requested by White, to include punitive damages. (*Harrison v Long*) - FYI - "A mandate was issued by Chief Judge Sarah E. Warner on 8-1-2025 for the companion Habeas Corpus Case #128-298 in the Kansas Court of Appeals. (The Particulars of the mandate unknown?)

4.

Respectfully Submitted, Bobby B. White #76983
Dated: 9-10-2025                              Pro Se.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this; (5 page); "Prayer/Request For a Ruling on "Plaintiff's Motion For Summary Judgment" Rule 56(e)(3)" was served via, U.S. Mail, 1st Class, postage prepaid, on this 10th day of September, 2025 to:

1) Kris W. Kobach, Kansas Attorney General; C/o Matthew L. Stoger; Office of the Attorney General; 120 S.W. 10th Ave., 2nd Floor; Topeka, Kansas 66612-1597

2) Gary L. Spillman; 105 Elm St.; Lot #3; Overbrook, Kansas 66524
                                and
3) E-Filed to the U.S. District Court Clerk.

Dated: 9-10-2025          by s/ Bobby White #76983
                                      Pro Se


            Bobby White #76983
            Larned State Correctional Facility
            1318 Ks. Highway 264
            Larned, Kansas 67550

5.