IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

                Plaintiff,

v.

ANDREW PARKS, et al.,

                Defendants.

Case No. 24-3023-DDC-RES

**MEMORANDUM AND ORDER**

Pro se[1] plaintiff Bobby Bruce White has filed a Motion for Ruling (Doc. 63), which asks for a ruling on two papers plaintiff filed—Doc. 55 and Doc. 58. The court grants in part and denies in part plaintiff's request.

The court already has denied the motion contained in Doc. 55. Doc. 64 at 27–28. The court thus denies this part of plaintiff's Motion for Ruling as moot.

The court docketed Doc. 58 as a surreply—that is, an improper reply to defendants' reply—not a motion. To the extent Doc. 58 seeks summary judgment, the court denies it for the same reasons explained in the court's recent Memorandum and Order (Doc. 64). Plaintiff's filing fails to comply with D. Kan. Rule 56.1, which requires a party moving for summary judgment to "begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists" and to "refer with particularity to those portions of

---

[1] Plaintiff proceeds pro se. The court construes his filings liberally and "hold[s] them to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

the record upon which movant relies." "Failure to comply with D. Kan. Rule 56.1 justifies denying a motion for summary judgment." *Griffin v. Bank of Am.*, 971 F. Supp. 492, 495 (D. Kan. 1997) (quotation cleaned up) (compiling cases). Plaintiff neither has set forth material facts nor has he shown that he's entitled to judgment as a matter of law. He thus has failed to shoulder his summary-judgment burden. *See Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (explaining moving party's burden of production).

Liberally construed, plaintiff's filing also asks for default judgment against defendant Gary Spillman. Doc. 58 at 1, 8–9 (suggesting plaintiff is entitled "to a Summary Judgment by default"). The court denies that request. Federal Rule of Civil Procedure 55 adopts a two-step process for securing a default judgment. First, Rule 55(a) authorizes the Clerk to enter a default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, a plaintiff "may apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). But if a party skips the first step and "default has not been entered, default judgment may not be granted." *Pitts v. Matevousian*, No. 20-CV-02691-RM-KLM, 2021 WL 22335, at *1 (D. Colo. Jan. 4, 2021); *see also Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995). These requirements remain requirements even when a plaintiff appears pro se. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Plaintiff hasn't followed that two-step process here. He skipped step one by failing to secure entry of default—a prerequisite for entering default judgment. Without an entry of default, any request for default judgment is procedurally improper and fails for that reason alone.

But when a pro se plaintiff files for default judgment before first securing an entry of default, this court often construes the filing liberally, treating that premature motion for default judgment as a request for an entry of default. *See, e.g., Pennington v. Meyers*, No. 21-2591-

DDC-JPO, 2022 WL 656163, at *14 (D. Kan. Mar. 4, 2022); *Farr v. U.S. Gov't*, No. 22-2476-DDC-GEB, 2023 WL 315029 (D. Kan. Jan. 19, 2023).  And even when it construes an errant default filing this way, the decision to enter a default remains a matter committed to the court's discretion.  *Landrith v. Gariglietti*, No. 11-2465-KHV, 2012 WL 171339, at *2 (D. Kan. Jan. 19, 2012).  Construing plaintiff's motions as applications for entry of default, the court declines to order the Clerk to enter default for the simple reason plaintiff hasn't shown he's entitled to that entry.

The court declines to order the Clerk to enter default because plaintiff hasn't shown "by affidavit or otherwise" that Mr. Spillman has "failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a).  To the contrary, plaintiff's motion suggests that Mr. Spillman has filed a response.  *See* Doc. 63 at 1 (asserting that Mr. Spillman submitted a response dated March 10, 2025).[2]  Because plaintiff's filing suggests that Mr. Spillman has defended in this action, the court concludes plaintiff has failed to show that Mr. Spillman is in default.  The court thus declines to direct the Clerk to enter default against Mr. Spillman.  This ruling is without prejudice.  Plaintiff must comply with Rule 55 if he moves for an entry of default in the future.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Ruling (Doc. 63) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** any motions made in Doc. 58 are denied.

**IT IS SO ORDERED.**

---

[2]    Plaintiff's assertion about Mr. Spillman's response is a bit peculiar.  The docket doesn't reflect that Mr. Spillman has entered an appearance or submitted any filing on the docket.  Nor does the docket show any submission dated March 10, 2025.

**Dated this 15th day of September 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
