# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Bobby Bruce White, Plaintiff

vs.

Andrew Parks, et al., Defendants
Gary Spillman

Case No: 24-3023-DDC-RES

## MOTION FOR APPOINTMENT OF LEGAL COUNSEL

Plaintiff, Bobby Bruce White, pursuant to §1915 requests the Court to appoint acting Co-counsel with White (and as the Court rules proper), to assist and/or represent him before the Court, for discovery and trial, and for the following reasons:

1.) This is White's 3rd request for appointment of an attorney - see: Doc. #9 and #26. dated 5/28/2024 and 12/9/2024.
(a) Under Doc. #32, page 5, (2nd paragraph); the Court has made a prior ruling: "Plaintiff details the efforts he has made to secure counsel and lists the attorneys and law firms he has contacted. ECF No. 26 at 1-2. The Court finds that Plaintiff has made reasonably diligent efforts to secure counsel and that if he files a renewed motion for appointment of counsel, he need not revisit this issue."
(b) page 5 (3rd paragraph) "... Plaintiff may renew his motion for appointment of counsel only after either, (1) after the court has ruled on all summary judgment motions, or (2) after the deadline for filing summary judgment motions has passed if no party files a summary judgment motion..."
(c) To the best of White's knowledge and understanding, [(b) above] has been satisfied and completed, by the Courts Doc. #64, "Memorandum and Order", on 9-10-2025

2.) Defendants counsel, Kansas Attorney General's Office has approached White, requesting White's agreement on a "Protective Order" and "Attachment A" "Acknowledgment and agreement to be bound."

1.

White; as a state prisoner, can not in all honesty and good faith agree to this document, as I have no reasonable expectation of privacy, and no way to properly secure "Confidential Documents" in a prison cell. White can not be held responsible for inadvertant disclosures.

As a state prisoner the Supreme Court has ruled, that; "Prisoners have no reasonable expectation of privacy within their cells;" Hudson v Palmer, 468 U.S. 517, 529-30 (1984); also see: Willis v Artuz, 301 F.3d 65, 68 (2d Cir. 2002)

Therefore, White can not be held responsible or agree to be able to secure confidential documents as detailed by the "Protective Order", which is beyond my ability and control, thus, requiring the assistance of counsel.

Further, "In the absence of a legitimate administrative concern, however, prisoners may not be hindered from gaining access to the judicial process." Wolff v McDonnel, 418 U.S. 539, 578-80 (1974), also see: Johnson v Avery, 393 U.S. 483, 491 (1969)

3.) The Plaintiff is indigent and unable to afford counsel.

4.) The issues involved in this case are complex; and White has no training or knowledge of court trial procedures and regarding discovery preparation.

(a) This case involves medical issues and elder abuse of a state prisoner, that may require the need to secure expert testimony.

(b) This case will require discovery of documents and depositions of a number of witnesses, to include medical records, and KDOC employee records, and related to the KDOC prison drug and tobacco contraband problem at LCF and other KDOC facilities, beyond White's freedom to act and ability to obtain.

(c) The needed depositions of testimonies, will be in sharp conflict, since the Plaintiff has alleged, he was and has been assaulted, and terrorized by KDOC officers, and other prisoners. While the defendants in their false disciplinary reports and prisoner classifications have consistantly fabricated situations to cover-up their abusive acts, and have refused to fairly meet the subject matter of the issues asserted by White, in the court and grievances, in violation of D. Kan. R. 56.1(e).

2.

5.) White is a 73 year old senior citizen/state prisoners, who has now completed over 23½ years of a "Hard 25" sentence and will be eligible for parole on March 27, 2027.

(a) White is currently recovering from neurological back surgery, done on September 16, 2025 and can not sit or stand in one place for extended period of time, making it difficult and painful to write.

6.) The Plaintiff has demanded a jury trial to include, his 7th Amendment right, to a jury trial for value in controversy which exceeds twenty dollars.

(a) The Court has ruled in Doc. #64, that Whites case has sufficient merit to warrant a trial. and White asserts:

(b) The Plaintiff (White) does not have sufficient capacity to prepare and present the case without the aid of counsel. McCarthy v Weinberg, 753 F.3d 836, 838-39 (10th Cir. 1985); Castner v Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992).

Respectfully Submitted, Bobby B. White #2000046191
Dated: 10-15-2025                              Pro Se.

CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this "Motion For Appointment of Legal Counsel" was served via; U.S. Mail, 1st Class, postage prepaid, on this 15th day of October 2025 to:

1.) Kris W. Kobach; Kansas Attorney General; C/o Matthew L. Shoger and Scott R. Nading; Office of the Attorney General; 120 S.W. 10th Ave.; 2nd Floor; Topeka, Kansas 66612-1597.

2.) Gary L. Spillman, 105 Elm St.; Lot #3; Overbrook, Kansas 66524
              and
3.) E-Filed to the U.S. District Court Clerk.

Dated: 10-15-2025   by s/ Bobby White #2000046191
                                              Pro Se.

Bobby White #2000046191
Larned State Correctional Facility
1318, Ks., Highway 264
Larned Kansas 67550            3.