UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Bobby Bruce White, Plaintiff
VS                          Case No: 24-3023-DDC-RES

Andrew Parks, et al, Defendants
Gary Spillman

## Motion For Objection (and with acompaning Affidavit)

Comes Now the plaintiff, Bobby White and gives official "Objection" and asserts he has been denied a fair discovery process hearing and with due process. That the defendants /attorneys have violated court orders and rules of discovery. This because, White is a lay person (not an attorney), untrained in legal matters and discovery process. White has repeatedly been denied appointment of an attorney, to give him representation and guidance for the cause of justice and fairness, which is causing him to be prejudiced before the court.

White further asserts because he is a state prisoner, he does not have the freedom to act for his best interest, access to timely legal material, to the courts and to the defendant's attorneys sufficient to adequately participate and initiate discovery conferences, to have access to defendant attorney claimed "attorney only" documents (see: Doc. 79) putting White at an unfair disadvantage against two attorneys and full resources of the KDOC and State of Kansas.

1) Pursuant to Rule 37(4) Evasive or Incomplete Disclosure, Answer, or Response "... For purpose of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond. Rule 37(b)(2) Sanctions Sought in the District Where the Action is Pending. (A) For Not Obeying a Discovery Order. (vi) render a default judgment against the disobedient party.

The plaintiff asserts the defendants attorneys have not acted in good faith, mismanaged their time and by dwelling on a "Protection Order" request for want of the plaintiff to agree to, but for which they have no specific issue of matter for which needs protection.

1.

This Protective Order issue was first presented to the Plaintiff on 10-14-2025, for which, the attorneys, could not cite any specific matter needing protection (just generalizations), so for which no agreement could be reached at the first conference. This then very Motion for Protective Order was then ultimately denied by the Magistrate Judge Rachael E. Schwartz on 11-25-2025 in Doc. 79. Yet, the defendants attorneys at this most recent conference on 12-3-2025 would discuss nothing else.

The Doc. 78, "Motion for Protective Order" was filed on 11-21-2025, the very last day of allowability to file allowed by the Court's Doc. 66 @ 2 "Schedule Order"? White asserts it need not have taken from 10-14-2025 to 11-21-2025 (or 38 days) to submit this Motion to the Court. While ignoring the fact that the 11-21-2025 date for submitting a good-faith settlement counter-proposal to the plaintiff, (see: Doc. 66 @ 5), was not accomplished, which was by Court Order, in violation of Rule 37(b)(2).

2) Further, also violating; (a), Rule 33 Interrogaties to Parties, (b)(2) Time to Respond. The responding party must serve it's answer and any objections within 30 days;
(b) Rule 34 (b)(2)(A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served..."
(c) Rule 36 Requests for Admission (a)(3) Time to Respond, Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or it's attorney..."
(d) Rule 37 (d)(1)(2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26 (c).

White's Discovery request, under Rules 33, 34, and 36 - Doc 73 was served by a "Certificate of Service" (Doc 73) to the defendants attorneys - Mr. Nading and Mr. Stoger, by U.S. Mail on 10-27-2025; direct to the Kansas Attorney General's Office with copies of

2.

all requested Discovery Document Request.

. In the Courts Doc 74 ~~filed~~ Ruling, filed 10-28-2025 Magistrate Judge Rachael E. Schwartz ruled, "... for clarity, the Court directs defense counsel to deem the filing as served on Defendants Parks, Meredith and Chapman to the extent Plaintiff did not mail a copy of these documents to defense counsel..."

A) White "Objects" as prejudical to the comment, "... to the extent Plaintiff did not mail a copy of these documents to defense counsel..."; as this is an incorrect and misleading and possibly prejudical statement; as the included; "Certificate of Service," clearly states, White did in fact serve the document by U.S. Mail direct to the defense counsel and Kansas Attorney General Office.

. In actuality, ~~this~~ there is no way White could possibly do anything other than mail the Discovery Request to the defendants counsel; because White does not even have defendant Parks ~~and~~ nor Chapman's personal mailing information. White served the attorneys representing the defendants as properly required. As far as White's error, was that he also efiled the Court the documents with the "Certificate of Service" attached, so that there would be a time stamped record of the legal service to the attorneys Mr. Nading and Mr. Stager.

B) White objects that per Rule 33, 34, 36, 37 the defendants attorneys Mr. Nading and Mr. Stager have not complied with the 30 day limit requirement to give written and answer. Therefore, per Rule 36(a)(3) the matter should be ruled as admitted; because White should have been served answers and documentation from his requests by 11-29-2025 (or 30 days from Doc 74 ruling of 10-28-2025. Any later delivery prejudices my ability to meet time limit ~~for~~ for Discovery for Summary Judgement Motion. As of ~~today~~ Monday 12-8-2025 White has not received from the defendants attorneys any of the Discovery requests, nor the a good-faith counter-proposal from the defendants attorneys as required by due process from Rules 33, 34, 36 and 37 and court order Doc. 66@5.

C) Further; Rule 37(d)(1)(2) must also apply to White's Objection because the defendants attorneys, Motion for Protective Order; is not relevant to the evasion, because it was not specific to any

3.

7

particular issue of White's Discovery Request, because it was Filed on 11-21-2025 which was denied by the Court on 11-25-2025, for essentially the same reason on 11-25-2025, therefore no longer pending on 11-29-2025 due date.

3) White therefore gives formal objection, because of violation of due process, for the record and appeal purposes (if necessary).

4.) White, respectfully prays the Court finds in favor of the plaintiff of due process discovery violation, with a ruling by default against the defendants. Or at the very minimum, puts a stop to the Rule 37(4) Evasive tactics and which must be treated and viewed as a failure to disclose, answer, or respond, and/or per Rule 37(5) cause the defendants to be granted an assistance of legal counsel, with "... the other party the reasonable expenses, including attorney's fee, caused by the failure."

5.) Also, White gives official notice to the court, that defendant Gary Spillman has had the last two legal service mailings, sent to him, returned back to White, undelivered. White has not been given any change of address notification, therefore Mr. Spillman must also be held in contempt, for failure to keep the court informed of change of mailing address, by default.

6.) See: Addendum, page 5

Respectfully Submitted,   Bobby White #2000046191
Dated 12-4-2025                          Pro Se.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this (5) Five page "Motion For Objection", was served via, U.S. Mail, 1st class, postage prepaid on this 8th day of December, 2025 to:

1) Kris W. Kobach, Kansas Attorney General, C/o Matthew L. Shoger, and Scott G. Nading, Office of the Attorney General, 120 S.W. 10th Ave., 2nd Floor, Topeka, Kansas 66612-1597.

and

2) E-filed to the U.S. District Court Clerk.
Dated: 12-8-2025        by s/ Bobby White #2000046191
4.                                        Pro Se.

[* White cites and reminds the court
that he gave multiple advance warnings      Bobby White #2000046191
to the defendants attorneys and courts,      Larned State Correctional Facility
that he would be unavailable during      1318 Ks., Highway 264
time of Hospitalization and surgery. ]      Larned, Kansas 67550

\* 6) Addendum - To Objection Complaint

   The plaintiff White had this "Affidavit" and "Motion For Objection" avail-
able and presented to the KDOC officials/Unit Team, Mr. Brooks CC by 8:00 A.M.
on 12-4-2025, for filing to the court, but there was no-one available to
provide efiling service.

   The "prison mailbox rule" establishes that legal material shall be deemed
to be filed on the date of delivery to prison officials. Houston v Lack, 487 U.S.
266, 274 (1988)

Complaint; A) The court clerk will not accept prisoners, Pro Se, filings in any
other way; than efiling. Because the State of Kansas/KDOC are required to pro-
vide efiling service to state prisoners.   B) Yet, the Larned State Correctional
Facility officials only provide the plaintiff, efiling service, through the librarian,
only on Mondays and Wednesdays from 11:30-12:30 P.M.   C) This is an unfair
disadvantage, for the plaintiff, caused by the failure of the opposing party-defend-
ants, Kansas Attorney Generals Office, attorneys Mr. Nading, Mr. Stoger, Mr. Roboch;
State of Kansas Governor Kelly; KDOC/SOC Jeff Zmuda; for the violation of fail-
ure to provide fair opportunity for efiling service (to access the Courts); to the
plaintiff in violation of: Rule 37 (a)(4) Evasion (Purposes), (b) Failure to Comp-
ly with a Court Order, (e) Failure to Preserve Electronic Stored Information,
and (f) Failure to Participate in Framing a Discovery Plan and Rule 26(a)(3).

   At this time on 12-4-2025, White has no idea, when he will be able to
efile these "Affidavit" and "Motion For Objection" to the court, which pre-
judices White unfairly, for an accurate time stamp record for discovery
and litigation time line limit purposes, critical for due process. (Most
probably on Monday 12-8-2025.)

7) For the Courts Information, White is also, resending/including a copy
of the original "Good Faith Settlement Proposal" to the defendants attorneys
Mr. Nading and Mr. Stoger, previously served on 11-4-2025, along with the legal
service of these efiled documents. (see: Affidavit @ 2 #2))

   Respectfully Submitted,    Bobby White #2000046191
   Dated: 12-4-2025