IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Bobby Bruce White<br>plaintiff<br>v.<br>Andrew Parks, et al.<br>defendants | Case No: 24-3023-DDC-RES<br><br>Rule 37(A) & (B) |

## Motion for Physical Injury Discovery

Comes Now, the plaintiff, Bobby White and respectfully requests the Court, gives all the parties listed, as being served, under Doc. 52@3 (Certificate of Service) filed 3-3-2025, a "Court Order" to provide the plaintiff (White), his own personal records, (medical, transportation, emergency room, etc.), and/or to the U.S. District Court, in the above titled legal action.

White is requesting a certified/notarized copy of all the medical and transportation records; names of attending medical staff and physicians; all photo's of the injury, taken at the KU Hospital, including X-rays done at the KU Hospital and LCF medical clinic, and all reports of the incident by the KDOC officials.

This to include any disciplinary or criminal charges made or filed against the attacker Jeremy Garza; made in connection to the plaintiff's injuries, and why Mr. Garza, was being held in restrictive housing, (disciplinary, administrative or protective custody). This in regards to:

On 7-12-2023, the plaintiff (White) was strangled in his prison cell, while in protective custody, by his cell mate, Jeremy Garza. White was transported by the Leavenworth County EMS, from the (LCF) Lansing Correctional Facility Medical Clinic; to the KU Hospital; for the swelling and injury to his neck, throat, and back, from the strangulation (assault/attempted murder). At the KU Hospital, photo's were taken of the bruising, nail gouges, etc., in the throat area, and X-rays had been taken at the LCF clinic, before the transport by ambulance. White was treated at the KU Hospital, for the injuries and monitored for any additional swelling, which had the potential to cut off

1.

breathing.

White needs these documents and medical records for the true of the matter, and has unsuccessfully been unable to get these evidences, now for several years. Now, the defendants during discovery and their legal counsel, continues to deny the truth of the matter, of the incident in discovery, nor provide the requested documents.

White waives any and all rights to privacy, regarding the medical records of this incident, and he has a constitutional right to due process and possession to present as evidence, his own medical records. Further, in any potential criminal action against White, the public, has a right to know that justice was served and laws were enforced, by the state of Kansas, law enforcement officials.

White asserts:

1.) The defendants, legal counsel continues to deny, the plaintiff these documents, that include EAI, investigation reports, and have not acted in good-faith, to establish the truth of the matter.

2.) Simply the ability to view medical records, and listening to the audio recording of the plaintiff's interview with EAI Tomilson, will not be sufficient, as proof of evidence of injury, or to show the follow-up of enforcement and protection of the law, by prison officials/defendants, to a jury at trial.

At the very least, then, these records and audio recordings should be entered into evidence, for the truth of the matter.

3.) See also; Doc. 80(8) "Affidavit" and "Motion for Objection" filed 12-18-2025, also;

(A) The plaintiff did not receive answers to his discovery requests from the defendants, until 12-16-2025, in violation of Rule 33 (b)(2), Rule 34(b)(2)(A), and Rule 36(a)(3).

(B) The plaintiff Objects under "Rule 34(B)... The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."

The plaintiff asserts the defendants have repeatedly given Objection, with the claim that medical records and audio recording would be made available to the plaintiff, but no

2.

"specified reasonable time has ever been given.

(C) The plaintiff objects, that the requested job duties of defendant Meredith, were not included with the response, and all the responses made were seemed to be made by only defendant Parks. Mr. Parks is only one party/defendant and can not speak or give testimony for defendants/parties Chapman and Meredith. Per Rule 33(b)(1)(B) Responding Party. "The interrogatories must be answered; if that party is a public or private corporation, a partnership, an association, or a government agency, by any officer or agent, who must furnish the information to the party."

White filed this action against (4) four parties/defendants, therefore the plaintiff asserts he has a right to make (25) twenty five interrogatories, to each defendant. If not, then for fundamental fairness this legal action, should be directed; against the KDOC/State of Kansas, Governor Kelly; who is in charge of the KDOC, state prison system (government agency) and state law enforcement.

(D.) White further asserts per Rule 26(2)(A) Disclosure of Expert Testimony, and for (B) Witnesses who must Provide a Written Report; is applicable to this request for a "Court's Order" in this motion; as the plaintiff needs the identity of the medical professionals and law enforcement officials, as "Expert Witnesses" and with testimony, as those who supplied medical care and law enforcement, after the plaintiff was strangled by Jeremy Garza on 7-12-2023.

White prays the Court grants the requested "Court Orders" to compel discovery through Rule 37(A) & (B) and all other applicable due process Rule; and that the requested information and documentation, be Ruled by the Court that this does not represent or broadly encompass more than the defendants should supply to the plaintiff.

White does not waive the right to make further additional objections, to address each specifically numbered request is, not answered and/or denied by the defendants in an other future "Objection" filing.

3.

Respectfully Submitted: Bobby White #2000046191
Dated: 12-17-2025                                    Pro Se.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this "Motion for Physical Injury Discovery" (4) pages, was served via, U.S. Mail, 1st Class, postage prepaid on this 17th day of December, 2025 to:

1.) Kris W. Kobach, Kansas Attorney General, c/o Matthew L. Stoger, and Scott G. Neding, Office of the Attorney General, 120 S.W. 10th Ave., 2nd Floor, Topeka, Kansas 66612-1597
and
2.) E-filed to the U.S. District Court Clerk.

Dated: 12-17-2025            by s/ Bobby White #2000046191
                                              Pro

                            Bobby White #2000046191
                            Larned State Correctional Facility
                            1318 Ks., Highway 264
                            Larned, Kansas 67550

4.