IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
OFFICE OF THE COURT CLERK

Bobby Bruce White, Plaintiff

vs.

Andrew Parks, et. al, Defendants

Case No: 24-3023-DDC-RES

Dear Court Clerk,

Please find in this E-Filing (1) one - (5) Five page "Plaintiff's Motion for Leave to Serve Additional Interrogatories" and also, a (1) one page discovery "Certificate of Service" for file stamped certification of service to defendant Gary Spillman- Per courts order the discovery request interrogatories are not included for filing. D. Kan Rule 26.3 (a)

Thank You and Respectfully Submitted;

Dated: 12-22-2025     by Bobby White #2000046191
                          Pro Se

Bobby White #2000046191
Larned State Correctional Facility
1318 KS., Highway 264
Larned, Kansas 67550

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Bobby Bruce White<br>  Plaintiff<br>v.<br>Andrew Parks, et al.<br>Gary Spillman,<br>  Defendants | Case No: 24-3023-DDC-RES<br><br>Discovery |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this; "Plaintiff's Interrogatories and Request For Production of Documents to: Defendant Gary Spillman." (Pursuant to Rules 33 and 34), was served via, U.S. Mail, 1st Class, postage prepaid, on this 22nd day of December, 2025 to:

1.) Gary L. Spillman, 105 Elm St., Lot #3, Overbrook, Kansas 66524

Dated: 12-22-2025    by Bobby White #2000046191
                            Pro Se.

Bobby White #2000046191
Larned State Correctional Facility
1318 Ks., Highway 264
Larned, Kansas 67550

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Bobby Bruce White
    Plaintiff

v.

Andrew Parks, et al
    Defendants

Case No: 24-3023-DDC-RES

### PLAINTIFF's Motion for Leave to Serve Additional Interrogatories.

Comes Now, the plaintiff, Bobby White, Pro Se, and requests the Court grant the plaintiff, leave to serve an additional (25) twenty-Five, interrogatories to each party/defendant, to include a request for copies of any relevant documents, in their possession, in support of their individual responses; to each party/individual defendants 1) Andrew Parks; 2) Evan Meredith, and 3) Bruce Chapman. This to depose, relevant to their KDOC published employment duties and job description. As well as the assault of the plaintiff, by his cellmate on 7-12-2023, at (LCF) Lansing Correctional Facility resulting in transport to KU Hospital.

*A.) OBJECTION: The plaintiff, also requests (relevant to above request) the Court gives an "ORDER" to the defendants counsel and (KDOC) Kansas Department of Corrections, to immediately (or at the Court's disgressional time limit) provide the plaintiff; with the published duties of defendant Evan Meredith, KDOC job description document; for the time in which Mr. Meredith was a KDOC employee at LCF. This specificly before and after 7-12-2023. This document was not included with the defendants original response, for Question 1)(b); 2) Discovery Request Doc. 73 (which did include Mr. Parks and Mr. Chapman job description documents.

B.) Further, the plaintiff requests the Court grant reasonable additional time (if needed) to submit these interrogatories to defendant Evan Meredith's legal counsel. This until; after such time as the plaintiff, is provided (receives), the published job description duties of Evan Meredith, for during the time of Mr. Meredith's employment with the KDOC.

This pursuant to: Rule 26 (b)(1) & (2); Rule 33 (a)(1) & (2); and Rule

1.

34(a)(1)(A); (B); and Rule 26(e) Supplementing Disclosures and Responses (1)(A) & (B); and Rule 36(a)(1) Requests for Admission

C)   The plaintiff justifies this request for the following reasons:

1.) The plaintiff has been unable to get scheduled or attend any form of Discovery Conference (as a State prisoner) with the defendant's counsel (Kansas Attorney General's Office) to discuss and formulate the issues and time period involved in this action. Yet, for which legal counsel should be obviously known, through the plaintiff's original petition, Doc. 8, filed 5-28-2024. For Count I date of: 10-5-2022 up to 3-27-2023 for Mr. Spillman; Count II date of 7-12-2023, before and after for Mr. Parks; and Count III date of 7-12-2023, before and after for Mr. Meredith and Mr. Chapman. Mr. Meredith was obviously employed by the KDOC at LCF during the time period set in this §1983 civil action and had a published duties description document on file. White asserts this is a violation of Rule 37(a)(4) Evasive or Incomplete Disclosure, Answer, or Response; and Rule 26(f)(1),(2),(3),(B),(C),(D),(E),(F).

2.) The plaintiff acting Pro Se is a lay person, untrained in the knowledge and following of Courts Rules and procedures for Discovery. Never having previously needing to self-represent himself during discovery, and must be allowed reasonable learning time and to have my pleadings construed liberally. Per:
(a) The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel, Number 3) The merits of plaintiff's case; and 4) Plaintiff's capacity to prepare and present the case without aid of counsel. McCarthy v Weinberg, 753 F.2d 836, 838-39 (10th Cir. 1985); Caster v Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992).   Further:
(b) The U.S. Supreme Court has ruled under Connally v General Construction Co. 269 U.S. 385, 391 (1926) "The law must be written so the common man may understand the law... and a statute which either forbids or requires the doing of an act in terms of vagueness that men of common intelligence must necessarily guess at it's meaning and differ as to it's application violates the first

2.

element of due process of law." Quoted in: People v. Linwood, 105 Cal. App. 4th 59 at 66 (2003)(cited by the Court in their opinion.

As for the plaintiff's response and "capacity to prepare and present the case"; the plaintiff had no previous knowledge of what the applicable rules and procedure that needed to be followed for discovery, and the Courts Doc.66, Scheduling Order was sered/received late to the plaintiff, to follow the Courts "Order" times and procedures.

Also, the plaintiff finds considerable vagueness in what constitues a "party" and "limit to 25 interrogatories".

The plaintiff views and defines "a party" as "a person", "defendant" (as dictionary defines) in this legal action since every defendant had to be legally served a Sumons by the Court/U.S. Marshall, individually.

Whereas the defendants; Parks, Meredith and Chapmans legal counsel firm of the Kansas Attorney General's Office, who represent all three defendants, seem to define "party" as to include all three individuals. Thus limiting unfairly the scope of Discovery.

Therefore, too vague and confusing for the plaintiff's capacity.

The Court in Doc.74 ruled, "... the Court directs defense counsel to deem the filing (Doc.73) as served on Defendants Parks, Meredith, and Chapman. Again the plaintiff is confused by this statement, and asks, the court, is/was the court ruling that defendants, Parks, Meredith and Chapman are considered as "a party" as it applies by the rules, that limit discovery to only 25 interrogatories for all three parties/defendants?

\* The plaintiff's position to make himself clear for "Objection" and preserve for appeal (if necessary) is: Each of the four named defendants are an individual party, which makes for a limit of 100 interrogatories - 25 for each party defendant, this pursuant to: Rule 33(b)(1)(A)

But, then since the KDOC/State of Kansas has injected themselves as yet, another represent party, through the application of Rule 33(b)(1)(B), the plaintiff has yet, another available interrogatories from/"by any officer or agent, who must furnish the information available to the "party" (the plaintiff) from the

3.

"governmental agency." Therefore as logically and reasonably read by a man (the plaintiff) of common intelligence, yet, another available party to depose and to furnish documents to the plaintiff.

The plaintiff asserts the first submitted discovery request Doc-73 was intended to be answered by the "government agency," "by any officer or agent, who must furnish the information..." Logically the defendants, as merely the employees of a government agency wouldn't be expected to have or store business, employee records, or investigation reports.

The plaintiff needed the requested, published job duty descriptions, investigation and findings of fact made by the EAI and/or investigative KDOC officials, regarding the strangulation/attempted murder of the plaintiff/White by cell mate Jeremy Garza on 7-12-2023 to be furnished by the records and investigation officer of the governmental agency pursuant to: Rule 33(b)(1)(B). and per McCarthy v Weinberg (10th Cir.) to prepare and present the case without aid of counsel and to: during discovery to form valid, valuable requests and interrogatories to each of the other parties in a meaningful and specific manner, through other 25 limit interrogatories to each other "party"/defendant, to depose.

The plaintiff prays the courts rules in favor of the plaintiff's requests and gives due consideration and construes the plaintiffs Motion and Objections (complaints) liberally because the plaintiff is a Pro Se litigant (Haines v Kerner 404 U.S. 519) and grants the plaintiff his right to depose each individual defendant through the serving of (25 limit) interrogatories to each individually named defendants pursuant to Rule 33, 34 and 36 - Rule 37 and 26 (Fed. Rules of Civ. Procedure).

Respectfully Submitted, by Bobby White #2000046191
Dated: 12-22-2025                     Pro Se
                Bobby White #2000046191
                Larned State Correctional Facility
                1318 KS., Highway 264
                Larned, Kansas 67550

4.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, that a true copy of this; (5) five page, "Plaintiff's Motion for Leave to Serve Additional Interrogatories" was served via, U.S. Mail, 1st Class, postage prepaid, on this 22nd day of December, 2025, to:

1) Kris W. Kobach, Kansas Attorney General, c/o Matthew L. Shoger, and Scott G. Nading, Office of the Attorney General, 120 S.W. 10th Ave., 2nd Floor, Topeka, Kansas 66612-1597

and

2) E-filed to the U.S. District Court Clerk.

Dated: 12-22-2025      by Bobby White #2000046191
                                   Pro Se

Bobby White #2000046191
Larned State Correctional Facility
1318 KS. Highway 264
Larned, Kansas 67550.
5.