UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

    v.

ANDREW PARKS, et al.,

    Defendants.

Case No. 24-3023-DDC-RES

**ORDER**

This matter comes before the Court on pro se Plaintiff Bobby Bruce White's Motion for Leave to Serve Additional Interrogatories. ECF No. 86.[1] The Court rules without further briefing because of the time-sensitive nature of the relief requested. Specifically, the Motion requests various relief relating to discovery, which is set to close on February 13, 2026. The Court issues this ruling now to avoid delays.

Although titled as a Motion for Leave to Serve Additional Interrogatories, the Motion appears to request various forms of relief, including: (1) "leave to serve additional (25) interrogatories to each party/defendant, to include a request for copies of any relevant documents in their possession[,]" (2) a request that the Court "gives an 'ORDER' to the defendants counsel and (KDOC) Kansas Department of Corrections, to immediately (or at the Court's disgressional time limit) provide the plaintiff with the published duties of defendant, Evan Meredith, KDOC job description document for the time in which Mr. Meredith was a KDOC employee at LCF[,]" (3)

---

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[f]urther, the plaintiff requests that the Court grant reasonable additional time (if needed) to submit these interrogatories to defendant Evan Meredith's legal counsel[.]" ECF No 86 at 3-4 (all language original).[2] The Court construes the Motion as requesting: (1) leave to serve additional interrogatories and requests for production ("RFPs") and an extension of time to do so with respect to Defendant Evan Meredith; and (2) a potential order compelling production or responses to discovery requests—although it is not entirely clear whether Plaintiff has served discovery requests as to all of the categories of information Plaintiff contends he requires.

I.  **REQUEST FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND RFPs**

On September 16, 2025, the Court entered a scheduling order that imposed certain limitations on discovery. ECF No. 66 at 4. Specifically, the Scheduling Order states:

> 8.  Limits on discovery.
>     8.1  Interrogatories: As allowed by Rule 33, no more than 25 interrogatories (including discrete subparts) by each party to any other party.
>     8.2  Requests for production of documents: No more than 25 from each party to any other party.
>     8.3  Requests for admissions: No more than 25 from each party to any other party.

*Id.* The Scheduling Order requires that "[a]ny discovery requests must be served on or before February 13, 2026." *Id.* at 2.

The Scheduling Order, the District's Local Rules, and the Federal Rules of Civil Procedure all address how a party can request leave to serve additional written discovery requests.

---

[2] The Motion additionally references the legal standard for appointment of counsel. ECF No. 86 at 4. The Court does not construe the Motion as requesting appointment of counsel. Even if it did, the Court would deny the request as premature and for noncompliance with the Court's prior orders. *See* ECF No. 72 at 9 (denying Plaintiff's third motion for appointment of counsel without prejudice to refiling only after the summary judgment stage and noting that "[a]ny motions filed before this timeframe likely will be denied as premature and for noncompliance with this Order and with the Court's prior order, ECF No. 32").

2

Collectively, the Scheduling Order and these Rules require a party seeking leave to serve additional written discovery requests to establish good cause for the additional requests and to meet-and-confer with the opposing party prior to filing any discovery-related motion seeking leave to serve additional requests.[3]

The Court denies Plaintiff's request for leave to serve an additional 25 interrogatories and additional RFPs on each Defendant because Plaintiff has not established good cause to support the request, including the requirements of D. Kan. Rule 33.1 with respect to his request for leave to serve additional interrogatories.  The Motion also does not establish that Plaintiff has tried to meet and confer with Defendants about the additional discovery requests, which is required before filing any discovery-related motion.

---

[3] The Scheduling Order states that it "will not be modified except by leave of Court upon a showing of good cause." ECF No. 66 at 5.  Under Federal Rule of Civil Procedure 33(a)(1) "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."  This District's local rules provide additional requirements with respect to a request to serve additional interrogatories.  Specifically, D. Kan. Rule 33.1 states that "[i]f a party seeks leave to serve additional interrogatories to those permitted by Fed. R. Civ. P. 33(a), a motion must be filed that sets forth (1) the proposed additional interrogatories; and (2) the reasons establishing good cause for their service.  Such motion is subject to D. Kan. Rule 37.2."
D. Kan. Rule 37.2 imposes an obligation to meet and confer with the opposing party before filing any discovery-related motion.  The Court's Scheduling Order expressly states that the "Court will not entertain discovery-related motions . . . unless and until there has been compliance with" the meet-and-confer procedure outlined in D. Kan. Rule 37.2.  ECF No. 66 at 4.
A request for additional discovery requests is absolutely a discovery-related motion, which required the parties to meet-and-confer in advance of any party filing a motion for leave to serve additional discovery requests.  *See, e.g., See Tuschhoff v. USIC Locating Servs., LLC*, No. 19-CV-1149-EFM-TJJ, 2020 WL 6059735, at *2 (D. Kan. Oct. 14, 2020) ("The Court agrees with Defendant that Plaintiff's motion to exceed the permissible number of interrogatories should be denied for failure to make reasonable effort to confer concerning the matter as required by D. Kan. Rules 33.1 and 37.2.").  The Scheduling Order is clear that this requirement expressly applies to Plaintiff.  *Id.* at 4-5 ("The obligation to meet and confer in good faith applies in this case, and Plaintiff's status as an incarcerated pro se litigant does not relieve either side from complying with these requirements prior to contacting the Court with regard to any discovery-related dispute.").

Additionally, although the Motion lists categories of information that Plaintiff states he requires, the Motion is not accompanied by the proposed additional interrogatories, as required by D. Kan. Rule 33.1, or the proposed RFPs. Because Plaintiff does not provide copies of the written requests he wishes to serve, the Court is unable to determine whether good cause exists to allow any additional discovery requests, much less doubling the number of requests allowed in the Scheduling Order. Moreover, it appears that Plaintiff wants to serve requests that appear to overlap with discovery requests he previously served. *See, e.g.,* ECF No. 86 at 6 (referencing a document that "was not included with the defendants original response" to a previously served request for production). If Plaintiff previously requested information and documents that Defendants did not produce, Plaintiff needs to timely raise these discovery disputes with Defendants. Serving new discovery intended to obtain identical information does not establish good cause for leave to serve additional RFPs or interrogatories in excess of what was allowed in the Scheduling Order.

For these reasons, Plaintiff's request for leave to serve additional RFPs and interrogatories is denied at this time. Because of this, Plaintiff's request for additional time to serve this discovery is moot.

**II.      ORDER COMPELLING DISCOVERY**

To the extent Plaintiff seeks an order compelling Defendants or nonparties to respond to certain outstanding discovery requests, that request is denied for failure to comply with applicable procedural rules. Plaintiff knows about these requirements because the Court has repeatedly informed Plaintiff of these requirements. Specifically, the Court issued an order more than a year ago, on December 20, 2024, outlining the following requirements before filing a motion to compel:

> *First*, Federal Rule of Civil Procedure 37(a) contemplates that a party may move for an order compelling a response to a formal discovery request that has been served on the opposing party. . . *Second*, after a party responds or objects to a discovery request, both

4

> the Federal Rules and this District's local rules require the parties to make meaningful attempts to meet and confer regarding the discovery dispute. Fed. R. Civ. P. 37(a)(1); D. Kan. Rule 37.2. . . . *Third*, even if Plaintiff had served discovery requests on Defendants and exhausted his obligation to meet and confer with Defendants about any dispute regarding those discovery requests, D. Kan. Rule 37.1(a) requires the parties to arrange a pre-motion discovery conference with the Magistrate Judge before filing any discovery-related motion, which also did not occur in this case.

ECF No. 37 at 1-2. The District Judge reiterated these requirements in his December 22, 2025 order, which states:

> Plaintiff's motion alleges a series of discovery violations and "objects" to the wording of Magistrate Judge Rachel E. Schwartz's Order, Doc. 74. The court denies plaintiff's discovery-related requests because plaintiff hasn't complied with D. Kan. Rule 37.1. As the court already has explained, this rule "states that no party may file a motion to compel or any other discovery-related motion before fully exhausting their efforts to meet and confer and requesting a discovery conference with the Court." Doc. 84 at 1; *see also* Doc. 66 at 5 (explaining this rule). This rule also requires parties to attach "the notices of depositions, the portions the interrogatories, requests, or responses in dispute" to any discovery-related motion. D. Kan. Rule 37.1(b). It doesn't appear that plaintiff has complied with these requirements. The court thus denies plaintiff's discovery-related motions without prejudice to refiling after complying with our local rules. The court overrules plaintiff's objection to Magistrate Judge Schwartz's Order because it complains only about the wording of the Order and not its substantive decision. Plaintiff hasn't suffered any prejudice or identified any legal error. Finally, a word of caution to plaintiff: The court isn't interested in fielding repetitive or frivolous objections. The court expects the parties to resolve discovery-related disputes in good faith and request court intervention only in narrow circumstances. *See* D. Kan. Rule 37.2. The court is sympathetic to the difficulties of conducting discovery while incarcerated. But plaintiff brought this suit and won't have assistance of counsel for the discovery process. He remains bound by the court's rules.

ECF No. 85. The Court denies the present request for the same reasons. Plaintiff has not met and conferred with Defendants about the entirety of the relief requested in the Motion. Plaintiff states that he "has been unable to get [scheduled] attend any form of discovery conference (as a State

5

prisoner) with the defendant's counsel (Kansas Attorney General's Office) to discuss and formulate the issues and the time period involved in this action." ECF No. 86 at 4. While the Court is sympathetic to the logistical challenges caused by Plaintiff's incarceration, Plaintiff should be able to at least mail a letter to defense counsel outlining his discovery issues and requesting that defense counsel help set up a discovery conference.

Even if Plaintiff had met and conferred with Defendants, Plaintiff is required to request a pre-motion discovery conference with the Magistrate Judge, which did not occur. But even if that occurred, Plaintiff did not attach copies of the discovery requests and responses that are in dispute.

To facilitate a prompt and final resolution of Plaintiff's outstanding discovery issues, the Court orders Plaintiff to send defense counsel a comprehensive letter that outlines which specific discovery responses and/or objections Plaintiff believes are deficient or improper and cite the applicable discovery request by number (i.e., "Defendant's objection to Request for Production Number 8"). The letter must include a brief statement explaining Plaintiff's position. To the extent Plaintiff still seeks leave to serve additional RFPs or interrogatories, he must send copies of those proposed discovery requests to Defendants along with his letter, explain in the letter why he believes additional discovery is necessary, and he must be prepared to meet and confer with Defendants on all of these issues.

Plaintiff must mail the letter to Defendants on or before **January 16, 2026**. Within five (5) business days of receiving this letter, defense counsel must contact the facility where Plaintiff is housed to arrange a discovery conference with Plaintiff, which must occur no later than **January 30, 2026**. If Plaintiff declines to send a letter to Defendants outlining these discovery disputes, Defendants are not required to arrange a discovery conference as to Plaintiff's discovery issues.

D. Kan. Rule 37.2's meet-and-confer requirement still applies to all parties with respect to any other outstanding discovery disputes.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Serve Additional Interrogatories, ECF No. 86, is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 23, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge