IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Bobby Bruce White<br>Plaintiff<br>V<br>Andrew Parks; et al.<br>Defendants | Case No: 24-3023-DDC-RES |

## MOTION to Resolve Discovery Disputes.

Comes Now the Plaintiff, Bobby White, Pro Se pursuant to D. Kan. 37.1(a); requests the Court to arrange a telephone conference with the judge and opposing counsel, to resolve issues of Discovery. To Compel Discovery Rule 37(a)(i), (3)(A)(B)

Plaintiff asserts pursuant to D. Kan. 37.2, he has exhausted all attempts to resolve the issues, by numerous attempts in meetings and conference with the defendants/opposing counsel and have not been able to resolve the issues in dispute.

On 1-12-2026, the Plaintiff filed with the Court (5) Five "Certificates of Service" pursuant to D. Kan. 26.3(a) [Documents 95 through 99 ?] which includes, "Plaintiff's Request for Meet and Confer for Discovery", etc. which is referenced in; Doc 94, Exhibits; A1-3, B1-3, C1, D1, E1 and F1. This was in response, to Doc. 87@5; " It doesn't appear that plaintiff has complied with these requirements. The Court thus denies plaintiff's discovery related motion without prejudice to refiling, after complying with our local rules."

Plaintiff asserts that per the Courts Order; Doc 87@6, he has mailed the defendants counsel, the "Ordered" letter; " to facilitate a prompt and final resolution to Plaintiff's out standing discovery issues. the Court orders plaintiff to send defense counsel a comprehensive letter that outlines which specific discovery responses and/or objections Plaintiff believes are deficient or improper..."; "on or before January 16, 2026."

The Plaintiff made legal service, of this "Ordered" letter, by personal hand delivery to attorney Scott Nading (opposing counsel) at the deposition

1.

of the Plaintiff, by Mr. Nading at (LSCF) Larned State Correctional Facility on 1-7-2026.

On 1-13-2026, the opposing counsel "called the facility where the Plaintiff is housed to arrange a discovery conference with Plaintiff." But, the opposing counsel insisted the phone call was the discovery conference.

The issues of this complaint, for which the Plaintiff prays for a final and absolute ruling, involves the same issues, which have already been ruled on by the Court, in Doc. 79. "Order denying without prejudice [78] Defendants' Motion For Protective Order. The Motion states that "[T]he parties are currently working on setting up a system that allows Plaintiff to view the documents under supervision of prison staff." ECF No. 78 at 1. The proposed protective order submitted to the Magistrate Judge's chambers, however, would allow Defendant to designate broad categories of information, including all "non-public, confidential policies, procedures and records of the Kansas Department of Corrections, including those related to facility security procedures," as attorney's eyes only, which would bar the pro se Plaintiff from reviewing any such information with that designation. The Court will not enter a protective order that restricts Plaintiff from reviewing broad categories of potentially relevant and responsive information..." This was filed on 11-25-2025.

The above ruling has not been accepted by the opposing counsel and is at the heart of the discovery conflict, for which the Plaintiff, has not been able to resolve, in any meeting or conference with the opposing counsel. Which specificly includes:

I) The defendants nor opposing counsel, still have not set up a system, that would allow the Plaintiff to view documents, it has stated in discovery that, would be made available. Opposing counsels' position, is that, it is my responsibility to request this from the KDOC Unit Team. This the Plaintiff has done numerous times, but no such system exists.

II) The opposing counsel was still unable to give the Plaintiff, a specific

2.

plan, date or time to view the Plaintiff's medical records. Which should include the Plaintiff's KU medical records. But, the opposing counsel did give the evasive response; that it would probably be the end of next week. Also, in conflict was the opposing counsels position that I wouldn't be allowed to make copies (for evidence exhibits) of any of these (my) medical records.

For the Courts Knowledge; the Plaintiff did submit a third request to the KU Hospital for his medical records on 12-30-2025. By phone call to KU Hospital Records on 1-14-2026; the Plaintiff was informed the requested KU Hospital medical records were mailed out to the Plaintiff on 1-13-2026.

III.) The opposing counsel was still unable to give the Plaintiff a specific plan, date or time to listen, and review for content issues, specific claims, dates etc., the interview by EAI Tomilson of the Plaintiff on 10-2-2023 at (LCF) Lansing Correctional Facility, regarding the strangulation of the Plaintiff on 7-12-2023. Nor assurance that the audio recording would be made available un-redacted as evidence at trial.

Nor has the opposing counsel/defendant provided any follow-up investigation report by EAI Tomilson or any other investigative official, of the strangulation; claiming confidential information.

IV) The opposing counsel was not open to discuss the confidentiality issue, and each of the Plaintiffs' issues and objections in the line by line item; as was Court Ordered Doc 87 @ 6 (paragraph 3); "... outlines which specific discovery responses and/or objections Plaintiff believes are deficient or improper, ..." and, then also refused to give/submit to the Plaintiff a written response."

V.) The opposing counsel refused to provide the requested grievances, complaints, EAI investigation reports, correspondences, etc. regarding mistreatment of inmates, failure to protect, torture in the Lansing Correctional Facility segregation/restrictive housing; by defendants; Parks, Meredith, and Chapman; since 1-1-2020. For which the opposing counsel, claims confidential information.

3.

VI) The opposing counsel refuses to provide any of the requested investigation documents, disciplinary reports, etc. regarding; "why" inmate Mr. Jeremey Garza was being held in segregation; and "why" he was placed in the same cell with the Plaintiff; and his drug use history and association with the (BIBR) Brothers-in-Blue Re entry program, for which they claim confidential information. (FYI- Mr. Jeremey Garza strangled the Plaintiff on 7-12-2023. This while the Plaintiff was being held in Protective Custody.)

The Plaintiff prays the Court accepts; Issues: I.) - VI), to be acceptable for and under D. Kan. Rule 37.1(b); and gives the Plaintiff, relief and a final resolution ruling, in the Plaintiff's favor, on these issues of discovery.

Respectfully Submitted; Bobby White #2000046191
Dated: 1-14-2026                                                Pro Se.

Bobby White #2000046191
Larned State Correctional Facility
1318 KS. Highway 264
Larned, Kansas 67550

CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this four page, "Motion to Resolve Discovery Disputes", was served via, U.S. Mail, 1st Class, postage prepaid, on this 14th day of January, 2026 to:

1) Kris W. Kobach, Kansas Attorney General, C/o Matthew L. Stoger and Scott G. Nading, Office of the Attorney General, 120 S.W. 10th Ave., 2nd Floor; Topeka, Kansas 66612-1597
and
2) E-Filed to the U.S. District Court Clerk.

Dated: 1-14-2026                                  Bobby White #2000046191
                                                                    Pro Se.

4.