UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

    v.

ANDREW PARKS, et al.,

    Defendants.

Case No. 24-3023-DDC-RES

## ORDER

This matter comes before the Court on pro se Plaintiff Bobby Bruce White's Motion to Resolve Discovery Disputes. ECF No. 96.[1] The Court rules without awaiting further briefing to avoid discovery delays. For the reasons stated below, the Motion is granted insofar as the Motion requests that the Magistrate Judge convene a discovery conference. To the extent the Motion could be read as seeking relief beyond requesting a discovery conference, it is denied at this time.

Plaintiff requests "a telephone conference with the judge and opposing counsel to resolve issues of discovery." ECF No. 96 at 1. D. Kan. Rule 37.1(a) states that "[b]efore filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer in D. Kan. Rule 37.2, the party intending to file a discovery-related motion must contact the court to arrange a telephone conference with the judge and opposing counsel." Plaintiff's Motion affirms that he has met and conferred with defense counsel regarding the discovery disputes but that the parties were unable to resolve certain disputes. *See generally* ECF No. 96. The Court grants the Motion insofar as it will convene a discovery conference to take up

---

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

any remaining disputes. The Court will contact the facility where Plaintiff is housed to arrange for the discovery conference before the Magistrate Judge, and the Court will enter a separate order setting the date and time of the call.

To facilitate a more productive discovery conference, the Court directs that on or before **January 21, 2026,** defense counsel must: (1) file a notice that briefly explains, in a non-argumentative tone, the discovery disputes the parties discussed in their meet-and-confer communications, and the notice must set forth defense counsel's understanding of the disputed discovery requests and responses that are at issue—citing them by number where possible; and (2) file as exhibits to that notice copies of the disputed discovery requests and responses.

To the extent Plaintiff's Motion could be read as seeking additional relief—i.e., that the Court compel certain discovery, that request is denied at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's to Resolve Discovery Disputes, ECF No. 96, is **GRANTED** insofar as the Motion requests that the Magistrate Judge convene a discovery conference. To the extent the Motion could be read as seeking relief beyond requesting a discovery conference, it is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 16, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge