**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BOBBY BRUCE WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 24-3023-DDC-RES |
| | ) |
| **ANDREW PARKS,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## NOTICE TO COURT REGARDING DISCOVERY DISPUTES

Defendants Andrew Parks, Bruce Chapman, and Evan Meredith ("Defendants"), by and through undersigned counsel, provide the following brief explanation of discovery disputes as ordered by the Court (Doc. 97 at 2) in advance of the discovery conference set for January 27, 2026 (Doc. 98). Undersigned counsel memorialized their meet-and-confer phone conversation with Plaintiff Bobby Bruce White in the letter attached as Exhibit A. Exhibit B contains Defendants' discovery responses (which also set out the text of Plaintiff's discovery requests).

For purposes of this Notice, Defendants will cite to each of Plaintiff's discovery requests as follows: Plaintiff's Interrogatories and Request for Production of Documents as "Interrogatories #1-13," Requests Second Request for Production of Documents as "RFP #1-13," and Plaintiff's Request for Admissions as "RFA #I(1)-III(7)."[1] Where Defendants cite a discovery request number, they also intend to reference the response applicable to each request.

Supervised viewing: Plaintiff objected to not having yet received the opportunity for supervised viewing of his medical records and an audio recording. (*See* Doc. 96 at 2-3; Interrogatory 12; RFP 8-10, 12.) During the meet-and-confer call, counsel for Defendants

---

[1] Plaintiff included several sections labelled with roman numerals, which each restarted the request numbering at Arabic numeral "1."

established a time frame for supervised viewing to occur. (Exhibit A at 1.)

Supplemental documents: Plaintiff objected to receiving only the current version for various policies, not older versions that were in effect during the time of the events alleged in the complaint. (*See* Interrogatories 2, 6; RFP 3.) Plaintiff also objected to not receiving a position description for Defendant Evan Meredith. (*See* Interrogatories 1, 3.) The undersigned established during the meet-and-confer call that these documents would be provided. (Exhibit A at 1.)

Copies: Plaintiff objected to not being able to receive copies of his medical records for purposes of using them as evidence. (*See* RFP 9, 12; Doc. 96 at 3.) Defendants have discussed the matter further with the Kansas Department of Corrections and received clarification with regard to the policy. While Plaintiff is not permitted to possess a copy of his entire medical record due to safety and security issues related to voluminous quantities of paper in an inmate's cell, Plaintiff may request and receive copies of particular portions of his medical record to use as exhibits. Plaintiff will be able to identify those portions through supervised viewing.

Admissibility of evidence: Plaintiff complains that he did not receive "assurance that the audio recording would be made available un-redacted as evidence at trial." (Doc. 96 at 3.) Defendants submit that this admissibility issue would be more appropriately resolved as a motion in limine prior to trial.

Line-by-line discussion: Plaintiff objects in his Motion to Resolve Discovery Disputes that the parties did not go line by line through each objection for each numbered discovery request. (Doc. 96 at 3.) Defendants submit that the parties discussed Plaintiff's objections by category and provided several opportunities for Plaintiff to raise any additional issues that he wanted to discuss. (Exhibit A at 1, 3.)

Timing of responses: Plaintiff objected to the timing of Defendants' discovery responses.

But Defendants assert that Plaintiff previously agreed to that timing. (Exhibit A at 2.) Defendants also attach as Exhibit C an affidavit from the undersigned counsel regarding Plaintiff's earlier agreement to that timing. (Exhibit C.)

Confidential materials / Undue burden: Plaintiff objects to the Defendants withholding various information or documents on the grounds of confidentiality and undue burden. (*See* Doc. 96 at 3-4; Interrogatories 1, 3-4, 7; RFP 1-2, 6, 8. 11.) Defendants submit that their objections are valid and proper. Plaintiff also cites the earlier proposed protective order as being "at the heart of the discovery conflict." (Doc. 96 at 2.) Defendants submit that their specific objections to specific requests should be handled on the merits of each specific objection. No objections were based on a protective order.

Legal advice: Defendants objected to two interrogatories on the basis that Defendants cannot provide Plaintiff legal advice. (*See* Interrogatories 6, 13.) Plaintiff insists that the requested information does not constitute legal advice.

BIBR: Plaintiff objected that Defendants have not provided information and records in the custody of Brothers in Blue Reentry (BIBR), a non-profit organization. (*See* RFA I(2), II(9), III(3)-(4); Doc. 96 at 4.) As Defendants explained in the meet-and-confer call, BIBR is not a state entity, but Defendants have reached out to BIBR and will supplement their responses if they receive responsive information or documents from BIBR. (Exhibit A at 2.) Additionally, Defendants do not represent Defendant Spillman or any other employee of BIBR. (Exhibit A at 2.)

KU medical records: Plaintiff objected to Defendants not providing Plaintiff's medical records from the University of Kansas Hospital. (*See* RFP 9; Doc. 96 at 3.) Defendants submit they do not currently have possession of those medical records. Additionally, the issue may be moot because Plaintiff admits the University of Kansas Hospital has now mailed those documents

3

to him (Doc. 96 at 3).

Substance: Plaintiff expressed disagreement with the substance of some of Defendants' responses. (*See* Interrogatory 8; RFP 11; RFA I(3)-I(5), II(5), II(9)-(10), II(12)-(13), III(1), III(5)-(7).) Defendants submit that Plaintiff's disagreements with the substance of Defendants' responses would be more properly resolved at the summary-judgment or trial stage.

Form of partial admissions/denials: Plaintiff objected to how Defendants handled some partial admissions and partial denials. (*See* RFP II(3), II(7), III(1).) Defendants submit that their responses make clear what is admitted and what is denied.

           Respectfully submitted,

           KRIS W. KOBACH
           ATTORNEY GENERAL OF KANSAS

           */s/ Matthew L. Shoger*
           Matthew L. Shoger, KS No. 28151
           Assistant Attorney General
           Office of the Attorney General
           120 SW 10th Ave., 2nd Floor
           Topeka, Kansas 66612-1597
           matt.shoger@ag.ks.gov
           785-296-2215
           Fax: (785) 291-3767
           *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of January, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served on the 22nd of January, 2026, by means of first-class mail, postage prepaid, addressed to:

Bobby Bruce White #2000046191
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67500-9304
*Plaintiff, pro se*

                                      */s/ Matthew L. Shoger*
                                      Matthew L. Shoger
                                      Assistant Attorney General