

Exhibit A



## STATE OF KANSAS
### OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

January 16, 2026

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

Bobby Bruce White, #2000046191
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67500-9304

   Re: January 13, 2026 phone call

Mr. White:

This letter is to memorialize the phone conversation between you, Scott Nading, and myself on Tuesday, January 13th, regarding your objections to Defendants Parks, Meredith, and Chapman's discovery responses. The call lasted about an hour or longer. During that call, Defendants agreed to provide the following:

- Older versions of produced KDOC policies that were in effect during the events in the complaint;
- Position description for Defendant Evan Meredith's last held position;
- Supervised viewing by the end of the following week of your medical records and of the EAI interview recording from October 2, 2023.

During the call, we started by attempting to go item by item through your objections regarding Defendants' Responses to Plaintiff's Second Request for Production of Documents. But many of the objections applied broadly across multiple discovery requests, so we ended up discussing the objections by category rather than item by item. (Going item-by-item, we only made it to the top of the third page. But we discussed other remaining objections by category instead.) At several points during the call, we asked you if you had any additional objections you wanted to discuss on the call.

Mr. Nading and I clarified the following during the call:

- <u>Requirement for phone conference:</u> After you said that you would prefer our disputes to be in writing rather than over the phone, Mr. Nading and I explained that the court's rules and the court's order in this case required the phone conversation. We explained that some misunderstandings can be more easily resolved over the phone rather than in writing. We also explained that we would memorialize the call in a letter afterwards, and that you could memorialize the call in a letter afterwards as well.
- <u>Appropriate matters for discussion in phone conference:</u> At several points, Mr. Nading and I explained that the goal of the phone conference was to see if the parties could

clarify misunderstandings and perhaps come to an agreement regarding any additional documents that should be produced. The goal of the phone conference was not to argue back and forth regarding our legal disagreements until the other party was convinced. At one point, after you claimed that Mr. Nading and I were engaged in a cover up, I made clear to you that the point of the call was to discuss discovery disputes, not to attack Defendants' counsel's character. I made clear that if you continued to attack our character on the call instead, that was not productive, and Mr. Nading and I would hang up and end the call. I redirected you to discuss the discovery disputes at hand.

- <u>Signers for discovery responses from December 12, 2025:</u> I signed Defendants' discovery responses from December 12, 2025. Additionally, Defendant Andrew Parks signed Defendants' answers to the interrogatories under oath. For the interrogatory answers, any objections are from me and the remainder of the answers are from Mr. Parks. I ensured that objections were in separate paragraphs from any other part of Defendants' answers. For Defendants' other responses (Defendants' Responses to Plaintiff's Request for Admissions and Defendants' Responses to Plaintiff's Second Request for Production of Documents), I signed on behalf of the Defendants. (The discovery responses from January 5, 2026, were separate, by the way, and were signed by Mr. Nading.)
- <u>Timing of responses:</u> During our earlier call on December 3, 2025, you agreed that we could provide responses to your discovery requests from October 2025 by the end of the following week. Defendants did so, serving those documents by placing them in the mail on December 12, 2025, which was within the agreed timeframe.
- <u>Confidential materials:</u> As discussed in Defendants' discovery responses, some materials cannot be provided because they are confidential or because they pose an undue burden to search for and provide.
- <u>Unwanted document production:</u> In response to your objection that Defendants provided documents that you did not want or find relevant, we explained that we provided any documents that appeared responsive to your requests for production that we did not object to providing.
- <u>Settlement proposals:</u> Mr. Nading first communicated Defendants' good-faith settlement counter-proposal to you orally in person on January 7, 2026, on the day of your deposition. Mr. Nading later served it in writing to you by placing it in the mail on January 12, 2026. Defendants did not learn of your settlement proposal until our phone call on December 3, 2025.
- <u>Spillman:</u> Mr. Nading and I do not represent Defendant Spillman.
- <u>BIBR:</u> Brothers in Blue Reentry (BIBR) is a non-profit organization that works with the Kansas Department of Corrections but is not under the state's control. As such, the State of Kansas does not have control of BIBR's records or personnel. As discussed in Defendants' responses to your discovery requests, Defendants have requested additional information from the executive director of BIBR, and we will supplement our responses if we receive additional responsive information.
- <u>Place of trial:</u> Defendants have not determined their position on your motion to designate Wichita as the place of trial. Mr. Nading and I said we would pass on the concerns you mentioned in our call when we discuss the matter with KDOC.

During the call, you agreed that the call accomplished several things, such as Defendants agreeing to provide additional discovery documents and Defendants clarifying several matters such as the significance of the signatures on Defendants' discovery responses. Towards the end of the call, the parties agreed that any legal disputes we discussed that remained unresolved could be decided by the judge in response to a motion to compel. At the end of the call, we asked if you had any additional objections you wanted to discuss on the call. You said that you did not, and the parties ended the call.

            Sincerely,

            KRIS W. KOBACH
            ATTORNEY GENERAL


            *s/Matthew Shoger*
            Assistant Attorney General