IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
01/26/2026
Clerk, U.S. District Court
By: JAL Deputy Clerk

Bobby Bruce White, Plaintiff

vs.

Case No: 24-3023-DDC-RES

Andrew Parks, et al., Defendants
Gary Spillman, BIBR

Cover Page:

Plaintiff's Reply to Certification Request of:

Plaintiff-Witness Deposition given on January 7, 2026 and Reporters Request for Corrections/Certification of transcript of the deposition: File No: 78520

This response to:
1) Kris W. Kobach, Kansas Attorney General
c/o Matthew L. Stoger; and Scott G. Nading
Office of the Attorney General
120 S.W. 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597

2) APPINO & BIGGS Reporting Service, Inc.
c/o Lee Ann Bates, Reporter/Transcriptionist, C.S.R. No: 1067
5111 SW. 21st Street
Topeka, Kansas 66604

See: Attached Pages 1 (one) through 5 (five)

(i)

Witness response to Deposition Transcript:

259

| | PAGE:LINE | FROM | TO | REASON |
|---|---|---|---|---|

The Witness (Plaintiff), Bobby Bruce White, Pro Se litigant; can not in good-faith sign and certify, this given transcript of this deposition, taken on January 7th, 2026; to be a "true and accurate transcript of said deposition", for the following reasons:

A) 1.) The Witness (Plaintiff) only reads, at best, roughly; the transcript to be a '80% fair representation of the facts; the Plaintiff has attempted and did convey during deposition because:

a) The plaintiff was interrupted, so much while he attempted to give his answers to questions, my full response of many answers did not get recorded correctly or at times at all.
(examples see: (i) Page 58 @ 2-5; "... Mr. White be quiet until he finishes, because <u>I'm not getting you on the record and I'm not getting you on the record so</u>."; and; (ii) Page 96 @ 18-19, Plaintiff was interrupted by the Reporter, even when he was the only person speaking; "The Reporter: Please remember to wait until he finishes before you start okay?")

b) There are many disjointed wordings and punctuations, such as commas and quotation marks, which incorrectly change the narrative.
(examples see: (i) page 34 @ 18; "I've been told under..."; which should be; "I've been hold under..."; and; (ii) page 41 @ 15-17, which should read; "Bobby White," I signed it; "under duress

SIGNATURE: _____ DATE: _____

**BOBBY BRUCE WHITE**     Page 1 of 5

Appino Biggs Reporting Service, Inc.
Technology Specialists In Today's Litigation

800 E. 1st Street N
Suite 200
Wichita, KS 67202
316-201-1612

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

was attacked by PC cellmate," on "7-12-2023.")

2.) The defendants counsel repeatedly misquoted and twisted the Plaintiff's answers and attempted to put words in the Plaintiff's mouth; that he did not say or intend.
(examples see: (i) page 83@16 "class"; the plaintiff never said the word "class", he did say though, "type", once at Page 81@23-24; "... a certain 'type' of people..."; and; (ii) page 30@11-12; "... any concerns about potential attacks against you by my three defendants..."; and; (iii) page 80@3-5; "Q. Okay, so give me a second then. Let me figure out how I want to -- how I want to frame this." and this also, after the defendants counsel had previously stated on: (iv) page 9@6-10; "I'll ask decently specific questions and to specific topics,...")

3.) The defendants counsel was consistantly beligerant and badgering and repeatedly failed to listen and accept the (Pro Se) plaintiff's answers as asked and answered; to the point the Plaintiff had to object as a Witness and a "Pro Se litigant", which was still ignored by defendants counsel.
(examples see: Page 131@12-25; "A. Was -- I wasn't -- that question has been answered multiple times. I've answered it multiple times. It's been asked multiple times, okay, and you have not told me -- you're -- you're insinuating that I violated some rule or whatever by asking that question, and I was never -- I was never -- show me where I've written where I -- where I was charged with that..." continued on to: Page 135@22-25 and Page 136@1-9; "I - I - I - object as harassment. These -- these questions; I want that on the official record, and the fact that my constitutionally protected rights, okay, was to be free from cruel and unusual punishment, okay, and I have a constitutional right to protection, okay, from abuse and neglect, okay, by the -- elder abuse."
"I have a right to be free from elder abuse. This constitutes nothing but elder abuse; which is an ADM - Americans with Disability Act, right, okay, and that's a protected right. I have a right to be free from coercion, abuse, neglect."

Page 2 of 5

The beligerent line of questioning by the defendants counsel was merely ment to badger, intimidate and confuse the witness, so that defendant's counsel could "frame"(defendants counsel own words) the deposition facts to his clients favor, not by the truth, but through word manipulation of the facts.

The Plaintiff (Witness) asserts this to be a violation of the Americans with Disability Act, and amounts to elder abuse, and in violation of; "K.S.A. 21-5417(a) mistreatment of a dependent adult or an elder person is knowingly committing one or more of the following acts. (A) undue influence, coercion, harassment, duress, deception, false representation, false pretense, or without adequate consideration to such dependent adult or elder person." This is a State of Kansas Statute, which is suppose to be protected and enforced by the Kansas Attorney General's Office, not violated by their attorneys. Therefore, further constituting a conflict of interest, for the attorneys of the Kansas Attorney Generals Office, with their duty to represent the people of Kansas, by the protection and enforcing of its laws and Constitution; with the representation of the illegal acts of its State employees (clients), who have chosen to violate State and Federal statutes and State and Federal Constitution. As, defined by K.S.A. 21-5402, the mistreatment of an elder person is an "inherently danger felony."

4.) Further, this deposition is inherently unfair, as the Plaintiff was denigned the right to depose the defendants and was limited to 25 question to the party's under Rules 33, 34, 36 Fed. R. Civ. P.; whereas the defendants counsel, asked the Plaintiff, roughly estimated at 275 questions.

5.) The line of questions asked by the defendants counsel of the Witness regarding legal matters of law were improper and better suited to be litigated in court, in front of a judge, or at trial. The witness was not testifying as a judge or an attorney, nor member of the bar; but as a lay-person un (not) trained in the law, and should not be expected to give expert testimony of the law, during deposition.

Page 3 of 5

Assorted Other Corrections Which Should be Corrected

B. 1. Page 15 @ 7; "she went to work for "sprint"..." should be "Spirit"
2. Page 28 @ 11, 21; "Officer Tomlin"; should be "Officer Tomilson"
3. Page 108 @ 18; "officers" should be single; "officer", No sss
4. Page 192 @ 4; "I can't say no, no..."; should be; "I can't say so, no..."
5. Page 208 @ 15; should be; "Witness shakes head - NO"
6. Page 247 @ 10; "IE" should be "EAI"
7. Page 238 @ 7 There are many incidents stated as; "Hmm-mm"; which should be indicated as; "Hmm-mm-No", or "Hmm-mm-Yes", or "Hmm-mm-thinking". If it's going to be used as a, and for a "true and accurate" transcript of deposition.

Further, unintentional misspeaks and corrections needed:
8. Page 7 @ 2; "at El Dorado"; should have been "at Hutchinson"
9. Page 105 @ 13; "officer's name." I now recall was Officer Baxter.
10. Page 205 @ 19; "...and it did help my..." should have been; "...and it didn't help my..." (did not)


C. "Central Monitor" requested by Plaintiff against, Parks, Meredith Chapman and Garza can be found at:

1.) "Emergency Grievance" dated 6-9-2023; to LCF Warden Geither / Ms Chmidling Civil Rights Manager, it was also filed in the Leavenworth Co. Dist. Ct. Case No: 2022-CV-323 with legal service (for exhaustion proof) made to S.O.C. Jeff Zmuda on June 12, 2023 "Central Monitor" request for Parks and Meredith, (Spillman) (see: Exhibit F-4, Doc. 30-6, Page (28 of 83) @ 3 paragraph, 3rd sentence

2.) Letter sent to Governor Kelley on 9-21-2023, Received by the Governor on 9-27-2023 and then forwarded on to; The KDOC, S.O.C. Jeff Zmuda; and answered by Libby T. Keogh on 9-28-2023 (see: Exhibit F-5 of Document 30-6 Filed 12/10/24 pages 30 of 83, to (35 of 83) Central Monitor request made on page (33 of 83) @ 2nd paragraph, 6th sentence for - Chapman, Parks, Meredith; Garza).

3.) "Motion to Amend to Add Issues" Leavenworth Co. Dist Ct. Case No: 2022-CV-323 filed 10-13-2023, with legal service made

Page 4 of 5

to: S.O.C. Jeff Zmuda on 10-9-2023
"Central Monitor" requested against Garza, Parks, Meredith, Chapman, and Spillman on page 2 @ #12.

4.) Grievance AA2024081 submitted 10-1-2023, exhaustion appealed to S.O.C. Jeff Zmuda on 2-29-2024, with S.O.C. Response dated 3-8-2024. - Requested Central Monitor against Parks, Meredith, and Chapman on page 2 of Appeal to S.O.C. @ #4.) "In Conclusion"

5.) By Form 9 to A1-Unit Team/Mr. Meredith CC/Mr. Parks UTM dated 7-18-2023 Requesting: "I would request a Restrictive Housing waiver for a release back to general population. I also request that a Central Monitor be placed on me from Jeremy Garza." Response back - "This would be a PC waiver. You were released to GP last week and came back to A1. I can create another waiver." [Note: which never happened] (See: Plaintiff's Exhibit C Volume 1 (Public: Page 129).

D. Regarding: Exhaustion of Administrative Remedy for Count II & III of §1983 Petition and as it applies to the dates given of (7-14, 8-23, 8-30, 9-30, 2023) and (9-1, 10-1-2023)
(See: 4 page "Motion To Amend To Add Issue" and 3 page Court Exhibit "E" which shows proof of submission of grievances to the Unit Team and Warden by signed receipts and for proof of exhaustion to S.O.C. Jeff Zmuda through legal service by the filing as court exhibits. It was the only way available for the Plaintiff to prove exhaustion under the conditions of segregation/restrictive housing at Lansing. See specifically "Motion to Amend..." page 3 and Exhibit ZZ(1)-(7)

Respectfully Submitted; Bobby White #20000 46191
Dated: 1-16-2026                Pro Se
                    Bobby White #20000 46191
                    Larned State Correctional Facility
                    1318 KS. Highway 264
                    Larned, Kansas 67550
            Page 5 of 5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of these:
a) 1 page (i) Cover page, "Plaintiff's Reply to Certification Request of" with 5 pages of documentation, and
b) 7 pages of Exhibit-ZZ(1)-ZZ(7) Leavenworth Co. Dist. Ct. Case No: 2022CV323 "Motion to Amend..." for "Exhibit Only". was served via, U.S. Mail, 1st Class, postage prepaid, on this 26th day of January, 2026 to:

1) Kris W. Kobach; Kansas Attorney General; % Matthew L. Stoger and Scott G. Noding; Office of the Attorney General; 120 S.W. 10th Ave., 2nd Floor; Topeka, Kansas 66612-1597

and

2) E-Filed to the U.S. District Court Clerk.

Dated: 1-26-2026   by s/ Bobby White #2000046191
                            Pro Se.

Bobby White #2000046191
Larned State Correctional Facility
1318 KS., Highway 264
Larned, Kansas 67550

(ii)