UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

    v.

ANDREW PARKS, et al.,

    Defendants.

Case No. 24-3023-DDC-RES

**ORDER**

On January 16, 2026, the Court granted pro se Plaintiff Bobby Bruce White's motion for a discovery conference and subsequently entered an order convening a discovery conference on January 27, 2026. ECF Nos. 97-98.[1] The Court's January 16th order also directed defense counsel to "(1) file a notice that briefly explains, in a non-argumentative tone, the discovery disputes the parties discussed in their meet-and-confer communications, and the notice must set forth defense counsel's understanding of the disputed discovery requests and responses that are at issue—citing them by number where possible; and (2) file as exhibits to that notice copies of the disputed discovery requests and responses." ECF No. 97 at 2. Defendants Andrew Parks, Evan Meredith, and Bruce Chapman (collectively "Defendants")[2] timely complied, filing a Notice, the disputed discovery requests and responses, and other related documents. ECF No. 100. This order

---

[1] The Court liberally construes a pro se party's arguments holds them to a less stringent standard than those made by lawyers, but the Court does not assume the role of the pro se party's advocate. *See generally Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Defendant Gary Spillman has never appeared in this litigation.

memorializes the directives explained in greater detail on the record, and in some instances, the Court has expanded on certain issues briefly addressed during the discovery conference.

## I. VOLUNTARY SUPPLEMENTAL PRODUCTION

Defendants' Notice states that during the parties' meet-and-confer calls, Defendants confirmed they would voluntarily produce older versions of policies in effect during the time of the events alleged in the operative Complaint and that they would produce a position description for Defendant Meredith. ECF No. 100 at 2.[3] The Court ordered Defendants to produce these documents on or before **February 5, 2026**.

## II. COURT-ORDERED SUPPLEMENTAL RESPONSES

During the discovery conference, the Court noted that the remaining claims against the Defendants are in their individual capacities only. *See* ECF No. 64 at 27-28 (District Judge's Memorandum and Order stating: "The court dismisses any official-capacity claim that plaintiff asserts without prejudice for lack of subject matter jurisdiction."). The Court explained that many of Defendants' discovery responses and objections appeared to respond beyond the scope of documents that Defendants, in their individual capacities, likely would have in their possession, custody, or control. *See generally* Fed. R. Civ. P. 34(a)(1) (explaining that a request for production

---

[3] Specifically, the Notice states:

> Supplemental documents: Plaintiff objected to receiving only the current version for various policies, not older versions that were in effect during the time of the events alleged in the complaint. (*See* Interrogatories 2, 6; RFP 3.) Plaintiff also objected to not receiving a position description for Defendant Evan Meredith. (*See* Interrogatories 1, 3.) The undersigned established during the meet-and-confer call that these documents would be provided. (Exhibit A at 1.)

ECF No. 100 at 2.

("RFP") encompasses "items in the responding party's possession, custody, or control"). The same is true with respect to many of the interrogatories, which appear to go beyond the scope of reasonably available information within each Defendant's possession, custody, or control. This has resulted in Defendants lodging multiple objections and responses that are potentially inapplicable. *See, e.g.,* ECF No. 100-2 at (Defendants' response to Interrogatory No. 3, which asserts objections regarding confidentiality, safety, and security, among others, and further states that "[w]ithout waiving any objection, Lansing Correctional Facility (LCF) expects every corrections officer to connect inmates with medical personnel when requested and appropriate.").

On or before **February 6, 2026**, Defendants must serve supplemental discovery responses to Plaintiff's RFPs and Interrogatories that respond only on behalf of each Defendant in his individual capacity.[4] With respect to any RFPs, Defendants must make clear whether they are withholding any responsive documents within that *Defendant's* possession, custody, or control based on an objection. This is not an opportunity to lodge new objections that were not originally asserted but to bring greater clarity as to whether each Defendant is withholding responsive documents in that Defendant's possession, custody, or control based on an objection. As explained during the discovery conference, interrogatory responses must be verified by each responding Defendant.[5]

---

[4] To the extent Defendants need to serve supplemental responses to their Requests for Admissions for similar reasons, they are permitted to do so. As discussed during the discovery conference, however, the Court generally finds Defendants' disputed responses to the Requests for Admissions to be proper.

[5] In the section of the Scheduling Order addressing limits on discovery, the portion addressing interrogatories states: "Interrogatories: As allowed by Rule 33, no more than 25 interrogatories (including discrete subparts) by each party to any other party." ECF No. 66 at 4. This means that Plaintiff may serve 25 interrogatories on each Defendant, and each Defendant may serve 25 interrogatories on Plaintiff. The Court previously denied Plaintiff's request for leave to exceed this limitation because Plaintiff had not satisfied the legal standard. *See generally* ECF

Additionally, Defendants must supplement their responses to Interrogatories Nos. 6 and 13 on or before **February 6, 2026**, consistent with the Court's interpretation of what the interrogatories request, as discussed during the discovery conference. Again, these responses should be made on behalf of Defendants in their individual capacities.

### III. MEET-AND-CONFER TELEPHONE CONFERENCE AND ENTRY OF A PROTECTIVE ORDER

On or before **February 13, 2026**, the parties must meet and confer by phone regarding any remaining disputes following service of Defendants' supplemental responses and voluntary production, with Defendants initiating the call. As required by D. Kan. Rules 37.1 and 37.2, both sides need to go line-by-line as to all disputed discovery requests and responses and/or objections at issue. If the parties are unable to resolve these discovery disputes, any party may file a motion requesting a discovery conference. At that time, the Court will determine whether it will reconvene a discovery conference or will impose a briefing schedule without reconvening a discovery conference.

Additionally, the parties must meet and confer by phone on or before **February 13, 2026**, regarding the entry of a stipulated protective order. The Court finds good cause for the entry of a protective order for at least some of the reasons discussed during the discovery conference. As but one example, defense counsel explained that the facility where Plaintiff is housed does not permit residents to possess voluminous paper copies of documents, and therefore, Plaintiff has been permitted to have supervised viewing of voluminous quantities of medical records and audio recordings, and Plaintiff is apparently permitted to request to retain certain excerpts of his medical

---

No. 87. That order simply denied the request to exceed the limitations set out in the Scheduling Order.

4

records.[6]  As explained during the discovery conference, both Plaintiff and the Court must understand how Plaintiff will have reasonable access to documents and recordings in this case so that he can use documents in briefing and at trial.  To that end, a protective is needed to address these issues.

The parties are strongly encouraged to use this District's model protective order as a starting point.  Any proposed protective order must provide a mechanism for Plaintiff to use and/or cite to relevant materials in conjunction with briefing in this litigation or at trial.  Additionally, any proposed protective order must address the circumstances under which Plaintiff would have access to these documents, including any time limitations and how Plaintiff could request to access these documents again later, if necessary.  On or before **February 18, 2026**, Defendants must file a motion for entry of a protective order.  The motion can be an agreed motion, which the Court strongly encourages so that it can quickly enter a protective order that would allow Plaintiff to access discovery documents quickly, or Defendants can file a contested motion for a protective order, which will inevitably result in additional briefing at this late stage of this case and the delayed entry of a protective order.  The Court strongly encourages both sides to work together to craft an agreed-upon protective order that will avoid further delay in this case.  It is the Court's expectation that the parties should be able to agree to a stipulated protective order.

---

[6] During the discovery conference, Defendants appeared to argue that they are making documents available for Plaintiff's inspection pursuant to Rule 34.  The Court need not resolve whether Defendants' proposed process for providing Plaintiff will access to documents constitutes inspection under Rule 34, but Rule 34 still requires that the responding party must specify a "reasonable time" for such inspections.  Fed. R. Civ. Pro. 34(b)(2)(B).

**IT IS SO ORDERED.**

Dated: February 3, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge