IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| Bobby Bruce White, Plaintiff | |
|---|---|
| v. | Case No: 24-3023-DDC-RES |
| Andrew Parks, et al., Defendants | |
| Gary Spillman | |

MOTION FOR SCHEDULED TIME TO RESPOND

Comes Now, the Plaintiff, Bobby White, Pro Se and requests the Court, to schedule time for the Plaintiff to respond and file a potentially needed "2nd Motion to Resolve Discovery Disputes", and a proposed, "Plaintiff's Motion For A Protective Order" (on specific issues), which could potentially be addressed during the; "resolution of the discovery dispute", without the need for a filed motion. To satisfy the meet and confer requirement, the time requested is up to and including February 25, 2026.

This request is pursuant to the Plaintiff's: Right of the Due Process Clause of the 14th Amendment; Fed. R. Civ. P. 26 (a)(3)(B); (c)(A)(B)(D)(2); and (f)(3)(A)(B)(C)(D)(E).

The good-faith reason for this request is as follows:

A.) The defendant's counsel on November 21, 2025 filed a (MFPO) "Motion For Protective Order" [Doc. 78], which was filed, on the last day, as was required, under [Doc. 66 at 3, (2.2)]. This (MFPO) was ultimately denied by the Court in [Doc. 79] on 11-25-2025.

B.) The Court then through [Doc. 108] filed 2-3-2026; Ordered the defendant's to:
 (1) "produce documents on or before 2-5-2026" [Doc. 108 at 2] regarding:
 (a) "older versions of policies..." For which were sufficiently received on 2-10-2026, by U.S. Mail, by the Plaintiff.
 (b) "would produce a position description for Defendant Meredith." For which was also, received on 2-10-26, by U.S. Mail, by the Plaintiff. But, the position description is generic, and does not actually have Mr. Meredith's name on it (redacted), nor any real way to link it to

1.

Mr. Meredith's duties and job description.

(2) "On or before 2-6-2026, defendants must serve supplemental discovery responses to Plaintiff's RFP and Interrogatories that respond only on behalf of each Defendant in his individual capacity. With respect to any RFP's defendants must make clear whether they are withholding any responsive documents within that Defendant's possession, custody, or control based on an objection. [Doc 108 at 3]; ... interrogatory responses must be verified by each responding Defendant."

(a). On 2-10-2026, the Plaintiff received a partial delivery, by U.S. mail, a single document of (seven pages), signed by attorney Scott G. Nading (No verification, nor certificate of Service); for "Defendants' Supplemental Response to Plaintiff's Second Request for Production of Documents" under Fed. R. Civ. P. 34. The response to all (fourteen) requests were: "Defendants do not, in their individual capacities, have possession, custody, or control of any records responsive to this request."

(b) On 2-12-2026 the Plaintiff received, by personal hand delivery, by the LSCF/KDOC Unit Team (C. Mr. Brooks. Another copy of the same document as in (a) above, and (three) other documents, from each defendants, Andrew Parks, Evan Meredith, and Bruce Chapman; With the verification from each, made on 2-5-2026. But with no certificate of service for; "Defendants (Bruce Chapman's); (Andrew Parks), (Evan Meredith's) Supplemental Answers to Plaintiff's Interrogatories and Request For Production of Documents" under Fed. R. Civ. P. 33 and 34.* Plaintiff Objects as not meeting Ordered 2-6-2026 date. All the responses from all three defendant's were the same boilerplate responses: "I do not, in my individual capacity, have possession, custody or control of any records responsive to this request." The defendants have also, not included any reference, that they were "withholding any responsive documents."

*(c) For the Official Record, the Plaintiff gives Objection, and requests that all the numbered points of the "Plaintiff's Request For Admissions", under Fed. R. Civ. P. 36 served on the defendants, in their individual capacity. Be ruled as "Admitted" for all purposes, under Fed. R. Civ. P. 36(a)(3). Because none of the three defendants

[-*Objections-]          2.

have answered in the required (30) thirty days; and both Defendant's Evan Meredith and Bruce Chapman have never responded at all, or within the entire time of discovery, which ended on 2-13-2026, [Doc. 66 at 2, #3].

(3.) "On or before 2-13-2026, the parties must meet and confer by phone regarding any remaining disputes following service of Defendant's supplemental responses and voluntary production... If the parties are unable to resolve these discovery disputes, any party may file a motion requesting a discovery conference. At that time, the Court will determine whether it will convene a discovery conference, or will impose a briefing schedule without reconvening a discovery conference."

"Additionally, the parties must meet and confer by phone on or before 2-13-2026, regarding the entry of a stipulated protective order..." [Doc. 108 at 4]

(a) As required the Plaintiff, did meet and confer, by phone with the defendant's counsel, on Friday 2-13-2026. The parties could not resolve their disputes. Because of the issues cited, and because of the poor time management by the defendant's counsel. The defendants had not even, before the meeting, provide or send the Plaintiff, a copy of their proposed (JPO) "Joint Protective Order," which had to be printed off and given to the plaintiff, (by email.) During the meet and confer, by the KDOC/LSCF Unit Team CC. Mr. Brooks.

This then caused the need for the setting of another agreed upon, meet and confer, for the Plaintiff and defendants counsel, before the 2-18-2026 deadline for the defendants to file a motion for entry of a protective order, [Doc. 108 at 5]; set for Tuesday 2-17-2026. (So the Plaintiff had a chance to read the proposed (JPO)) *Plaintiff Objects as a violation of Order, "on or before 2-13-2026"

※(b)(1) The Plaintiff, for the Official Record, gives Objection, and asserts it was grossly unfair and a violation of due process, for the KDOC/State of Kansas/Kansas Attorney General's office/defendant's legal counsel; to attempt to: (experiment and impliment) a process to allow the Pro Se Plaintiff, to access confidential information, (but not all), of even his own personal medical records. Which should have included; more; than his own, but cherry-

[※ Objections-]                3.

picked items for viewing by the KDOC/KAG office. For which it was, without proper and actual documentation and publication of the approved process, and what specific types of documentation other than (cherry-picked) medical records were available for viewing; yet continued to be denied copies.

* (b)(2) The Plaintiff Objects, that under the defendants proposed "Joint Protective Order" (JPO), that under "(JPO)(d.) Control of Documents" the Plaintiff was suppose to have copy ability, which was repeatedly denied to the Plaintiff; and to other Confidential Information as discribed under the "(JPO)" 2. Definition of Confidential Information." For which has "Not" been made available to the Plaintiff, denied access, even to have copies made, and including access to his own legal mail/HIPPA protected KU Medical Emergency Room Records; sent to the Plaintiff by U.S. Mail, to be used as evidence of physical injury in this §1983 civil rights action. Plaintiff asserts this is U.S. Mail fraud. (see; Included (EXHIBITS - PRO-1 through PRO-7) 7 pages

(c)(a) The Plaintiff's position is that the proposed (JPO) Joint Protective Order is too little, too late, and is a moot point, since discovery has ended on 2-13-2026, and we are currently in the pre-trial phase of due process

(b) The Defendant's Meredith, Chapman, and Parks have all stated, under verification, that they "Do Not", in their individual capacities, have possession, custody or control of any records responsive to any of the Plaintiff's request and have not referenced any "withholding of any responsive documents." Therefore, a (JPO) Joint Protective Order is now too late and not needed.

It is the Plaintiff's intent, after this final "meet and confer" on 2-17-2026, for all the reasons cited, and because the defendants have not given a stipulation of a Summary Judgement in the Plaintiff's favor. That: (1) The Plaintiff will after 2-18-2026, submit a; "2nd Motion to Resolve Discovery Disputes"; then; (2) The Plaintiff will submit/file his own "Motion for Protective Order", regarding specific issues (to be presented) that the Plaintiff needs a legal ruling of Protection.

Wherefore, the Plaintiff will request a Courts ruling in [-*Objections-]     4.

favor of: [The Court] "will impose a briefing schedule without reconvening a discovery conference." [Doc.108 at 4], and allow the Plaintiff to proceed timely with a Jury Trial.

The Plaintiff prays the Court allows the Plaintiff sufficient time to File, the cited intended documents, to allow this matter to proceed on to a Jury Trial, for timely due process and for justice to be served for the Plaintiff.

Respectfully Submitted;    Bobby White #2000046191
Dated: 2-16-2026            Pro Se.

## AFFIRMATION

The Plaintiff, Bobby White, Pro Se affirms under penalty of perjury; that the afore mentioned narrative (facts), stated in this, "Motion For Scheduled Time to Respond," is true and correct, per my own memory, notes, knowledge and ability.
Respectfully Submitted;    Bobby White #2000046191
Dated: 2-16-2026            Pro Se.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this (five) page [and (seven) page Exhibit PRO-1 through PRO-7] "Motion For Scheduled Time to Respond" was served via U.S. Mail, 1st Class, postage prepaid, on this 16th day of February, 2026 to:
1) Kris W. Kobach, Kansas Attorney General, % Matthew L. Shoger and Scott G. Nading, Office of the Attorney General; 120 S.W. 10th Ave., 2nd Floor; Topeka, Kansas 66612-1597

and

2) E-Filed to the U.S. District Court Clerk

Dated: 2-16-2026    Bobby White #2000046191

Bobby White #2000046191
Larned State Correctional Facility
1318 KS. Highway 264
Larned, Kansas 67550

5.

EXHIBIT PRO-1

INMATE REQUEST TO STAFF MEMBER

To: Mr. Brooks CC/F2 Unit Team             Date: 2-12-2026
    (Name and Title of Officer or Department)

_____      To be retained by inmate
Unit Team, Detail, or Cellhouse Officer's Signature

Documents and message confirmation done on 2-12-2026

**Form 9**
For Cellhouse Transfer                       White
Work Assignment _____      Last Name Only
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**

                                             200004619/
                                             Number

**INMATE REQUEST TO STAFF MEMBER**

To: Mr. Brooks CC/F2 Unit Team    Date: 2-12-2026
    (Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Mr. Brooks CCI would like written confirmation that you hand delivered to (me) Bobby White #200004619/, on this day 2-12-2026, (4) Four documents Total; (1) page of Defendants supplemental responses to Plaintiff's Second Request For Production of documents, DOUBLE SIDED and (2) pages each of the other (3) documents of Defendants (Evan Meredith's) DOUBLE SIDED (front to back) (Bruce Chapman) and (Andrew Parks) supplemental Answers to Plaintiff's interrogatories and Request For Production of documents, along with a message that the KAG officer meet and confer would be done by the attorney's phone call on 2-13-2026.

Work Assignment: None    Living Unit Assignment: F2-201
Comment: _____ Detail or C.H. Officer: _____

Disposition: _____

To: Bobby White #200004619/    Date: 2-13-2026
    (Name & Number)

Disposition: I did do the delivery as stated in the Form 9 above. I completed delivery on 2-12-26.    CCI

_____ CCI
Employee's Signature                         To be returned to inmate.

P-0009

2nd attempt - Informal Resolution Attempt -

EXHIBIT PRO-2

## INMATE REQUEST TO STAFF MEMBER

To: Mr. Getty WM / Warden Easley LSCF
(Name and Title of Officer or Department)

Date: 1-29-2026

_____[signature]_____
Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

Discovery process for viewing Kaov/Medical Records.

Never answered on returned by LSCF Warden

Never answered on returned by LSCF Warden (See copy next page)
EXHIBIT PRO-3

## INMATE REQUEST TO STAFF MEMBER
Informal Grievance

To: LSCF Warden Easley
(Name and Title of Officer or Department)

Date: 2-6-2026

Col R. ___
Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

Need we return Delivered Confiscated KU Medical Records from 7-12-2023 from Warden per W.S.A, Amy Simmons. U.S. Dist. Ct. Case No 24-3023-DDC-RES

7.

**Form 9**
For Cellhouse Transfer
Work Assignment
Interview Request

(submitted copy neater)
Similar but not exact copy submitted

EXHIBIT PRO-3
Informal Resolution

_White_
Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**

20000 46191
Number

**INMATE REQUEST TO STAFF MEMBER**

To: _LSCF Warden Easley_    Date: _2-5-2026_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I've been waiting for over a month for the KU Hospital - Emergency Room records that I need and for which the KAG and KDOC were suppose to provide through discovery; my acting Pro Se in the U.S. Dist. Ct. Case No. 24-3023-DDC-RES. Now I've found out that HSA Amy Simmons has taken my legal mail/medical records addressed to me #20000 46191 and holding them, denying me my legal right to discovery. Further, she had no right to open my legal mail which should have went to the Unit Team CC. This is a federal violation of tampering/with U.S. Mail delivery. Ms. Simmons has advised me through Mr. Brooks CC that I must get these KU Records from the Warden??

Work Assignment: _None_    Living Unit Assignment: _F2-201_

Comment: _____    Detail or C.H. Officer: _____

Please let me know the KDOC's intent, so that I can correctly advise the court. Thank You. B.W.

Disposition:

_Never answered - never returned_
_B.W. 2-14-2026_

To: _____    Date: _____
(Name & Number)

Disposition: _____

8.

Employee's Signature    To be returned to inmate.

P-0009

Form 9
For Cellhouse Transfer
Work Assignment
Interview Requests

_____White_____
Last Name Only

(EXHIBIT PRO-4)
**KANSAS DEPARTMENT OF CORRECTIONS**

___20000 46191___
Number

**INMATE REQUEST TO STAFF MEMBER**

To: __Mr. Brooks CC/F2/LSCF__    Date: __1-30--2026__
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I still need some time to review the discovery evidence in my medical record. I've only been allowed (1) one other opportunity last week and nothing at all for this week. I was suppose to have the opportunity to examine these records as I needed. Please make up a schedule of time I will be allowed to work on this and review the records, so that I may also time for the other things, I need to do for the courts process. Thank You

Work Assignment: __None__    Living Unit Assignment: __F2-201__
Comment: _____    Detail or C.H. Officer: _____ CCI

Disposition: Received this response 2-2-2026 was told I could probably review medical records for an hour, tomorrow 2-3-2026 @ 9:30 AM.

To: __White  20000 46191__    Date: __2-2-26__
(Name & Number)

Disposition: Due to the nature of my role as Unit team I can give you access when feasible, however I have 62 residents on my caseload and we can make a schedule for viewing that will work for all parties.

_____ CCI   9a
Employee's Signature

P-0009

To be returned to inmate.

**Form 9**
For Cellhouse Transfer
Work Assignment
Interview Requests

(EXHIBIT PRO-5)

**KANSAS DEPARTMENT OF CORRECTIONS**

White
Last Name Only

20000046191
Number

**INMATE REQUEST TO STAFF MEMBER**

To: Mail Room                    Date: 1-28-2026
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I'am expecting my Emergency Medical Records from the KU Hospital- The University of Kansas Health System. I called them and they told me that the requested Medical Records (Personal) were mailed out to me as: "Attention 20000046191" on 1-13-2026. I recalled them today 1-28-2026, because they had not been received by me. They told me they would resend using Full name "Bobby White #20000046191", if that is/was the problem. I need to know if the mail room has received these personal medical records; if so: do not open and copy, give to the Unit Team Correctional Counselor. These records are evidence for U.S. Dist. Ct. Case 24-3023-DDC-RES

Work Assignment: None                    Living Unit Assignment: F2-201    Thank You

Comment:                                  Detail or C.H. Officer: C/O Stonewall

Disposition:

To: _____                Date: 2/4/26
    (Name & Number)

Disposition: Any medical records/bills are sent directly to the clinic, you will need to check with them.

                10

Employee's Signature: Johnson

P-0009                                    To be returned to inmate.

**Form 9**
For Cellhouse Transfer
Work Assignment
Interview Requests

F-2   White
Last Name Only

FEB 0 4 2026   EXHIBIT PRO-6

KANSAS DEPARTMENT OF CORRECTIONS
BY: ..................

20000 46191
Number

## INMATE REQUEST TO STAFF MEMBER

To: H.S.A. Amy Simmons/Medical/Centurion   Date: 1-28-2026
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

The KU Hospital (Emergency Room Records) were mailed out to me on 1-13-2026. I don't understand why they haven't arrived. Is there anything you can do to inform the mail room (when they arrive) not to open and copy these (Personal) Hippa protected records? They need to be given to the Unit Team C.C. as legal mail. They are evidence to be used in U.S. Dist. Ct. Case No.: 24-3023-DDC-RES. They were mailed out addressed to: "Attention 20000 46191", for some reason?   Thank You.

Work Assignment: None
Comment:

Living Unit Assignment: F 2-201
Detail or C.H. Officer: CO' Mansfield

Disposition:

To: White 20000 46191   Date: 2 4 2026
(Name & Number)

Disposition: I will have to follow-up on this as residents aren't allowed to have medical records in population. Did you follow the subpoena process to obtain the records?

A Simmons HSA
Employee's Signature

To be returned to inmate.

P-0009

11.

Form 9
For Cellhouse Transfer
Work Assignment
Interview Requests

White
Last Name Only

(EXHIBIT PRO-7)

**KANSAS DEPARTMENT OF CORRECTIONS**

2000046191
Number

**INMATE REQUEST TO STAFF MEMBER**

To: F2 Unit Team/Mr. Brooks UTM        Date: 1-13-2026
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Please give me a times and dates, when I can view my medical records and hear the audio interview by EAI Tomelson from 10-2-2023. This was suppose to have been supplied by Mr. Stoger and Mr. Wading from the Kansas Attorney Generals Office. White was told during a phone conference by those attorneys from the KAG, that I had to request the opportunity to view and hear to the Unit Team (KDOC). Thank you.

Work Assignment: None                   Living Unit Assignment: F2-201
Comment: _____               Detail or C.H. Officer: _____

Disposition:

To: 2000046191  White                    Date: 1-21-26
(Name & Number)

Disposition: I have the EAI Interview and we can schedule to hear it when available. I am waiting on the medical records and when I receive them you can view them.

____ CCT 12

Employee's Signature

P-0009

To be returned to inmate.