### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOBBY BRUCE WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 24-3023-DDC-RES |
| | ) |
| **ANDREW PARKS,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### MOTION FOR PROTECTIVE ORDER

Defendants Andrew Parks, Bruce Chapman, and Evan Meredith ("Defendants") request, through undersigned counsel, that the court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c). Counsel for Defendants conferred with Plaintiff Bobby White on February 13 and 16, 2026, regarding a proposed joint protective order. The parties did not reach an agreement on the provisions of the proposed protective order—namely because Plaintiff is demanding that his medical records may not be used in this case, along with his continued belief that no confidential information may withheld from him. Additionally, Plaintiff now disputes the legitimacy of a supervised viewing system that allows him to view documents produced by Defendants in discovery. But Defendants have outlined in the proposed protective order the process for Plaintiff to view and print specific documents for use in this litigation. For more details regarding the parties' phone conferences, please see Defendants' letters memorializing those conversations, which are attached as Exhibits A and B.

As discussed below, Defendants assert that protection of the identified categories of confidential information is necessary, and that Plaintiff has been provided with a sufficient viewing process to view discovery documents.

I.     **Confidential Information Categories**

This Court has previously instituted a protective order that allowed for defendants "to designate certain documents as 'confidential,' including correctional records pertaining to an identifiable inmate, information related to security-threat groups at KDOC facilities, KDOC internal policies and personnel records, documents containing personal identifiers, medical records, and other records whose disclosure is prohibited or restricted by statute." *See Rogers v. English*, No. 19-3145-JAR, 2021 WL 4940914, at *3 (D. Kan. Oct. 22, 2021). However, Defendants provide the following additional justifications for the below categories of confidential information.

**Medical Records**. Plaintiff's medical records, as well as those of any other individual, contain private information regarding his medical history and condition, which are limited from public access under the Health Insurance Portability and Accountability Act (HIPAA). Generally, medical records are placed under seal as a matter of personal privacy. In the prison setting, inmates have additional safety concerns requiring the confidentiality of their medical records, which often contain sensitive information. *See Robinson v. Holmes*, No. 21-2602-DDC, 2022 WL 17569954, at *1 & n.6 (D. Kan. Nov. 1, 2022) (noting a prisoner has "significant privacy interest in his medical records. Disclosure of Plaintiff's unredacted medical records would be sufficient to establish a private harm that would overcome the public's right of access to judicial records.").

**Correctional Records Pertaining to Identifiable Inmates.** Due to safety considerations, any correctional records pertaining to an identifiable inmate must be protected from disclosure for the inmate's privacy and protection. They are treated as confidential under state law. *See* K.S.A. 45-221(a)(29).

**KDOC Internal Policies and Protocols**. Some prison policies and protocols are viewed

only by KDOC staff, including those relating to facility security procedures. Dissemination of these records could impair the secure operations of the facility and jeopardize the safety of prison officials, inmates, and others. *See* Ct.'s Order, *Dudley v. Warren*, No. 22-3188-JWL (D. Kan. Jan. 24, 2023) (Doc. 30) (sealing a security-related prison policy and not allowing the plaintiff to view or possess it); *see also* K.S.A. 45-221(a)(12) (stating public agencies shall not be required to disclose "[r]ecords of emergency or security information or procedures of a public agency, if disclosure would jeopardize public safety, including … plans, drawings, specifications or related information for any building or facility that is used for purposes requiring security measures in or around the building or facility … if disclosure would jeopardize security of the public agency, building or facility."); *see also Martinez v. True*, 128 F. App'x 714, 716 (10th Cir. 2005) (affirming judgment based on the district court's in-camera review of "confidential prison materials").

**KDOC Personnel Records**. Records containing personal background information and employment history of Kansas Department of Corrections ("KDOC") employees, if disseminated, would adversely impact individuals' privacy and safety. These records are considered confidential under state law. *See* K.S.A. 45-221(a)(4) and (a)(30); *see also McWilliams v. Dinapoli*, 40 F.4th 1118, 1133 (10th Cir. 2022) (permitting redaction of "home addresses" as "sensitive information"). In addition to the usual confidentiality, law enforcement officers are given protected status under state law, also recognized by this Court in that officer addresses are normally submitted under seal. (*See, e.g.,* Docs. 46 and 49.)

## II. Supervised Viewing Process

Under Section 6(d) of Defendants' proposed protective order, Defendants have outlined a sufficient process for Plaintiff to, upon reasonable notice, view and obtain copies of specific records for use in this litigation. *See Jefferson v. Moore*, No. 23-3263-TC (Doc. 72 at 2), Ct.'s

3

Order (D. Kan. Mar. 11, 2025) (allowing supervised viewing without the plaintiff possessing copies); *Heneck v. Corby*, No. 23-3166-JWL (Doc. 24 at 1-2), Ct.'s Order (D. Kan. January 5, 2024) (same); *see also Clay v. Esparza*, No. 20-3220-SAC (Doc. 14 at 1-2), Ct.'s Order (D. Kan. Sept. 15, 2020) (noting that if Plaintiff's complaint survived screening, "Plaintiff would be allowed to view the content of the security videos upon reasonable notice at a reasonable time.").

As specified in the proposed protective order, Plaintiff may request copies of specific documents from his medical records, but for safety and security reasons may not maintain voluminous amounts of paper in his cell. *See Leek v. Androski*, 2023 WL 4999117, at *5 (D. Kan. Aug. 4, 2023) (finding a "legitimate government interest in prison safety and budgetary management that is rationally related to limiting the number of books and papers especially dangerous inmates can access. … [P]aper limits help prevent contraband, fire hazards, arson, clutter, and visibility obstruction."). Because of these safety and security concerns, supervised viewing for voluminous medical records is appropriate.

**III.    Attorney's-Eyes-Only Provision**

Lastly, Defendants have included an "attorney's-eyes-only" designation to protect highly sensitive prison security and safety information, and also provide an avenue for any eventual counsel representing either of the currently pro se parties in this case to review Confidential Information that is designated as attorney's-eyes-only without the need for an additional protective order. Courts have recognized the legitimate safety and security concerns for not allowing inmates to view internal prison policies and procedures that could equip inmates to predict how an officer will react in a given situation, which would then allow inmates to manipulate the system and put prison staff in danger. *See, e.g., In re Sec., Fla. Dep't of Corr.*, No. 20-10650, 2020 WL 1933170, at *1-3 (11th Cir. March 30, 2020) (reversing and remanding on basis that attorney's-eyes-only

4

designation in protective order was necessary due to case involving "highly sensitive prison security and safety information"); *see also United States v. Ward*, 667 F. Supp. 3d 1150, 1175 (N.D. Ga. 2023) (citing *In re Sec.*, 2020 WL 1933170) (finding protective order was warranted because "allowing currently incarcerated prisoners access to [information regarding prison employees as well as safety procedures and protocols] is a clear and obvious security risk"). Accordingly, Plaintiff, an inmate, should not be allowed to view confidential KDOC policies and records to the same extent as an attorney, as that would allow for potential safety and security breaches. *See also Martinez*, 128 F. App'x at 716 (affirming judgment based on the district court's in-camera review of "confidential prison materials").

### IV. Conclusion

For these reasons, Defendants respectfully request that the Court enter a Protective Order and are submitting a proposed protective order contemporaneously with the filing of this Motion.

    Respectfully submitted,

    KRIS W. KOBACH
    ATTORNEY GENERAL OF KANSAS

    */s/ Scott G. Nading*
    Scott G. Nading, KS No. 29665
    Assistant Attorney General
    Matthew L. Shoger, KS No. 28151
    Office of the Attorney General
    120 SW 10th Avenue, 2nd Floor
    Topeka, Kansas 66612-1597
    Scott.nading@ag.ks.gov
    Matt.shoger@ag.ks.gov
    (785) 296-2215
    Fax: (785) 291-3767
    *Attorneys for the Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of February, 2026, I electronically filed the foregoing with the Court using the CM/ECF system, which sent a notice of electronic filing to all counsel of record. The proposed order will then be emailed to ksd_schwartz_chambers@ksd.uscourts.gov as required by the Court's Administrative Procedures for e-filing. A copy of each document will be sent to *pro se* Plaintiff by ordinary mail on the 19th day of February, 2026, addressed to:

Bobby Bruce White #2000046191
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67500-9304

                                          */s/ Scott G. Nading*
                                          Scott G. Nading
                                          Assistant Attorney General