**STATE OF KANSAS**
**OFFICE OF THE ATTORNEY GENERAL**

**KRIS W. KOBACH**
ATTORNEY GENERAL

EXHIBIT A

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

February 13, 2026

Bobby Bruce White #2000046191
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550

Re:   Phone Conference on February 13, 2026, for Case No. 24-3023-DDC-RES

Dear Mr. Bobby Bruce White,

This letter is to memorialize the phone conversation between you, Scott Nading, and myself on Friday, February 13th, regarding a possible joint protective order and any discovery disputes that remain following the supplemental discovery responses from Defendants Parks, Chapman, and Meredith ("Defendants"). The call lasted from 8:35 A.M. to 11:25 A.M. The call began with Mr. Nading and myself asking if you had the following documents with you:

1. Defendants' Supplemental Responses to Plaintiff's Second Request for Production of Documents;
2. Defendant Andrew Parks' Supplemental Answers to Plaintiff's Interrogatories and Request for Production of Documents;
3. Defendant Bruce Chapman's Supplemental Answers to Plaintiff's Interrogatories and Request for Production of Documents;
4. Defendant Evan Meredith's Supplemental Answers to Plaintiff's Interrogatories and Request for Production of Documents;
5. Documents Bates numbered from OAG000165-OAG000321; and
6. Defendants' draft proposed protective order (labelled "Joint Protective Order").

You had the first four documents listed above with you. You said you had received the documents for item 5 above but did not have those particular documents with you. We discussed

and agreed that the documents for item 5 should not be needed for our discussion. You said you had not received item 6 above at all. We asked to speak to Mr. Brooks, your unit team lead, and he joined the call temporarily. Although he believed he had already delivered item 6 to you, he agreed to print it and deliver it to you again. He did so within 2 or 3 minutes and Mr. Nading and I continued the call with you.

Once you had the draft protective order in front of you, I attempted to describe the changes in the protective order compared to the previous draft that Mr. Nading and I believed you had seen. You said that you had difficulty keeping up with what I was saying. I asked if you wanted more time to review the protective order, and I suggested that we could discuss it early the following week instead. You agreed to that.

I recommended comparing the new draft protective order to any previous draft protective orders we had discussed. I let you know that the primary changes from the previous draft was to the parties mentioned in the intro, to paragraph 2(a), and to paragraph 6(d). You also suggested that this was the first time you had seen any draft protective orders. Mr. Nading and I said this was not the first time we had discussed a draft protective order with you. But I said I would send the earlier drafts for you to review along with the court's form protective order.

During our brief discussion about the draft protective order, you also mentioned the following issues:

1. You said you would insist that the draft protective order include a provision barring the Defendants from using your medical records in the case.
2. You objected to documents being withheld from you as confidential.

During our discussion, you told us you had the following objections to the Defendants' supplemental discovery responses:

1. You objected to the defendants stating they lacked "control" of responsive records in their individual capacities. You indicated you believe they do in fact have control of responsive records.

2. You objected that Mr. Nading and I drafted the answers on behalf of the defendants. (Mr. Nading and I explained that the defendants carefully read the answers and signed them under oath.)

3. You stated that the discovery requests were not designed for defendants Parks, Meredith, and Chapman to answer in their individual capacities.

4. For interrogatories 1 and 2, you said you do not believe that Evan Meredith's job description has been provided. (Mr. Nading and I explained that the job description for Mr. Meredith's position was provided but with the current incumbent's name redacted because another employee is now in that position.)

5. For interrogatories 4, 5, and 10, you had the following objections:
    a. You said that the K.A.R.'s do not address who is responsible for investigating inmate grievances.
    b. You said that the K.A.R.'s do not address who is responsible for ensuring that relief provided in a grievance resolution actually occurs.
    c. You complained that no ombudsman exists to help with inmate grievances.

6. For interrogatory 6, you objected that the defendants did not provide their personal definitions of "emergency."

7. With regard to interrogatory 12, you mentioned that it was related to Pawnee County case number PN-2025-CV-000031. You also objected that defendants have access to your medical records through Mr. Nading and I at the attorney general's office, who received the documents through the department of corrections.

8. For interrogatory 13, you insisted that the Defendants do in fact know the statutes listed and who is responsible for enforcing each of those statutes.

Around 11:20am, we reached the end of interrogatory 13. I announced that we had reached the end of the supplemental responses. You said that we were not finished because you had only been looking at Evan Meredith's interrogatory answers for the interrogatories. I reiterated that we had been discussing all 3 defendants' interrogatory answers at once. I pointed out that I had explained that structure at the outset, and that I even read out loud the only parts of their answers that differed. But I said I would note your disagreement with regard to the scope of our discussion in a letter memorializing the call. Our allotted time for the call that we had arranged with your unit team was set to expire at 11:30am.

I let you know that Mr. Nading and I would memorialize the call in a letter and that you were free to do the same. The call ended at 11:25am.

Sincerely,

*Matthew Shoger*

Matthew L. Shoger

Assistant Attorney General