

**EXHIBIT B**

# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

February 16, 2026

Bobby Bruce White #2000046191
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550

**Re:   Phone Conference on February 16, 2026, for Case No. 24-3023-DDC-RES**

Dear Mr. Bobby Bruce White,

This letter is to memorialize the phone conversation between you, Scott Nading, and myself on Monday, February 16th, regarding a possible joint protective order. The call lasted from 1:02 PM to about 2:00 PM. I began the call by explaining that the purpose of the call was to comply with the court's order to confer regarding a possible joint protective order.

You stated at the outset that you did not fully understand the proposed protective order, that you are not an attorney, and that you had filed a motion earlier in the morning regarding discovery disputes and requesting leave to file your own proposed protective order. You began to read the motion you had filed out loud. After a little while of listening to you read the motion out loud, I reminded you that our duty to confer was a duty to confer through dialogue on the phone, not just in writing. I explained that I would need to ask questions about each of the objections to understand them more and to help resolve any of them. I explained that it would be more efficient to dialogue than to read long written motions out loud.

We then discussed several objections that you raised regarding the proposed protective order. I attempted to ask questions about each objection and discuss them with you. Eventually,

you became upset, stated the phone call was over, and you abruptly ended the conversation at about 2:00 PM. But to the best of my understanding, your objections included the following:

1. You stated that you are entitled to all of the confidential information listed in ¶ 2(a) of the proposed protective order. You objected that you have not received all of that confidential information.

2. You stated that you are entitled to have supervised viewing under ¶ 6(d) of all the confidential information from ¶ 2(a). You objected that supervised viewing has only been provided for some of that confidential information rather than all of it.

3. You said that your unit team was not providing physical copies of particular pages of your medical records to you. We reminded you that, during our call on February 13th, we told you we would follow up with your unit team regarding that matter. We repeated in the call on the 16th that we would follow up with your unit team. (By the way, following the call on the 16th, we followed up with your unit team. Your unit team confirmed that it will provide copies of particular pages of the medical records upon request.)

4. You objected that the unit team has access to the medical records at all, including the ability to print them. When asked whether you objected to the unit team producing copies for you, you said yes. I attempted to figure out what method for receiving copies you would suggest, and you did not provide any concrete suggestions. When I asked whether you did not want copies of any particular pages of your medical records, you still insisted that you did. I was not able to determine by what method you want access to physical copies of your medical records.

5. You complained that KDOC had intercepted the medical records mailed to you by KU and provided them to Centurion instead. You said it was mail fraud for them to do so.

6. You complained that you did not have access to the supervised viewing affidavits discussed in 6(d). You suggested that your records about supervised viewing might not agree with those affidavits.

7. You said you did not see why the protective order was necessary because discovery was now closed. I explained that the main purpose of the protective order was to outline the supervised viewing process. You asked who the protective order benefits, and I explained that the outlining of the supervised viewing process was intended to benefit you. I explained that the court in its February 3, 2026, order stated, "It is the Court's expectation that the parties should be able to agree to a stipulated protective order." So the court believed the protective order was important. I explained that the court set the same deadline (February 13) for conferring regarding a proposed protective order and for the close of discovery. I explained that the court therefore must believe that the protective order is still important after the close of discovery. I also explained that Mr. Nading and I had attempted to confer with you in good-faith on February 13th, but that because you indicated you had not seen the proposed protective order, we provided you with more time to review it before discussing it on the 16th.

8. You stated that it was a due-process violation for KDOC not to have a written policy in place already regarding supervised viewing. You asked whether a written policy for supervised viewing exists at other facilities, and I said no. I explained that the process is known and used in those other facilities, but it is not written. You insisted that the proposed protective order is a violation of your due-process rights because it attempts to outline the supervised viewing process. You said KDOC was experimenting regarding the process with regard to you. I explained that the proposed protective order was merely

a draft and was not an actual order yet, so you were free to propose any changes you would like to see in the procedure. You said you understood, but that it was a due process violation for KDOC not to have a written policy already in place. I asked if you believed that an inmate has the right to tell KDOC what written policies to enact. You said yes.

9. You said that the medical records provided to you for supervised viewing only go back to January 1, 2022. This surprised Mr. Nading and myself. I pulled up those medical records during our call and confirmed that those dates were correct. While Mr. Nading and I had provided you with all of the medical records we have for you, I had forgotten that when I originally asked for those medical records from KDOC, I had requested only the records since January 1, 2022. I asked if you wanted us to provide you with your medical records prior to that date. You said no, that Mr. Nading and myself, the defendants, and the unit team should not have access to those medical records at all. So you did not want us to provide those. You also stated that you did not need them. I said something along the lines of "okay, so you don't want those medical records," but then you disagreed. You insisted that you did want all of your medical records. I was unable to figure out your objection with any more clarity.

Because you abruptly ended the phone call, Mr. Nading and I were unable to more clearly determine the issues you were raising or to assist with resolving any further issues.

Sincerely,

Matthew L. Shoger
Assistant Attorney General