UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

    v.

ANDREW PARKS, et al.,

    Defendants.

Case No. 24-3023-DDC-RES

**ORDER**

Before the Court is Defendants Andrew Parks, Bruce Chapman, and Even Meredith's Motion for a Judge-Signed Subpoena. ECF No. 116. The Court rules without awaiting further briefing because it would not change the outcome of the ruling. For the reasons explained below, the Motion is denied.

Plaintiff filed his Second Amended Complaint on May 28, 2024, and referenced the medical care he received from the University of Kansas Health System ("KU") in that Complaint. ECF No. 8 at 6. Discovery began in earnest on September 16, 2025, when the Court entered the initial Scheduling Order. ECF No. 66.

More than four months later, on January 22, 2026, Defendants filed a Notice of Intent to Issue Subpoena. ECF No. 101. The proposed subpoena was addressed to "Records custodian for KU Medical Center." ECF No. 102.[1] Defendants' Motion states that on "January 29, 2026, Defendants subpoenaed KU Medical Center for Plaintiff's medical records." ECF No. 116 at 1.

---

[1] The Court notes that the University of Kansas Health System has a page on its website with a heading titled "Subpoena and law enforcement requests" that states for "[a]ttorneys and law enforcement official seeking medical records, . . . **[a]ll requests must be addressed to The University of Kansas Hospital Authority**." Website available at https://www.kansashealthsystem.com/patient-visitor/patient-guide/medical-records (last accessed

According to the Motion, the moving Defendants received a letter from KU on February 16, 2026, declining to provide Plaintiff's medical records because the "(1) the subpoena was not signed by a judge, and (2) the subpoena should have been addressed to 'University of Kansas Hospital Authority' at a different address." *Id.* at 2. The letter, which Defendants filed as an exhibit, actually explains that KU could not produce medical records because Defendants failed to comply with its requirements for providing medical records, which again are requirements listed on KU's website. ECF No. 116-2. The letter noted that there was no HIPAA-compliant authorization included with the request and, in the absence of such an authorization, no court order was included. *See* ECF No. 116-4 at 1 (stating that to "release protected health information," KU "requires the following: A signed HIPAA-compliant authorization from the patient or a subpoena or court order issued through a Kansas District Court that needs to be signed by a judge or administrative law judge (ALJ)."). As further explained in an email dated February 17, 2026, KU stated that Defendants' subpoena was addressed to the wrong entity and not to University of Kansas Hospital Authority. ECF No. 116-3. The Motion does not state whether defense counsel attempted to obtain a HIPAA-compliant authorization from Plaintiff.[2]

Given these circumstances, the moving Defendants request that "the Court issue a subpoena signed by a judge" to KU. ECF No. 116 at 3. Alternatively, the moving Defendants "move for a judge-signed order providing Defendants with judge-sanctioned authority to issue

---

on Feb. 20, 2026) (emphasis original). The website additionally explains the authorization form that must be completed for any request and provides an email address for the submission of any requests. *Id.*

[2]   Production of medical records in federal civil litigation is common. When medical records are relevant, parties typically attempt to obtain these records from the outset of discovery to avoid predictable delays and do so by requesting an authorization from the plaintiff for the release of medical records.

2

such a subpoena to the University of Kansas Hospital Authority." *Id.* Defendants have declined to submit any such proposed order to the Court.

The Court denies the Motion for three reasons. *First*, the Motion does not cite any legal authority entitling the moving Defendants to a subpoena signed and issued by the Court. Federal Rule of Civil Procedure 45 governs subpoenas in federal court. The rule addresses who may issue a subpoena and states:

> The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

Fed. R. Civ. P. 45(a)(3). The rule does not contemplate the Court signing and issuing a party's subpoena. The moving Defendants do not cite any procedural rule or other legal authority that entitles them to the relief they seek.

*Second*, to the extent the moving Defendants request a Court order authorizing the production of this Plaintiff's medical records, they have not complied with what is required in this District to obtain this type of order. *See, e.g., Rodriguez v. Safeco Ins. Co. of Am.*, No. 21-1086-DDC-ADM, 2021 WL 2290808, at *3 (D. Kan. June 4, 2021) (discussing what is required for this type of order and observing that "[t]he court appreciates the potential efficiencies that can be gained by a court order authorizing the release of medical records. But these types of orders must be narrowly tailored to target relevant information. Rarely would a recycled form order fit the bill."). *Rodriguez* is one of several cases discussing the requirements for obtaining this type of order and the proper scope of this type of order.

As a starting point, parties requesting this type of order must submit a proposed order to the Court, which the moving Defendants have not done. As drafted, Defendants' subpoena seeks: "The entire medical records file and all other documents, notes, correspondence with or between

3

health care providers, and files maintained related to the following person: Bobby Bruce White." ECF No. 102. Even if the Court were inclined to craft such an order, Defendants have not explained how their subpoena as drafted is narrowly tailored to target just relevant information or how it avoids statutory protections that may apply to certain types of medical records. *See Rodriguez*, 2021 WL 2290808, at *3. In the absence of Defendants' attempt to craft such a narrowly tailored order, the Court declines to do so now, after discovery has closed.

*Third*, the Motion also is denied as untimely. The Scheduling Order required that "[a]ny discovery requests must be served on or before **February 13, 2026**[,]" and explicitly stated that "[n]o discovery requests may be served after this deadline except by stipulation of the parties or by Court order for good cause shown." ECF No. 66 at 2 (bolding original). The moving Defendants filed their Motion on February 17, 2026, past this deadline. ECF No. 116. The Motion does not address the discovery deadline or establish good cause to justify an extension of the deadline, which requires a showing that a deadline could not be met despite diligent efforts. *See Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022) (explaining that Fed. R. Civ. P. 16(b)(4)'s good-cause standard to modify a scheduling order "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts"). The Court issued the Scheduling Order on September 16, 2025, and it appears that the moving Defendants inexplicably waited more than four months to subpoena records that they now contend "are necessary to determine the extent of Plaintiff's alleged injuries, which is an important matter in this case." *Id.* at 1. Defendants have not established good cause under these circumstances because they waited until the end of the discovery period to seek these purportedly necessary documents and failed to comply with publicly available information for timely obtaining any such records.

For these reasons, the Court denies the Motion.  That said, the Court encourages the moving Defendants to contact Plaintiff concerning a stipulation to this discovery occurring beyond the discovery deadline and to attempt to obtain Plaintiff's authorization for the release of Plaintiff's medical records—particularly given Plaintiff's statements during the January 27, 2026 discovery conference where he also explained that he also wants to obtain these records.

**IT IS THEREFORE ORDERED** that Defendants Andrew Parks, Bruce Chapman, and Even Meredith's Motion for a Judge-Signed Subpoena, ECF No. 116, is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 20, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge