UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

    v.

ANDREW PARKS, et al.,

    Defendants.

Case No. 24-3023-DDC-RES

# ORDER

This matter comes before the Court on pro se Plaintiff Bobby Brue White's Motion for Scheduled Time to Respond, ECF No. 115,[1] and on Defendants Andrew Parks, Bruce Chapman, and Even Meredith's Motion for a Protective Order, ECF No. 118. The Court rules without awaiting further briefing because it would not change the outcome of the Motions. For the reasons explained below, Plaintiff's Motion is denied, and the moving Defendants' Motion for a Protective order is denied without prejudice to refiling.

**I.    Plaintiff's Motion for Scheduled Time to Respond, ECF No. 115**

Plaintiff's Motion requests that the Court "schedule time for the Plaintiff to respond and file a potentially needed '2nd Motion to Resolve Discovery Disputes,' and a proposed 'Plaintiff's Motion for a Protective Order' (on specific issues), which could potentially be addressed during the 'resolution of the discovery dispute,' without the need for a filed motion." ECF No. 115 at 1. The Motion additionally indicates that Plaintiff objects to Defendants' Motion for a Protective Order and that he intends to file his own motion for a protective order. *Id.* at 4.

---

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although unclear, Plaintiff may be requesting additional time to respond to the moving Defendants' Motion for Protective order or additional time to file his own motion for protective order. For the reasons explained below, the Court is denying Defendants' Motion for Protective Order, which potentially resolves some of Plaintiff's stated concerns. Because that Motion will be denied, there is no need to impose a February 25, 2026 deadline for Plaintiff to file a response to Defendants' Motion.

Plaintiff's Motion additionally appears to request to have until February 25, 2026, to meet and confer with Defendants regarding ongoing discovery disputes. *Id.* The Court's order following the January 27, 2026 discovery conference did not set a deadline for Plaintiff to move for a protective order or to raise additional discovery issues with the Court. *See generally* ECF No. 108. D. Kan. Rule 37.1 governs the timing and procedure for raising discovery disputes with the Court. If Plaintiff ultimately needs to request a discovery conference with the Court, the Court will evaluate whether any such request is timely at that time and only after the parties exhaust their meet-and-confer obligations. In the interim, Plaintiff's Motion is denied, and Plaintiff should timely meet and confer with Defendants on any remaining discovery issues.

## II.     The Moving Defendants' Motion for a Protective Order, ECF No. 118

The Scheduling Order required that "[i]f the parties are not in agreement about a proposed protective order, the party or parties seeking entry of a protective order must file a motion for entry of a protective order on or before **November 21, 2025**." ECF No. 66 at 2 (bolding original). The moving Defendants timely filed their first motion for a protective order, but on November 25, 2026, the Court denied the motion without prejudice to refiling. ECF No. 78 (motion); ECF No. 79 (order). Specifically, the Court stated,

> The Motion states that "[t]he parties are currently working on setting up a system that allows Plaintiff to view the documents under

2

> supervision of prison staff." ECF No. 78 at 1. The proposed protective order submitted to the Magistrate Judge's chambers, however, would allow Defendant to designate broad categories of information, including all "non-public, confidential policies, procedures and records of the Kansas Department of Corrections, including those relating to facility security procedures," as attorney's eyes only, which would bar the pro se Plaintiff from reviewing any such information with that designation. *The Court will not enter a protective order that restricts Plaintiff from reviewing broad categories of potentially relevant and responsive information.* The parties are instructed to meet and confer on or before December 8, 2025, to continue their discussions regarding a procedure that would allow Plaintiff reasonable access to information relevant to this litigation. Any renewed motion and proposed order should be narrowly tailored to the specific needs of this case without barring the pro se Plaintiff from accessing broad categories of potentially relevant information.

ECF No. 79 (emphasis supplied). The moving Defendants did not file a renewed motion at any time during November, December, or January. The moving Defendants also did not seek reconsideration of the Court's order. In the absence of any timely filing by Defendants, the Court assumed the parties had agreed on a process by which Plaintiff could have access to relevant and responsive documents.

The Court—and not the moving Defendants—raised the issue of a protective order at the January 27, 2026 discovery conference in response to Plaintiff's stated concerns that he still did not have reasonable access to certain discovery documents. As explained in the order following the January 27, 2026 discovery conference,

> The Court finds good cause for the entry of a protective order for at least some of the reasons discussed during the discovery conference. As but one example, defense counsel explained that the facility where Plaintiff is housed does not permit residents to possess voluminous paper copies of documents, and therefore, Plaintiff has been permitted to have supervised viewing of voluminous quantities of medical records and audio recordings, and Plaintiff is apparently permitted to request to retain certain excerpts of his medical records. As explained during the discovery conference, both Plaintiff and the Court must understand how Plaintiff will have reasonable access to

3

> documents and recordings in this case so that he can use documents in briefing and at trial. To that end, a protective is needed to address these issues.
>
> The parties are strongly encouraged to use this District's model protective order as a starting point. Any proposed protective order must provide a mechanism for Plaintiff to use and/or cite to relevant materials in conjunction with briefing in this litigation or at trial. Additionally, any proposed protective order must address the circumstances under which Plaintiff would have access to these documents, including any time limitations and how Plaintiff could request to access these documents again later, if necessary. On or before **February 18, 2026**, Defendants must file a motion for entry of a protective order.

ECF No. 108 at 4-5. The Court directed the entry of a protective order to address these specifically stated concerns. The Court's intention was to encourage the parties to meet and confer to attempt to agree on a stipulated protective order that would benefit all parties—providing a mechanism for the parties to designate certain materials as confidential and providing a mechanism for Plaintiff to reasonably review voluminous documents. It did not grant leave for the moving Defendants to raise issues the Court already considered and rejected and for which the moving Defendants did not timely seek reconsideration if they believed they had a basis to do so.

The moving Defendants filed the present Motion and separately emailed a copy of the proposed protective order to the Magistrate Judge's chambers. Although the proposed protective order was not filed as an exhibit to the Motion, the Court has reviewed the submitted document, and it is wholly unworkable. The proposed order inexplicably still contains an attorneys' eyes only ("AEO") provision that the Court previously rejected considering Plaintiff's pro se status. While there may be specific materials for which the Court would need to consider heightened protections, the Court will not enter a protective order that would unilaterally allow defense counsel to designate—and therefore entirely withhold from the pro se Plaintiff—broad categories of information as AEO. The moving Defendants do not explain why they did not seek

4

reconsideration of the Court's November 25, 2025 order finding an AEO provision to be unworkable, or why they did not renew their request for a protective order until the Court specifically directed it at the January 27, 2026 discovery conference.

Moreover, the scope of the proposed protective order at this late stage raises additional concerns.  It is unclear what information and documents Defendants still need to produce that fall within the proposed categories included in the protective order.  The Scheduling Order required that all discovery requests must be served on or before February 13, 2026.  ECF No. 66 at 2.[2]  The Court's prior order required Defendants to produce certain policies on or before February 5, 2026, and to serve supplemental discovery responses by February 6, 2026.  ECF No. 108 at 2-3.  These deadlines were intended to ensure that discovery is completed before the dispositive motion deadline, which is March 27, 2026.  ECF No. 66 at 2.  To the extent Defendants previously produced documents without designations, it was not the Court's intention to allow Defendants to revisit all of those previous productions, which Defendants freely produced without the need for any confidentiality designations, much less AEO designations.

Moreover, as previously explained, the remaining claims against the moving Defendants are in their individual capacities only.  *See* ECF No. 108 at 2.  Defendants' proposed protective order, however, addresses supervised viewing of documents produced by Defendants and/or the Kansas Department of Corrections ("KDOC").  It is not clear that KDOC, which is not a current party in this litigation, has produced any documents.  Many of the proposed confidential categories may be in the possession, custody, or control of the KDOC but not necessarily the moving Defendants' possession, custody or control.  As but one example, the Motion and proposed

---

[2]     In Plaintiff's Motion, he states that the issue of a protective order is "a moot point [] since discovery has ended on 2-13-2026[.]" ECF No. 115 at 4.

5

protective order address KDOC personnel records.  It is unclear whether these are specific records that have been requested and that the remaining Defendants are prepared to produce.  Again, because the deadline for serving new discovery requests has passed, this is knowable information, and any protective order submitted at this late stage should be narrowly tailored to address only live issues.

For the reasons explained above, the moving Defendants' Motion for a Protective Order is again denied without prejudice.  If there are remaining live issues, including Plaintiff's ability to reasonably review responsive information, the Court encourages the parties to meet-and-confer in an effort to reach a narrowly tailored, stipulated protective order that would benefit all parties.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Scheduled Time to Respond, ECF No. 115, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Andrew Parks, Bruce Chapman, and Even Meredith's Motion for a Protective Order, ECF No. 118, is **DENIED** without prejudice to refiling.

**IT IS SO ORDERED.**

Dated: February 20, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

---

[3] In the absence of a protective order that alters default discovery procedures under the Federal Rules, all parties must fully comply with their obligations under the Federal Rules regarding how and when responsive documents and information must be produced.