IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Bobby Bruce White, Plaintiff
VS.

Andrew Parks, et al., Defendants
Gary Spillman

Case No: 24-3023-DDC-RES

## 2nd MOTION to RESOLVE DISCOVERY DISPUTES

Comes Now, the Plaintiff, Bobby White, Pro Se pursuant to D. Kan. 37.1(a) requests the Court, to grant and arrange a 2nd telephone Conference with the Judge and opposing counsel, to "reconvene a discovery conference" or "will impose a briefing schedule without reconvening a discovery conference," [Doc 108 at 4]

Further, the Plaintiff requests, pursuant to: Fed. R. Civ. P. 38(a)(b), the right of trial by jury, as declared by the 7th Amendment, to the United States Constitution.

Or, in the alternative, for the Court to grant the Plaintiff a Summary Judgement in the Plaintiff's favor; on all issues and with all relief: Granted, for violation of the Plaintiff's due process clause right of the 14th Amendment, and Rule 56(a); (e)(3); (f)(3).

Plaintiff asserts pursuant to D. Kan. 37.2; he has exhausted all attempts to resolve the issues, over several months, by numerous attempts in meetings and in conference, with the defendants counsel, including an additional necessary meeting by phone conversation to resolve a "Motion for Protective (Joint) Order" issues, on 2-16-2026. This meeting was outside that, which was required by the Court in [Doc 108].

The Plaintiff asserts, he has met and fully complied, in good faith, to the schedule set out, by the Court, in [Doc 108] for to meet and confer.

See: The narrative (Reason) Facts the Plaintiff has affirmed under penalty of perjury, in the; "Motion for Scheduled Time to Respond, filed 2-16-2026.

Along with the Objections and Issues the Plaintiff has set down in the Plaintiff's; "Motion for Scheduled Time to Respond; filed 2-16-2026
The Plaintiff's concerns are:

1.

I.) The Plaintiff asserts the defendants and opposing counsel have repeatedly failed to meet the required Fed. R. Civ. P. 33, 34, 36 and Courts scheduling Order time limits to serve within 30 days and by Courts ordered date; and/or have failed to provide a "certificate of service", to the Plaintiff, for the Defendants Response to the Plaintiff's RFP and Interrogatories, and Requests for Admissions under Fed. R. Civ. P. 33, 34, and 36; and for an entry of a stipulated protective order. See: narrative "Motion for Scheduled Time to Respond, filed 2-16-2026.

II.) The Plaintiff asserts impeachment of the Defendants and opposing counsel's response to question #13. of:
1.) "Defendant (Evan Meredith's); (Andrew Park's); (Bruce Chapman's) Supplemental Answer to Plaintiff's Interrogatories and Request for Production of Documents," for question #13:
"13. Who's job is it? specificly to enforce Kansas laws, such as K.S.A. 19-1919, K.S.A. 75-5210, K.S.A. 21-5417, K.S.A. 21-5416, and K.S.A. 22-3504, relating to the humane treatment and protection of State prisoners and elder abuse."
The response by all three defendants are:
"I am not an attorney, and I do not know who, if anyone, enforces the various statutes listed."
2.) The Plaintiff asserts this question is common knowledge for the common man, and should be instantly known by the defendants as part of their own job duties and responsibilities.
* Further, the Plaintiff gives Objection; in that the defendants counsel could help and answer for the defendant's; when giving them their unified boiler plate responses. But, counsel could not explain the basic intent and substantive matter of the language of the cited state statutes? The Plaintiff asserts the defendants responses were Evasive or Incomplete Disclosure, Answer, or Response in violation of Fed. R. Civ. P. 37(a)(4)
A.) The job [Position Description] of Andrew Parks; states:
"17. Describe the mission, goal, and/or purpose of this position. Why does it exist? This position is responsible for supervising the effective delivery of services to inmates in the assigned housing unit(s) and to ensure that the overall unit is maintained in a safe, secure, and humane manner. The Unit Team Manager is expected to ensure that Internal Management Policy and Procedure; Facility General Orders, Kansas Administrative Regulations; Kansas Statutes Annotated, Custody

2.

Classification Manual, and other administrative rules and regulations are followed in the delivery of services. The unit-team work involves evaluating risk factors in order to make decisions regarding facility /cell or work assignments, referrals to services, and the level/type of supervision, and to develop comprehensive release plans for inmates who are within one year of release. The work of this position requires ongoing proactive communication and interaction with staff, inmates, community partners, and inmates' family that will ensure an organizational culture that supports the attainment of reduced negative behaviors by offenders."

Therefore, by Defendant Andrew Parks' position description. It is his duty to ensure that Kansas laws, Kansas Statutes Annotated are followed in the delivery of services, for a safe, secure, and humane manner, relating to the humane treatment and protection of state prisoners and to prevent elder abuse of inmates.

B.) The job [Position Description] of Evan Meredith states:
"17. ...This position is responsible for performing all duties through a team approach to risk management that addresses criminogenic indicators and needs. The team approach involves evaluating risk factors in order to make decisions regarding facility/cell or work assignments..."
 (a.) A team approach must logically include state prisoners and under the direction and supervision of his superior Defendant, Andrew Parks.
 (b.) Criminogenic indicators and needs, must also include the knowledge of illegal violations of criminal actions, included under state statutes for both state prisoners and KDOC employees.
 (c.) Under K.S.A. 21-5402 (c)(1)(v) defines "mistreatment of an elder person" K.S.A. 21-5417" as an "inherently dangerous felony."

The Plaintiff asserts that the Defendant Evan Meredith and Andrew Parks, through their jobs, duties and responsibilities knew the substantive issues of the question and inferences. That violations of (K.S.A. 21-5416) mistreatment of state prisoners, and (K.S.A. 21-547) mistreatment of an elder person violates a prisoner's right to be free from cruel and unusual punishment, implies the necessity for the equal treatment and protection of the law, as an inherently dangerous felony, which should be recognizable through criminogenic indicators, as well as common sence.

These state statutes give prisoners a protected liberty interest, for a prisoner and elder persons Constitutional and legal right to humane treatment, free from cruel and unusual punishment (8th Amendment) and to equal

3.

treatment and protection of the law (14th Amendment). White (K.S.A. 19-1919) and (K.S.A. 75-5210) a liberty interest to humane treatment for the penological interest toward rehabilitation.

C.) The Plaintiff asserts the common sense and logical (none boiler plate, -none evasive) response could have simply been: clearly the ultimate duty and responsibility to enforce the laws of the U.S. and Kansas Constitution and Kansas Statutes rests with: (1) Governor of Kansas, Laura Kelly; (2) Kansas Department of Corrections, Jeff Zmuda; and (3) Kansas Attorney General Office, Kris W. Kobach. All top Kansas Officials who are violating the 14th Amendment rights of the Plaintiff regarding his right to equal treatment and protection of the law and to be free from cruel and unusual punishment.

Quoting [DOC 64 at 22]; "More than [four] decades ago, [the Tenth Circuit] held that the 8th Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other inmates." Castillo v. Day 790 F.3d 1013, 1020 (10th Cir. 2015) (citing Ramos v Lamm, 639 F.2d 559, 572-74 (10th Cir. 1980)). And in a 2008 case, the Tenth Circuit denied qualified immunity "to prison officials in a §1983 civil rights suit alleging" prison employees, "knew that an inmate had been physically assaulted by members of a prison gang but failed to protect him from future harm." Id (citing Howard, 534 F.3d at 1234)

III. The Defendants have consistantly stated in their boiler-plate responses of the Plaintiff's discovery request that: "Defendants do not, in their individual capacities, have possession, custody, or control of any records responsive to this request." Also, they have not made it clear, and have not indicated that they are withholding any responsive documents within that Defendant's possession, custody or control based on an objection. [DOC 108 at 3].

Therefore, the Plaintiff asserts impeachment of any defendant, by their verification statement, of the use of "No Control" of any record responsive to the requests; in their individual capacity defense. If they later, use any record from the: (1) KDOC/State of Kansas, who has employed the individual defendants, in their individual and official capacity.; and (2) who have also sponsored their actions, of the defendants; by providing them legal counsel, through a State of Kansas Agency, the Kansas Attorney General Office, attorneys; and (3) who have also denied the Plaintiff, his 14th Amendment right to

4.

equal treatment and protection of the law, and the rights of an attorney, acting in forma pauperis, as a Pro Se litigant, to discovery.

\* The Plaintiff objects and asserts any ability to act, by the defendant counsel to acquire any responsive, state possessed document, is intentional withholding and a "control" factor, and grounds for verification impeachment of the defendants and their legal counsel.

Therefore, the Plaintiff requests an "Order" to stay all other future discovery pursuant to Do Kan. 26.1, and Fed. R. Civ. P. 26(c)(A), (b), (H), by use, by the defendants counsel. This because the Plaintiff asserts all three defendants, Andrew Parks, Evan Meredith, and Bruce Chapman, as well as their legal counsel, Scott G. Nading, have verified, under Oath, they do not, in their individual capacities have possession, custody, or "control" of any records responsive to the Plaintiff's requests for discovery.

"An inmates right of unfettered access to the courts is as fundamental a right as any other he may hold... All other rights of an inmate are illusory without it..." Adams v Carlson, 488, F.2d 619, 630. The Courts have frequently recognized the protection due the right to access to the court. Eisenhardt v Britton, 478 F.2d 855; Barlow v Amiss, 477 F.2d 896 (1973).

"A policy of judicial restraint can not encompass any failure to take cognizance of valid Constitutional claims whether arising in a Federal or State institution. When a prison regulation or practice offends a fundamental Constitutional guarantee, Federal Courts will discharge their duty to protect Constitutional rights."

"U.S. Const. Amend. 8, is, inter alia, intended to protect and safeguard a prison inmate from an environment where degeneration is probable, and self-improvement unlikely because of the conditions existing which inflict needless suffering, whether physical or mental. While an inmate does not have a federal Constitutional right to rehabilitation, he is entitled to be confined in an environment which does not result in his degeneration or which threatens his mental and physical well being."

"An inmate does have a right to be reasonably protected from constant threats of violence and sexual assaults from other inmates. Moreover, he does not need to wait until he is actually assaulted before obtaining relief." Ramos v Lamm, 639 F.2d 559 (1980, 10th Cir.).

\* "Objections"                           5.

\* IV  The Plaintiff gives Objection and asserts it is grossly unfair, a violation of procedural due process for the KDOC / State of Kansas / Kansas Attorney Generals Office / defendant's legal counsel and the court. To attempt to experiment and impliment a process, to allow a state prisoner / Pro Se Plaintiff / informa pauperis (after denying him assistance of legal counsel, equal to that given to the defendants), (the illusory) ability to access the KDOC confidential information from electronicly stored information system, without the proper legislative authorization, and develop the procedure, fully documented and published, in place before the Plaintiff's scheduled discovery time.

A)1) If, as the defendants counsel claims, the procedure, he has put down in his, Motion For Protective Order, is that, which was used at other KDOC Facilities by other prisoners. Why then, has it not been properly documented and published as an Policy and Procedure and implimented for all state prisoners, at all state facilities, at the time?

2) During, the previous (1st) conference with Judge Schwartz. The Judge gave warning to the defendants counsel, that having just one KDOC staff member, for the Plaintiff to request an oppurtunity for viewing and copies, was not sufficient. Yet, still under this most current copy of the defendant's counsel proposed process. The Plaintiff must still solely rely on his unit team correctional counselor for assistance.

(a) The Plaintiff objects that under this process; all /any 'random' unit team correctional counselor (state employee) assigned to the unit, would then have custody, access and privilege to the Plaintiff's HIPPA Protected medical records.

(b) There was still not included a detailed plan; for requesting the records viewing time (scheduling); making and requesting copies, and other than medical; what other (specificly) confidential records, would be made available to the Plaintiff?

The Plaintiff during his scheduled discovery time (which ended on 2-13-2026) has repeatedly requested this information from the (LSCF) Larned State Correctional Facility, unit team, warden and other medical staff and (HSA) Heath Services Administrator, by form 93. But, for which either resulted; in a run-around and /or answer such as "inmates may not have copies", or the requests just unanswered.
(See: Exhibits PRO-1 through PRO-7, included with Plaintiff's, "Motion for Scheduled Time to Respond", filed 2-16-2026.)

6.

\*IV. B.) The Plaintiff asserts and does not believe the defendants attorneys from the Kansas Attorney Generals Office has the legal right, nor legal authority to make "laws, rules, policy, procedure, regulation" and set due process rights of state prisoners. Nor for establishing the Court's procedural rules. That is the duty and responsibility of the Legislative body of the State of Kansas, the Court, Governor of Kansas, and Secretary of Corrections (KDOC). It is the duty and responsibility of the Kansas Attorney Generals to enforce and defend state laws, rules and regulations, not to create or make them.

These are intricate and technical and complicated issues, which goes far beyond the abilities of a common man, which is the very reason the Plaintiff has repeatedly requested assistance of legal counsel, but arbitrarily denied by the courts.

1.) K.A.R's are regulations which govern administrative agencies, which includes the KDOC. These rules are given direct authority of Law, through the K.S.A. which authorizes them. As they are direct extension of Kansas statutes they have the force of law. They must be followed and they cannot be overruled by any other rule or regulation, nor by the attorneys of the Kansas Attorney Generals Office.

2.) K.A.R. 44-12-212 states: "(a) No inmate shall perform any of the following; (1) Access, or attempt to access, any information, data, images, or other material residing on or stored in any computer or available through any computer network, unless... authorized for inmate access by the Secretary of Corrections and established and maintained by the information technology division of the department of corrections for that purpose;..."

(a) The Plaintiff is not aware, that the process proposed by the Defendants legal counsel has been authorized (through IMPP), by the Secretary of Corrections, published, posted and fully documented and approved by the Court for to assure procedural due process for a state prisoner. [Fed R. Civ. P 26 (g)(B)(i)]?

(b) Further, as proposed by the Defendants attorneys, their process is not being maintained by the information technology division of the KDOC, but through medical staff, (H.S.A.) and Unit Team Correctional Counselor. Which is not as required by K.A.R.

3.) The Defendant's proposed "Joint Protective Order" constitutes a legal contract and the Plaintiff does not feel qualified (but under duress), because he does not (being a lay person) fully understand

7.

all the legal ramifications, nor agrees, to what he does believe he understands in the proposed "Joint Protective Order". The Plaintiff does not understand, why?, such a long drawn-out legal contract is needed. If as the defendants have verified, they do not have possession, custody, or control of any records responsive to the Plaintiff's requested discovery, and they are not withholding any responsive documents within those individuals Defendants possession, custody, or control based on an objection.

It would seem to the Plaintiff, the proposed "Joint Protective Order" is merely shaped and ment to protect the KDOC/State of Kansas. Who the Plaintiff has asserted have illegally allowed the Defendants attorneys (Kansas Attorney General's Office) to have illegal access, in violation of HIPPA, to have the Plaintiff's personal medical records, without a Court Order, subpoena, nor written authorization from the Plaintiff. Also, having illegally allowed the LSCF/KDOC officials to confiscate and retain his legal evidence mail/HIPPA protected; KU Hospital-Emergency room medical records. Which was sent to the Plaintiff, by U.S. Mail, on 1-13-2026 (according to KU Hospital records staff)

See: Exhibits PRO-1 through PRO-7, from Plaintiff's, "Motion for Scheduled Time to Respond" Filed 2-16-2026.

The Court has previously ruled the defendants have been excused of Official liability, and so therefore the KDOC/State of Kansas are not a party to this §1983 civil right action. Yet, the court continues to allow the KDOC., to enterfere and obstruct the 
\* Plaintiff's right to discovery. The Plaintiff objects and asserts the failure to delivery to him, his personal mail, sent through the Federal U.S. Mail System amounts to mail thieft and fraud, and/or allow the KDOC his personal medical records, concerning the KU Hospital-Emergency room records of 7-12-2023 obstruction of justice.

Under, Johnson v Avery 393 U.S. 483, 485 (1969) A prisoners right to access to courts may not be denied or obstructed.
(a) K.A.R. 44-12-209 states: "No inmate shall enter into a contract; ... without the principal administrators approval."
(b) The Defendants counsel is not the principal administrator, and the Plaintiff is not even sure who that may be, other than the Secretary of Correction, or perhaps the LSCF Warden or

8.

the LCF Warden. Yet, the Plaintiff has been unable to get a response from the form 9 requests sent to LSCF Warden.
(see: Exhibits PRD-2 and PRD-3).

4.) For the procedural due process of the Plaintiff the two KAR's examples will need to be repealed and/or revised, with the proper procedures established and documented by the Kansas Legislature, and appropriate KAR's and IMPP adequately documented and published, for a Pro Se inmate litigant, to access confidential information and business records of the KDOC/State of Kansas, for the protection of a state prisoner/Pro Se litigant rights to evidentiary discovery, with adequate provisions to ensure security compliance by the prisoner and KDOC staff/officials.

"The law must be written so the common man may understand the law." The U.S. Supreme Court in, Connally v General Construction Co, 269 U.S. 385, 391 (1926) ruled; "...and a statute which either forbids or requires the doing of an act in terms of vagueness that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential element of due process of law." Quoted in: People v Linwood, 105 Cal. App. 4th 59 at 66 (2003)(cited by the Court in its opinion)

V. The Court should understand, the Plaintiff is acting in good-faith and these are legitimate concerns for the Plaintiff. The Plaintiff is fighting for his life, for the few remaining years he may have left.

The Plaintiff in his 24 years of encarceration has had numerous incidents of petty retaliation and bully tactics unnecessarily and un-provoked made against him by the KDOC officers and staff.

For instance he has been written up on disciplinary charges and been found guilty, for failure to obey direct orders. Such as refusing to move to a cell on the second run, or to climb up and sit on a top bunk. This while I fervently attempt, to explain (yet they already know). I have a medical restriction, for No-stairs and bottom bunk only. This current deliberate indifference involving, as a senior citizen, I can longer tolerate, or breath, because of the excessive drug and tobacco smoke at the (LCF) Lansing Correctional Facility. Because I dared complain, I've been retaliated against, by

9.

false disciplinary charges, while I'm suppose to be in Protective Custody. These false unfair disciplinary reports are abuses and mistreatments of an elder person/prisoner constituting cruel and unusual punishment when I was strangled by a cellmate, while the Plaintiff was suppose to be and was being held in protective custody, but not under the required conditions of Protective Custody. But rather being tortured, brutalize, terrorized and denied basis items of health and clothing. These deceptive, cruel and inhumane practices have no legitmate perological interest and need to be stopped. Not continued to be added too.

VI  The defendants counsel has made it abundantly clear that the Plaintiff, is not an attorney. The Plaintiff is a state prisoner therefore not entitled to the full access to discovery of electronic stored business and medical records and other confidential information as an attorney. Therefore, for fundamental fairness, neither should the defendants, nor their attorneys.

Therefore as a lay person - common man, untrained in legal issues the Court can not expect the Plaintiff to fully understand all the legalese language of a long winded contract, the "Joint Protective Order", which the Defendants sprang on me during the required scheduled meet and confer. Nor to be able to antisipate any of it's present and future ramifications. The Plaintiff being a common man who doesn't even fully understand it's need or purpose.

The Plaintiff see's no protective value in it for him, as he has already been violated and denied important discovery issues repeatedly, regarding his own legal mail delivery rights, KU medical records and discovery issues, which ended on the scheduled date of 2-13-2026.

VII  For the Courts knowledge, record and for full disclosure of the true facts. While the Plaintiff was in the process of writing up this motion on Wednesday 2-18-2026 at 2:45 P.M. He did receive by U.S. Mail from Defendant's counsel, Scott G. Nading. Which contained yet, another copy of 3 documents of "Defendant (Andrew Park s'); (Evan Meredith s'); (Bruce Chapmans') Supplemental Answers to Plaintiff's Interrogatories and Request for Production of Documents"; of (7) seven pages for each, with a verification page for each, dated 2-5-2026, and a Certificate of Service page, certify for, on 6th day of February,

10.

2026, it was served on the Plaintiff by U.S. Mail.

The Plaintiff asserts this Certificate of Service is an invalid "moot" service, as explained in the Plaintiff's "Motion for Scheduled Time to Respond", filed 2-16-2026 [at 2(b)], the documents were first in time, personally received as served, by the Plaintiff on 2-12-2026, through personal hand delivery, by the LSCF/KDOC, Unit Team, CC. Mr. Brooks.

VIII. On 2-19-2026 the Plaintiff received legal mail, from the defendants counsel regarding an eight (8) page, "Defendant's First Set of Interrogatories to Plaintiff", under Fed. R. Civ. P. 33 (Exhibit PRO-10); a four (4) page, "Defendant's First Set of Requests for Admission to Plaintiff, under Fed. R. Civ. P. 36 (Exhibit PRO-11); and a (2) two page "Defendants First Set of Requests For Production of Documents", under Fed. R. Civ. P. 34 (Exhibit PRO-12), with no Certificate of Service, but with a U.S. Post Office postmark on the envelope dated for Feb. 16, 2026 and with facility stamped as Confidental Received Feb. 19, 2026 LCMHF mailroom (Exhibit PRO-8) (See: EXHIBITS PRO-8 and PRO-9 and first page of Documents under EXHIBITS PRO-10, PRO-11 and PRO-12)

* The Plaintiff officially objects to the hap hazard, last minute, and late servings done by the defendants, to the Plaintiff and requests a ruling from the court, that the defendants have failed to timely serve on or before February 13, 2026, required by [Doc. 66 at 2 (#3.)], to the Plaintiff, their discovery requests and that they may be ignored by the Plaintiff without prejudice. As such under; "3.1 No discover requests may be served after this deadline, except by stipulation of the parties or by Court order for good cause shown."

The Plaintiff asserts that per the Court's Order all discovery requests were ordered to be served on or before February 13, 2026, not merely filed with the court. The Plaintiff questions whether the court filing was even done, as there was no included "Certificate of Service". The envelope post mark clearly shows it was not even in the U.S Mail until 2-16-2026 (see: Exhibit PRO-8), much less served on the Plaintiff by 2-13-2026.

The Plaintiff respectfully requests a ruling that the Defendants request were not timely served and may be ignored by the Plaintiff, including any other future discovery requests.

11.

**※ IX.** The Plaintiff meaning no disrespect to the Court. But out of inexperience and caution. The Plaintiff gives the following Objections, to correct, and hopefully, make the court aware of serious prejudice to the Plaintiff, that has and is occurring, because of unfortunate legal service issues, to the Plaintiff, denying him proper discovery opportunity in violation of the Plaintiff's Constitutional right to due process.

Notice and an opportunity to be heard, and to defend, are essential elements of due process of law. Beeler v Chavez, 226 Kan. 591, 597, 598, 602 P.2d, 1279.

**※** The Plaintiff objects that:

1.) he has been made to litigate and defend this action, as an elder person, 73 years of age, and while suffering from seriously substantial lower back pain, and denied appointment of legal counsel, equal to that which was appointed to the defendant, in violation of equal treatment and protection of the law, 14th Amendment.

2.) On 9-16-2025, while the Plaintiff was in the Salina Ks. Hospital having neurological lower back surgery, the court filed Doc. 66 scheduling Order.

3.) The Plaintiff was not timely served a copy of Doc.66, by the Court, and several ordered deadlines had passed before the Plaintiff actually received a copy of the Order.

(A) The Plaintiff went unaware that the parties were in the discovery phase of litigation; until the Plaintiff received, from the Defendants counsel, a copy, of a proposed "Motion for Protective Order, on or around 10-16-2025.

(B) At that time, the Plaintiff was still in recovery, from the back surgery.

(C) Out of inexperience and anxiety to adequately litigate this case, fully in the court. (i) The Plaintiff first filed a "Motion for Appointment of Counsel, (for which he mistakenly believe was the approved time), and that Summary Judgment, included Defendant's Motion to Dismiss, DOC 64, filed 9-10-2025. (ii) Then anxious to begin gathering documents needed for evidence, the Plaintiff, filed his [Doc 73] Discovery Requests on 10-27-2025, for which, at that time the Plaintiff believed they would be answered by the KDOC/State of Kansas/agents or officials, such as represented under Fed. R. Civ. P. 33(b)(1)(B).

(d) The Plaintiff's submitted/filed discovery requests were never made, nor meant to be answered by the individuals defendants, (Parks, Meredith and Chapman).

(e) The Plaintiff believed he had a right to depose and/or request

12.

answers from the individual defendants, after receiving the document information from "any officer or agent, who must furnish the information to the party." Fed. R. Civ. P. 33(b)(1)(B). (In all fairness, I didn't and don't understand that the KDOC/State of Kansas was not a valid party to this action, and neither did the defendant's counsel, because we both had to have it told to us by Judge Schwartz at the 1-27-2026 conference, when the Judge explained the defendants must answer in their individual capacity.

4. On Monday 10-28-2025, the Plaintiff received by U.S. mail, from the Court and Order, filed as [Doc. 72], filed 10-22-2025 [See: Doc 75]. This was the first time, I knew anything about Doc. 66 "Scheduling Order", when it was referenced in [Doc 72 at 3].

5. The Plaintiff, on 10-29-2025, filed a Motion, notifying the Court, I had not been served, nor ever received a [Doc 66], for which the Court in [Doc 76], then directed the Clerk's Office to mail the Plaintiff copies of ECF No's - 66-68 and 70.

6. As a result the Plaintiff did not receive a copy (served) of [Doc 66] until 11-4-2025. Many of the required deadlines to do the scheduled actions, by then had long past, and this the Plaintiff was the first time he knew of the "No more than 25..." requests under (#8.) [Doc 66 at 4].

7. The Plaintiff attempted to explain this problem, to the Court and correct the errors by filing his, [Doc 86] Filed 12-22-2025, "Plaintiff's Motion For Leave to Serve Additional Interrogatories", but it was denied by the Court.

8. As a result, the Plaintiff has been denied his Constitutional right to due process, right to Notice and right to be heard, and denied adequate, effective discovery opportunity of his claims, because of court error and/or non-delivery of crititical scheduling Order. (legal service)

In, Summary the Plaintiff prays the Court grant him:
1) A 2nd telephone conference with the Judge, or impose a briefing schedule; or in the alterative to grant the Plaintiff a Summary Judgement for violations of due process. Further;
2) Should the Court proceed to Briefing, the Plaintiff requests a trial by Jury under Fed. R. Civ. P. 38(a)(b) and a ruling to allow the Plaintiff to file/submit, his own personal issue, "Protective Order" under Fed. R. Civ. P. 26(c)(A)(c)(D) (There was nothing in the Courts Order, regarding a Plaintiff's "Protective Order" mearly mentioning the

13.

the Defendant (or Joint) Protective Order.)

3.) The Plaintiff also requests an "Order" to stay all other future discovery. (see: III at 5) and without prejudice, to allow the Plaintiff, to ignore, the late submissions of the Defendants discovery requests, and any other ruling on any objection the Court finds relevant to the issues the Plaintiff has asserted. (See: Exhibits PRO-8 through PRO-12)

Respectfully Submitted,   Bobby White #2000046191
Dated: 2-20-2026   Pro Se.

Bobby White #2000046191
Larned State Correctional Facility
1318 KS., Highway 264
Larned, Kansas 67550

Addendum to: In Summary

4.) The Plaintiff requests a confirmation ruling; that the Plaintiff may per Fed. R. Civ. P. 36 (a)(3) consider, without prejudice; that all the Defendant lack of responses to and/or late responses, in their individual capacity; the Plaintiff Requests for Admissions under [36 Rule], to be admitted by the Defendants.
(See Objection: Plaintiff's "Motion for Scheduled Time to Respond at 2, filed 2-16-2026)

Bobby White 2-22-2026

14.

## AFFIRMATION

The Plaintiff, Bobby White, Pro Se affirms under penalty of perjury; that the afore mentioned narrative, facts, stated in this, "2nd Motion to Resolve Discovery Disputes," is true and correct, per my own memory, notes, knowledge and ability.

Respectfully Submitted;    Bobby White #2000046191
Dated: 2-20-2026                    Pro Se

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this; "2nd Motion to Resolve Discovery Disputes," and Exhibits PRO-8 through PRO-12 (5 page exhibit) was served via, U.S. Mail, 1st Class, postage prepaid; on this 23rd day of February, 2026 to:

1) Kris W. Kobach, Kansas Attorney General, C/o Matthew L. Shoger and Scott G. Nading, Office of the Attorney General; 120 S.W. 10th Ave., 2nd Floor, Topeka, Kansas 66612-1597
   and
2) E-filed to the U.S. District Court Clerk

Dated: 2-23-2026           Bobby White #2000046191
                                    Pro Se

Bobby White #2000046191
Larned State Correctional Facility
1318 KS., Highway 264
Larned, Kansas 67550.

(i)



AL KRIS KOBACH
L HALL
E., 2ND FLOOR
6612-1597

F201A

Kris Kobach
Kansas Attorney General's Office
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612

Bobby Bruce White #2000046191
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550

CONFIDENTIAL
RECEIVED

FEB 19 2026

LCMHF
MAILROOM

EXHIBIT PRO-B

EXHIBIT PRO-9

Attachment A, IMPP 12-139D
Effective 04-30-23

F2-201A

# KANSAS DEPARTMENT OF CORRECTIONS
## LEGAL, OFFICIAL, PRIVILEGED MAIL DELIVERY FORM

**SECTION A:** This section is to be filled out by mail room staff (please print):

Staff Name: Juanita Karlowsky    Signature: *Juanita Karlowsky*    Date: 2/19/2026

Resident Name: WHITE, BOBBY, BRUCE    Athena Number: 2000046191

Sender's Name: Attorney General - Kris Kobach

Sender's Address: 120 SW 10th Ave, Topeka KS 66612

**SECTION B:** Inspection and clearance by designated staff (please print):

Clear For Processing: YES __x__   NO _____

Staff Name: Juanita Karlowsky    Signature: *Juanita Karlowsky*    Date: 2/19/2026

**SECTION C:** To be filled out by Delivering Staff (please print):

Staff Name: _____    Rank/Position: _____

Staff Signature: _____    Date: _____

**SECTION D:** Resident Acknowledgement (please print):

Please respond "Yes" or "No" to the statement below:
__Yes__ Quality of photocopy is acceptable.    __Yes__ I am accepting my legal, official, privileged mail.

Resident Signature: *Bobby White*    Date: 2-19-2026

**SECTION E:** To be filled out by Witnessing Staff if Resident refuses to sign Section D (please print):

Staff Name as Witness (please print): _____
Staff Signature as Witness: _____
Noted Concerns: _____

EXHIBIT PRO-10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBY BRUCE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-3023-DDC-RES |
| | ) |
| ANDREW PARKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Under Fed. R. Civ. P. 33, Defendants Andrew Parks, Evan Meredith, and Bruce Chapman ("Defendants") submit the following interrogatories to Plaintiff:

### Interrogatory No. 1

What evidence do you have to support the allegation that Plaintiff requested protection by Defendant Chapman from Plaintiff's cellmate, J. Garza, before the alleged altercation on July 12, 2023?

*EXHIBIT PRO-11*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBY BRUCE WHITE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-3023-DDC-RES |
| ANDREW PARKS, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Under Fed. R. Civ. P. 34, Defendants Andrew Parks, Evan Meredith, and Bruce Chapman ("Defendants") submit the following requests for production of documents to Plaintiff:

1. Provide a legible copy of all grievances, grievance appeals, and documents referenced in Plaintiff's Second Amended Complaint as support for allegedly exhausting appropriate administrative remedies for Counts II and III; specifically, the grievances, grievance appeals, or documents allegedly sent on "7-14, 8-23, 8-30, 9-30, 2023, #AA2024032 and (9-1, 10-1-2023.)" (*See* Doc. 8 at 8).

2. Copies of all grievances, grievance appeals, and documents relating to the Disciplinary Report attached to Plaintiff's Second Amended Complaint as Exhibit L. (*See* Doc. 8-1 at 14-17).

3. Provide a legible copy of any written documents wherein Plaintiff requested protection from other inmates at any point in 2023.

4. Provide a legible copy of all documents identified in your answers to Defendants' First Set of Interrogatories which are in your possession, custody, or control. These copies should

EXHIBIT PRD-12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBY BRUCE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-3023-DDC-RES |
| | ) |
| ANDREW PARKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF

Under Fed. R. Civ. P. 36, Defendants Andrew Parks, Evan Meredith, and Bruce Chapman ("Defendants") submit the following requests for admission to Plaintiff. Please indicate whether the Plaintiff ADMITS or DENIES each of the following:

1. On July 12, 2023, Plaintiff used his metal cane to hit his cellmate, Mr. Garza, during their alleged altercation.

   **ADMIT:** _____   **DENY:** _____

2. On the morning of July 12, 2023, Plaintiff received medical attention following the altercation with his cellmate.

   **ADMIT:** _____   **DENY:** _____

3. Before the incident on July 12, 2023, Plaintiff was housed with multiple drug and tobacco users, at different times, which did not result in any physical altercations.

   **ADMIT:** _____   **DENY:** _____

4. At all times following the incident on July 12, 2023, Plaintiff maintained his ability to speak.

   **ADMIT:** _____   **DENY:** _____