## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Bobby Bruce White, Plaintiff

vs.

Andrew Parks, et al., Defendants
Gary Spillman

Case No: 24-3023-DDC-RES

### MOTION FOR PROTECTIVE ORDER

Comes Now the Plaintiff, Bobby White, Pro Se and moves the Court for an Order, pursuant to: Fed. R. Civ. P. 5, 2(e)(2), 26(1)(A)(b) and D. Kan. Rule 26.1(a); forbidding the disclose or discovery, and forbidding the inquiry into certain matters and limiting the scope of discovery or to disclose or discovery to certain matters, by the Defendants.

On 1-7-2026, the Defendants legal counsel; Scott G. Nading; during the deposition of the Plaintiff; by Mr. Nading. Mr. Nading presented the Plaintiff with (4)four "Centurion (KDOC) Medical Records" of the HIPPA protected medical records of the Plaintiff, that Mr. Nading marked as Defendants "Exhibits" "C"; "D"; "(E)" and "(F)".

The Plaintiff asserts these personal medical records possessed by and in the custody of the Defendants (in their individual capacity representation) and held by the Defendants counsel, without their immediate and fully disclosure and delivery to the Plaintiff was done illegally and in bad-faith, to gain an unfair advantage over the Plaintiff during the deposition; and was a violation of HIPPA; and illegally obtained without a court order or subpoena; nor with the written consent and agreement by the Plaintiff. Provided by the (KDOC) Kansas Department of Corrections to the Defendants, (in their personal individual capacity), while denying the Plaintiff/Pro Se/Litigant this equal right and consideration during discovery.

The Plaintiff had requested these and other documents from the Defendants counsel (in their individual capacity), in the course of discovery. But, the Plaintiff expected and had the legal right as a Pro Se Plaintiff/litigant to have these same documents (copies) delivered to the Plaintiff, by the "Officer or agents, who must

1.

furnish the information available to the party," Fed. R. Civ. P. 33(b)(B).
Further, most of the same documents were being denied to the Plaintiff, by the KDOC/State of Kansas, and for which are still being prejudicially being denied by the KDOC, throughout the time of the Plaintiff's time of discovery, which ended on 2-13-2026.

I.(a) The Plaintiff requests the above mentioned, "Exhibit C (Defendants)" Provider Visit", by provider Marvah Kalma APRN, dated 7-12-2023., and (b) (Defendants) "Exhibit F" - "Individual Counsel/Psych Prog. Note," by Provider Jay Barone MD, dated 7-26-2023. (After 7-12-2023 strangulation of Plaintiff) - be forbidden and denied for use or reference in any capacity, by the Defendants.

The issues of these (2) two documents involving validity of diagnosis of Bi-Polar and mental health issues, which were thought to have been resolved by the Plaintiff as far back as 5-20-2013, are currently being litigated in a K.S.A. 60-1507 Habeas Corpus in State of Kansas District Court.

This action now, is filed in the Pawnee County District Court Case No: PN-2025-cv-000031, filed 10-8-2025. The Plaintiff in that action, on 2-11-2026, filed a: "Motion to Amend "for "Change of Venue". To have it moved to the proper jurisdiction of the Plaintiff's, conviction and sentencing court, of the Butler County District Court, for double jeopardy and an illegal sentence issues.

The Plaintiff asserts these (2) two, Defendants "C" and "F", have no real or legitimate probative value or relevancy to the issues of this litigation, that is not, also contained in Defendants "Exhibit "D" and "E". The Plaintiff asserts their mental health issues, prior to the Plaintiff's placement in restrictive housing/Protective Custody were not an issue for the KDOC, until the KDOC is now attempting to misuse mental health to cover-up for their prisoner abuses.

The Plaintiff asserts these documents are ment to be use by the Defendant to confuse and confound, annoyance, embarrassment and the oppression use, against the Plaintiff.

The Plaintiff requests the Court rule, forbidding the Defendants, to bring up, these unsupported mental health issues, or to use these (2) two documents for any reason, or purpose in this action.

II. The Defendants have subpoenaed the KU Hospital for the Plaintiff's medical records, on 1-22-2026 [Doc 101] regarding the relevant issues

2.

of the strangulation of the Plaintiff on 7-12-2023; the Plaintiff transport by ambulance to the KU Emergency. The Plaintiff requests an "Order" from the Court, requiring the Defendants counsel; immediately upon its receipt of the documents. That the Defendants be required, to immediately upon the receipt of the documents, to send a complete copy of all documents to the Plaintiff.

III. The Plaintiff further requests that the Defendants be forbidden for bringing ups before a Jury during trial, the Plaintiff's conviction and sentencing. This will most likely be brought out during a recorded testimony/report made between the Plaintiff and KDOC/ EAI Tomlinson, which the Plaintiff has requested to be placed into evidence.

The Plaintiff prays the Court grants this request for a Protective Order.

Respectfully Submitted,     Bobby White #2000046191
Dated: 2-21-2026                   Pro Se.

            Bobby White #2000046191
            Larned State Correctional Facility
            1318 KS., Highway 264
            Larned, Kansas 67550

CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this three(3) page "Motion For Protective Order" was served via, U.S. Mail, 1st Class, postage prepaid, on this 23rd day of February, 2026 to:

1) Kris W. Kobach, Kansas Attorney General, %o Matthew L. Shoger and Scott G. Nading, Office of the Attorney General, 120 S.W. 10th Ave., 2nd Floor; Topeka, Kansas 66612-1597

and

2) E-Filed to the U.S. District Court Clerk.

Dated: 2-23-2026     Bobby White #2000046191
                                  Pro Se.

3.