UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

    v.

ANDREW PARKS, et al.,

    Defendants.

Case No. 24-3023-DDC-RES

**ORDER**

This matter comes before the Court on pro se Plaintiff Bobby Bruce White's Second Motion to Resolve Discovery Disputes (ECF No. 121) and his Motion for a Protective Order (ECF No. 122).[1]  The Court rules without awaiting further briefing to avoid delays in the case schedule and because additional briefing would not change the outcome of the rulings.  For the reasons explained below, the Motion to Resolve Discovery Disputes is granted in part and denied in part, and the Motion for a Protective Order is denied without prejudice to refiling after the upcoming discovery conference should the Court grant leave for Plaintiff to refile the Motion.

**I.  Plaintiff's Motion to Resolve Discovery Disputes, ECF No. 121**

Plaintiff's Motion requests the Court to "arrange a 2nd telephone conference with the Judge and opposing counsel to reconvene a discovery conference" or impose a briefing schedule for further motion practice.  ECF No. 121 at 1 (internal quotations omitted).  For the reasons stated below, the Motion is granted only insofar as the Motion requests that the Magistrate Judge convene

---

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

a discovery conference. To the extent the Motion raises other issues, such as requesting summary judgment in the alternative, those requests are denied at this time.

Plaintiff states that the parties have exhausted their meet-and-confer obligations following service of Defendants Parks, Meredith, and Chapman's (collectively "the Lansing Defendants") supplemental discovery responses. *Id.* Therefore, the Court grants this aspect of the Motion insofar as it requests that the Magistrate Judge convene a second discovery conference. The Court will contact the facility where Plaintiff is housed to arrange for the discovery conference before the Magistrate Judge, and the Court will enter a separate order setting the date and time of the call. Defendant Gary Spillman is free to participate in the discovery conference, but the Court does not require him to appear given that the discovery issues involve disputes between Plaintiff and the Lansing Defendants and not Defendant Spillman.

To facilitate a more productive discovery conference, the Court directs that on or before **March 4, 2026,** counsel for the Lansing Defendants must: (1) file a notice that briefly explains, in a non-argumentative tone, the discovery disputes the parties discussed in their meet-and-confer communications, and the notice must set forth defense counsel's understanding of the remaining disputed discovery requests and responses that are at issue—citing them by number where possible; and (2) file as exhibits to that notice copies of the disputed discovery requests and responses.

## II.   Plaintiff's Motion for a Protective Order, ECF No 122

Plaintiff moves for a protective order "forbidding the disclosure or discovery, and forbidding the inquiry into certain matters and limiting the scope of discovery or to disclose or discovery to certain matters, by the Defendants." ECF No. 122 at 1. The Court denies the Motion for two reasons. *First*, it is not apparent that Plaintiff has exhausted his meet-and-confer

obligations.  *See* Fed. R. Civ. P. 26(c) (requiring that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action"); D. Kan. Rule 37.2 (also imposing a meet-and-confer requirement).  *Second*, the Court has not held a pre-motion discovery conference, and the Court did not grant leave for Plaintiff to file a disputed discovery-related motion without first requesting a discovery conference.  *See* D. Kan. Rule 37.1(a).

For these reasons, the Court denies the Motion without prejudice.  The Court will briefly address the parties' competing requests for a protective order at the upcoming discovery conference, and no party should file a renewed motion for a protective order prior to the discovery conference.  *See also* ECF No. 120 (denying the Lansing Defendants' motion for a protective order).

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Resolve Discovery Disputes, ECF No. 121, is **GRANTED** in part and **DENIED** in part.  On or before **March 4, 2026**, Defendants must file the notice and accompanying documents described in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Protective Order, ECF No. 122, is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: February 26, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

3