IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOBBY BRUCE WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 24-3023-DDC-RES |
| | ) |
| **ANDREW PARKS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## NOTICE TO COURT REGARDING DISCOVERY DISPUTES

Defendants Andrew Parks, Bruce Chapman, and Evan Meredith (the "KDOC Defendants"), by and through undersigned counsel, provide the following brief explanation of discovery disputes as ordered by the Court (Doc. 123 at 2-3) in advance of a discovery conference to be held on March 11, 2026 (Doc. 124).

Undersigned counsel has memorialized their recent meet-and-confer phone conversations with Plaintiff Bobby Bruce White in the letters in the attached Exhibit A[1] (Feb. 13), Doc. 118-2 (Feb. 16), and the attached Exhibit B (Mar. 3). White's initial discovery requests are contained in Doc. 73. The KDOC Defendants' initial discovery responses are contained in Doc. 100-2. (*See also* Doc. 81 and Doc. 83 (certificates of service for the initial discovery responses).) Exhibit C contains White's second set of discovery requests. Exhibit D contains the KDOC Defendants' responses to White's second set of discovery requests. (*See* Doc. 91 (certificate of service for the second set of discovery responses).) Exhibit E contains the KDOC Defendants' supplemental discovery responses. (*See* Doc. 110 and Doc. 111 (certificates of service for the supplemental discovery responses).) Additionally, some earlier documents regarding discovery disputes include

---

[1] *See also* Doc. 118-1 (same letter, but missing page 3).

Doc. 100-1 (letter regarding Jan. 13 call) and Doc. 100-3 (affidavit regarding Dec. 3 call).

Plaintiff's second set of discovery requests were titled the same as his initial discovery requests. Further, the second set of interrogatories were identical to those in the initial set. And the second set of requests for production were also identical to those in the initial set (both were titled "Second Request for Production of Documents"), except for an added request #14 in the second set.

For purposes of this Notice, the KDOC Defendants will cite to each of Plaintiff's discovery requests as follows: Plaintiff's Interrogatories and Request for Production of Documents as "Interrogatories #1-13" (both the initial and second set, which were identical) and Plaintiff's Second Request for Production of Documents as "RFP's #1-14" (both the initial and second set, which were both titled "Second Request for Production of Documents" and were identical through #13, and the second set for #14). None of the remaining discovery disputes relate to particular requests for admission. Where the KDOC Defendants cite a discovery request number, they also intend to reference the response applicable to that request.

**Plaintiff raised the following issues in both meet-and-confer discussions and his motion:**

<u>Defendants' "control" of responsive records:</u> With regard to RFP's #1-14 and Interrogatories #1-12, Plaintiff objects to the KDOC Defendants stating they lack "control" of responsive records in their individual capacities. He indicated he believes they do in fact have control of responsive records. (Exhibit A at 4; *see also* Doc. 121 at 4-5; Exhibit E (throughout).) The KDOC Defendants submit that they have control in their official capacities but not in their individual capacities.

<u>Not intended for the recipients:</u> Plaintiff says that the discovery requests were not designed for Defendants Parks, Meredith, and Chapman to answer in their individual capacities. (Exhibit A

2

at 4; *see also* Doc. 121 at 12-13.) The KDOC Defendants submit that the Court directed the supplemental responses to be made on behalf of each of the KDOC Defendants in an individual capacity. (Doc. 108 at 3-4.) Further, KDOC voluntarily provided responsive documents in response to RFP #2-5, #7, and #13-14 and Interrogatories #1-2, and #5-8. (Exhibit E at 2-4, 6-12, 16-20, 24-28.) And the undersigned counsel voluntarily provided an additional responsive document in response to Interrogatory #11. (Exhibit E at 13, 21, 29.) Further, Plaintiff had the opportunity to subpoena KDOC but did not do so.

Defendants' use of confidential documents: Plaintiff says he wants the KDOC Defendants to be barred from using his medical records in the case. (Exhibit A at 2; *see also* Doc. 121 at 10 (similar but asking for the KDOC Defendants to be barred from using any confidential records in the case).) The KDOC Defendants submit that this is in substance a motion in limine, which is improper at this time. Further, Plaintiff has provided no legal basis for this request.

Access to Plaintiff's medical records: Plaintiff objects that KDOC staff has access to his medical records for the purpose of facilitating supervised viewing of those records, including the ability to print them. (Doc. 118-2 at 2; *see also* Doc. 121 at 6; Doc. 100-2 at 5, 11-12 (initial responses to Interrogatory #12 and RFP's #9, #10, and #12).) For Interrogatory #12, Plaintiff objected that the KDOC Defendants have access to Plaintiff's medical records through the Attorney General's Office, who received the documents through the department of corrections. (Exhibit A at 5; *see also* Doc. 121 at 8.) The KDOC Defendants submit that access to Plaintiff's medical records by the above personnel is legal and proper.

KU medical records: Plaintiff complains that KDOC intercepted the medical records mailed to him by KU and provided them to Centurion. (Exhibit A at 3; Doc. 118-2 at 2; Exhibit B at 5; *see also* Doc. 121 at 8, 10.) The KDOC Defendants submit that IMPP 05-101D prohibits

3

inmates from having medical records in population but also provides an avenue for inmates to request to view medical records. (Exhibit F at 5.) Accordingly, Centurion is the proper custodian for those records. Further, based on the undersigned counsel's discussions with Centurion personnel, the envelope was not marked as legal mail, so the mail room would not have known to treat these medical records any differently than usual.

Supervised viewing: Plaintiff objects to the KDOC Defendants' attempts to outline the supervised viewing process in a proposed protective order, claiming that doing so is a violation of his due process rights. (Doc. 118-2 at 3-4; *see also* Doc. 121 at 6-10.) The KDOC Defendants submit that the Court has encouraged the parties to work together to develop a protective order for this purpose. (*See* Doc. 79; Doc. 120 at 6.) Further, Plaintiff has not provided any legal authority suggesting that this a violation of Plaintiff's due process rights. In light of the Court's order in Doc. 120, the KDOC Defendants have drafted a new proposed protective order and have met and conferred with the Plaintiff. (Exhibit B.) However, in light of the Court's order in Doc. 123 at 3 ("no party should file a renewed motion for a protective order prior to the discovery conference"), the KDOC Defendants do not intend to file their motion for a proposed protective order until after the discovery conference.

Interrogatory 13: For Interrogatory #13, Plaintiff insists that the KDOC Defendants do in fact know the statutes and who is responsible for enforcing each of those statutes. (Exhibit A at 5; *see also* Doc. 121 at 2-4; Exhibit E at 14, 22, 30.) The KDOC Defendants submit that Plaintiff merely disagrees with the answer provided.

Defendants' discovery requests: Plaintiff claims that he was not timely served with Defendants' discovery requests, so he should not have to respond. (Exhibit B at 5; Doc. 121 at 11, 14.) The KDOC Defendants submit that the discovery requests were timely served. (*See* Doc. 114;

4

*see also* Exhibit B at 5.)

<u>Requests for Admission:</u> Plaintiff requests that his requests for admission be deemed admitted as untimely. (Doc. 121 at 2, 14; *see also* Doc. 100-1 at 2; Doc. 73 at 8-13; Doc. 100-2 at 15-20; Exhibit D at 4.) The KDOC Defendants submit that Plaintiff previously agreed to that timing. (Doc. 100-3; *see also* Doc. 100 at 2-3; Doc. 100-1 at 2.) Alternatively, they intend to request that the court allow withdrawal or amendment under Federal Rule of Civil Procedure 36(b) because it would promote the presentation of the merits of the action and because it would not prejudice the requesting party in maintaining or defending the action on the merits. The KDOC Defendants keep their summary here brief in accordance with Doc. 123 at 2 (asking the KDOC Defendants to "briefly explain[], in a non-argumentative tone, the discovery disputes"), but request the opportunity to brief this issue more fully if needed.

**Plaintiff raised the following issues in meet-and-confer discussions but not his motion:**

<u>Plaintiff's access to confidential documents:</u> Plaintiff continues to object to documents being withheld from him as confidential. (Doc. 100-1 at 2; Exhibit A at 2; Doc. 118-2 at 2; Exhibit B at 2-3.) The KDOC Defendants submit that they do not, in their individual capacities, have possession, custody, or control of any such documents. Alternatively, their objections to Plaintiff's requests are valid as stated. (*See* Exhibit E (supplemental responses to RFP's #1-2, #6, #8, #11, and #13, and Interrogatories #1, #3-4, #6-7, and #9).)

<u>Drafting by attorneys:</u> Plaintiff objects that the attorneys for the KDOC Defendants drafted the answers on their behalf. (Exhibit A at 4.) The KDOC Defendants submit that the defendants carefully read the answers and signed them under oath.

<u>Meredith's job description:</u> For Interrogatories #1 and #2, Plaintiff said he does not believe that Evan Meredith's job description has been provided. (Exhibit A at 4; *see also* Exhibit E at 9,

5

17, 25; Exhibit G (job description that was produced).) The KDOC Defendants submit that the job description for Mr. Meredith's position was provided but with the current incumbent's name redacted because another employee is now in that position. (*See* Exhibit G.)

Grievance regulations: For Interrogatories #4, #5, and #10, Plaintiff objected that the Kansas Administrative Regulations ("K.A.R.'s") do not address who is responsible for investigating inmate grievances or who is responsible for ensuring that relief provided in a grievance resolution actually occurs. He also complained that no ombudsman exists to help with inmate grievances. (Exhibit A at 4; *see also* Exhibit E at 10-11, 13, 18-19, 21, 26-27, 29.) The KDOC Defendants submit that they provided, to their knowledge, all of the responsive regulations and policies that exist.

Definition of "emergency": For Interrogatory #6, Plaintiff objected that the KDOC Defendants did not provide their personal definitions of "emergency." (Exhibit A at 4; *see also* Exhibit E at 11, 19, 27.) The KDOC Defendants submit that the interrogatory asked for "the rules; laws, policy, and directive," regarding the matter, not for the KDOC Defendants to write their own personal definitions. Further, the interrogatory provided the option of producing the documents. *See also* Fed. R. Civ. P. 33(d).

**Plaintiff raised the following issues in his motion but not the meet-and-confer discussions:**

Service by mail: Plaintiff objects to service by mail of some of the KDOC Defendants' supplemental responses. However, he acknowledges service by personal delivery. (Doc. 121 at 10-11.) The KDOC Defendants submit that service by mail occurred first, although delivery of the service by mail occurred second. Further, this objection is moot as Plaintiff admits service through both methods.

Stay of discovery: Plaintiff requests that future discovery be stayed. (Doc. 121 at 14.) The

KDOC Defendants submit that this request is moot as discovery has closed.

                                    Respectfully submitted,

                                    KRIS W. KOBACH
                                    ATTORNEY GENERAL OF KANSAS

                                    */s/ Matthew L. Shoger*
                                    Matthew L. Shoger, KS No. 28151
                                    Assistant Attorney General
                                    Scott G. Nading, KS No. 29665
                                    Assistant Attorney General
                                    Office of the Attorney General
                                    120 SW 10th Ave., 2nd Floor
                                    Topeka, Kansas 66612-1597
                                    matt.shoger@ag.ks.gov
                                    scott.nading@ag.ks.gov
                                    785-296-2215
                                    Fax: (785) 291-3767
                                    *Attorneys for the KDOC Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of March, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served on the 5th day of March, 2026, by means of first-class mail, postage prepaid, addressed to:

    Bobby Bruce White #2000046191
    Larned State Correctional Facility
    1318 KS Highway 264
    Larned, KS 67500-9304
    *Plaintiff, pro se*

                                      */s/ Matthew L. Shoger*
                                      Matthew L. Shoger
                                      Assistant Attorney General