

EXHIBIT F

# INTERNAL MANAGEMENT POLICY & PROCEDURE

**Applicability:** ☐ Adult Operation Only    ☐ JUVENILE Operations Only    ☒ DEPARTMENT-WIDE

---

**IMPP #:** 05-101D                                                                                                   **PAGE #:** 1 of 7

**INFORMATION TECHNOLOGY AND RECORDS: Utilization, Confidentiality, Privacy, Security and Dissemination of Information Contained within Agency Records**

**Original Date Issued:** 12-10-15    **Replaces IMPP Issued:** 11-13-18    **CURRENT EFFECTIVE DATE:** 11-25-25

**Approved By:** _[signature]_, Secretary    Next Scheduled Review: 11/2028

---

## POLICY

Appropriate and reasonable safeguards shall be implemented to ensure that information contained in agency records is safeguarded from unauthorized access and improper disclosure.

## DEFINITIONS

Community Service Providers: Non-criminal justice agencies or individuals based in the community who provide a professional service for residents and offenders.

Conviction Data: Information indicating that an individual pled guilty or nolo contendere or found guilty to criminal charges or that the individual was convicted or adjudicated.

Criminal History Record Information (CHRI): Conviction or non-conviction data initiated or collected by a criminal justice agency on a person pertaining to a reportable event.

Dissemination: The release of information contained in KDOC files (paper or electronic) to individuals or agencies other than Department of Corrections personnel or its contractors. Confirming the existence or non-existence of a criminal history record for an outside agency constitutes dissemination.

Electronic Medical Records System (EMR): Computerized system for medical, dental and behavioral health information pertaining to the resident.

Former Offender: A person sentenced to the custody of the Secretary of Corrections who was previously assigned to a KDOC facility or contract facility but who has been lawfully released from incarceration. This includes parolees, probationers, those released on conditional release and post incarceration supervision, and those discharged from a sentence.

Offender: A person under post-incarceration supervision with the Secretary of Corrections.

Non-Conviction Data: Information disclosing (1) law enforcement authorities have chosen not to refer a matter for prosecution; (2) a prosecutor has chosen not to commence criminal or juvenile offender proceedings; (3) proceedings have been indefinitely postponed; (4) the dismissal or acquittal of a particular case or individual; and (5) an arrest record without a disposition if an interval of one year has elapsed from the date of arrest, no conviction has resulted, and no active prosecution of charges is pending.

Non-Criminal History Record Information (Non CHRI): Any information contained in KDOC records, whether initiated by the KDOC or received by the KDOC from another source, about a resident, offender or former offender

that pertains to matters other than reportable CHRI events.

Records:  Information concerning the resident's or offender's criminal, personal, and medical history and behavior and activities while in custody including, but not limited to commitment papers, court orders, detainers, personal property receipts, visitors lists, photographs, fingerprints, custody level, disciplinary infractions and actions taken, grievance reports, work assignments, program participation and miscellaneous correspondence.  This information may be computerized and contained in the Management Information System (Athena), Electronic Medical Records System, and electronic juvenile information system, hard copies, or imaged files of documents contained in various files within a facility, parole office and/or Central Office Records.  The term also includes documents, in both electronic and hard copy format, which pertain to subject matter(s) other than specific residents or offenders.

Reportable Event:  Those events listed in KSA 22-4705.  The source of this information shall be the FBI record, except in known instances where pending actions have been documented by correspondence from other criminal justice agencies.

Resident: A person who is in the legal custody of the Secretary of Corrections housed in a correctional facility.

## PROCEDURES

I. **Administration of Criminal History Record Information (CHRI) System**

   A. The responsibility for administering and monitoring the dissemination of CHRI in Kansas is vested in the Kansas Bureau of Investigation (KBI), which has been designated as the central repository for CHRI for the State of Kansas.

   B. KSA 22-4707 details restrictions on dissemination of CHRI.  Kansas Administrative Regulations 10-9-1 through 10-15-1 of the KBI further specify the conditions under which CHRI may be disseminated.

   C. All departmental, divisional, and section/unit offices that regularly handle or disseminate CHRI information shall maintain a current copy of controlling statutes and regulations of the KBI pertaining to CHRI.

   D. Departmental employees and contract employees shall have access to resident, offender and former offender records on a need to know basis and only to the extent that such access is necessary for the performance of their assigned duties.

   E. Information shall be shared with other criminal justice agencies and units of government, the media and the public consistent with applicable statutes and regulations regarding privacy and confidentiality.

II. **Dissemination of CHRI**

   A. Responding to requests for CHRI

       1. Non-conviction data including that which may be cited or referenced in various reports and documents maintained in KDOC records, may be released only to criminal justice agencies.

           a. Dissemination of non-conviction CJIS data obtained through any KCJIS system is subject to the secondary dissemination policies of NCIC, CJIS, and KCJIS governance bodies.

           b. Any copies made of the CHRI record/abstract must be considered secondary dissemination requiring a log entry even if the copy remains within the agency.  See Section VI. for more information on logging of dissemination.

    2.    CHRI conviction data may be released to any person, other than another resident, offender or former offender. A signed release by the resident, offender or former offender on whom such CHRI conviction data is released is not required.

    3.    Except as provided elsewhere in this IMPP, responses to requests for CHRI conviction data on an identifiable resident or offender shall be limited to:

        a.    Commitment data

- (1) Name.
- (2) Physical description.
- (3) Photograph.
- (4) Date of birth.

        b.    Sentence data

- (1) Offense.
- (2) Date of offense.
- (3) Number of counts upon which convicted/adjudicated.
- (4) County of conviction/adjudication.
- (5) Case number.
- (6) Date of sentencing.
- (7) Term imposed.
- (8) Sentence structure.
  - (a) Concurrent or consecutive.
  - (b) Habitual criminal statute imposed\not imposed.
- (9) Sentence begins date.
- (10) Minimum sentence expiration date.
- (11) Maximum sentence expiration date.
- (12) Conditional release date.
- (13) Aggregate controlling sentence.

        c.    Parole eligibility/supervised/conditional release date.

- (1) Earliest parole eligibility/supervised/conditional release date.
- (2) Current parole eligibility/supervised/conditional release date

        d.    Custody level.

        e.    Disciplinary record.

        f.      Location.

            (1)    The location of a resident housed in another state under the provisions of the Interstate Corrections Compact may, for security reasons, be limited to the fact the resident is housed in another state.

    4.    Responses to requests for CHRI conviction data on identifiable former offenders shall be the same as those on current resident/offender except that:

        a.    The dates of admission to and release from KDOC custody and the type of release shall be provided instead of the parole eligibility or conditional release date.

        b.    The level of supervision shall be provided.

        c.    The county of supervision shall always be provided.

            (1)    **ADULT:** The street address shall be provided if the controlling offense was committed on or after 07/01/97.

    5.    A response to a request for CHRI shall be provided as soon as possible.

        a.    No request shall be returned, delayed or denied because of any technicality, unless it is impossible to determine the identity of the resident, offender or former offender to whom the request pertains.

        b.    Only that information which is requested shall be provided.

        c.    In the event information is requested which cannot be released pursuant to this IMPP, the response shall include an explanation of the provisions of this IMPP that limit the release of information.

  B.    Non-requested dissemination

    1.    When it is considered to be in the public's best interest to do so, or, when such dissemination would assist law enforcement agencies in an investigation or the apprehension of a resident, offender or former offender, the Executive Director of Public Affairs, any Warden/Superintendent or Parole Director may release CHRI conviction data.

## III. Dissemination of Non-CHRI

  A.    Non-CHRI may be released only after the resident or offender has signed a Consent for Release of Confidential Information form (Attachment A).

    1.    A specific authorization is necessary for the release of academic and vocational education records.

    2.    A copy of the completed form(s) shall be maintained in the resident Central File, or in the offender's case file, if on supervision in the community.

  B.    The release of medical, dental and behavioral health records shall be in accordance with IMPP 16-105D Confidentiality and Release of Medical and Behavioral Health Information and IMPP 16-111D Health Record.

## IV. Dissemination of Juvenile Resident/Offender Non-CHRI

  A.    Non-CHRI may be released only as provided by K.S.A. 38-2310, 38-2311 and 38-2316.

## V. Resident, Offender and Former Offender Access to Their Records

    A.    A resident, offender or former offender shall have limited access to his/her own records as follows:

        1.    May receive a copy of conviction data from the FBI record in accordance with K.A.R. 10-13-1 and 10-13-2.

        2.    May schedule an appointment with a member of the clinical staff to discuss the contents of a medical record, clinical evaluation and/or treatment record prepared by a clinical staff member.

            a.    The resident, offender or former offender shall not be furnished a copy.

    B.    If the resident, offender or former offender feels that the information request has been improperly denied, the resident, offender/former offender may request a meeting with the facility Warden/Superintendent or designee or Parole Director or designee.

## VI. Documentation of Dissemination

    A.    The dissemination of any CHRI shall be logged in the individual's file on the CHRI Dissemination Log, (Attachment B) or documented in the contact notes for offenders on community supervision.

    B.    The Central Office, or facility providing the CHRI, shall attach or stamp the following notice to non-conviction data before it is disseminated:

        1.    **This information is restricted as to use and dissemination. Civil and criminal penalties exist for misuse. See Kansas Criminal History Plan. Kansas Department of Corrections.**

            Date: _____        Released By: _____

                                                                         Logged By: _____

        2.    The above notice is not required if information is furnished for the purpose of processing a charge through the criminal justice system and if it relates only to the charge currently in process.

    C.    The signed Consent for Release of Confidential Information form (Attachment A), executed prior to the release of any information, shall serve as documentation of the dissemination of non-CHRI material.

        1.    A copy of the completed form shall be maintained in the resident's central file, or parole case file, for offenders on supervision in the community.

## VII. Security and Checking Out/Accessing Files

    A.    All resident and offender records shall be secured in accordance with K.A.R. 10-11-1.

    B.    No person at a facility or central office shall check out or access files unless his/her name has been placed on a list of approved file users maintained by the Records Specialist or facility Chief Records Officer.

        1.    The placement on and removal of names from this list shall be requested by memorandum through the staff member's supervisor.

        2.    The Secretary and management team members shall determine the names of those persons who shall have access to resident records for their respective staffs.

        3.    Wardens/Superintendents or their designees shall determine the names of those persons within their respective facilities who shall have access to resident records.

  C. All records removed from the Records Office shall be returned by the close of the working day.

    1. In those instances when records are removed from the Records Office and it would be impractical to return them each night, provisions shall be made to retain them at an alternate locked location.

  D. No resident/offender records shall be removed from the building or facility where normally housed without the prior approval of the Records Specialist or Chief Records Clerk.

  E. Parole Directors shall determine the staff in their respective regions that shall have access to offender records and establish a system to ensure the security and confidentiality of records.

    1. Case files containing offender records shall be provided to the assigned parole officer for maintenance and storage during release planning and while the offender is on supervision in the community.

    2. Case files may be removed from the parole office, by authorized users, when necessary for offender supervision or other business purposes. Records shall be stored in a secure manner while outside of the parole office.

    3. Inactive case files shall be stored in a location designate by the Parole Supervisor. A system shall be in place to identify when a file is removed from the area and by whom.

## VIII. Uniform Fee Schedules for Record Research, Generation, and Copying

  A. Appropriate and uniformly determined fees shall be charged for provision of access to, or copies of, records maintained by the Department including both resident/offender specific and other agency records.

  B. Copies of records shall be provided, where appropriate and within statutory constraints, throughout the Department for fees that shall be fixed on a case by case basis, predicated upon the actual salary and production costs incurred, and as related to the expertise involved in extracting and copying the records involved.

    1. Fee structures are established as follows for both per-copy cost and for research of records.

      a. Records searches requiring manipulation of data, authorship of applications to manipulate or retrieve data, or storage of data shall be charged out at a minimum of $55.00 for the first hour or any fraction thereof, and such additional salary costs as may be incurred for each additional hour or fraction thereof.

      b. Record searches requiring data retrieval of printouts or scheduled listings of Departmental data shall be charged out at the rate of the actual salary costs involved in the retrieval of the data, plus a printing cost equal to or less than $0.25 per page.

      c. Straight copies of documents requiring no retrieval costs or manipulation of data shall be charged out at a rate equal to or less than $0.25 per single sided page.

    2. Fees related to copying and/or data retrieval costs may be paid by approved credit cards and checks.

      a. Cash will not be accepted under any circumstances.

      b. Each Warden/Superintendent, Parole Director, and the Fiscal Officer in the Central Office shall develop procedures for the collection of such fees.

**IX.** **This IMPP must serve as final policy in all departmental facilities, and no General Orders shall be developed or implemented on this subject.**

**NOTE:** The policy and procedures set forth herein are intended to establish directives and guidelines for staff and offenders and those entities that are contractually bound to adhere to them.  They are not intended to establish State created liberty interests for employees or offenders, or an independent duty owed by the Department of Corrections to employees, offenders, or third parties.  Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards.  Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure is not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

**REPORTS REQUIRED**

None.

**REFERENCES**

KSA 22-4705, 22-4707, 38-2310, 38-2311, 38-2316, 75-5266  
KAR 10-9-1 through 10-15-1; 10-11-1; 10-13-1 through 10-13-2

**HISTORY**

12-10-15 Original  
11-13-18 Revision 1  
11-25-25 Revision 2

**ATTACHMENTS**

| Attachment | Title of Attachment | Page Total |
|---|---|---|
| A | Consent for Release of Confidential Information | 1 page |
| B | CHRI Dissemination Log | 1 page |

# Kansas Department of Corrections
## Consent for Release of Confidential Information

Subject Name_____

Date of Birth_____Dept. of Corrections Number_____

This authorization allows and requests _____ to release information as designated below to:

Individual / Organization Name:

Individual / Organization Address:

The information indicated below is to be released for the purposes of assisting the above-referenced individual or organization make determinations about the subject, an individual in the custody of the Secretary of Corrections.

( ) General Case Management Information/Impressions
( ) Employment Records
( ) Scholastic Records
( ) Criminal History Information
( ) Disciplinary Case Records
( ) Parole Board Release Certificate
( ) Personal Property Records
( ) Other, please specify:

This authorization shall run concurrent with the subject's criminal sentence, which expires:

I understand that this authorization may be withdrawn at any time.  I release corrections officials and/or designated contractors from any liability for disclosing this information.

_____      _____
Signature of Subject                                                        Date


_____       _____
Signature of Parent, Guardian,                                    Date
or Authorized Representative


_____     _____
Witness                                                                            Date

PROHIBITION ON RE-DISCLOSURE:  The information disclosed is from records whose confidentiality may be protected by State and Federal law.  Further disclosure of this information is prohibited, except with the specific written consent of the person to whom it pertains.  Violations may result in legal action and the imposition of a fine.

Attachment B, IMPP 05-101D
Effective 11-25-25

**CHRI DISSEMINATION LOG**

NAME OF RESIDENT/OFFENDER:        NUMBER:

| DATE INFORMATION PROVIDED | INDIV. OR AGENCY REQUESTING INFO. | INFORMATION PROVIDED | METHOD OF REQUEST | METHOD OF RELEASE | PERSON PROVIDING INFORMATION |
|---|---|---|---|---|---|
| | | | | | |