UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

v.

ANDREW PARKS, et al.,

    Defendants.

Case No. 24-3023-DDC-RES

# ORDER

On February 26, 2026, the Court granted in part pro se Plaintiff Bobby Bruce White's motion for a discovery conference and subsequently entered an order convening a discovery conference on March 11, 2026. ECF Nos. 123-24.[1] The Court's order also directed defense counsel to "(1) file a notice that briefly explains, in a non-argumentative tone, the discovery disputes the parties discussed in their meet-and-confer communications, and the notice must set forth defense counsel's understanding of the disputed discovery requests and responses that are at issue—citing them by number where possible; and (2) file as exhibits to that notice copies of the disputed discovery requests and responses." ECF No. 123 at 2. Defendants Andrew Parks, Evan Meredith, and Bruce Chapman (collectively "Defendants")[2] timely complied, filing a Notice, the disputed discovery requests and responses, and other related documents. ECF Nos. 125-26.

---

[1] The Court liberally construes a pro se party's arguments holds them to a less stringent standard than those made by lawyers, but the Court does not assume the role of the pro se party's advocate. *See generally Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Defendant Gary Spillman did not appear for the discovery conference and was not required to do so pursuant to the Court's prior order. ECF No. 123 at 3.

This Order memorializes some of the issues addressed in greater detail on the record, and in certain instances, the Court has expanded on issues briefly addressed during the discovery conference.

I.  **DISPUTES CONCERNING DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

The Court denied any request to compel Defendants to produce documents that are not in their possession, custody, or control. The Court notes that the Kansas Department of Corrections ("KDOC") is not a party to this litigation, and the remaining claims against Defendants are asserted in their individual capacities only. In some instances, the KDOC has voluntarily produced certain documents in response to Plaintiff's discovery requests directed to the individual Defendants.

However, as explained during the discovery conference, "[g]enerally, when a party responding to discovery requests states that it has fully responded, the court will not compel further responses unless the moving party has presented information that calls into question the veracity of the responding party's representation." *Wuhan Healthgen Biotechnology Corp. v. ExpressTec LLC*, No. 21-4008-KHV-ADM, 2025 WL 2430535, at *2 (D. Kan. Aug. 22, 2025) (internal quotations omitted). While the Court noted the pro se Plaintiff's understandable confusion on this point given that the KDOC has elected to voluntarily produce certain documents, the Court explained that neither Plaintiff's motion requesting a discovery conference nor the arguments made during the discovery conference presented any information calling into question the veracity of Defendants' representation that certain requested documents were not in their possession, custody, or control.

The Court also found that Defendants' interrogatory responses, including responses to Interrogatory No. 13, are appropriate insofar as Defendants have provided responses to the questions posed and have explained that they lack knowledge to answer certain interrogatories.

2

Again, the Court explained that nonparty the KDOC is not required to respond to interrogatories on behalf of Defendants, sued in their individual capacities.

## II. PLAINTIFF'S CONCERNS REGARDING POSSIBLE HIPAA VIOLATIONS

Throughout this litigation, Plaintiff has served discovery requests seeking his own medical records and information regarding his medical records, which are relevant to Plaintiff's claims. As explained in greater detail during the discovery conference, Plaintiff's concern that a covered entity has improperly provided his medical records to Defendants in violation of the Health Insurance Portability and Accountability Act ("HIPAA")—a contention Defendants dispute—is not a proper basis to enter a protective order or otherwise exclude Plaintiff's medical records. The Court directed Plaintiff to the website for the U.S. Department of Health and Human Services, which provides information regarding alleged HIPAA violations, and explained that this litigation is not the appropriate place to address those concerns related to an entity that is not before the Court as a party.

## III. ENTRY OF A PROTECTIVE ORDER

The Scheduling Order set a deadline of October 17, 2025, for the submission of any jointly proposed protective order and a November 21, 2025 deadline for a contested motion for a protective order. ECF No. 66 at 2. Defendants timely moved for the entry of a protective order, but the Court denied that motion without prejudice to refiling. ECF Nos. 78-79. While discovery was still ongoing, the Court instructed both sides to work together to see if a protective order was needed and, if so, to draft an agreed-upon protective order. *See* ECF No. 108 at 4. The parties, however, were unable to reach an agreement and various proposals submitted by each side were unworkable. *See, e.g.,* ECF Nos. 118, 120, 122-23

The deadline for the parties to serve discovery requests passed on February 13, 2026. ECF No. 66 at 2. During the discovery conference, Defendants confirmed that they were not withholding any responsive documents because the Court had not yet entered a protective order, and Plaintiff reported that he had generally been able to work with the facility where he is housed to view certain voluminous documents, such as medical records. For these reasons, and because discovery is now closed, the Court does not request that any party submit a proposed protective order.

## IV.     PLAINTIFF'S RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS

Plaintiff objected to Defendants' February 2026 discovery requests as untimely because he received these requests after the February 13, 2026 deadline to serve discovery requests. Defendants confirmed during the discovery conference that they placed their discovery requests to Plaintiff in the mail on February 13, 2026. *See also* ECF No. 114 (Certificate of Service reflecting the same date of service). Under Federal Rule of Civil Procedure 5(b)(2)(C), "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]" Accordingly, Defendants' discovery requests were timely served, and Plaintiff must serve responses on or before **March 16, 2026**. Plaintiff represented that he had responses prepared and ready to be mailed.

## V.     DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

The Court denied Plaintiff's request to deem admitted Plaintiff's Requests for Admission ("RFAs") to Defendants for two reasons. *First*, there is a dispute as to whether the parties agreed to an extension of the 30-day deadline to respond to the RFAs. *Second*, even if Defendants failed to timely respond (which Defendants dispute), Defendants have met the legal standard for the Court to allow Defendants to rely on the responses to the RFAs that Defendants ultimately served

4

in December 2025. During the discovery conference, Defendants explained why allowing them to rely on their responses would promote the presentation of the merits of the action and would not prejudice Plaintiff. *See generally Western Inv., Inc. v. Cont'l W. Ins. Co.*, No. 22-1083-JAR-RES, 2022 WL 4447427, at *3 (D. Kan. Sept. 23, 2022) (explaining the legal standard to set aside matters deemed admitted). Defendants' explanation met the applicable legal standard for setting aside any matters deemed admitted by a failure to timely respond. The Court notes that Defendants served responses to the RFAs in December 2025 and just two weeks after the 30-day deadline to respond. Defendants are allowed to rely on their responses to the RFAs, even if the responses were served out of time.

## VI.  POSITION DESCRIPTION

As discussed during the discovery conference, Defendant Meredith is directed to determine whether he has in his possession, custody, or control a position description for the unit team supervisor position that Plaintiff believes Defendant Meredith held. Defense counsel has confirmed that Defendant Meredith produced the position description for his last official title. On or before **March 20, 2026**, Defendant Meredith must either (1) produce this document(s) to Plaintiff or (2) notify Plaintiff in writing that Defendant has no further responsive documents in his custody, possession, or control.

**IT IS SO ORDERED.**

Dated: March 13, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge
