**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BOBBY BRUCE WHITE,

    Plaintiff,

    v.                                                        Case No. 24-3023-DDC-RES

ANDREW PARKS, et al.,

    Defendant.

**<u>ORDER</u>**

This matter comes before the Court on Plaintiff's Motion Because of Deficient Legal Service. ECF No. 136.[1] Due to the time-sensitive nature of the relief requested, the Court is ruling on the Motion without awaiting a response from Defendants. For the reasons explained below, the Motion is granted in part and denied in part.

In the Motion, Plaintiff states he has not received a copy of the documents filed by Defendants Bruce Chapman, Evan Meredith and Andrew Parks at ECF Nos. 104 and 106 and by pro se Defendant Gary Spillman at ECF No. 109. Plaintiff requests a "ruling of deficient legal service in violation of the Plaintiff's due process, or in the alternative the Plaintiff requests legal service and copies of the unreceived documents." ECF No. 136 at 1-2. Plaintiff also requests that the Court "denies and ignores the Defendants' filings as untimely" for failure to serve the requested documents in violation of Plaintiff's due process rights. *Id.* at 2.

---

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

With regard to ECF Nos. 104 and 106, the Court notes both documents contain a Certificate of Service stating service was accomplished by mailing copies to Plaintiff. *See* ECF No. 104 at 3; ECF No. 106 at 3. Because Plaintiff states he has not received the documents, the Court will require counsel for Defendants Chapman, Meredith and Parks to re-serve copies of these documents to Plaintiff and to file a certificate of service confirming re-service of these documents.

For ECF No. 109, the Court notes that while the document was filed electronically on the docket, there is no certificate of service confirming that the pro se Defendant served the document on Plaintiff, who is not registered to receive electronic court filings. Therefore, the Court directs the Clerk's Office to mail a copy of ECF No. 109 to Plaintiff at the address listed on the docket.

To the extent Plaintiff's Motion seeks additional relief, all other requested relief is denied. The Court finds service of these documents a sufficient remedy under the circumstances. The Court, however, does remind all parties of their obligation to ensure that any party who is not registered to receive court filings electronically receives copies of all filings by mail or other appropriate form of service. *See* Fed. R. Civ. P. 5(b). A certificate of service should be included when required by Fed. R. Civ. P. 5(d) and D. Kan. Rule 5.1(f).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Because of Deficient Legal Service, ECF No. 136, is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that counsel for Defendants Chapman, Meredith and Parks shall serve courtesy copies of the documents filed at ECF Nos. 104 and 106 to Plaintiff on or before **March 20, 2026**, and shall file a certificate of service confirming service of these courtesy copies.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail a copy of ECF No. 109 and a copy of this Order to Plaintiff at the address listed on the docket. The Clerk's Office is also directed to mail a copy of this Order to Defendant Gary Spillman at the address listed on the docket.

**IT IS SO ORDERED.**

Dated: March 17, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge