**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BOBBY BRUCE WHITE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. 24-3023-DDC-RES** |
| | ) |
| ANDREW PARKS, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Andrew Parks, Evan Meredith, and Bruce Chapman ("Defendants"), by and through counsel, submits this response in opposition to Plaintiff Bobby Bruce White's ("Plaintiff") Motion for Summary Judgment (Doc. 139). For the reasons stated herein, Plaintiff's Motion should be stricken or, alternatively, denied.

**I.    Introduction.**

Plaintiff Bobby Bruce White alleges that on July 12, 2023 – while incarcerated under the Kansas Department of Corrections (KDOC) at Lansing Correctional Facility (LCF) – Defendants denied White immediate medical care following an incident where another inmate attempted to strangle White. (Doc. 8 at 3-4; *see also* Doc. 10 at 5; *see also* Doc. 11 at 17 (treating Doc. 10 as part of the pleadings).) Plaintiff alleges he told Defendants he needed medical care, which was allegedly initially denied. (Doc. 8 at 6; *see also* Doc. 10 at 5.) Plaintiff also alleges Defendants failed to protect him from the other inmate prior to the incident. (Doc. 8 at 6-7; see also Doc. 10 at 15-18.)

Plaintiff alleges that after the incident Defendant Parks conspired to have a false disciplinary report submitted against him in retaliation for filing complaints about drugs and tobacco at LCF. (Doc. 10 at 15). Plaintiff claims this disciplinary report was issued "because of

Mr. Parks, in retaliation and because Mr. Parks continued to put other prisoners in the same cell with [him]" after Plaintiff returned from KU Hospital. (Doc. 10 at 15).

Plaintiff filed this lawsuit on February 12, 2024. (Doc. 1.) He filed his Second Amended Complaint on May 28, 2024. (Doc. 8.) On screening under the Prison Litigation Reform Act ("PLRA"), the Court dismissed Plaintiff's due-process claims and all claims under 42 U.S.C. § 1985, 18 U.S.C. §§ 241, 242, and 1514. (Doc. 11 at 24.)

Defendants previously filed motions to dismiss, which the Court granted in part and denied in part. (*See generally* Doc. 64). All official-capacity claims and a retaliation claim were dismissed. (Doc. 64 at 8, 19.)

Plaintiff has three remaining counts under § 1983. (Doc. 8 at 4-7; Doc. 11 at 24.) Count II alleges Eight-Amendment deliberate indifference to medical needs, and (as supplemented by Doc. 10) also includes a First-Amendment retaliation claim. (Doc. 8 at 4, 6; Doc. 11 at 14 (citing Doc. 10 at 5).) Court III alleges failure to protect under the Eighth Amendment. (Doc. 8 at 7.) Count I does not contain any allegations against Defendants. (Doc. 8 at 4-5.) Plaintiff seeks nominal, compensatory, and punitive damages. (Doc. 8 at 8.)

Following the Court's Order on the motions to dismiss, the only remaining claims against Defendants Parks, Meredith, and Chapman are the following in their individual capacities: (1) an Eighth Amendment claim for failure to provide medical care against Defendants Parks, Meredith, and Chapman under Count II; (2) a First Amendment retaliation claim based on a false disciplinary report against Defendant Parks under Count II; and (3) an Eighth Amendment failure-to-protect claim against Defendants Parks, Meredith, and Chapman under Count III. (*See* Doc. 64 at 4.)

## II.    Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018). The court views the evidence and draws all reasonable inferences in a light most favorable to the nonmoving party. *McCoy*, 887 F.3d at 1044. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and "[a]n issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When there is no genuine dispute of material fact on an essential element of the nonmovant's claim, then summary judgment is appropriate. *See Sports Unlimited, Inc. v. Lankford Enters.*, 275 F.3d 996, 999 (10th Cir. 2002).

"To prevail on a motion for summary judgment on a claim upon which the moving party also bears the burden of proof at trial, the moving party must demonstrate that 'no reasonable trier of fact could find other than for the moving party." *Reynolds v. Adams*, 2025 WL 2926550, at *1 (D. Kan. Oct. 15, 2025) (citing *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015)). "'In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in denial of summary judgment.'" *Leone*, 810 F.3d at 1154 (quoting 11 *Moore's Federal Practice*, § 56.40[1][c] (Matthew Bender 3d Ed. 2015)).

What is more, "while courts must construe pro se pleadings liberally, pro se plaintiffs may not rely on conclusory allegations to overcome their burden." *Hastings v. Campbell*, 47 F. App'x 559, 560 (10th Cir. 2002) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *see also McCoy*, 887 F.3d at 1044 ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings."). "Although courts must construe the substantive pleadings of pro se

parties liberally, pro se litigants still must comply with the procedural rules or suffer the consequences of noncompliance." *Hampton v. Barclays Bank Delaware*, 478 F. Supp. 3d 1113, 1121 (D. Kan. 2020) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). "This includes the court's local rules." *Id.* (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

### III.    Responses to Plaintiff's Numbered Paragraphs (Doc. 139 at 7-14.)

To begin, Defendants object to Plaintiff's Motion and request it be stricken for failure to comply with the applicable rules regarding summary judgment as required by Fed. R. Civ. P. 56, D. Kan. Rule 7.1(a)(3), and D. Kan. Rule 56.1(a). Under Local Rule 56.1, a supporting memorandum "must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies." D. Kan. Rule 56.1(a); *see also* D. Kan. Rule 7.1(a)(3) (requiring any brief in support of a motion to contain "a concise statement of the facts, with each statement of fact supported by reference to the record"). Fed. R. Civ. P. 56(c) further elaborates on how the facts must be presented.

> **(1) Supporting Factual Positions.** A part asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the records, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> …
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would

4

be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Courts in the District of Kansas have held failure to comply with Local Rule 56.1 is grounds for rejection of a motion for summary judgment. *Jackson v. Park Place Condominiums Ass'n, Inc.*, 2014 WL 3955360, at *1 (D. Kan. Aug. 13, 2014); *see also Mike v. Dymon, Inc.*, 1996 WL 717317, at *4-5 (D. Kan. Nov. 6, 1996).

Here, although Plaintiff's Motion contains a section labeled "Plaintiff's Supporting Factual Position" beginning at page six (6), the majority of his statements are not limited to a single fact per numbered paragraph but instead are compound, including references to several different subjects as well as factual allegations that do not appear to be "material" to the matter at hand, and consist of argumentative statements, speculation and conclusions, rather than a "concise statement of material facts" as required. Further, the majority of Plaintiff's stated facts do not "refer with particularity to the portions of the record upon which movant relies," as required by D. Kan. Rule 56.1(a). And while Plaintiff has signed his Motion under penalty of perjury, this is insufficient to support each of the facts stated with particularity nor has there been a sufficient showing that Plaintiff is a proper witness to each alleged fact, given, among other things, the requirement of personal knowledge.

Accordingly, Plaintiff has not complied with the rules and procedures relating to motions for summary judgment and the Court should strike his Motion for those reasons. However, out of an abundance of caution, Defendants make a good faith effort to respond to Plaintiff's assertions.

**"Causion [sic] of Wrongful 'Atypical' Hold in Segregation, and '(3) a 1st Amendment retaliation claim base [sic] on a false disciplinary report:" (Doc. 139 at 7-10.)**

I)(A): Objection. This paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims.

5

I)(B): Objection. This paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Further, this paragraph is controverted as incomplete. The report stated: "Inmate White #76983 is being placed in restrictive housing for refusing to move to B8. Inmate previously tried going PC from staff. Inmate was seen by medical prior to placement. Inmate was not present when property was packed." (Doc. 139-3 at 1.)

I)(C): Objection. This paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims.

I)(D): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, nothing in Plaintiff's Exhibit 4 would put Defendants on notice of any impending danger from Mr. Garza, prior to the alleged strangulation incident on July 12, 2023.

I)(E): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, Plaintiff's statements are controverted by Defendants' Statement of Uncontroverted Material Facts. (Doc. 140 at 12-14, ¶¶ 74-90.)

I)(E)(i): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, Plaintiff's statements are controverted by Defendants' Statement of Uncontroverted Material Facts. (Doc. 140 at 12-14, ¶¶ 74-90.)

I)(E)(ii): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims.

I)(E)(iii): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims.

I)(E)(iv): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims.

I)(F): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, Plaintiff's statements are controverted by Defendants' Statement of Uncontroverted Material Facts. (Doc. 140 at 4-6, ¶¶ 8, 18, 20-22, 24, 26.)

**"The Plaintiff states a First Amendment retaliation claim, by alleging:" (Doc. 139 at 10-12.)**

I (1)(A): Objection. Much of this paragraph asserts legal conclusions, not facts.

I (2)(B): Objection. Much of this paragraph asserts legal conclusions, not facts. Additionally, Plaintiff's statements are controverted by Defendants' Statement of Uncontroverted Material Facts. (Doc. 140 at 12-14, ¶¶ 74-90.)

I (3): Objection. Much of this paragraph asserts legal conclusions, not facts. Additionally, Plaintiff's statements are controverted by Defendants' Statement of Uncontroverted Material Facts. (Doc. 140 at 13-14, 19-20, ¶¶ 79-89, 133-40.)

7

II (1)(A): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, in violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated.

II (2)(B): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, in violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated.

II (3): Objection. Much of this paragraph asserts legal conclusions, not facts. Additionally, Plaintiff's statements are controverted by Defendants' Statement of Uncontroverted Material Facts. (Doc. 140 at 12-14, 19-20, ¶¶ 74-90, 133-40.)

III (1)(A): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, in violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated.

III (2)(B): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, in violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated.

III (3): Objection. Much of this paragraph asserts legal conclusions, not facts. Additionally, Plaintiff's statements are controverted by Defendants' Statement of Uncontroverted Material Facts. (Doc. 140 at 12-14, 19-20, ¶¶ 74-90, 133-40.)

**"(4) 8th Amendment failure to protect claim" (Doc. 139 at 12-13.)**

1.): Objection. See above responses to Plaintiff's paragraphs I)(A) and I)(B) above.

2.): Uncontroverted only that Plaintiff was housed with Mr. Weeks and Mr. Garza. Objection to the remainder of the paragraph as being immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims.

3.): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims.

4.): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims.

5.): Objection. In violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated. Controverted that Plaintiff's Exhibit 9 (Doc. 139-9) establishes he was transported to the hospital for his "throat/neck/and back injuries." (*See* Doc. 140 at 10, ¶¶ 51-57.)

6.): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, in violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated.

7.): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, in violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated.

**"(1) 8th Amendment claim For Failure to provide medical care" (Doc. 139 at 13-16.)**

A): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, this paragraph is immaterial and irrelevant to whether Plaintiff is entitled to summary judgment as a matter of law on his remaining claims. Additionally, in violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated.

B): Objection. Much of this paragraph asserts legal conclusions, not facts. Further, in violation of D. Kan. R. 56.1, Plaintiff fails to refer with particularity to those portions of the record upon which he relied for each fact stated. Additionally, Plaintiff's statements are controverted by Defendants' Statement of Uncontroverted Material Facts. (Doc. 140 at 7-10, ¶¶ 29-57.)

## IV.    Argument and Authorities.

As discussed above, Plaintiff's Motion does not comply with the applicable rules and procedures controlling summary judgment motions, as required by Fed. R. Civ. P. 56, D. Kan. Rule 7.1(a)(3), and D. Kan. Rule 56.1(a). Indeed, Plaintiff dedicates the first seven (7) pages of his Motion to arguing for a previously dismissed retaliation claim to be brought back before moving to airing complaints regarding the Magistrate's rulings on various discovery issues. (Doc. 139 at 1-7.) And even when Plaintiff begins numbering his statements, almost halfway through his Motion, he routinely does not limit them to a single fact per numbered statement; rather, he compounds by including references to multiple different subjects and mixes in his own argumentative statements, speculations, and conclusion. Because of this, Plaintiff's Motion should be stricken.

Alternatively, Plaintiff's Motion should be denied as it fails to show the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law, as required by Fed. R. Civ. P. 56(a). Defendants incorporate by reference their legal arguments and affirmative defenses from their Motion for Summary Judgment. (Doc. 140.) Plaintiff fails to show that any

delay in medical care by Defendants caused substantial injury or otherwise exacerbated his alleged injuries as required for his Eighth Amendment medical care claim. Likewise, Plaintiff's Motion fails to meet his burden of presenting a prima facie case that he requested protection by Defendants specifically from Garza or that his conditions of incarceration—before the July 12, 2023 incident—posed a substantial risk of harm, which is required for his Eighth Amendment failure to protect claim. Plaintiff also fails to demonstrate specific, objective facts showing Parks even engaged in the purported retaliatory acts or showing a causal connection between any protected activity and any purported retaliation by Defendant Parks, as required to support his First Amendment retaliation claim.

Moreover, Plaintiff has not met his heavy two-part burden in overcoming Defendants' assertion of qualified immunity. Plaintiff has not shown that it was clearly established that any delay by Defendants under these circumstances violated the Constitution, or that placing an inmate opposed to drugs in a cell together with drug dealers or users was a per se violation of the Constitution. Lastly, none of Plaintiff's referenced grievances and/or letters satisfy the exhaustion requirement under the PLRA for his § 1983 claims as they were not timely filed within 15 days of the alleged incident on July 12, 2023. Accordingly, Plaintiff has failed to meet his burden demonstrating that he is entitled to judgment as a matter of law.

## V.    Conclusion.

Because Plaintiff has failed both the technical and substantive requirements for a valid motion for summary judgment under the Federal Rules of Civil Procedure and the Rules of this Court, Plaintiff's Motion for Summary Judgment (Doc. 139) should be stricken or, alternatively, denied.

11

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Scott G. Nading*
Scott G. Nading, KS No. 29665
Assistant Attorney General
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave.
Topeka, Kansas 66612-1597
scott.nading@ag.ks.gov
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served on the 14th day of April, 2026, by means of first-class mail, postage prepaid, addressed to each of the following:

Bobby Bruce White #2000046191
Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

Gary Spillman
105 Elm St., Lot #3
Overbrook, KS 66524
*Defendant, pro se*

*/s/Scott G. Nading*
Scott G. Nading
Assistant Attorney General

13