IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

                          **Plaintiff**,

v.

ANDREW PARKS, et al.,

                          **Defendants.**

Case No. 24-3023-DDC-RES

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Bobby Bruce White—a Kansas prisoner—has sued a series of prison officials in this § 1983 action.  This Order takes up two of plaintiff's pending motions—one asks the court to set this case for trial in Wichita, Doc. 93, and the other asks for a clerk's entry of default against defendant Gary Spillman, Doc. 99.  The court denies plaintiff's Motion for Determination of Place of Trial (Doc. 93) but grants plaintiff's Motion for Clerk's Entry of Default (Doc. 99).  Consider each.

### I.    Place of Trial

Nearly two years after initiating this action, plaintiff, for the first time, asks the court to set the place of trial for Wichita, Kansas.  Doc. 93 at 1.  Our local rules require a plaintiff to declare a trial location when filing a complaint.  D. Kan. Rule 40.2(a).  Plaintiff failed to abide this rule.  *See generally* Doc. 1 (Compl.); Doc. 6 (Am. Compl.); Doc. 8 (2nd Am. Compl.).[2]

---

[1]    Because plaintiff represents himself, the court construes his filings liberally but won't serve as his advocate.  *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

[2]    Perhaps plaintiff's failure to comply with D. Kan. Rule 40.2(a) is forgivable.  Plaintiff filed his pleadings using a standard form our court issues.  And that standard form doesn't prompt the filer to

Regardless, the court "is not bound by the requests for place of trial" and "may determine the place of trial . . . in its discretion." D. Kan. Rule 40.2(e). For the following reasons, the court exercises that discretion and sets this case for trial in Topeka, Kansas.

When determining the proper place for trial, the court "generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Lopez-Aguirre v. Bd. of Cnty. Comm'rs*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014). Section 1404(a) grants "broad discretion in deciding a motion to transfer based on a case by-case review of convenience and fairness." *ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-JWL, 2018 WL 4154014, at *1 (D. Kan. Aug. 30, 2018). Cases from our court identify the following factors as ones courts should consider when deciding where to designate the place of trial: "(1) plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of [securing] a fair trial, and (5) all other practical considerations that makes a trial easy, expeditious, and economical." *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

The first factor—plaintiff's choice of forum—favors a Wichita trial.

The second and third factors—convenience and accessibility of witnesses—sharply favor setting the trial in Topeka. "The relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer." *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1081188, at *3 (D. Kan. Apr. 11, 2022) (quotation cleaned up). The KDOC defendants—Andrew Parks, Bruce Chapman, and Evan Meredith—live in the

---

declare a place of trial. *See* Prisoner Forms, District of Kansas, https://www.ksd.uscourts.gov/prisoner-forms (last visited July 16, 2026). But the court needn't dwell on this issue. Even if plaintiff had declared Wichita as the place of trial originally, the court in its discretion would set trial for Topeka, Kansas.

2

Kansas City area. Doc. 104 at 1. These defendants likely will serve as key witnesses in the trial. Plus, Lansing Correctional Facility (LCF)—where plaintiff alleges defendants violated his rights—is far closer to Topeka than Wichita. So, Topeka likely will offer more convenient access to other witnesses and sources of proof, too.

The fourth factor—possibility of a fair trial—is neutral. No one has argued that the place of trial might undercut a fair trial process.

Finally, the fifth factor—the catchall—is neutral. Plaintiff argues that he might face a safety risk if the trial is held in Kansas City. Doc. 93 at 1. He believes that KDOC, if the trial were held in Kansas City, would transfer him back to LCF, where he would face safety threats. *Id.* Plaintiff never argues that these concerns might apply to a Topeka setting. *See id.* But even if they would, the court is skeptical of plaintiff's misgivings. The Deputy Warden of LCF filed an affidavit attesting that he's aware of no threats to plaintiff's safety, and that plaintiff "could be housed in managed movement, which would keep him separated from other inmates during any stay at LCF." Doc. 106 at 1 (Ball Aff. ¶¶ 1, 3–4). The court thus affords this factor little weight.

Totaling the factors, the court concludes that Topeka, Kansas, is the most appropriate place of trial for this case. The convenience and accessibility of the central witnesses in this case outweigh plaintiff's chosen forum. The court thus denies plaintiff's Motion for Determination of Place of Trial (Doc. 93).

Plaintiff fares better on his request for a clerk's entry of default, a motion the court tackles, next.

## II.    Clerk's Entry of Default

Plaintiff's next motion asks for a clerk's entry of default under Fed. R. Civ. P. 55(a) against defendant Gary Spillman. Doc. 99. The Marshals Service executed service on Spillman

3

on February 6, 2025, making his Answer due on February 27, 2025.  Doc. 51.  Spillman filed an Answer on February 5, 2026—nearly a year after the due date.  Doc. 109.

Where, as here, a defendant fails timely "to plead or otherwise defend," Fed. R. Civ. P. 55(a), "the Court has no discretion to deny a Clerk's entry of default."  *Fudge v. Brown*, No. CV 20-674 JB/CG, 2021 WL 2270151, at *3 (D.N.M. May 3, 2021), *report and recommendation adopted*, 2021 WL 3910022 (D.N.M. Sept. 1, 2021); *see also Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) ("The entry of default is . . . not discretionary.").  The record here plainly shows that Spillman "failed to plead or otherwise defend" when he submitted an Answer nearly a year late.  Fed. R. Civ. P. 55(a). The court thus grants plaintiff's motion and directs the Clerk of Court to enter default under Rule 55(a) against defendant Gary Spillman.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Bobby Bruce White's Motion for Determination of Place of Trial (Doc. 93) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Bobby Bruce White's Motion for Clerk's Entry of Default (Doc. 99) is granted.  The court directs the Clerk of Court to enter default under Rule 55(a) against defendant Gary Spillman.

**IT IS SO ORDERED.**

**Dated this 29th day of July, 2026, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**

---

[3] The court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  Relevant factors for determining good cause include:  "(1) whether the default was willful, (2) whether the party who has defaulted presents a meritorious defense, and (3) whether setting aside the Clerk's entry of default would prejudice the adversary."  *Fudge*, 2021 WL 2270151, at *4.  Spillman hasn't explained why he defaulted.  So, the court declines to set aside this entry of default on its own motion.