IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Bobby Bruce White, Plaintiff<br>vs.<br><br>Andrew Parks, et al., Defendants | Case No: 24-3023-DDC-RES |

Objection to "Memorandum and Order" denying Place of Trial.

Comes Now the Plaintiff, Bobby Bruce White, Pro Se and respectfully gives official "Objection" and asks the court to reconsider; to the Courts denial to White's request for a jury trial, to be held in Wichita, Kansas, (as ordered for it to be held instead at Topeka; for the following reasons:

1.) White can not get a Fair trial, if and while being held in Lansing Correctional Facility (LCF); if as past incidents have proven, he continues to be brutalized, denied his property and legal materials; while at the very same time, his having to worry for his very life; while being held at LCF and at the same time needing to represent and litigate this case at trial.

2.) The LCF Deputy Wardens Filed affadavit, cited by the court; "that he's aware of no threats to plaintiff's safety". Hold very little truth and weight considering. When previously, while White was at LCF, prior to the attempted murder of White by strangulation (denial to Protective Custody). The LCF officials also then, held this same deliberate indifference to White's health and safety. Which is at issue in this very case for trial. White asserts it's blantantly unfair, prejudical and irresponsible for the court to make this critical assumption before trial and continue to put White in further danger and abuse.

3.) The Plaintiff again reminds the court that he was transfered out of LCF to Larned State Correctional Facility (LSCF) for some reason, after White was rushed by ambulance to the KU Hospital after being strangled. The very reason for White's transfer out of Lansing was for White's protection. Therefore how logically, could the Deputy Warden not be aware of a threat against White. By not only drug/tobacco user/dealers; but also from some Lansing officials, which the Deputy Warden most likely would seek to protect, which are parties to this action. The LCF Deputy

Warden is not an unbias third party (personally involved party). Therefore White asserts it's the juries place to make this determination as the fact finders, before a Wichita, Kansas jury.

4.) White has previously explained as a lay person, untrained in legal matters and of local rules. He was unfamiliar with the courts procedural local rules and even had difficulty in finding these local rules on the prison lexis system. Further, White has been repeatedly denied assistance of legal counsel by the court.

It's grossly unfair and a prelude to denial to a fair trial for the Court to even consider White can get a fair trial under these situations. As a confined elder person, 74 years of age, lay person. Having to go up against the legal resources of the State of Kansas, for State / prison individuals in their personal capacity. Who are illegally and Unconstitutionally being represented (for illegal acts) by the elected officials of the Kansas Attorney Generals office, who are charged with protecting the rights of the people of Kansas against these very illegal acts.

A.) Under: "Rule 40.2 (e) Court Not Bound, The court is not bound by the request for place of trial. It may determine the place of trial upon motion or in it's discretion."

White's Motion / request by the Plaintiff was timely in light of it's reason and ability as an elder lay person / state prisoner and need for White's health, safety and for a fair trial under Kansas statutes K.S.A. 21-5416, and 21-5417.

B.) Public Officials are presumed to be aware of the law governing their conduct. Crawford-EL vs. Britton, 523 U.S. 574, 590-91 (1998) A circuit court may not raise the standards for Plaintiff's pleading to shield government officials from defending against a §1983 suite. Id at 594

C.) As in; James v. Kentucky 647 S.W. 2d 794, found where the assertion of a federal right, [right to be free from cruel and unusual punishment, and to life, liberty and property - thus to health and safety] [B.W.] when plainly and reasonably made, was not to be defeated under the guise of local rules of practice. (Emphasis and comment added by B.W.)

5.) To again; put White under the very people / defendant of this legal action, who almost got him killed, is deliberately dangerous and irresponsible and the Court itself has put White at an unfair

unfair mental abuse disadvantage of a denial to justice and a fair trial merely because of convience to the defendants and their legal counsel.

White prays the U.S. District Court reconsider its ruling and Order and determines, The Wichita, Kansas area court to be a neutral place for all concerned and clearly equally accessible to the defendants legal counsel, of the State of Kansas - Kansas Attorney Generals Office.

Respect Fully Submitted; by / Bobby White #2000046191
Dated: 8-5-2026 Pro Se.

CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of this "Objection to "Memorandum and Order" denying Place of Trial", was served via, U.S. mail 1st Class, postage prepaid, on this 5th day of August, 2026. to:

1). Lisa D. Montgomery, Kansas Attorney General Kris W. Kobach, Office of the Attorney General, 120 S.W. 10th Ave., 2nd. Floor, Topeka, Kansas 66612-1597.

and

2) E-Filed to the U.S. District Court Clerk.

Dated: 8-5-2026 by / Bobby White #2000046191
Pro Se.

Bobby White #2000046191
Larned State Correctional Facility
1318 Ks., Highway 264
Larned, Kansas 67550